## CIVIL ACTION No. 4:20-CV-1256-P

---

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

---

### 2999TC LP, LLC
Debtor.

---

### 2999TC, LP, LLC, JMJ Development, LLC, Tim Barton, Appellants

v.

L Allen Hodges, III, *As Independent Executor of The Estate of Leland A. Hodges Jr.*, Tejas Group, Ltd, LAH III Family Specific Interest, Ltd., Blackfoot Interest, Ltd., Appellees

---

Appeal from the United States Bankruptcy Court
Northern District of Texas, Fort Worth Division
Adversary Proceeding No. 20-04078
Related to Bankruptcy Case No. 20-43204-MXM

---

## APPELLANTS' BRIEF

---

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
**ATTORNEYS FOR APPELLANTS
2999TC, LP, LLC**

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
**ATTORNEY FOR APPELLANTS
JMJ DEVELOPMENT, LLC
AND TIMOTHY BARTON**

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Bankruptcy Rule 8012, Appellants 2999TC, LP, LLC and JMJ Development, LLC LLC state that no publicly held corporation ownes 10% or more of their stock.

## <u>TABLE OF AUTHORITIES</u>

CASES ............................................................................................ PAGE NO.

Atl. Computer Sys., Inc. v. Mut. of Omaha Ins. Co. (In re Atl. Computer Sys.,
Inc.), 165 B.R. 781 (Bankr. S.D.N.Y. 1994)   ........................................................25

*Chavez v. Dunlop, Ltd*.,
2011 U.S. Dist. LEXIS 49802 (E.D. Tex. Apr. 13, 2011 ........................................12

*Dupre v. Spanier Marine Corp*., 810 F.Supp. 823, 828 (S.D. Tex. 1993 ...............24

*Harvey Aluminum, Inc. v. American Cyanamid* Co.
15 FRD 14 at *18 (S.D. NY 1953) ..........................................................................13

*Hereford v. Carlton*
2016 U.S. Dist. LEXIS 193299, 2016 WL 7042230 (E.D. Tex. Mar. 16, 2016)....13

*Hester v. Coho Energy, Inc.* 2002 U.S. Dist. LEXIS 5862 (N.D. Tex. 2002) ........18

*In re Nikoloutsos,* 199 F.3d 233, 236 (5th Cir. 2000) ........................................... 24

*In re Reliance Equities Inc.,* 966 F.2d 1338, 1345 (10th Cir. 1992)  .................... 24

*IO at Tech Ridge LP v Hartford Fire Ins. Co*. 2018 Bankr. LEXIS 1323 (W.D.
Tex. 2018) ......................................................................................17,18, 19, 23, 25

*Kennedy v. Nicastro*, 94 F.R.D. 30, 31 (N.D. Ill. 1981)....................................13, 14

*Langekamp v. Culp,* 498 U.S. 42, (1990) per curiam, rev'g, 897 F.2d 1041 (10th.
Cir. 1990)  ............................................................................................................ 25

*Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004  ...............................................7

*Newby v. Enron Corp* 2002 U.S. Dist. LEXIS 27594 at 28-29 (S.D. TX 2002).....17

*Pace v. Express Co*., 409 F.2d 331, 334 (7th Cir. 1969)  ......................................12

*Radiant Tech. Corp. v. Electrovert USA Corp*., 122 F.R.D. 201, 202-03 (N.D. Tex.
1988) ........................................................................................................12, 13, 16

*Ramirez v. Rodriguez (In re Ramirez)* 413 B.R. 621, 623 (S.D. Tex. 2009)..........18

*Schwarz v, Folloder* 767 F.2d 125, 129 (5th Cir. 1985) .........................................12

*Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 399 (5th Cir. 2003) ...... 23

*Shin v. Sharif*, No. 2-08-347-CV, 2009 WL 1565028 (Tex. App.- Fort Worth June 4, 2009.................................................................................................................15

*St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283 (1938). .....................23

*THDL Liquidating LLC v. Azar*, 2020 Bankr. LEXIS 1793 Bankr. D. Del. 2020 .12

*Travellers Int'l AG v. Robinson,* 982 F.2d 96 (3d Cir. 1992) ............................... 25

*Trefny v. Bear Stearns Sec. Corp*., 243 B.R. 300 (S.D. Tex. 1999 ........................19

*Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.)* 258 F.3d 385 (5th Cir. 2001 ...................................................................................7

STATUTES...................................................................................... PAGE NO.

28 U.S.C. § 157................................................................................6, 11, 21, 22
28 U.S.C. § 158................................................................................................7
28 U.S.C. §1332............................................................................................21
28 U.S.C. §1334....................................................................................6, 7, 9,10
28 U.S.C. § 1408 .............................................................................................6
28 U.S.C. § 1409 .............................................................................................6
28 U.S.C§ 1452................................................................................................7
Fed. R. Bankr. P. 8013 ....................................................................................7
F.R.C.P. 1 ......................................................................................................16
F.R.C.P. 41(a)(2 .............................................................................................11

# <u>TABLE OF CONTENTS</u>

I.  JURISDICTIONAL STATEMENT ........................................................6

II.  STATEMENT OF ISSUES AND STANDARD OF APPELLATE REVIEW...7

III.  STATEMENT OF THE CASE...........................................................7

IV. ARGUMENT .............................................................................11

    A. The Bankruptcy Court Erred in Finding No Prejudice to Appellants from the Appellee's Voluntary Dismissal Under FRCP 41(a)(2).....................11

        (i) There is an Objectively Reasonable Basis for Requesting that the Action Remain in the Bankruptcy Court to Avoid Legal Prejudice; Subsequent Litigation and Undue Burden to Appellants.....................12

        (ii) Appellees Provided an Insufficient Explanation for Dismissing 2999TC Only ........................................................................16

    B.  Abstention and Equitable Remand Are Prejudicial to Appellants          16

V. CONCLUSION ..........................................................................27

CERTIFICATE OF COMPLIANCE.......................................................28

CERTIFICATE OF SERVICE .............................................................28

## APPELLANTS' BRIEF

COME NOW 2999TC LP, LLC, ("2999TC") JMJ Development, LLC ("JMJ") and Tim Barton ("Barton"), (collectively the "Appellants"), and file this their *Appellants' Brief*, and in support thereof, respectfully state as follows:

### I.   JURISDICTIONAL STATEMENT

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b). This action is a core proceeding under and the Bankruptcy Court had jurisdiction and authority to adjudicate such matters and enter a final order on the same pursuant to 28 U.S.C. §§ 157(b)(2)(B)(C)(K) & (O) and this Court's order of reference, which is authorized under 28 U.S.C. § 157(a). Venue is proper under 28 U.S.C. §§ 1408 and 1409. and this Court's order of reference, The Bankruptcy Court entered its *Order Granting Second Amended Motion to Dismiss Defendant 2999TC, LP, LLC Only and Abstain and Remand to State Court* [R. 852-854] on November 16, 2020.  Pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1), Appellants timely filed their *Notice of Appeal* on November 18, 2020 as amended on November 19, 2020 [R. 49 and 56]. This Court has jurisdiction to hear this appeal of the Bankruptcy Court's final order pursuant to 28 U.S.C. § 158(a).

### II.   STATEMENT OF ISSUES AND STANDARD OF APPELLATE REVIEW

2.      Whether legal prejudice occurred when the Bankruptcy Court granted Appellees' motion to dismiss their claims against Appellant 2999TC only, under

Fed. R. Civ. P. 42, although Appellants had pending counterclaims against Appellees and 2999TC had a pending bankruptcy case.

      3.     Whether the Bankruptcy Court erred in permissively abstaining from the Adversary Proceeding under 28 U.S.C. § 1334(c)(1) when Appellants had pending counterclaims against Appellees and 2999TC had a pending bankruptcy case.

      4.     Whether the Bankruptcy Court erred in Equitably Remanding the Adversary Proceeding to the State Court under 28 U.S.C. § 1452(b) when Appellants had pending counterclaims against Appellees and 2999TC had a pending bankruptcy case.

      5.     Pursuant to 28 U.S.C. § 158, a federal district court has jurisdiction to hear appeals from the rulings of the bankruptcy court.  On an appeal, a district court "may affirm, modify or reverse a bankruptcy court's judgment, order or decree, or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.   Fed. R. Bankr. P. 8013. The Bankruptcy Court's conclusions of law are reviewed de novo.  *Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.)* 258 F.3d 385, 387 (5th Cir. 2001).  The Court reviews mixed questions of fact and law de novo. *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004).

### III.   <u>STATEMENT OF THE CASE</u>[1]

6.      On or about September 16, 2019 2999TC executed two documents each entitled "Promissory Note" (the "Notes") to pay (1) in the amount of $1,000,000 "to the Estate of Leland A. Hodges Jr. ("Hodges") and (2) and $3,000,0000 "ratably to Tejas Group, Ltd., LAH III Family Specific Interest, Ltd. and Blackfoot Interest, Ltd." [R. 625-629; 761-766].

7.      At all times Appellees were informed of the purpose of the Notes – to facilitate the acquisition of real estate in Dallas, Texas to be developed into a five-star hotel and resort [the "Project"). [R. 625-629; 761-766].].

8.      At all times, the Appellees were informed that the Notes would be paid back from take-out financing acquired for the development of the Project. Contemporaneously with the Notes, 2999TC and Appellee Tejas Group, Ltd., executed the Conversion Option Agreement ("Conversion Option") which granted Tejas an option to convert the amounts owed to Tejas to membership interests in 2999TC in exchange for cancellation of the Note. [R. 630 - 633].

9.      Contemporaneously with the Notes and the Conversion Option, two Membership Interest Pledge Agreements were executed by (1) Barton as the Pledgor, 2999TC and Hodges and (2) Barton as Pledgor, 2999TC and Tejas Group,

---

[1] References to the record will be referenced as "R. ____," and refers to the PageID of the Record.  References to pleadings in the underlying Bankruptcy case will be designated "[Bankr. Docket. No. ___]." Appellants are filing a Motion to Supplement the Record to include certain Bankruptcy Pleadings due to Appellants' objection to Debtor 2999TC's Disclosure Statement and Plan that were filed after this Appeal was filed.

Ltd., (collectively the "2999TC Pledges").   [R. 634 - 647].  Although dated September 16, 2019 the Notes were not actually executed in their final form until September 18, 2020 after they were revised by Appellee's counsel.  [[R. 625-629; 761-766].].

10.    In addition, Appellants JMJ and Barton executed documents each entitled "Guaranty." Paragraph 4 of each of the Guaranty documents state that "upon the occurrence of a default … Guarantor shall, on demand and without further notice of dishonor, pay the amount due thereon to Creditor." [R. 433, 437, 441, 446].

11.    Against this backdrop, 2999TC began informing Appellees that the pandemic was making performance under the Notes impossible and was otherwise preventing 2999TC from developing the Project as anticipated.  [R. 625-629; 761-766].].

12.    On or about April 23, 2020, Appellants commenced suit in the 141st Judicial District Court of Tarrant County, Texas styled *L. Allen Hodges III, as Independent Executor of the Estate of Leland Hodges et al v. 2999TC, LP, LLC et. Al.* (the "State Case") seeking recovery from 2999TC for alleged breaches of the Notes and from JMJ and Barton for alleged breaches of the Guarantee Agreements. In addition, Appellees sought injunctive relief as to membership interests in the entities that own property of 2999TC.  [R. 93 -108; 409-419].

13.    On July 23, 2020, Appellants filed their Motion for Summary Judgment.  [R. 454-472].   Appellees complained that Summary Judgement was

premature based on the lack of discovery which had taken place, including that there were outstanding discovery requests propounded to Appellees which had not been answered. [R. 551-576].

14.    On October 16, 2020, 2999TC filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.  [Bankr. Docket No. 1]

15.    Also, on October 16, 2020, 2999TC filed its Notice of Removal of the State Case, commencing Adversary Proceeding Number 20-04078 (the "Adversary Proceeding").   [R. 89].

16.    Also on that date, Appellants filed their counterclaims against Appellees in the Adversary Proceeding seeking a declaratory judgment that the Notes and Guarantees are void, voidable, invalid, or unenforceable against the Appellants, for reasons including unauthorized modification after execution and delivery without the consent of the Appellants; that the documents would result in illegal encumbering of 2999TC's property with multiple liens; and the notes are non-negotiable instruments and defective. [R. 760-766.].

17.    On October 23, 2020 Appellees file their *Second Amended Motion to Dismiss Defendant 2999TC, LP, LLC Only and Abstain and Remand to State Court and Brief in Support*. [R. 767- 801].  On October 30, 2020 Appellants filed their *Objection and Response to Appellees' Second Amended Motion to Dismiss Defendant 2999TC, LLC Only* [R. 802-815; 816-836] and on November 11, 2020, their *Brief in Support* [R. 837-850].

18.     On November 16, 2020, the Bankruptcy Court entered its *Order Granting Second Amended Motion to Dismiss Defendant 2999TC, LP, LLC Only and Abstain and Remand to State Court* [R. 852-854].  The Court pronounced its findings and facts and conclusions of law on the record. [R. 872-925].

19.     On December 1, 2020, 2999TC filed its Chapter 11 Plan and Disclosure Statement.  [Bankr. Docket No. 15-16].  The Plan provided for payment in full to all Creditors of 2999TC, but that Appellees would receive no distribution under the Plan due to the dismissal of the claims against the Debtor.  [Bankr. Docket No. 15, 15 and 30]

20.     On December 30, 2020, Appellees filed their objection to the Disclosure Statement and attended a hearing on the objection on January 6, 2021. Due largely in part to Appellees' objections, the Disclosure Statement hearing was continued to February 10, 2020. [See Bankr. Docket 32].  The deadline for Appellees to file a proof of claim in 2999TC's bankruptcy case is March 11, 2021.

## IV.   <u>ARGUMENT</u>

### A.   <u>The Bankruptcy Court Erred in Finding No Prejudice to Appellants from the Appellee's Voluntary Dismissal Under FRCP 41(a)(2).</u>

21.     The bankruptcy court's finding that Appellants failed to establish harm, or any viable or credible legal prejudice should the Appellant Debtor 2999TC be dismissed from the State Court lawsuit is clearly erroneous.  The bankruptcy court found no evidence of abuse by Appellees or that nothing would prevent Appellants

from continuing to prosecute their declaratory judgment counterclaims against the Appellees.  [R. 917-918].

22.    The bankruptcy court failed to consider all legal factors in granting the motion to dismiss.  The Appellants cannot, without legal prejudice, continue to prosecute their counterclaims against Appellees if 2999TC is dismissed, for the reasons set forth below.

23.    Legal prejudice to Appellants from a voluntary dismissal is the determining factor when ruling on a motion to dismiss under Rule 41(a)(2).  *Radiant Tech. Corp. v. Electrovert USA Corp*., 122 F.R.D. 201, 202-03 (N.D. Tex. 1988) (quoting *Schwarz v, Folloder* 767 F.2d 125, 129 (5th Cir. 1985); *THDL Liquidating LLC v. Azar (In re THDL Liquidating LLC),* 2020 Bankr. LEXIS 1793 at *10 (Bankr. D. Del. 2020).  Whether dismissal is warranted is based on the following non-exclusive factors: (1) whether there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice; (2) insufficient explanation of the need to take a dismissal; (3) whether there is an undue burden to a litigant in presenting his defense or claim in another jurisdiction; (4) excessive and duplicitous expense of a second litigation; and (5) whether dismissal will preclude the court from deciding a pending case or claim-dispositive motion;  *Radiant Tech. Corp. v. Electrovert USA Corp*., 122 F.R.D. 201 at 202-03; *Pace v. Express Co*., 409 F.2d 331, 334 (7th Cir. 1969). *Chavez v. Dunlop, Ltd*., 2011 U.S. Dist. LEXIS 49802, (E.D. Tex. Apr. 13, 2011);

*see also Hereford v. Carlton*, 2016 U.S. Dist. LEXIS 193299, 2016 WL 7042230, *8 (E.D. Tex. Mar. 16, 2016).

> **(i)** **There is an Objectively Reasonable Basis for Requesting that the Action Remain in the Bankruptcy Court to Avoid Legal Prejudice, Subsequent Litigation and Undue Burden to Appellants.**

24.     Plain legal prejudice will result to 2999TC who now faces splintered litigation in the State Case and in the bankruptcy court (through the inevitable filings of contested litigation) regarding its liability to Appellees on the Notes, the nature of any claims that Appellees may be able to assert against it, now or in the future, whether Appellees have claims against the bankruptcy estate, and its liability, if any to Appellants JMJ and Barton in the event JMJ and Barton are found liable to Appellees on the Guaranty.

25.     Dismissal should be denied where there is an objectively reasonable basis for requesting a merits resolution in the forum to avoid legal prejudice. *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201 at 202-03.  This is so, even if there is no pending dispositive motion on the merits. *See Id.*  Legal prejudice may arise from the potential for parallel litigation, or the character of the allegations of plaintiff's complaint.  *Id*; *See e.g. Harvey Aluminum, Inc. v. American Cyanamid Co.* 15 FRD 14 at *18 (S.D. NY 1953) (no dismissal because Court had acquired jurisdiction over all parties and could enter final judgments; to avoid excessive, unnecessary and duplicitous cost of defending a second litigation; and where no prejudice to plaintiff in continuing their action in court.); *Kennedy v. Nicastro*, 94

F.R.D. 30, 31 (N.D. Ill. 1981)(denying plaintiff's Rule 41(a)(2) motion because "it would be grossly unfair to subject Appellants to plaintiff's efforts to reinvent the wheel" in a different forum).

26.     While merely the prospect of another lawsuit on the same facts is not a bar to voluntary dismissal, the Court has discretion to deny dismissal where dismissal would result in multiple litigation on the same basic facts, would implicate judicial economy and would be extraordinarily burdensome both financially and logistically. See e.g., *Kennedy v. Nicastro*, 94 F.R.D. 30 at 31.  Forcing a defendant to defend two separate lawsuits concurrently would be prejudicial to defendant and wasteful of judicial resources. *See Id*.

27.     Here, the Appellants have an objectively reasonable basis for requesting a merits resolution in the Bankruptcy Court to avoid legal prejudice.  The dismissal will most certainly result in parallel litigation in the State Case because Debtor has a duty to file bankruptcy related contested matters and adversary litigation for a speedy and efficient resolution of its claims against Appellees and/or the guarantors, for the benefit of its creditors and the estate.

28.     The Appellees' success against Appellants Barton and JMJ in the State Case are contingent upon a finding that the Notes as to 2999TC are valid and enforceable, that 2999TC has in fact defaulted, and that no applicable affirmative defenses asserted by 2999TC apply.  The counterclaims that will be before the State Court will most certainly have to be spearheaded by 2999TC because it is likely the

only party with standing to assert the counterclaims and other claims and defenses related to the Note and other agreements that are the basis of the litigation.

29. Further, the Conversion Option and the "2999TC Pledges" encumber property of the Bankruptcy Estate with asserted rights to ownership interests and liens. While Appellee may state that they are not seeking to assert ownership rights to 2999TC Pledges, by virtue of the non-prejudicial nature of the dismissal actions they can reassert these rights later.

30. 2999TC will be forced to engage in litigation over these same matters in its main bankruptcy case to reorganize effectively.  As evidence, after Appellees dismissed their claims against the 2999TC they objected to the disclosure statement and confirmation of the plan on the grounds that their claims are not allowed for in the plan.

31. The inevitable result of the Appellees' dismissal is splintered litigation with duplicitous discovery requests and depositions at significant burden to the Appellants.  It is inevitable that piecemeal litigation will occur, and that Guarantors will seek a determination as to the liability of 2999TC since an essential element to recover on a guaranty is that the primary obligor failed to perform.  *Shin v. Sharif*, No. 2-08-347-CV, 2009 WL 1565028 at *2 (Tex. App.- Fort Worth June 4, 2009, no pet) (mem. op.).

32. Specifically, 2999TC will have to engage in claim objections, claims estimation, request for declaratory and/or injunctive relief against Appellees and/or

co-Appellants Barton and JMJ, and/or lift stay motions brought by Appellants Barton and JMJ who are still subject to the automatic stay and unable to proceed directly against 2999TC.

33.     This threat of multiple litigation goes against the purpose of the rules of civil procedure, to "secure the just, speedy, and inexpensive determination of every action." *See Fed. R. Civ. P. 1.* Further, judicial economy and full faith and credit are jeopardized when a trial involving the same issues among the same parties proceeds concurrently in separate jurisdictions. The possibility of conflicting and irreconcilable judicial outcomes exists with prejudicial effects to all Appellants who will have to litigate claims against each other to offset any liability they are determined to owe to Appellees.

34.     The Bankruptcy Court is the only court with jurisdiction to resolve the claims and then administer the bankruptcy case in accordance with its resolution of the claims as this Court is the only court that has jurisdiction over all parties and can enter final judgments on all matters.

### (ii)     <u>Appellees Provided an Insufficient Explanation for Dismissing 2999TC Only</u>

35.     Dismissal should be denied where the plaintiff's reason for dismissal is to circumvent an expected adverse result. *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201 at 202-03, citations omitted. Here, Appellees seek to dismiss to avoid the "potential complications as a result of [2999TC's] bankruptcy case." [R.

at 777, ¶ 19]. This is clearly forum shopping. Further, after Appellees dismissed their claims against 2999TC they now object to the disclosure statement and confirmation of the plan on the grounds that their claims are not being paid. It is disingenuous for Appellees to try to have things both ways.

36.    The harm to Appellants and the inefficiency of a dismissal is too much of a cost for the Appellants to bear when judged against the lack of prejudice suffered by the Appellees who have engaged in no discovery in the State Case and are determined to resolve the litigation summarily by bench trial as evidenced by their summary judgement motion.

## B.    ABSTENTION AND EQUITABLE REMAND ARE PREJUDICIAL TO APPELLANTS

37.    This Court on de novo review should determine that abstention and remand are prejudicial to Appellants and not warranted. The Fifth Circuit uses a balancing test to determine whether permissive abstention or equitable remand is appropriate. *See IO at Tech Ridge LP v Hartford Fire Ins. Co.* (*In re IO at Tech Ridge LP*) 2018 Bankr. LEXIS 1323, *9-10 (W.D. Tex. 2018); *Newby v. Enron Corp. (In re Enron Corp. Sec.)* 2002 U.S. Dist. LEXIS 27594 at 28-29 (S.D. TX 2002).

38.    The 14 factors are: (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled

nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. §1334; (6) the degree of relatedness or remoteness to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) whether the case involves forum shopping; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) Comity; and (14) the possibility of prejudice to other parties in the action. *Id*; *IO at Tech Ridge LP v Hartford Fire Ins. Co*. 2018 Bankr. LEXIS at 1323.

39.     The following additional six factors apply in an equitable remand analysis: (1) forum non-conveniens; (2) whether the civil action has been bifurcated during removal, which favors a trial of the entire action in state court; (3) whether the state court has greater ability to respond to questions of state law; (4) the court's expertise; (5) the inefficiencies of proceeding in two forums; (6) prejudice to the involuntarily removed party; and possibility of an inconsistent result.  *Ramirez v. Rodriguez (In re Ramirez)* 413 B.R. 621, 623 (S.D. Tex. 2009) (citing cases omitted).

40.     Not all factors need to be considered and the Court should weigh the most important factors. *See IO at Tech Ridge LP*, 2018 Bankr. LEXIS 1323, at *17-18. See also for e.g., Hester v. Coho Energy, Inc. (In re Coho Energy, Inc.),* 2002

U.S. Dist. LEXIS 5862 (N.D. Tex. 2002); *Trefny v. Bear Stearns Sec. Corp.*, 243

B.R. 300 (S.D. Tex. 1999).

     41.   **The effect on the efficient administration of the estate**. The

Bankruptcy Court erred when it determined that there would be little if any effect on

the efficient administration of the bankruptcy estate if the Court abstains or remands.

The Court in *IO at Tech Ridge LP* found that in a case involving property of the

estate with no equity, remand or abstention would have no impact on the

administration of the estate. 2018 Bankr. LEXIS 1323, at *9-10. Here, Appellees'

claims in the State Case impact property of 2999TC's bankruptcy case. 2999TC has

equity in the Project and such property is necessary for an effective reorganization.

Appellees now claim entitlement to distribution from 2999TC's estate and have

successfully delayed approval of 2999TC's disclosure statement and confirmation

because they assert a right to be paid from the Estate. Unlike the facts in *IO at Tech*

*Ridge LP*, permissive abstention or equitable remand will result in continued delay

in 2999TC being able to reorganize and repay its creditors. In effect, 2999TC will

have to bear the costs of litigating in the State Case before it can reorganize.

2999TC's bankruptcy case is essentially on hold due to the State Court action. If the

Bankruptcy Court's Order was reversed, then the Bankruptcy Court can decide the

allowance of Appellees' claims and declare that Appellees have no interest in

2999TC's property. Further, as to the Appellant Guarantors, their claims against

2999TC depend on the whether they are liable to Appellees for any alleged default.

If there is no liability to Appellees, then 2999TC will face no exposure to additional claims from JMJ and Barton.

42. **The extent to which state law issues predominate over bankruptcy issues**. The Bankruptcy Court erred when it determined that the only issues involved are state law issues.  While the issues in the Adversary Proceeding concern state law breach of Note and Guarantee, the Debtor's counterclaims are core issues regarding the allowance of Appellees' claims against the bankruptcy estate, matters concerning the administration of the estate, and whether Appellees have rights to 2999TC's property.

43. **The difficulty or unsettled nature of the applicable law**.   The Bankruptcy Court erred when it determined that this factor favors permissive abstention and equitable remand.  The fact that the issues are not unsettled, or complex means the Bankruptcy Court can decide these issues because they entail a straightforward application of Texas law.  In addition, there are other issues that pertain to core bankruptcy issues as set forth above, that only the Bankruptcy Court can decide.

44. **The presence of a related proceeding commenced in state court or other non-bankruptcy court**.  The Bankruptcy Court erred when it determined that this factor favors permissive abstention and equitable remand. At most this factor may be neutral as 2999TC's bankruptcy proceeding was pending at the time of the

Adversary Proceeding and the litigation between the parties have an effect on the 2999TC's bankruptcy case.

45. __The jurisdictional basis, if any, other than 28 U.S.C. §1334__. This factor weighs against remand or abstention since the State Case could have been brought in federal court under diversity jurisdiction due to the diversity of the 2999TC (Delaware entity) from the Appellees (Texas entities). [R. 357-358]. *See* 28 U.S.C. § §1332. The Appellants properly removed the State Case pursuant to 28 U.S.C. 1441. Further, as set forth below, the issues in the Adversary Proceeding affect claims allowance, property of the estate and are core proceedings under 28 U.S.C. §157(b)(2)(A), (B), (K), (M), and (O).

46. __The degree of relatedness or remoteness of the proceeding to the main bankruptcy case__. The Bankruptcy Court erred when it determined that this factor favors permissive abstention and equitable remand because as set forth above, the claims in the State Court proceeding are intertwined with 2999TC's bankruptcy case and affect claims allowance, and interests in property of its estate. 2999TC will most certainly have to engage in contested litigation in its bankruptcy case, relating to the same issues in the State Case, resulting in duplicitous discovery proceedings at significant burden and expense to 2999TC's bankruptcy estate and to the other Appellants.

47. __The substance rather than form of an asserted "core" proceeding__. This factor weighs against remand or abstention because the counterclaims asserted

by the Appellants relate to the allowance of claims, interests in property of 2999TC's estate and are core proceedings under 28 U.S.C. §157(b)(2)(A), (B), (K), (M), and (O).  The claims in the Adversary Proceeding meet both the "arising under" and "arising in" test for core jurisdiction.  Further, Appellees have subjected themselves to the bankruptcy court's jurisdiction by participating in 2999TC's confirmation process and objecting to the treatment of their claims in the proposed plan.  On the other hand, the State Court is unable to determine the nature and extent of Appellee's interests in 2999TC's property.

48.     **The feasibility of severing state law claims from core bankruptcy matters**.  This factor weighs against remand or abstention because as set forth above, the counterclaims asserted by the Appellants are core proceedings under 11 U.S.C. §157(b) and it would be inefficient and a waste of judicial resources to remand to the State Court to try the issues only to have the Bankruptcy Court enforce the Orders. The issues in the Adversary Proceeding are a straightforward application of Texas contract law that the bankruptcy court can handle efficiently.  The Appellees have indicated their desire to have these issues decided by summary judgment and will not be prejudiced from proceeding in the bankruptcy court.

49.     **The burden on (the bankruptcy court's) docket.** This factor weighs against remand or abstention because as set forth above, the substance of the litigation concerns core proceedings and the straightforward application of Texas contract law to the parties claims and defenses.  In the event of remand or abstention,

2999TC's bankruptcy proceeding will remain open and on the Bankruptcy Court's docket until the issues are tried in the State Court, after which the Bankruptcy Court will still have to determine claim issues and property issues related to the 2999TC's estate.  The bankruptcy court will need to approve 2999TC's application for special counsel to handle the State Case, approve compensation related to the same and determine lift stay issues for JMJ and Barton to proceed against 2999TC.

50.   **The likelihood that the removal involves forum shopping by one of the parties**.  The Bankruptcy Court erred when it determined that this factor was neutral and that arguably both parties were involved in forum shopping.  For forum shopping to be a significant factor in an abstention analysis, it must rise to a level demonstrating an attempt to abuse or manipulate the judicial process.  *See IO at Tech Ridge LP*, 2018 Bankr. LEXIS 1323, at *14.  An example is where removal would result in changing the applicable law.  *See Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 399 (5th Cir. 2003) (holding that Sherwin Williams suing in Mississippi Federal Court did not change fact that Mississippi state law would apply.).  Here, Texas law applies in any event, removal was proper and not an improper attempt at forum shopping.  On the other hand, one can infer that Appellants' purpose in bringing this suit in state court was to refrain from conferring federal court jurisdiction, otherwise the plaintiff would have otherwise filed suit in federal court due to being within the jurisdictional limit and the diversity of citizenship.  *See e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283,

290-291 (1938). Appellee's stated reason for remand was to proceed and collect against the guarantors to avoid being subject to "further complications as a result of [2999TC's] bankruptcy case. [R. 777]. Such blatant attempts to forum shop are not respected by the Court. See e.g., *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 828 (S.D. Tex. 1993) (stating that the court does not respect blatant attempts to forum shop (in the context of a motion to transfer venue). In addition, the Appellees' attempt to delay the confirmation process and complain that its claim is not accounted for is a blatant attempt to have it both ways and is evidence of bad faith.

51. **The existence of a right to a jury trial**. This factor does not favor remand or abstention as the Appellees have evidenced their intent to have this summarily decided short of a jury trial. In addition, by objecting to not being paid under the Plan, Appellees have essentially submitted to the bankruptcy court's jurisdiction and have essentially filed an informal proof of claim. The elements of an informal proof of claim are (1) a written document, (2) that contains a demand for payment from the bankruptcy estate, (3) evidencing an intent to hold the debtor liable on the debt and (4) filed with the bankruptcy court. In addition, (5) allowing the claim must be equitable based on the facts of the case. *In re Nikoloutsos,* 199 F.3d 233, 236 (5th Cir. 2000); *In re Reliance Equities Inc.,* 966 F.2d 1338, 1345 (10th Cir. 1992). By filing an informal claim, Appellees have triggered the process of allowance and disallowance of claims thereby subjecting themselves to the Bankruptcy Court's equitable power, which allowance of claims are triable only in

equity as such there is no Seventh Amendment right to a jury trial. *Langekamp v. Culp,* 498 U.S. 42, (1990) per curiam, rev'g, 897 F.2d 1041 (10th. Cir. 1990); *Travellers-Int'l AG v. R*obinson, 982 F.2d 96 (3d Cir. 1992) (creditor who files a claim -- even a "protective and contingent" claim -- submits itself to the bankruptcy court's equitable jurisdiction and waives any Seventh Amendment right to a jury trial); Atl. *Computer Sys., Inc. v. Mut. of Omaha Ins. Co. (In re Atl. Computer Sys., Inc.),* 165 B.R. 781 (Bankr. S.D.N.Y. 1994) (creditor lost right to jury trial by participating in claims process even though no formal proof of claim filed).

52.    **The presence in the proceeding of non-debtor parties**. This factor weighs against remand or abstention as all parties in the proceeding are involved in the Debtor's bankruptcy proceeding as creditors or interested parties and stand to recover from the Bankruptcy Estate.

53.    **Comity**. This factor weighs against remand or abstention. When no novel issues implicate a state interest, comity is not implicated. *See IO at Tech Ridge LP*, 2018 Bankr. LEXIS 1323, at *17-18. As set forth above, this is a straightforward contract issue concerning the Notes and Guarantee agreements which the bankruptcy court can and should decide and then enforce.  Further the bankruptcy court is the only court that can determine the nature and extent of Appellee's interests in 2999TC's property.

54.    **Possibility of prejudice to other parties in the action**.  This factor weighs against remand or abstention. As set forth above, Appellants will be

prejudiced from having to defend and prosecute claims stemming from the Appellees' lawsuit in various forums when the bankruptcy court can decide the issues and determine how the claims are to be administered.

55.    As a practical matter, 2999TC will not be able to afford to continue to litigate its counterclaim against the Appellees in State Court while at the same time prosecuting contested litigation in the bankruptcy court related to the same issues. There is no avenue for 2999TC to effectuate an orderly administration of its estate under these circumstances as either 2999TC or JMJ and Barton will likely have to forego claims against Appellees or as to each other, due to the cost of litigating in multiple forums resulting in an unfair advantage to Appellees.

56.    The additional six factors which apply in an equitable remand analysis also weigh against remand.  First, there is no allegation that the Bankruptcy Court is not a convenient forum; second, the civil action has not been bifurcated during removal, which favors a trial of the entire action in state court; third as set forth above, this matter contains a straightforward application of Texas State law and primary issues of bankruptcy law concerning claims against the estate and liens/rights to estate property; fourth, the Bankruptcy Court has particular expertise to determine these issues; fifth, as set forth above it is inefficient to proceed in two forums; sixth, there is little prejudice to the Appellee to proceed in the Adversary Proceeding when Appellees have already submitted to the bankruptcy court's

jurisdiction. Lastly, as discussed above, remand will result in the possibility of an inconsistent result.

## V.   <u>CONCLUSION</u>

57.    Based on the foregoing, Appellants pray this Court reverse the judgment of the Bankruptcy Court and for all further relief to which Appellants may show themselves entitled.

Dated: January 27, 2021.

Respectfully submitted,

<u>   /s/ Joyce W. Lindauer                  </u>
Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
**ATTORNEYS FOR APPELLANT**
**2999TC, LP, LLC**

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
**ATTORNEY FOR APPELLANTS**
**JMJ DEVELOPMENT, LLC**
**AND TIMOTHY BARTON**

## CERTIFICATION OF COMPLIANCE

The undersigned certifies this brief complies with the type-face and length requirements of Bankruptcy Rule 8015(a)(7). Exclusive of the exempted portions stated in Bankruptcy Rule 8015(a)(7), the brief contains 5214 words, as calculated by Microsoft Word 2016, the program used to prepare this document.

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 27, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the Appellees via their counsel listed below.

Dee J. Kelly, Jr.,
Katherine T. Hopkins
Joakim G. Soederbaum
Caitlyn E. Hubbard
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone (817) 332-2500
Facsimile (817) 878-9280
Dee.kelly@kellyhart.com
Katherine.hopkins@kellyhart.com
Joakim.soederbaum@kellyhart.com
caitlyn.hubbard@kellyhart.com

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer