# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

**Consolidated No. 4:20-CV-1256-P**

**Bankruptcy Case No. 20-43204-MXM**
**Adversary Case No. 20-04078**

**2999TC LP, LLC, DEBTOR**

**2999TC, LP, LLC, JMJ DEVELOPMENT, LLC, TIM BARTON,**
*Appellants,*

v.

**L. ALLEN HODGES, III,** *as Independent Executor of the Estate of*
*Leland A. Hodges, Jr.*, **TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC**
**INTEREST, LTD., BLACKFOOT INTEREST, LTD.,**
*Appellees.*

**Appeal from the United States Bankruptcy Court**
**for the Northern District of Texas, Fort Worth Division**

## BRIEF OF APPELLEES

Dee J. Kelly, Jr.
Texas Bar No. 11217250
dee.kelly.2@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
Joakim G. Soederbaum
Texas Bar No. 24091338
joakim.soederbaum@kellyhart.com
Caitlyn E. Hubbard
Texas Bar No. 24097853
caitlyn.hubbard@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:  (817) 332-2500
Telecopier:  (817) 878-9280

**ATTORNEYS FOR APPELLEES**

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Bankruptcy Procedure 8012, Appellees Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. certify that they have no parent corporations, and no publicly held corporation owns 10% or more of any Appellees' stock.  Appellee L. Allen Hodges, III is not a corporate entity.

## STATEMENT REGARDING ORAL ARGUMENT

This appeal challenges discretionary and well-supported decisions of the bankruptcy court that are not reversible absent a definite and firm conviction that the court committed a clear error of judgment. Appellees L. Allen Hodges, Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd (collectively, "Appellees") respectfully submit that oral argument is not necessary or warranted to resolve the discretionary issues raised on appeal. *See* Fed. R. Bankr. P. 8019.[1]

---

[1] Appellants do not seek oral argument in Appellants' Brief.

# **TABLE OF CONTENTS**

**Page(s)**

CORPORATE DISCLOSURE STATEMENT .......................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................ ii

TABLE OF AUTHORITIES .......................................................................vi

STATEMENT OF JURISDICTION...............................................................1

STATEMENT OF THE ISSUES..................................................................2

STATEMENT OF THE CASE....................................................................2

FACTUAL AND PROCEDURAL HISTORY .......................................................4

A.   Appellees loaned 2999TC $4 million, a loan non-debtors
     Tim Barton and JMJ Development unconditionally guaranteed....................4

B.   2999TC repeatedly defaulted on the Loan, causing Appellees
     to exercise their contractual option to call all amounts due ...........................5

C.   When Appellants failed to pay the amounts due, Appellees
     filed suit in state court for breach of the Notes and the Guaranties ...............6

D.   To avoid an unfavorable summary judgment ruling, 2999TC filed
     for Chapter 11 bankruptcy and removed the State Court Lawsuit.................6

E.   Appellees' promptly moved to dismiss 2999TC............................................7

F.   The bankruptcy court properly granted Appellees' motion to dismiss
     their claims against 2999TC and to abstain and remand the remaining
     claims to state court ......................................................................8

G.   To protect their rights pending the outcome of this appeal,
     Appellees are taking protective actions in the bankruptcy court
     that will be withdrawn upon affirmance......................................................10

SUMMARY OF THE ARGUMENT ..................................................................10

## TABLE OF CONTENTS (cont.)

**Page(s)**

STANDARD OF REVIEW ..................................................................................13

ARGUMENT ....................................................................................................14

I.    The bankruptcy court properly exercised its discretion
      to dismiss Appellees' claims against the Debtor under
      Federal Rule of Civil Procedure 41(a)(2) .......................................14

      A.    Dismissal under Rule 41(a) is freely granted unless
            the non-moving party will suffer some prejudice ..............................14

      B.    Appellants have shown no abuse of discretion in the
            bankruptcy court's conclusion that Appellants showed
            no legal prejudice resulting from the voluntary dismissal ................16

      C.    Appellants' misrepresentations do not warrant a
            prejudice finding..............................................................19

      D.    Appellants' conclusory argument that Appellees
            seek to avoid an adverse judgment is without merit ..........................23

II.   The bankruptcy court did not abuse its discretion in
      abstaining and remanding the proceeding to state court ..............................24

      A.    The bankruptcy court had broad discretion to abstain
            from hearing the state law claims and equitably remand
            them to the state court ........................................................25

      B.    The bankruptcy court correctly weighed each factor
            and determined, in its broad discretion, that permissive
            abstention and equitable remand was proper ......................................27

      C.    Appellants have shown no clear error or abuse of
            discretion in the bankruptcy court's findings and conclusion ............28

# TABLE OF CONTENTS (cont.)

**Page(s)**

1.   The State Court Lawsuit has no effect
     on the efficient administration of the estate................................29

2.   Appellants' counterclaims are not "core," and
     the only remaining issues are state law claims ........................30

3.   Because complete diversity is lacking, the only
     jurisdictional basis in the bankruptcy court is section 1334.....31

4.   Appellees are entitled to a jury trial in the State
     Court Lawsuit...............................................................................32

CONCLUSION ....................................................................................33

CERTIFICATE OF COMPLIANCE.......................................................34

CERTIFICATE OF SERVICE ...............................................................34

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                  <u>**Page(s)**</u>

*Bolen v. Adams*,
403 B.R. 396 (N.D. Miss. 2009) ......................................................................13, 24

*Callan v. Black Strata LLC (In re MontCrest Energy, Inc.)*,
No. 13-41129-DML-7, 2014 WL 6982643 (Bankr. N.D. Tex. Dec. 9, 2014) ........25

*Concerned Citizens of Vicksburg v. Sills*,
567 F.2d 646 (5th Cir. 1978) ................................................................................22

*Davis v. Huskipower Outdoor Equip. Corp.*,
936 F.2d 193 (5th Cir. 1991) ..........................................................................15, 17

*Elbaor v. Tripath Imaging, Inc.*,
279 F.3d 314 (5th Cir. 2002) ............................................................... 14-15, 17, 20

*Estate of Duncan v. Comm'r of Internal Revenue*,
890 F.3d 192 (5th Cir. 2018) ................................................................................23

*First Gibraltar Bank v. Bradley*,
98 F.3d 1338 (5th Cir. 1996) (unpub.)...................................................................20

*Gober v. Terra + Corp. (Matter of Gober)*,
100 F.3d 1195 (5th Cir. 1996) ....................................................2, 13, 25, 26, 29, 31

*Greenwich Ins. Co. v. Capsco Indus., Inc.*,
934 F.3d 419 (5th Cir. 2019) ................................................................................32

*Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*,
903 F.2d 352 (5th Cir. 1990) ................................................................................19

*Harvey Aluminum, Inc. v. Am. Cyanamid Co.*,
15 F.R.D. 14 (S.D.N.Y. 1953) ..............................................................................18

*Harvey v. Grey Wolf Drilling Co.*,
542 F.3d 1077 (5th Cir. 2008) ..............................................................................32

## <u>TABLE OF AUTHORITIES (cont.)</u>

<u>Cases</u>                                                                    <u>Page(s)</u>

*IO AT Tech Ridge LP v. Hartford Fire Ins. Co., (In re IO AT Tech Ridge LP)*,
No. 17-11540-TMD, 2018 WL 2431640 (Bankr. W.D. Tex. May 3, 2018).....26, 29

*In re Coastal Plains*,
179 F.3d 197 (5th Cir. 1999) ...................................................................13

*In re Federal-Mogul Glob., Inc.*,
300 F.3d 368 (3d Cir. 2002)......................................................................2

*In re LaPointe*,
253 B.R. 496 (B.A.P. 1st Cir. 2000).........................................................20

*In re Renaissance Hosp. Grand Prairie Inc.*,
713 F.3d 285 (5th Cir. 2013) ...............................................................2, 13

*In re Robertson*,
258 B.R. 470 (M.D. Ala. 2001) .................................................................2

*In re SBMC Healthcare, LLC*,
547 B.R. 661 (S.D. Tex. 2016) ..................................................................2

*J.T. Thorpe Co. v. Am. Motorists*,
No. CIV.A. H-02-4598, 2003 WL 23323005 (S.D. Tex. June 9, 2003) ...........25, 26

*Kemlon Prods. & Dev. Co. v. United States*,
646 F.2d 223 (5th Cir. 1981) ..................................................................22

*Kennedy v. Nicastro*,
94 F.R.D. 30 (N.D. Ill. 1981)..................................................................18

*Lain v. Watt (In re Dune Energy, Inc.)*,
575 B.R. 716 (Bankr. W.D. Tex. 2017)...........................................25, 26

*LeCompte v. Mr. Chip, Inc.*,
528 F.2d 601 (5th Cir. 1976) ...........................................................13, 16

## TABLE OF AUTHORITIES (cont.)

**Cases**                                                                          **Page(s)**

*Manshack v. Sw. Elec. Power Co.*,
915 F.2d 172 (5th Cir. 1990) ...........................................................................14, 15

*McCauley v. Kroger Co.*,
No. 3:19-CV-2673-D, 2020 WL 2065634 (N.D. Tex. Apr. 29, 2020)....................14

*Radiant Tech. v. Electrovert USA Corp.*,
122 F.R.D. 201 (N.D. Tex. 1988) ...........................................................................17

*Thomas v. Portfolio Recovery Assocs.*,
No. 4:20-CV-00317-SDJ-CAN, 2020 WL 6935557 (E.D. Tex. Nov. 6, 2020)......23

*United States v. Terrey*,
554 F.2d 685 (5th Cir. 1977) ...................................................................................20

*Wood v. Wood (In re Wood)*,
825 F.2d 90 (5th Cir. 1987) ...............................................................................21, 31

**Rules and Statutes**

28 U.S.C.A. § 1452 ...................................................................................................25

28 U.S.C.A. § 1332 ...................................................................................................32

28 U.S.C.A. § 1334 ..............................................................................................21, 25

Fed. R. Bankr. P. 8002 ...............................................................................................1

Fed. R. Bankr. P. 8018 ...............................................................................................1

Fed. R. Bankr. P. 8019 ............................................................................................... ii

Fed. R. Bankr. P. 9024 .............................................................................................22

Fed. R. Civ. P. 41 ......................................................................................................14

Fed. R. Civ. P. 60 ......................................................................................................22

## <u>STATEMENT OF JURISDICTION</u>[2]

This is an appeal of a final order remanding a non-core[3] adversary proceeding to state court. The United States Bankruptcy Court for the Northern District of Texas entered its Order Granting Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court on November 18, 2020. App'x K; ROA.000789-91. Appellants 2999TC LP, LLC ("2999TC"), JMJ Development, LLC ("JMJ") and Tim Barton ("Barton") (collectively, "Appellants") timely filed their notice of appeal on November 19, 2020. App'x L; ROA.000802-05; *see* Fed. R. Bankr. P. 8002.

The bankruptcy court found that it had jurisdiction to consider the motion to dismiss and to abstain and remand pursuant to 28 U.S.C. §§ 157, 1334. App'x J at 45; ROA.000853. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(a) and 1334.

---

[2] Because Appellants failed to file their appendix as required by Rule 8018, Appellees serve and file with their brief an appendix that contains material required and relevant to this appeal. *See* Fed. R. Bankr. P. 8018(b)(1). "ROA" cites refer to the pagination in the lower right-hand corner of the record documents transmitted to this Court on appeal; "App'x" refers to material available in the appendix filed concurrently with this brief.

[3] Appellants represent without discussion that the adversary proceeding is a "core" proceeding. As the bankruptcy court found, it is not. App'x J at 50 ("The substance of the dispute here involves entirely state law matters, and there is no need to sever as there is no core bankruptcy matters involved."); ROA.000858. Notably, Appellants' preliminary "Statement of Issues" filed in this Court acknowledged this finding, yet Appellants do not address it in their jurisdictional statement. *Compare* Dkt. 3-1 at 3, *with* Appellants' Br. at 6.

This Court's appellate decision is not subject to review by the Fifth Circuit because 28 U.S.C. § 1452 precludes review by a "court of appeals" of a bankruptcy court's decision to remand. *See In re Federal-Mogul Glob., Inc.*, 300 F.3d 368, 389 (3d Cir. 2002); *In re SBMC Healthcare, LLC*, 547 B.R. 661, 672-73 (S.D. Tex. 2016); *In re Robertson*, 258 B.R. 470, 472 (M.D. Ala. 2001) ("A bankruptcy court's order remanding a case to state court is appealable to the district court, but not beyond.") (collecting cases).

## STATEMENT OF THE ISSUES

1. Did the bankruptcy court abuse its discretion in granting a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2)?

   **Standard of review:**      Abuse of discretion and clear error.

2. Did the bankruptcy court abuse its discretion in determining that permissive abstention and equitable remand are appropriate under the governing factor-based test?

   **Standard of review:**      Abuse of discretion and clear error.[4]

## STATEMENT OF THE CASE

At its core, this adversary proceeding is a state law breach of contract dispute. Appellees loaned 2999TC $4 million in connection with the closing of a

---

[4] Throughout their brief, Appellants incorrectly state that this Court reviews the bankruptcy court's discretionary decisions *de novo*. But under established precedent, and as discussed herein, that is incorrect. Matters committed to the bankruptcy court's discretion are affirmed unless the court clearly abused its discretion, and the bankruptcy court's findings of fact are reviewed for clear error. *In re Renaissance Hosp. Grand Prairie Inc.*, 713 F.3d 285, 294 (5th Cir. 2013); *Gober v. Terra + Corp.* (*Matter of Gober*), 100 F.3d 1195, 1207 (5th Cir. 1996).

---

real estate transaction.   JMJ and Barton (who controls 2999TC and JMJ) guaranteed the loan.   When 2999TC, JMJ, and Barton each failed to fulfill their obligations, Appellees filed suit in Tarrant County, Texas.

On the eve of a hearing on Appellees' dispositive summary judgment motion, 2999TC filed for bankruptcy and the case was removed to the bankruptcy court.   Recognizing that the bankruptcy filing was a delay tactic and that 2999TC had few assets, limited avenues to reorganize, and a litany of other obligors, Appellees swiftly moved to dismiss their claims against 2999TC and to remand the remainder of the lawsuit so that Appellees may pursue their claims against JMJ and Barton in state court.   In an attempt to avoid dismissal and perpetuate delay, Appellants asserted affirmative defenses in the form of counterclaims, seeking a declaratory judgment that they do not owe Appellees.   Rejecting this tactic, the bankruptcy court granted Appellees' motion to dismiss and remanded the state law claims against the non-debtor Appellants back to state court.

The question for this Court is whether Appellants have shown, with firm conviction, that the bankruptcy court abused its discretion in resolving these discretionary issues against them.   Under well-established Fifth Circuit precedent, the answer is "No."   The factor-based tests that guided the bankruptcy court support its conclusion that the state-soaked proceeding belongs in state court.

Because Appellants failed to establish any error in that judgment, much less a clear error or an abuse of discretion, the bankruptcy court's discretionary decisions should be affirmed.

## FACTUAL AND PROCEDURAL HISTORY[5]

**A.    Appellees loaned 2999TC $4 million, a loan non-debtors Tim Barton and JMJ Development unconditionally guaranteed.**

In connection with the closing of a real estate transaction, Appellees loaned and delivered to 2999TC (or "Debtor") the total sum of $4,000,000.00 (the "Loan").  ROA.000265.  The Loan is reflected by two promissory notes made and executed by Barton on behalf of 2999TC:  one to the Hodges Estate for $1,000,000.00 and one jointly to Tejas Group, LAH, and Blackfoot for $3,000,000.00 (collectively, the "Notes").  *See* ROA.000270-280.

In addition, Barton and his related entity JMJ (together, "Guarantors"), agreed to guarantee the Loan.  ROA.000282-298.  Barton, individually and on behalf of JMJ, executed a total of four guaranties unconditionally guaranteeing the Loan and 2999TC's payments under the Notes—one for each of the Notes in his individual capacity and one for each of the Notes on behalf of JMJ (collectively, the "Guaranties").  *Id.*  Each Guaranty is an unconditional guaranty of payment and expressly provides that Appellees may enforce the Guaranties against Barton and

---

[5] Appellees recount only the facts and procedural history relevant to Appellants' challenges and arguments.

JMJ without first exhausting their remedies—or even filing suit—against 2999TC.
*See id.*

## B.     2999TC repeatedly defaulted on the Loan, causing Appellees to exercise their contractual option to call all amounts due.

2999TC failed to timely make the first interest-only payment when it was due in December 16, 2019.  App'x B.  Only after Appellees made demand and threatened to accelerate the loan did Appellees receive the overdue interest payment on or about January 29, 2020.  ROA.000418.

On or about February 20, 2020, Appellees notified 2999TC that they chose to exercise their option under the Notes to call all amounts due, making the full principal balance and all interest accrued until the time of payment due and payable sixty days later on April 20, 2020.  ROA.000418, 453-54.  The very next day, on February 21, 2020, Appellees hand delivered a copy of the Notice of Call Election to Barton, who acknowledged receipt of the notice in writing. ROA.000418-19, 456.

2999TC failed to pay the second interest-only payment when it came due on March 16, 2020.  On March 27, 2020, Appellees made a written demand on 2999TC, Barton, and JMJ that they make the overdue payment by April 6, 2020. ROA.000419, 458-61.  After Appellants failed to cure the payment defaults as demanded by Appellees, on or about April 14, 2020, Appellees accelerated the Loan and demanded payment in full from 2999TC, Barton, and JMJ.

ROA.000419, 463-65.  To date, Appellants have not paid the amounts due under the Notes and Guaranties.  ROA.000419.

## C.    When Appellants failed to pay the amounts due, Appellees filed suit in state court for breach of the Notes and the Guaranties.

On April 21, 2020, Appellees commenced a lawsuit in the 141st Judicial District Court in Tarrant County, Texas, styled as *L. Allen Hodges III, as Independent Executor of the Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. v. 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton*, Cause No. 141-316567-20, (the "State Court Lawsuit").  ROA.000040-000055 (Original Petition); App'x B (First Amended Petition).  In the State Court Lawsuit, Appellees asserted causes of action against 2999TC for breach of the Notes and against Barton and JMJ for breach of the Guaranties.  App'x B.  Neither 2999TC, Barton, nor JMJ asserted any counterclaims against Appellees while the dispute remained in state court.[6] *See* App'x C, D.

## D.    To avoid an unfavorable summary judgment ruling, 2999TC filed for Chapter 11 bankruptcy and removed the State Court Lawsuit.

On July 23, 2020, Appellees filed a motion for summary judgment in the State Court Lawsuit against 2999TC, Barton, and JMJ on their claims for breach of

---

[6] Appellants did little in the State Court Lawsuit; their tactic was delay.  Appellees had to move for default judgment because Appellants had not responded. ROA.000250-262.  Once they appeared, Appellants unsuccessfully moved to stay the proceedings based on a *separate* bankruptcy proceeding.  ROA.000086-94.

the Notes and Guaranties, as well as on their claim for attorneys' fees and costs of suit.   ROA.000396-414.   The hearing on the summary judgment motion was originally scheduled for August 20, 2020 but was continued until October 16, 2020 after Appellants represented to the court that they needed additional time to conduct discovery to defend against Appellees' claims.   ROA.000483-91.   But Appellants did not then conduct any additional discovery.   Instead, less than two hours before the rescheduled October 16 summary judgment hearing, 2999TC filed for relief under chapter 11 of the Bankruptcy Code.   ROA.000687-88.   Shortly thereafter, 2999TC filed its Notice of Removal effectuating a removal of the State Court Lawsuit to this Court, which then referred the action to the bankruptcy court. ROA.000872, 875. As a result of 2999TC's bankruptcy filing, the hearing on Appellees' dispositive summary judgment motion did not proceed.

**E.     Appellees' promptly moved to dismiss 2999TC.**

On October 16, Appellees' counsel indicated to the state court and 2999TC's counsel that Appellees intended to nonsuit their claims against 2999TC so that they could promptly return to the state court and proceed with their summary judgment motion against the non-debtor Guarantors.   App'x H at 5.   That same day, in another attempt to avoid a merits-proceeding in state court, Appellants filed their Original Counterclaims in the removed State Court Lawsuit, wherein they first

asserted affirmative defenses pled in the form of a request for declaratory judgment.  App'x E.

In the bankruptcy court, Appellees recognized that pursuing recovery from 2999TC would be an expensive and likely futile exercise.  App'x J at 9-10. Debtor's limited pleadings and statutory forms revealed that 2999TC is not an operating entity, and there was nothing to suggest how, if, and when 2999TC planned to reorganize.  App'x J at 9.  Further, Debtor's Schedules A and B reflected that it had just $100 in a bank account and an equity interest in a related entity with an alleged value equal to the amount of the loan entered into between Appellees and the Debtor.  App'x J at 9-10.

Thus, on October 23, 2020, just one week after 2999TC filed for bankruptcy, Appellees moved to dismiss their claims against 2999TC without prejudice and requested that the bankruptcy court remand the remainder of the State Court Lawsuit back to state court based on either:  (1) mandatory abstention under 28 U.S.C. § 1334(c)(2); (2) permissive abstention under 28 U.S.C. § 1334(c)(1); or (3) equitable remand under 28 U.S.C. § 1452(b).  App'x F.

## F.    The bankruptcy court properly granted Appellees' motion to dismiss their claims against 2999TC and to abstain and remand the remaining claims to state court.

On November 18, 2020, the bankruptcy court granted Appellees' motion and entered its Order Granting Second Amended Motion to Dismiss Defendant

2999TC LP, LLC Only and Abstain and Remand to State Court.  App'x K.  The bankruptcy court entered its findings of fact and conclusions of law on the record. App'x J at 44-53; ROA.000852-60.  Regarding Appellees' Rule 41(a)(2) Motion to Dismiss, the court found that Appellees established "good cause" because:

> Neither the Debtor nor any of the other Defendants have established harm or any viable or credible legal prejudice should the Debtor Defendant be dismissed from the State Court Lawsuit.

> There is no evidence that the Debtor will lose any forum-specific defenses resulting from being dismissed from the State Court lawsuit.

> If the Debtor Defendant is dismissed from the State Court Lawsuit, there is nothing to prevent the Debtor and the remaining Defendants from continuing to prosecute their declaratory judgment counterclaims against the Plaintiff, as such counterclaims are not stayed by the Section 362 automatic stay in the Debtor's bankruptcy case.

App'x J at 46-47; ROA.000854.

The court also "weigh[ed] the relevant factors" and found "that permissive abstention and equitable remand are appropriate in this case."  App'x J at 48; ROA.000856.  Accordingly, the court granted Appellees' motion to dismiss without prejudice, App'x J at 55, and also granted Appellees' motion for permissive abstention and for equitable remand, App'x J at 52.

**G.    To protect their rights pending the outcome of this appeal, Appellees are taking protective actions in the bankruptcy court that will be withdrawn upon affirmance.**

On November 18, 2020, Appellants filed their notice of appeal.  App'x L. Until the appeal is resolved, Appellees have asked the bankruptcy court to refrain from determining the issues related to Debtor's disclosure statement and confirmation process.  *See* Appellees' Am. Obj. to Debtor's Disclosure Statement at 6-7.[7]  Out of an abundance of caution, Appellees have also taken protective measures to preserve their rights against 2999TC, including objecting to Appellants' disclosure statement.  *Id*. at 7.  These measures preserve Appellees' rights in the event the bankruptcy court considers the disclosure statement and related issues while the outcome of this appeal is pending or in the event this Court reverses the bankruptcy court's discretionary dismissal.  *Id*. at 7-20.  However, if this Court affirms the dismissal, Appellees will withdraw their objections in the bankruptcy court proceeding.

## <u>SUMMARY OF THE ARGUMENT</u>

The bankruptcy court correctly exercised its discretion to dismiss Appellees' state law claims against Debtor 2999TC and abstain and equitably remand the remainder of the State Court Lawsuit to state court.  As the bankruptcy court found, the State Court Lawsuit involves only non-core state claims and will have

---

[7] *See* Dkt. No. 35, No. 20-43204-mxm11 (filed February 3, 2021).

no impact on the administration of the bankruptcy estate.  Notably, the Fifth Circuit has encouraged dismissal and remand in analogous circumstances.

In challenging the bankruptcy court's decisions to this Court of last resort,[8] Appellants face a weighty burden.  Not only were both decisions discretionary, but they also are reversible only if Appellants establish with "firm conviction" that the bankruptcy court committed a "clear error of judgment."  Appellants' conclusory and often undeveloped arguments fall far short of that showing.

The law governing this appeal is clear cut.  Dismissal under Rule 41(a) is discretionary and should be granted unless the non-movant establishes legal prejudice beyond the mere presence of second suit.  Under 28 U.S.C. §§ 1452(b) and 1334(c), courts have broad discretion to abstain and remand whenever appropriate in the interests of justice, comity, or respect for state law.  The discretionary and factor-based tests that govern these issues well-supported the bankruptcy court's decisions here.

Appellees moved to dismiss their claims against the Debtor 2999TC and proceed with their state law claims against the non-debtor Guarantors in state court.  Finding that the voluntary dismissal would not prejudice Appellants, the bankruptcy court dismissed all claims against Debtor 2999TC.  The bankruptcy court then appropriately weighed the interests of justice and comity and determined

---

[8] As noted, no right to appeal to the Fifth Circuit exists.  *See supra* p. 2.

that because only state law claims remained, the State Court Lawsuit belonged in state court.

These conclusions were correct, and Appellants have shown no error, much less abuse of discretion, in them.  Appellants argue the dismissal prejudices Debtor (even though its only involvement in that suit is an avoidance-based affirmative defense now offered only to assist Guarantors) and Guarantors primarily due to purported and unidentified "splintered litigation."  But to the extent Appellants identify any additional litigation, it is speculative and legally insufficient to overcome the controlling authority holding that a second lawsuit is no evidence of prejudice as a matter of law.

Then, without supporting authority, Appellants ask this Court to reverse the bankruptcy court's well-considered decision to remand state law claims between Appellees and the non-diverse, non-parties to the bankruptcy proceedings to state court.  Appellants' argument that the bankruptcy court's discretionary decision should be reversed constitutes nothing more than dissatisfaction with the outcome—far from the "clear error of judgment" required to support reversal.

Overall, the bankruptcy court's decision comports with the congressionally-created and judicially-recognized policy that state law issues and state law rights should be allowed to proceed in state court.  Significantly, Appellants have not cited a single case where a district court has reversed a bankruptcy court's

discretionary order under similar circumstances. The Court should decline Appellants' unsubstantiated invitation to be the first.

## STANDARD OF REVIEW

A "bankruptcy court's findings of fact are reviewed for clear error and conclusions of law are reviewed de novo." *In re Renaissance*, 713 F.3d at 294. A court's application of equitable doctrines is reviewed for an abuse of discretion. *See In re Coastal Plains*, 179 F.3d 197, 205 (5th Cir. 1999). A reviewing court will not disturb a bankruptcy court's factual findings or discretionary decisions absent a

> definite and firm conviction that the [bankruptcy court] committed a clear error of judgment. The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion.

*Bolen v. Adams*, 403 B.R. 396, 398-99 (N.D. Miss. 2009) (citation omitted).

Because voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of the district court, a court's decision on this issue is reviewed only for abuse of discretion. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). Similarly, "the decision to abstain or not to abstain is committed to the discretion of the district court, and [a court] will affirm unless the court clearly abused its discretion." *Matter of Gober*, 100 F.3d at 1207.

## ARGUMENT

I. **The bankruptcy court properly exercised its discretion to dismiss Appellees' claims against the Debtor under Federal Rule of Civil Procedure 41(a)(2).**

A. **Dismissal under Rule 41(a) is freely granted unless the non-moving party will suffer some prejudice.**

The bankruptcy court properly followed Rule 41(a)'s dictates in granting Appellees' motion to dismiss. Generally, "courts should not require that a plaintiff continue to prosecute an action that it no longer desires to pursue." *McCauley v. Kroger Co.*, No. 3:19-CV-2673-D, 2020 WL 2065634, at *1 (N.D. Tex. Apr. 29, 2020). Rule 41(a)(2)—made applicable in this context by Federal Rule of Bankruptcy Procedure 7041—allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party. Fed. R. Civ. P. 41(a)(2) ("an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper …. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). Voluntary dismissal is freely granted unless the defendant establishes that it will suffer "plain legal prejudice" other than the mere prospect of a second lawsuit. *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990). Accordingly, a court's first question when faced with a Rule 41(a)(2) motion is whether an unconditional dismissal will cause the non-movant to suffer "plain legal prejudice." *Elbaor v.*

*Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).  If not, the court should grant the motion.  *Id.*

To establish plain legal prejudice, the non-movant must demonstrate that the dismissal will cause some cognizable prejudice "*other than the mere prospect of a second lawsuit.*"  *Id.* (emphasis added); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991).  Plain legal prejudice usually exists where the dismissal strips the defendant of an otherwise available defense or when the dismissal is filed at a late stage in the litigation to avoid an adverse ruling.  *See, e.g.*, *Davis*, 936 F.2d at 199 (refusing to dismiss where the motion came more than a year after the case was removed and after the magistrate judge had already issued a comprehensive recommendation adverse to movant's position).  Courts in this Circuit have consistently declined to find plain legal prejudice where the motion is filed in the early stages of the case, remaining claims will be governed by the same legal principles in the new forum, and the defendant will not be stripped of any defense.  *See, e.g.*, *Manshack*, 915 F.2d at 174-75 (granting motion to dismiss where the case had not proceeded far in discovery and would not strip the non-movant of an absolute defense).  That is the case here.

**B.     Appellants have shown no abuse of discretion in the bankruptcy court's conclusion that Appellants showed no legal prejudice resulting from the voluntary dismissal.**

The bankruptcy court properly found that dismissal would not cause prejudice to Appellants.  Appellants do not argue that dismissal deprives them of any defense and concede that the State Court Lawsuit involves entirely state law claims.  Appellants' Br. at 22, 26.  Further, the motion to dismiss was filed early in this litigation.  Appellees promptly moved to dismiss their claim against 2999TC six months after the lawsuit was filed and one week after the case was removed to the federal court.  App'x F.  There have been no dispositive rulings, and limited discovery has been completed.  App'x F at 10.  Because the limited discovery that has been conducted was in state court before removal, all legal efforts expended thus far will further the State Court Lawsuit.

Appellants have shown no abuse of discretion or clear error in this outcome.[9] Appellants recognize that the claims and counterclaims at issue here are state law matters and implicitly concede that nothing prevents them from pursuing their counterclaims in state court.  Appellants' Br. at 22, 26.  Appellants also concede that evidence of some cognizable prejudice "other than the mere prospect of a second lawsuit" is required to deny Appellees' motion.  Appellants' Br. at 14;

---

[9] As noted, voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of the district court, and a court's decision on this issue is reviewed only for abuse of discretion.  *LeCompte*, 528 F.2d at 604.

*Elbaor*, 279 F.3d at 317; *Davis*, 936 F.2d at 199.  Nevertheless, Appellants rely on these precise issues to allege that the bankruptcy court abused its discretion.  None of Appellants' arguments or cited authorities demonstrate that the bankruptcy court mis-weighed the relevant factors, much less give rise to a "definite and firm conviction that the [bankruptcy court] committed a clear error of judgment." *Bolen*, 403 B.R. at 399.

Appellants next rely on *Radiant Technology Corp. v. Electrovert USA Corp.*, but that case does not favor them.  122 F.R.D. 201 (N.D. Tex. 1988).  There, AMWC asserted federal claims in federal court against Walmart.  *Id.* at 202. AMWC then moved to dismiss its federal claims, desiring to bring new state court claims in state court.  *Id.*  Walmart opposed, arguing it had a viable counterclaim in federal court and that dismissal would cause it "other prejudice."  *Id.*  The court identified two situations that support an outright denial of a Rule 41(a) motion to dismiss:  (1) the dismissal will preclude the court from deciding a case; or (2) there is an objectively reasonable basis for requesting that the merits be resolved in the current forum.  *Id.* at 203.  Because Walmart satisfied neither, the court granted the motion to dismiss.  *Id.* at 205.

Consistent with *Radiant Technology*, the bankruptcy court granted Appellees' motion to dismiss because Appellants failed to establish either situation that would warrant an outright denial of dismissal.  Because Appellants will not be

denied any potential defense, and there is no objectively reasonable basis for requesting the State Court Lawsuit be resolved in the bankruptcy court, *Radiant Technology* bolsters the bankruptcy court's discretionary dismissal and undercuts Appellants' argument that the bankruptcy court clearly abused its discretion.

Further, Appellants' extra-jurisdictional cases are inapposite. In both, the courts denied motions to dismiss because significant time and effort had been expended when the plaintiff sought dismissal and those legal efforts were not transferrable to the new forum. *See Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 15 F.R.D. 14, 17-18 (S.D.N.Y. 1953) (denying plaintiffs' motion to dismiss to pursue their claim in British Guiana because requiring defendants to protect their rights and interests in a new action in a foreign jurisdiction, after they had incurred substantial costs in defending the New York suit, would "impose an onerous and burdensome task upon the defendants far beyond that encountered in ordinary litigation"); *Kennedy v. Nicastro*, 94 F.R.D. 30, 31 (N.D. Ill. 1981) (denying motion to dismiss where plaintiffs' "repeated abuses" had already cost defendants significant expenses in federal court and those efforts "would not be transferable to another forum").

This case is readily distinguishable. Appellees moved to dismiss their claims against 2999TC six months after the lawsuit was filed and one week after the case was removed to the federal court. To date, neither party has taken a

deposition in this case, and the limited discovery that has been conducted was in state court before removal. No substantive work has occurred in the bankruptcy court, save for 2999TC's strategic and belated filing of state law affirmative defenses styled as counterclaims. Therefore, all relevant work is "transferable" to the state court upon remand—indeed, the vast majority of the work that has been performed occurred there. Because Appellants have not met their burden to show that the bankruptcy court committed a clear error of judgment, this Court should affirm the discretionary dismissal.

### C.    Appellants' misrepresentations do not warrant a prejudice finding.

In an attempt to manufacture an abuse of discretion where none exists, Appellants assert that dismissal is prejudicial because it "forces" Debtor to "defend two lawsuits concurrently" and will cause "duplicitous discovery requests," unidentified "piecemeal" and "parallel"[10] litigation, and "conflicting and irreconcilable judicial outcomes." *See* Appellants' Br. at 24-17. Appellants do not explain the bases for this parade of horribles and offer no authority to support it.

To be clear, the inevitable result of the bankruptcy court's order is that Debtor is no longer a defendant in the State Court Lawsuit. If affirmed, Appellees'

---

[10] Appellants misuse the term "parallel litigation." Litigation is "parallel" when it "involv[es] the same parties and the same issues." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Appellants have identified no litigation—present or future—that meets this definition.

claims against Guarantors and Appellants' counterclaims will be the only claims in the State Court Lawsuit. Whether Debtor chooses to proceed with its counterclaims is Debtor's choice, but that does not alter the fact that the dismissal will not prejudice Appellants.[11]

Further, Appellees' claims against Guarantors in the State Court Lawsuit are independent of the bankruptcy proceeding, as the bankruptcy court found. App'x J at 48-49. The Guaranties are unconditional and expressly provide that Appellees may enforce the Guaranties without first exhausting their remedies—or even filing suit—against 2999TC. ROA.000295-297.[12] Thus, as the bankruptcy court

---

[11] Appellants' passing and speculative claim that the State Court Lawsuit may produce "two lawsuits"—the State Court Lawsuit and a potential subsequent lawsuit by the Guarantors against 2999TC—is baseless, legally irrelevant, and nothing more than a delay tactic. Barton is the ultimate owner of and decision-maker for both 2999TC and JMJ. Further, he has control over additional entities that are subject to involuntary proceedings in this District. *See In re Wall007, LLC*, Case No. 20-31131. Barton's (and his entities') actions in the State Court Lawsuit, the involuntary proceedings, and now 2999TC's bankruptcy case, related adversary proceeding, and appeal make clear that Barton is attempting to use 2999TC and its bankruptcy case as an instrumentality to avoid personal liability. Regardless, this speculative argument is insufficient to establish legal prejudice as a matter of law. *See Elbaor*, 279 F.3d at 317.

[12] Appellants provide no legal support for their argument that Guarantors would lack standing to challenge the validity of the Debtor's note, and case law provides otherwise. *In re LaPointe*, 253 B.R. 496, 498 (B.A.P. 1st Cir. 2000) ("[A] guarantor sitting in a defensive posture generally can assert those defenses available to the obligor."); *see also First Gibraltar Bank v. Bradley*, 98 F.3d 1338, at *6 (5th Cir. 1996) (unpub.) ("[They have] standing as guarantors of the loans to assert the defenses that would have been available to the borrowers."); *United States v. Terrey*, 554 F.2d 685, 692 (5th Cir. 1977) (permitting guarantor to assert

correctly concluded, the claims in the State Court Lawsuit will have little, if any,
effect on the administration of the bankruptcy estate.[13]    Accepting Appellants'
position would effectively strip Appellees of their right to pursue only JMJ and
Barton.

Appellants' next claim that Appellees' post-appeal protective actions
demonstrate "splintered litigation" is equally baseless.    Specifically, Appellants
contend that Appellees' post-appeal objections to the Debtors' Disclosure
Statement and Plan give rise to parallel litigation.    Appellants' Br. at 13-15.
Initially, this argument is not properly before the Court, as it effectively constitutes
a post-judgment motion for relief or reconsideration that should have been filed, if

---

defense that sale of assets was commercially unreasonable).    In any event, Debtor
has not dismissed its counterclaims or indicated that it intends to do so.    Therefore,
this injury is conjectural and hypothetical and is insufficient to establish any clear
abuse of discretion by the district court.

[13] Appellants' assertion that the bankruptcy court "is the only court with
jurisdiction to resolve the claims" is incorrect.    Appellants' Br. at 16 .    Section
1332 lists four types of matters over which the district court has jurisdiction:  (1)
cases under title 11; (2) proceedings arising under title 11, (3) proceedings arising
in a case under title 11, and (4) proceedings related to a case under title 11.    28
U.S.C.A. § 1334(a), (b); *Wood v. Wood (In re Wood)*, 825 F.2d 90, 92 (5th Cir.
1987).    The district courts only have exclusive jurisdiction over the first category,
which refers to the bankruptcy petition itself.    *Wood*, 825 F.2d at 92.    The district
courts do not have exclusive jurisdiction over the other proceedings listed in
subsection 1334(b).    *Id*.    Because the claims at issue in the State Court Lawsuit
involve other matters rather than the bankruptcy petition itself, the district court
does not have exclusive jurisdiction.    Therefore, Appellants' assertion that the
bankruptcy court is the only court with jurisdiction to consider these claims is
inaccurate as the state court has concurrent jurisdiction to adjudicate the causes of
action at issue here.    *Id*.

---

at all, in the bankruptcy court.[14]  *See* Fed. R. Civ. P. 60; Fed. R. Bankr. P. 9024.

But Appellants did not do that for a reason.   As Appellants know, Appellees

objected to the disclosure statement and plan to protect their rights in the unlikely

event this Court reverses, and asked the bankruptcy court to refrain from

considering the disclosure statement and plan until this appeal is decided.

Appellees' Am. Obj. to Debtor's Disclosure Statement.  *See supra* n.7.  Once

Appellees' claim against Debtor is dismissed, the State Court Lawsuit will have no

effect on the administration of the bankruptcy estate.  App'x J at 49; ROA.000857.

Thus, no "parallel" litigation will ever occur.  Regardless, these post-appeal events

are legally irrelevant because Appellants have offered no authority for this Court to

review the extra-record (and legally inconsequential) materials.  *See Kemlon*

*Prods. & Dev. Co. v. United States*, 646 F.2d 223, 224 (5th Cir. 1981) (holding that

appellate review is generally limited to the record materials before the district court

and declining to consider material from a "related and pending … litigation

between the[] same parties").

　　　　Accordingly, the bankruptcy court did not abuse its discretion in concluding

that "neither debtor nor any of the other Defendants have established harm or any

---

[14] On rare occasions, a court may remand for consideration of "changed circumstances" if an appellant shows that such review is necessary to ensure "substantial justice."  *Concerned Citizens of Vicksburg v. Sills*, 567 F.2d 646, 649 (5th Cir. 1978).  Appellants have not attempted to make that showing here, nor could they.

viable or credible legal prejudice should the Debtor Defendant be dismissed from the State Court Lawsuit." App'x J at 46-47; ROA.000854-55. This Court should affirm.

### D. Appellants' conclusory argument that Appellees seek to avoid an adverse judgment is without merit.

For the first time, Appellants argue that Appellees seek dismissal to avoid an adverse ruling. Appellants' new argument is waived. *Estate of Duncan v. Comm'r of Internal Revenue*, 890 F.3d 192, 202 (5th Cir. 2018) (The "court will not consider arguments raised for the first time on appeal").

Regardless, Appellants have not identified any adverse ruling that Appellees are avoiding. To this point, Appellees have suffered none. Appellants correctly point out that Appellees wish to avoid the expensive and potentially futile exercise of pursuing a claim against Debtor, but that is not an adverse ruling—that is an unfortunate fact of this case. App'x J at 9-10; ROA.000817-18. And consistent with the bankruptcy court's holding, other courts in this Circuit have held that a statement by the plaintiff that it no longer wishes to litigate a matter is a sufficient explanation to support dismissal under Rule 41(a)(2). *See, e.g.*, *Thomas v. Portfolio Recovery Assocs.*, No. 4:20-CV-00317-SDJ-CAN, 2020 WL 6935557, at *2 (E.D. Tex. Nov. 6, 2020).

\* \* \*

Far from proving an abuse of discretion, Appellants have failed to assert any evidence that could support a finding of plain legal prejudice. Because Appellants have not asserted evidence that supports a "definite and firm conviction that the [bankruptcy court] committed a clear error of judgment," this Court should affirm the bankruptcy court's correct and discretionary decision to dismiss Appellees' claims against Debtor. *See Bolen*, 403 B.R. at 399.

## II.   The bankruptcy court did not abuse its discretion in abstaining and remanding the proceeding to state court.

Appellants' challenge to the bankruptcy court's permissive abstention and equitable remand decision suffers related defects. As explained, upon dismissal, the only remaining claims are state law claims, none of which seek liability against the Debtor. *See* App'x B, E. Because these claims are unrelated to the administration of the Debtor's estate, the bankruptcy court properly granted permissive abstention and equitable remand, and Appellants have shown no abuse of discretion in that decision.[15]

---

[15] Because the bankruptcy court found permissive abstention and equitable remand were appropriate, it did not decide whether mandatory abstention applied. App'x J at 51.

A.   **The bankruptcy court had broad discretion to abstain from hearing the state law claims and equitably remand them to the state court.**

Under the permissive abstention doctrine, courts have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, comity, or out of respect for state law.  28 U.S.C. § 1334(c)(1); *Matter of Gober*, 100 F.3d at 1206.   In addition to permissive abstention under section 1334(c)(1), a federal court may also remand a proceeding "on any equitable ground."  28 U.S.C. § 1452; *Callan v. Black Strata LLC (In re MontCrest Energy, Inc.)*, No. 13-41129-DML-7, 2014 WL 6982643, at *7 (Bankr. N.D. Tex. Dec. 9, 2014).  Together, sections 1452(b) and 1334(c) "strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of § 1334 and the litigation can be timely completed in state court."  *J.T. Thorpe Co. v. Am. Motorists*, No. CIV.A. H-02-4598, 2003 WL 23323005, at *6 (S.D. Tex. June 9, 2003); *see also Lain v. Watt (In re Dune Energy, Inc.)*, 575 B.R. 716, 735 (Bankr. W.D. Tex. 2017) ("[T]he discretionary abstention statute helps the far-reaching bankruptcy jurisdiction statute from bringing suits into federal courts when they are better left for state courts to decide.").

Because permissive abstention and equitable remand are similar in purpose and derive from "kindred statutes," the circumstances which weigh in favor of discretionary abstention also weigh in favor of remand under section 1452(b). *J.T. Thorpe*, 2003 WL 23323005 at *6. Courts in the Fifth Circuit use a factors based test to determine whether permissive abstention or equitable is warranted.[16] *In re Dune Energy*, 575 B.R. at 735. The factors are used as a helpful guide rather than a mechanical counting exercise because "at the end, courts are left to their own discretion." *IO AT Tech Ridge LP v. Hartford Fire Ins. Co., (In re IO AT Tech Ridge LP)*, No. 17-11540-TMD, 2018 WL 2431640, at *6 (Bankr. W.D. Tex. May 3, 2018). Absent a clear abuse of that discretion, a court's decision to abstain and remand will be affirmed. *Matter of Gober*, 100 F.3d at 1207.

---

[16] The full fourteen factors are as follows: (1) the effect or lack thereof on the efficient administration of the estate if the court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of related proceeding commenced in state court or other non-bankruptcy proceeding; (5) a jurisdictional basis, if any, other than § 1334; (6) the degree of relatedness or remoteness of the proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. *J.T. Thorpe*, 2003 WL 23323005, at *6 (internal citations omitted).

**B.     The bankruptcy court correctly weighed each factor and determined, in its broad discretion, that permissive abstention and equitable remand was proper.**

The bankruptcy court correctly found that the majority of the fourteen factors weigh in favor of permissive abstention and equitable remand, and only a few factors were "neutral."  App'x J at 47-51; ROA.000855-59.  Specifically, the bankruptcy court found the following factors weigh in favor of permissive abstention and equitable remand:

Factor 1:     There will be little, if any effect on the efficient administration of the bankruptcy estate if the Court abstains or remands;

Factor 2:     The only issues involved are state law;

Factor 3:     The issues do not appear to be unsettled or complex, and the Texas state court deals with such issues on a regular basis;

Factor 4:     The State Court Lawsuit was pending in the Texas State Court before the Debtor's bankruptcy case was filed;

Factor 5:     No other jurisdictional basis exists, but for, section 1334;

Factor 6:     The litigation between the parties involves entirely state law issues and does not have a strong relationship to the Debtor's main bankruptcy case;

Factor 7:     The substance of the pending claims are state law matters and issues;

Factor 8:     There is no need for severability because the substance of the dispute involves entirely state law matters, and no core bankruptcy matters are involved;

Factor 11:   Appellees requested and have a right to a jury trial in the Texas State Court Lawsuit;

Factor 12:   Five of the six parties are non-debtor parties; and

Factor 13:   Comity and economy favor the state forum, as the lawsuit was previously pending in front it and the state court is familiar with the issues.

App'x J at 49-51; ROA.000857-59.[17]   The court did not find a single factor that weighed against permissive abstention and equitable remand.  *Id*.

These findings—demonstrating that the State Court Lawsuit began in state court, involved straightforward state law claims and primarily non-debtors, and that it would not affect the bankruptcy proceedings—appropriately compelled the bankruptcy court to find "permissive abstention and equitable remand are appropriate in this case."  App'x J at 51; ROA.000859.  Because these findings are correct and Appellants have shown no clear error in them, this Court should affirm.

### C.   Appellants have shown no clear error or abuse of discretion in the bankruptcy court's findings and conclusion.

There is no evidence that the bankruptcy court's factual findings were "clear error" or that its ultimate decision constitutes a clear abuse of discretion that

---

[17] The court found that factors 9, 10, and 14 were neutral.  App'x J at 50-51; ROA.000858-59.

warrants a reversal.[18]   Appellants take issue with each of the bankruptcy court's factor-based findings for one of the following four alleged reasons:  (1) the state court lawsuit will disadvantage Appellees and hinder the administration of the estate (challenging findings as to factors 1, 4, 6, 9, 12, 13, and 14); (2) Appellees counterclaims are "core" (challenging findings as to factors 2, 3, 7, 8); (3) diversity jurisdiction exists (challenging findings as to factors 5 and 10); and (4) Appellees have lost their right to a jury trial (challenging finding as to factor 11).  Appellants' Br. at 19-26.[19]   None of these arguments are correct or satisfy the high standards for reversal.

### 1.   The State Court Lawsuit has no effect on the efficient administration of the estate.

For the most part, Appellants assert the same challenge to the bankruptcy court's abstention and remand as they did its dismissal—the existence of the State Court Lawsuit.  *See* Appellants' Br. at 19-22 ¶¶ 41, 44, 46, 48, 49.  But as explained above at *supra* pp. 21-22, and as the bankruptcy court found, the State

---

[18] Appellants incorrectly state that this Court reviews the decision to abstain and remand *de novo*.  The correct standard of review is abuse of discretion.  *Matter of Gober*, 100 F.3d at 1207 ("The decision to abstain or not to abstain is committed to the discretion of the district court, and we will affirm unless the court clearly abused its discretion.").

[19] Appellants assert that six additional factors could be considered in an equitable remand analysis.  *See* Appellants' Br. at 18.  But as Appellants admit and courts in this Circuit have recognized, the decision to abstain and remand is a discretionary one that is not confined to a strict factor-based analysis.  *In re IO AT Tech Ridge LP*, 2018 WL 2431640, at *6.

Court Lawsuit will not prejudice Appellants and will have little, if any, effect on the efficient administration of the estate.  If anything, Appellees' dismissal and the bankruptcy court's remand will advance the estate's administration and benefit the estate's creditors by freeing up additional funds for the remaining creditors.  When the bankruptcy court's ruling is affirmed, Appellees will withdraw their objections to Debtor's disclosure statement and plan and any proof of claim in the event one is filed, and the only remaining claim involving the Debtor will be its state law declaratory judgment claims against Appellees, which are intended to void the *Guarantors'* liability but will not result in any liability of the *Debtor*.  *See supra* p. 10.  Contrary to Appellants' conclusory statements, these claims are not related or "intertwined" with Debtor 2999TC's bankruptcy case, and Debtor only remains in the State Court Lawsuit proceeding because it chooses to remain.  *See* Appellants' Br. at 21-26.  In sum, Appellants have not shown that the bankruptcy court's resolution of this factor in Appellees' favor constitutes an abuse of discretion that warrants reversal.

### 2.    Appellants' counterclaims are not "core," and the only remaining issues are state law claims.

Next, Appellants incorrectly assert that a number of factors weigh in favor of denying the motion to remand because the Debtor's counterclaims are "core issues."  Appellants Br. at 20-22.  The bankruptcy court found the opposite:  "the

substance of the dispute here involves entirely state law matters … there is no core bankruptcy matters involved."  App'x J at 50; ROA.000858.

In any event, Appellants' declaratory judgment counterclaims are not core because, as Appellants concede, the issues in the State Court Lawsuit require "a straightforward applicable of Texas contract law."  Appellants' Br. at 20, 22-26; *In re Wood*, 825 F.2d at 97 ("If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding.").  And the Fifth Circuit has recognized that a district court does not abuse its discretion in declining to decide "claims [that] hinge solely on questions of state law and invoke no substantive right created by federal bankruptcy law," that "exist wholly outside of bankruptcy," and where "there is no basis for federal jurisdiction … other than § 1334(b)."  *Matter of Gober*, 100 F.3d at 1207.  Thus, Debtor's non-core counterclaims cannot and do not demonstrate an abuse of discretion.

### 3.    Because complete diversity is lacking, the only jurisdictional basis in the bankruptcy court is section 1334.

Appellants' contention that the State Court Lawsuit could have originally been pursued in federal court is incorrect.  Indeed, Appellants affirmatively represented below that jurisdiction "is rooted in 28 USC §1334" to the bankruptcy court.  App'x H at 18; ROA.000770.  Now, Appellants argue without authority that the bankruptcy court somehow abused its discretion in weighing the relevant

factors because diversity jurisdiction purportedly exists.  Appellants misunderstand diversity jurisdiction, which requires complete diversity on both sides.  28 U.S.C. § 1332; *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Because there are citizens of Texas on both sides of the controversy, this suit lacks complete diversity and Appellees properly filed in state court.[20]

### 4.     Appellees are entitled to a jury trial in the State Court Lawsuit.

Finally, Appellants' claim that Appellees waived their right to a jury trial in the State Court Lawsuit, such that this right does not favor remand, is incorrect. App'x B; App'x J at 50-51; ROA.000858-59.  Appellees' post-appeal objections in the bankruptcy proceeding—which are for the sole purpose of protecting their interests pending the outcome of this appeal and will be withdrawn if the dismissal is affirmed—do not waive Appellees' right to a jury trial in the State Court Lawsuit.  *See supra* p. 10.  Nor does Appellees' pending summary judgment motion waive that right.  If the state court does not decide summary judgment in

---

[20] The plaintiffs in the State Court Lawsuit are Allen Hodges III, as Independent Executor of the Estate of Leland A. Hodges Jr. (Executor resides in Tarrant County, Texas and estate was probated in Tarrant County, Texas); Tejas Group, Ltd. (a Texas limited partnership), LAH III Family Specific Interest, Ltd. (a Texas limited partnership) and Blackfoot Interest, Ltd. (a Texas limited partnership). App'x B.  The defendants in the State Court Lawsuit are 2999TC (a Delaware LLC whose member Tim Barton is a Texas resident); JMJ (a Texas LLC); and Tim Barton (a Texas resident).  ROA.000876; *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019) ("The citizenship of an LLC is determined by the citizenship of each of its members.").

Appellees' favor, Appellees are prepared to move forward with a jury trial. Nothing about these contingencies favors the bankruptcy court's retention of the state-soaked proceeding or demonstrates an abuse of discretion in the bankruptcy court's discretionary decision to abstain and remand it to state court.

\*   \*   \*

The decisions of whether to abstain and remand are left to the sound discretion of the bankruptcy court and are not reversible unless this Court finds, with firm conviction, that the bankruptcy court's decision constitutes a clear error of judgment. There is no evidence of any error here. Rather, the bankruptcy court properly weighed the appropriate factors in light of this Circuit's precedent and concluded that the State Court Lawsuit belongs in state court. Because this decision is well-reasoned and consistent with Fifth Circuit precedent, this Court should affirm.

## CONCLUSION

Appellants have presented no evidence or argument that the bankruptcy court committed any error at all, let alone made any abuse of discretion or clear error of judgment. Therefore, Appellees respectfully request that the Court affirm the bankruptcy court's discretionary determinations to grant Appellees' motion to dismiss, abstain and remand the adversary proceeding to state court.

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
Texas Bar No.  11217250
dee.kelly.2@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
Joakim G. Soederbaum
Texas Bar No. 24091338
joakim.soederbaum@kellyhart.com
Caitlyn E. Hubbard
Texas Bar No. 24097853
caitlyn.hubbard@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:  (817) 332-2500
Telecopier:  (817) 878-9280

**ATTORNEYS FOR APPELLEES**

## CERTIFICATE OF COMPLIANCE

This brief complies with the typeface and type and style requirements of Federal Rule of Bankruptcy Procedure 8015 because this brief contains 8,031 words, excluding exempted portions, and has been prepared in a proportionally spaced typeface using "Microsoft Word 2003" in fourteen (14) point "Times New Roman" style font.

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served via ECF notification on February 26, 2021 on all parties receiving electronic notification.

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.