**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

---

**Consolidated No. 4:20-CV-1256-P**

---

**Bankruptcy Case No. 20-43204-MXM**
**Adversary Case No. 20-04078**

---

**2999TC LP, LLC, DEBTOR**

---

**2999TC, LP, LLC, JMJ DEVELOPMENT, LLC, TIM BARTON,**
***Appellants,***

**v.**

**L. ALLEN HODGES, III,** ***as Independent Executor of the Estate of Leland A. Hodges, Jr.*****, TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., BLACKFOOT INTEREST, LTD.,**
***Appellees.***

---

**Appeal from the United States Bankruptcy Court**
**for the Northern District of Texas, Fort Worth Division**

---

# APPENDIX TO BRIEF OF APPELLEES

---

Dee J. Kelly, Jr.
Texas Bar No. 11217250
dee.kelly.2@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
Joakim G. Soederbaum
Texas Bar No. 24091338
joakim.soederbaum@kellyhart.com
Caitlyn E. Hubbard
Texas Bar No. 24097853
caitlyn.hubbard@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopier: (817) 878-9280

**ATTORNEYS FOR APPELLEES**

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
Texas Bar No. 11217250
dee.kelly.2@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
Joakim G. Soederbaum
Texas Bar No. 24091338
joakim.soederbaum@kellyhart.com
Caitlyn E. Hubbard
Texas Bar No. 24097853
caitlyn.hubbard@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopier: (817) 878-9280

**ATTORNEYS FOR APPELLEES**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served via ECF notification on February 26, 2021 on all parties receiving electronic notification.

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

---

**Consolidated No. 4:20-CV-1256-P**

---

**Bankruptcy Case No. 20-43204-MXM**
**Adversary Case No. 20-04078**

---

**2999TC LP, LLC, DEBTOR**

---

**2999TC, LP, LLC, JMJ DEVELOPMENT, LLC, TIM BARTON,**
***Appellants,***

**v.**

**L. ALLEN HODGES, III,** ***as Independent Executor of the Estate of Leland A. Hodges, Jr.*****, TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., BLACKFOOT INTEREST, LTD.,**
***Appellees.***

---

**Appeal from the United States Bankruptcy Court**
**for the Northern District of Texas, Fort Worth Division**

---

## INDEX TO APPENDIX TO BRIEF OF APPELLEES

---

A. Docket Sheet; [App'x 6-18].

B. Plaintiffs' First Amended Petition; [App'x 20-30].

C. Defendant 2999TC, LLC's Original Answer and Request for Disclosures; [App'x 32-35].

D. JMJ Development, LLC and Timothy Barton's Motion to Transfer Venue and Original Answer Subject Thereto;[1] [App'x 37-41].

E. 2999TC LP, LLC, JMJ Development, LLC and Tim Barton Defendants' Original Counter-Claims; [App'x 43-49].

F. Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support; [App'x. 51-69].

---

[1] Exhibits to Appendix D are not included in this appendix due to size limitations, but are available in the record.

G. Objection and Response to Plaintiffs' Amended Motion to Dismiss Defendant 2999TC Only; [App'x 71-84].

H. Objection and Response to Plaintiffs' Second Amended Motion to Dismiss Defendant 2999TC, LLC Only; [App'x 86-106].

I. Brief in Support of Objection and Response to Plaintiffs' Second Amended Motion to Dismiss Defendant 2999TC, LLC Only; [App'x 108-121].

J. Transcript of Proceedings—November 16, 2020; [App'x 123-176].

K. Order Granting Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court; [App'x 178-180].

L. Amended Notice of Appeal; [App'x 182-188].

# Appendix A

**APPEAL, EXHIBITS**

# U.S. Bankruptcy Court
# Northern District of Texas (Ft. Worth)
# Adversary Proceeding #: 20-04078-mxm

*Assigned to:* Mark X. Mullin
*Lead BK Case:* 20-43204
*Lead BK Title:* 2999TC LP, LLC
*Lead BK Chapter:* 11
*Demand:*

*Date Filed:* 10/16/20

*Nature[s] of Suit:* 01 Determination of removed claim or cause

***Plaintiff***
**-----------------------**
**Tejas Group, Ltd.**

represented by **Katherine T. Hopkins**
Kelly Hart & Hallman
201 Main Street, Suite 2500
Fort Worth, TX 76102
(817) 332-2500
Fax : (817) 878-9280
Email: katherine.thomas@kellyhart.com

**Dee J. Kelly, Jr.**
Kelly, Hart & Hallman, P.C.
201 Main St., Suite 2500
Fort Worth, TX 76102
817-332-2500
Email: dee_kelly_2@khh.com
*LEAD ATTORNEY*

***Plaintiff***
**-----------------------**
**LAH III Family Specific Interest, Ltd.**

represented by **Katherine T. Hopkins**
(See above for address)

**Dee J. Kelly, Jr.**
(See above for address)
*LEAD ATTORNEY*

***Plaintiff***
**-----------------------**
**Blackfoot Interest, Ltd.**

represented by **Katherine T. Hopkins**

(See above for address)

**Dee J. Kelly, Jr.**
(See above for address)
*LEAD ATTORNEY*

***Plaintiff***
-----------------------
**L. Allen Hodges, III,** ***as Independent Executor of The Estate of Leland A. Hodges Jr.*** represented by **Katherine T. Hopkins**
(See above for address)

**Dee J. Kelly, Jr.**
(See above for address)
*LEAD ATTORNEY*

V.

***Defendant***
-----------------------
**2999TC LP, LLC**
*TERMINATED: 11/18/2020*
represented by **Joyce W. Lindauer**
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
(972) 503-4033
Fax : (972) 503-4034
Email: joyce@joycelindauer.com
*TERMINATED: 11/18/2020*

***Defendant***
-----------------------
**JMJ Development, LLC** represented by **Joyce W. Lindauer**
(See above for address)

***Defendant***
-----------------------
**Tim Barton** represented by **Joyce W. Lindauer**
(See above for address)

***Counter-Claimant***
-----------------------
**2999TC LP, LLC**
*TERMINATED: 11/18/2020*

***Counter-Claimant***
-----------------------
**Tim Barton** represented by **Tim Barton**
PRO SE

***Counter-Claimant***
-----------------------
**JMJ Development, LLC** represented by **JMJ Development, LLC**
PRO SE

V.

***Counter-Defendant***
-----------------------
**Tejas Group, Ltd.**

***Counter-Defendant***
-----------------------
**LAH III Family Specific Interest, Ltd.**

***Counter-Defendant***
-----------------------
**Blackfoot Interest, Ltd.**

***Counter-Defendant***
-----------------------
**L. Allen Hodges, III, *as Independent Executor of The Estate of Leland A. Hodges Jr.***

| Filing Date | Docket Text |
|---|---|
| 10/16/2020 | 1 (651 pgs; 23 docs) Adversary case 20-04078. Complaint by L. Allen Hodges III as Independent Executor of The Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., Blackfoot Interest, Ltd. against 2999TC LP, LLC, JMJ Development, LLC, Tim Barton. Fee Amount $350 |

| | |
|---|---|
| | (Attachments: # 1 Exhibit B-1 # 2 Exhibit B-2 # 3 Exhibit B-3 # 4 Exhibit B-4 # 5 Exhibit B-5 # 6 Exhibit B-6 # 7 Exhibit B-7 # 8 Exhibit B-8 # 9 Exhibit B-9 # 10 Exhibit B-10 # 11 Exhibit B-11 # 12 Exhibit B-12 # 13 Exhibit B-13 # 14 Exhibit B-14 # 15 Exhibit B-15 # 16 Exhibit B-16 # 17 Exhibit B-17 # 18 Exhibit B-18 # 19 Exhibit B-19 # 20 Exhibit B-20 # 21 Exhibit B-21 # 22 Exhibit B-22). Nature (s) of suit: 01 (Determination of removed claim or cause). (Lindauer, Joyce) |
| 10/16/2020 | 2 (2 pgs) Adversary proceeding cover sheet filed by Defendant 2999TC LP, LLC (RE: related document(s)1 Complaint). (Lindauer, Joyce) |
| 10/16/2020 | Receipt of filing fee for Complaint(20-04078-mxm) [cmp,cmp] ( 350.00). Receipt number 28187609, amount $ 350.00 (re: Doc# 1). (U.S. Treasury) |
| 10/16/2020 | 3 (8 pgs) Support/supplemental document/*Exhibit A* filed by Defendant 2999TC LP, LLC (RE: related document(s)1 Complaint). (Lindauer, Joyce) |
| 10/16/2020 | 4 (1 pg) Notice of hearing filed by Court (RE: related document(s)1 Complaint filed by Plaintiff Tejas Group, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.). Status Conference to be held on 11/4/2020 at 01:30 PM at Ft. Worth, Judge Mullin's Ctrm.. (Calfee, J.) |
| 10/16/2020 | 5 (7 pgs) Counterclaim by 2999TC LP, LLC, Tim Barton, JMJ Development, LLC against all plaintiffs (Lindauer, Joyce) |
| 10/18/2020 | 6 (3 pgs) BNC certificate of mailing - hearing. (RE: related document(s)4 Notice of hearing filed by Court (RE: related document(s)1 Complaint filed by Plaintiff Tejas Group, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.). Status Conference to be held on 11/4/2020 at 01:30 PM at Ft. Worth, Judge Mullin's Ctrm.. (Calfee, J.)) No. of Notices: 1. Notice Date 10/18/2020. (Admin.) |
| 10/19/2020 | 7 (13 pgs; 2 docs) Motion to dismiss 2999TC LP, LLC *ONLY* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (Attachments: # 1 Proposed Order) (Hopkins, Katherine) |
| 10/19/2020 | 8 (13 pgs; 2 docs) Motion to dismiss 2999TC LP, LLC ONLY *Amended Motion to Dismiss Defendant 2999TC LP, LLC Only* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. Objections due by 11/9/2020. (Attachments: # 1 Proposed Order) (Hopkins, Katherine) |
| 10/20/2020 | 9 (7 pgs; 2 docs) Motion for expedited hearing(related documents 8 Motion to dismiss party) *Motion for Expedited Hearing on Plaintiffs' Amended Motion to Dismiss Defendant 2999TC LP, LLC Only* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (Attachments: # 1 Proposed Order) (Hopkins, Katherine) |
| 10/20/2020 | |

| | |
|---|---|
| | 10 (6 pgs) Objection to (related document(s): 9 Motion for expedited hearing (related documents 8 Motion to dismiss party) *Motion for Expedited Hearing on Plaintiffs' Amended Motion to Dismiss Defendant 2999TC LP, LLC Only* filed by Counter-Defendant L. Allen Hodges, Plaintiff L. Allen Hodges, Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.) filed by Defendant 2999TC LP, LLC. (Lindauer, Joyce) |
| 10/23/2020 | 11 (2 pgs) Order granting motion for expedited hearing (Related Doc# 9) (document set for hearing: 8 Motion to dismiss party) Hearing to be held on 11/4/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 8, Entered on 10/23/2020. (Dozier, Bryan) |
| 10/23/2020 | 12 (19 pgs; 2 docs) Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. Objections due by 11/13/2020. (Attachments: # 1 Proposed Order) (Hopkins, Katherine) |
| 10/23/2020 | 30 (16 pgs) Motion for remand filed by Plaintiffs Blackfoot Interest, Ltd. , L. Allen Hodges III, LAH III Family Specific Interest, Ltd. , Tejas Group, Ltd. (Calfee, J.) (Entered: 11/17/2020) |
| 10/25/2020 | 13 (14 pgs) Objection to (related document(s): 8 Motion to dismiss 2999TC LP, LLC ONLY *Amended Motion to Dismiss Defendant 2999TC LP, LLC Only* filed by Counter-Defendant L. Allen Hodges, Plaintiff L. Allen Hodges, Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.) filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC. (Lindauer, Joyce) |
| 10/25/2020 | 14 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s) 11 Order granting motion for expedited hearing (Related Doc9)(document set for hearing: 8 Motion to dismiss party) Hearing to be held on 11/4/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 8, Entered on 10/23/2020.) No. of Notices: 1. Notice Date 10/25/2020. (Admin.) |
| 10/26/2020 | 15 (3 pgs) Expedited Notice of hearing *Notice of Expedited Hearing on Plaintiffs' Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (RE: related document(s)12 Motion to dismiss party filed by Counter-Defendant L. Allen Hodges, Plaintiff L. Allen Hodges, Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.). |

| | |
|---|---|
| | Hearing to be held on 11/4/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 12, (Hopkins, Katherine) |
| 10/27/2020 | 16 (8 pgs; 2 docs) Motion for leave */Motion to Disqualify Kelly Hart & Hallman LLP* filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 10/29/2020 | 17 (2 pgs) Notice of telephone video information for November 4th at 1:30 (RE: related document(s)1 Complaint filed by Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd., 12 Motion to dismiss party filed by Counter-Defendant L. Allen Hodges, Plaintiff L. Allen Hodges, Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.). (Calfee, J.) |
| 10/30/2020 | 18 (290 pgs; 10 docs) Witness and Exhibit List *Plaintiffs' Designation of Witnesses and Exhibits for Expedited Hearing on November 4, 2020 at 1:30 P.m> (CT)* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (RE: related document(s)12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support*). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I) (Hopkins, Katherine) |
| 10/30/2020 | 19 (21 pgs) Objection to (related document(s): 12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support* filed by Counter-Defendant L. Allen Hodges, Plaintiff L. Allen Hodges, Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.) filed by Defendant 2999TC LP, LLC. (Lindauer, Joyce) |
| 10/30/2020 | 20 (742 pgs; 12 docs) Witness and Exhibit List filed by Defendant 2999TC LP, LLC (RE: related document(s)8 Motion to dismiss 2999TC LP, LLC ONLY *Amended Motion to Dismiss Defendant 2999TC LP, LLC Only*, 12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support*). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 - Part 1 # 3 Exhibit 2 - Part 2 # 4 Exhibit 2 - Part 3 # 5 Exhibit 2 - Part 4 # 6 Exhibit 3 # 7 Exhibit 4 # 8 Exhibit 5 # 9 Exhibit 6 # 10 Exhibit 7 # 11 Exhibit 8) (Lindauer, Joyce) |
| 11/04/2020 | 21 Hearing held on 11/4/2020. (RE: related document(s)12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC* |

| | |
|---|---|
| | *Only and Abstain and Remand to State Court and Brief in Support* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. Objections due by 11/13/2020. (Attachments: # 1 Proposed Order)) ***CONTINUED TO 11/16 @ 1:30 PM*** (Munoz, Kristina) |
| 11/04/2020 | 22 Hearing held on 11/4/2020. (RE: related document(s)1 Adversary case 20-04078. Complaint by L. Allen Hodges III as Independent Executor of The Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., Blackfoot Interest, Ltd. against 2999TC LP, LLC, JMJ Development, LLC, Tim Barton. Fee Amount $350 (Attachments: # 1 Exhibit B-1 # 2 Exhibit B-2 # 3 Exhibit B-3 # 4 Exhibit B-4 # 5 Exhibit B-5 # 6 Exhibit B-6 # 7 Exhibit B-7 # 8 Exhibit B-8 # 9 Exhibit B-9 # 10 Exhibit B-10 # 11 Exhibit B-11 # 12 Exhibit B-12 # 13 Exhibit B-13 # 14 Exhibit B-14 # 15 Exhibit B-15 # 16 Exhibit B-16 # 17 Exhibit B-17 # 18 Exhibit B-18 # 19 Exhibit B-19 # 20 Exhibit B-20 # 21 Exhibit B-21 # 22 Exhibit B-22). Nature(s) of suit: 01 (Determination of removed claim or cause).) ***CONTINUED TO 11/16 @ 1:30 PM*** (Munoz, Kristina) |
| 11/04/2020 | 23 Hearing continued (RE: related document(s)1 Adversary case 20-04078. Complaint by L. Allen Hodges III as Independent Executor of The Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., Blackfoot Interest, Ltd. against 2999TC LP, LLC, JMJ Development, LLC, Tim Barton. Fee Amount $350 (Attachments: # 1 Exhibit B-1 # 2 Exhibit B-2 # 3 Exhibit B-3 # 4 Exhibit B-4 # 5 Exhibit B-5 # 6 Exhibit B-6 # 7 Exhibit B-7 # 8 Exhibit B-8 # 9 Exhibit B-9 # 10 Exhibit B-10 # 11 Exhibit B-11 # 12 Exhibit B-12 # 13 Exhibit B-13 # 14 Exhibit B-14 # 15 Exhibit B-15 # 16 Exhibit B-16 # 17 Exhibit B-17 # 18 Exhibit B-18 # 19 Exhibit B-19 # 20 Exhibit B-20 # 21 Exhibit B-21 # 22 Exhibit B-22). Nature(s) of suit: 01 (Determination of removed claim or cause)., 12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. Objections due by 11/13/2020. (Attachments: # 1 Proposed Order)) Hearing to be held on 11/16/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 1 and for 12, (Munoz, Kristina) |
| 11/10/2020 | 24 (1 pg) Notice telephone/video information for November 16, 2020 at 1:30 pm (RE: related document(s)1 Complaint filed by Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd., 12 Motion to dismiss party filed by Counter-Defendant L. Allen Hodges, Plaintiff L. Allen Hodges, Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.). (Calfee, J.) |
| 11/10/2020 | 25 (3 pgs) Notice of hearing filed by Defendant 2999TC LP, LLC (RE: related document(s)16 Motion for leave */Motion to Disqualify Kelly Hart & Hallman LLP* |

| | |
|---|---|
| | filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (Attachments: # 1 Proposed Order)). Hearing to be held on 12/2/2020 at 03:00 PM Ft. Worth, Judge Mullin's Ctrm. for 16, (Lindauer, Joyce) |
| 11/11/2020 | 26 (14 pgs) Brief in support filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)19 Objection). (Lindauer, Joyce) |
| 11/13/2020 | 27 (292 pgs; 11 docs) Amended Witness and Exhibit List *Plaintiffs' Amended Designation of Witnesses and Exhibits for Hearing on November 16, 2020 at 1:30 P.M. (CT)* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (RE: related document(s)18 List (witness/exhibit/generic)). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J) (Hopkins, Katherine) |
| 11/16/2020 | 35 (1 pg) Court admitted exhibits date of hearing 11/16/2020 (RE: related document(s)1 Adversary case 20-04078. Complaint by L. Allen Hodges III as Independent Executor of The Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., Blackfoot Interest, Ltd. against 2999TC LP, LLC, JMJ Development, LLC, Tim Barton. Fee Amount $350 (Attachments: # 1 Exhibit B-1 # 2 Exhibit B-2 # 3 Exhibit B-3 # 4 Exhibit B-4 # 5 Exhibit B-5 # 6 Exhibit B-6 # 7 Exhibit B-7 # 8 Exhibit B-8 # 9 Exhibit B-9 # 10 Exhibit B-10 # 11 Exhibit B-11 # 12 Exhibit B-12 # 13 Exhibit B-13 # 14 Exhibit B-14 # 15 Exhibit B-15 # 16 Exhibit B-16 # 17 Exhibit B-17 # 18 Exhibit B-18 # 19 Exhibit B-19 # 20 Exhibit B-20 # 21 Exhibit B-21 # 22 Exhibit B-22). Nature(s) of suit: 01 (Determination of removed claim or cause). filed by Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd., 12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. Objections due by 11/13/2020. (Attachments: # 1 Proposed Order) filed by Counter-Defendant L. Allen Hodges, Plaintiff L. Allen Hodges, Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.) (Calfee, J.) (Entered: 11/19/2020) |
| 11/17/2020 | 28 (11 pgs) Response opposed to (related document(s): 16 Motion for leave */Motion to Disqualify Kelly Hart & Hallman LLP* filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton) filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd.. (Hopkins, Katherine) |
| 11/17/2020 | |

| | |
|---|---|
| | 29 (122 pgs) Support/supplemental document *Exhibit A to Plaintiffs' Response to Defendants' Motion to Disqualify Kelly Hart & Hallman LLP* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (RE: related document(s)28 Response). (Hopkins, Katherine) |
| 11/18/2020 | 31 (3 pgs) Order granting motion to dismiss party without prejudice. 2999TC LP, LLC Terminated (related document # 12) Entered on 11/18/2020. (Dozier, Bryan) |
| 11/18/2020 | 32 (3 pgs) Order granting motion for remand (related document # 30) Entered on 11/18/2020. (Dozier, Bryan) |
| 11/18/2020 | 33 (10 pgs) Notice of appeal . Fee Amount $298 filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)31 Order on motion to dismiss party, 32 Order on motion for remand). Appellant Designation due by 12/2/2020. (Lindauer, Joyce) |
| 11/18/2020 | Receipt of filing fee for Notice of appeal(20-04078-mxm) [appeal,ntcapl] ( 298.00). Receipt number 28276933, amount $ 298.00 (re: Doc# 33). (U.S. Treasury) |
| 11/19/2020 | 34 (1 pg) Clerk's correspondence requesting Amend notice of appeal or file another notice of appeal from attorney for defendant. (RE: related document(s)33 Notice of appeal . Fee Amount $298 filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)31 Order on motion to dismiss party, 32 Order on motion for remand). Appellant Designation due by 12/2/2020. filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton) Responses due by 11/23/2020. (Rueter, Karyn) |
| 11/19/2020 | 36 (7 pgs) Amended notice of appeal filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)33 Notice of appeal). (Lindauer, Joyce) |
| 11/19/2020 | 38 (11 pgs; 3 docs) Certificate of mailing regarding appeal (RE: related document(s)36 Amended notice of appeal filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)33 Notice of appeal). filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton) (Attachments: # 1 Service List) (Rueter, Karyn) |
| 11/19/2020 | 39 (2 pgs) Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)33 Notice of appeal . Fee Amount $298 filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)31 Order on motion to dismiss party, 32 Order on motion for remand). Appellant Designation due by 12/2/2020. filed by Counter-Claimant |

| | |
|---|---|
| | 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton) (Rueter, Karyn) |
| 11/19/2020 | 41 (1 pg) Notice of docketing notice of appeal. Civil Action Number: 4:20-cv-1256-P. (RE: related document(s)33 Notice of appeal . Fee Amount $298 filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)31 Order on motion to dismiss party, 32 Order on motion for remand). Appellant Designation due by 12/2/2020. filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton) (Rueter, Karyn) |
| 11/20/2020 | 42 (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s) 31 Order granting motion to dismiss party without prejudice. 2999TC LP, LLC Terminated (related document 12) Entered on 11/18/2020.) No. of Notices: 1. Notice Date 11/20/2020. (Admin.) |
| 11/20/2020 | 43 (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s) 32 Order granting motion for remand (related document 30) Entered on 11/18/2020.) No. of Notices: 1. Notice Date 11/20/2020. (Admin.) |
| 11/21/2020 | 44 (3 pgs) BNC certificate of mailing. (RE: related document(s)34 Clerk's correspondence requesting Amend notice of appeal or file another notice of appeal from attorney for defendant. (RE: related document(s)33 Notice of appeal . Fee Amount $298 filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)31 Order on motion to dismiss party, 32 Order on motion for remand). Appellant Designation due by 12/2/2020. filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton) Responses due by 11/23/2020.) No. of Notices: 0. Notice Date 11/21/2020. (Admin.) |
| 11/21/2020 | 45 (4 pgs) BNC certificate of mailing. (RE: related document(s)39 Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)33 Notice of appeal . Fee Amount $298 filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s) 31 Order on motion to dismiss party, 32 Order on motion for remand). Appellant Designation due by 12/2/2020. filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton)) No. of Notices: 1. Notice Date 11/21/2020. (Admin.) |
| 11/25/2020 | 46 (811 pgs; 10 docs) Witness and Exhibit List filed by Defendant 2999TC LP, LLC (RE: related document(s)16 Motion for leave */Motion to Disqualify Kelly Hart & Hallman LLP*). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 - Part 1 # 7 Exhibit 6 - Part 2 # 8 Exhibit 6 - Part 3 # 9 Exhibit 6 - Part 4) (Lindauer, Joyce) |

| | |
|---|---|
| 11/27/2020 | 47 (125 pgs; 2 docs) Witness and Exhibit List filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (RE: related document(s)28 Response). (Attachments: # 1 Exhibit A) (Hopkins, Katherine) |
| 11/30/2020 | 48 (1 pg) Notice of telephone/video instructions for December 2, 2020 at 3:00 pm. (RE: related document(s)16 Motion for leave filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton). (Calfee, J.) |
| 12/02/2020 | 49 (3 pgs) Withdrawal *of Motion to Disqualify Kelly Hart & Hallman LLP Without Prejudice* filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)16 Motion for leave */Motion to Disqualify Kelly Hart & Hallman LLP*). (Lindauer, Joyce) |
| 12/02/2020 | 50 (4 pgs) Appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)36 Amended notice of appeal). Appellee designation due by 12/16/2020. (Lindauer, Joyce) |
| 12/03/2020 | 51 Request for transcript regarding a hearing held on 11/16/2020. The requested turn-around time is 14-day expedited (Rueter, Karyn) |
| 12/15/2020 | 52 (2 pgs) Appellee designation of contents for inclusion in record of appeal filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (RE: related document(s)33 Notice of appeal, 36 Amended notice of appeal). (Hopkins, Katherine) |
| 12/16/2020 | 53 Transcript regarding Hearing Held 11/16/2020 (54 pgs.) RE: Second Amended Motion to Dismiss (#12); Status Conference. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 03/16/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 23 Hearing continued (RE: related document(s)1 Adversary case 20-04078. Complaint by L. Allen Hodges III as Independent Executor of The Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., Blackfoot Interest, Ltd. against 2999TC LP, LLC, JMJ Development, LLC, Tim Barton. Fee Amount $350 (Attachments: # 1 Exhibit B-1 # 2 Exhibit B-2 # 3 Exhibit B-3 # 4 Exhibit B-4 # 5 Exhibit B-5 # 6 Exhibit B-6 # 7 Exhibit B-7 # 8 Exhibit B-8 # 9 Exhibit B-9 # 10 Exhibit B-10 # 11 Exhibit B-11 # 12 Exhibit B-12 # 13 Exhibit B-13 # 14 Exhibit B-14 # 15 Exhibit B-15 # 16 Exhibit B-16 # 17 Exhibit B-17 # 18 Exhibit B-18 # 19 Exhibit B-19 # 20 Exhibit B-20 # 21 Exhibit B-21 # 22 Exhibit B-22). Nature (s) of suit: 01 (Determination of removed claim or cause)., 12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC* |

| | |
|---|---|
| | *Only and Abstain and Remand to State Court and Brief in Support* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. Objections due by 11/13/2020. (Attachments: # 1 Proposed Order)) Hearing to be held on 11/16/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 1 and for 12,). Transcript to be made available to the public on 03/16/2021. (Rehling, Kathy) |
| 12/28/2020 | 55 (1 pg) Transmittal of record on appeal to U.S. District Court . Complete record on appeal . ,Transmitted: 2 each of Volume 1, Mini Record. Number of appellant volumes: 3 Number of appellee volumes: 4. Civil Case Number: 4:20-cv-1256-P (RE: related document(s)33 Notice of appeal . Fee Amount $298 filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)31 Order on motion to dismiss party, 32 Order on motion for remand). Appellant Designation due by 12/2/2020. filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton) (Rueter, Karyn) |
| 12/28/2020 | 56 (1 pg) Notice of docketing record on appeal. (RE: related document(s)33 Notice of appeal . Fee Amount $298 filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)31 Order on motion to dismiss party, 32 Order on motion for remand). Appellant Designation due by 12/2/2020. filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton) (Rueter, Karyn) |

---


## PACER Service Center

### Transaction Receipt

02/25/2021 14:39:25

| | | | |
|---|---|---|---|
| **PACER Login:** | khhpacersrb:3114249:3960819 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 20-04078-mxm Fil or Ent: filed From: 1/1/2010 To: 2/25/2021 Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |

| | | | |
|---|---|---|---|
| **Billable Pages:** | 10 | **Cost:** | 1.00 |

# Appendix B

FILED
TARRANT COUNTY
5/15/2020 8:04 AM
THOMAS A. WILDER
DISTRICT CLERK

141-316567-20

**CAUSE NO. 141-316567-20**

| | | |
|---|---|---|
| **L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § | **141ST JUDICIAL DISTRICT** |
| **v.** | § | |
| **2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON,** | § | |
| **Defendants.** | § | **TARRANT COUNTY, TEXAS** |

**PLAINTIFFS' FIRST AMENDED PETITION**

Plaintiffs L. Allen Hodges III, as Independent Executor of The Estate of Leland A. Hodges Jr. ("**Executor**"), Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. (all collectively, "**Plaintiffs**") file their *First Amended Petition* against Defendants 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton (all collectively, "**Defendants**") and would respectfully show the Court as follows:

## I.
## NATURE OF THE ACTION

1. In September of 2019 defendant 2999TC LP, LLC ("**2999TC**") borrowed $4,000,000.00 from Plaintiffs (the "**Loan**")—which Loan is evidenced by two promissory notes executed by 2999TC (the "**Notes**") and guaranteed by both JMJ Development, LLC ("**JMJ**") and Tim Barton ("**Barton**"). 2999TC soon defaulted on its obligations under the Note, Barton failed to perform as agreed in his guaranties, and the Loan was accelerated on or about April 14, 2020. To date, however, Defendants have failed to make *any* payments towards the more than

Plaintiffs Exhibit
B

$4,000,000 due and owing since Plaintiffs received the December 2019 interest-only payment on January 29, 2020—a month and a half late. Accordingly, Plaintiffs brought this suit to recover the more than $4,000,000.00 owed by Defendants in connection with the Loan.

## II.
## DISCOVERY CONTROL PLAN

2. Discovery in this case is intended to be conducted under level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

## III.
## PARTIES

3. Executor, who resides in Tarrant County, Texas, is one of two duly qualified and acting independent executors under the will of Leland A. Hodges Jr., which is dated August 8, 2013, and which was probated in Probate Court Number One of Tarrant County, Texas, under the following case name and number: *Estate of Leland Allen Hodges, Jr., Deceased*, No. 2019 PR01662-1.

4. Plaintiff Tejas Group, Ltd. is a Texas limited partnership.

5. Plaintiff LAH III Family Specific Interest, Ltd. is a Texas limited partnership.

6. Plaintiff Blackfoot Interest, Ltd is a Texas limited partnership.

7. Defendant 2999TC is a Delaware limited liability company. 2999TC has appeared and filed an answer in this suit and may be served with this Petition pursuant to Texas Rule of Civil Procedure 21a.

8. Defendant JMJ is a Texas limited liability company. JMJ has appeared in this suit but not yet filed an answer, and may be served with this Petition pursuant to Texas Rule of Civil Procedure 21a.

9. Defendant Barton is an individual residing in the State of Texas. Barton has appeared in this suit but not yet filed an answer, and may be served with this Petition pursuant to Texas Rule of Civil Procedure 21a.[1]

## IV.
## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this case because the amount in controversy is within the jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs state that they seek monetary relief over $1,000,000.00 but less than $5,000,000.00, plus attorney's fees, costs, and pre- and post-judgment interest.

11. This Court has personal jurisdiction over 2999TC and JMJ because they systematically conduct business in Texas, maintain a regular place of business in Texas, and entered into contracts with Texas residents to be performed in whole or in part in this state. *See* Tex. Civ. Prac. & Rem. Code § 17.042. This Court has personal jurisdiction over Barton because he resides in Texas and entered into contracts with Texas residents to be performed in whole or in part in this state. *See id.* This Court further have personal jurisdiction over 2999TC, JMJ, and Barton because they have appeared in this matter.

12. Venue in this matter is proper in this County because a substantial part of the activities, events, and damages giving rise to this lawsuit occurred in this County. *See* Tex. Civ. Prac. & Rem. Code § 15.002. Venue is further proper in this County because the Notes provide that venue for any dispute involving the Notes or any other instruments executed in connection with the Notes shall lie exclusively in Tarrant County, Texas. *See* Notes as amended.

[1] Plaintiffs note that Defendants Barton and JMJ did not provide any contact information on their motion to quash (although they appear to have served themselves a copy of that motion via tbarton@jmjdevelopment.com). Accordingly, until these two Defendants instruct the Court and the parties otherwise, in line with their previous filings and notices and out of an abundance of caution, Plaintiffs will serve a copy of all their filings on Barton and JMJ (1) via tbarton@jmjdevelopment.com, and (2) through the attorney filing these Defendants' motion to quash, Vance McMurry, at vance@mcmurrylegal.com.

## V.
## FACTS

13. On or around September 16, 2019, defendant 2999TC borrowed from Plaintiffs, and Plaintiffs loaned to 2999TC, the total amount of $4,000,000.00 (the "**Loan**") in connection with a project involving the acquisition of property located at 2999 Turtle Creek Boulevard, Dallas, Texas (the "**Property**"), for the purpose of development of a luxury hotel and residences. The Loan is evidenced by two promissory notes executed by defendant Barton on behalf of 2999TC (the "**Notes**").[2]

14. Pursuant to the terms of the Notes, the Loan accrues interest at the rate of 18% annually, and 2999TC is required to pay all accumulated, outstanding interest on a quarterly basis, payable on the 3-month, 6-month, and 9-month anniversary of the Notes, with the fourth and final interest payment being due along with all outstanding principal on September 16, 2020 (the "**Maturity Date**").[3]

15. Defendants Barton, individually, and JMJ guaranteed the Loan and 2999TC's performance under the Notes (the "**Guaranties**").[4] In addition, in connection with his personal Guaranties (the "**Barton Guaranties**"), Barton personally agreed within thirty (30) days of Plaintiffs' request to grant or cause to be granted a first-priority security interest in certain assets. More specifically, Barton agreed to grant Plaintiffs a first-priority lien in the unencumbered value of certain real estate (hereinafter collectively referred to as the "**Guaranty Collateral**"):

---

[2] Each Plaintiff advanced ¼ of the Loan, or $1,000,000.00. One Note, in the amount of $1,000,000.00, was made out to the Estate of Leland Allen Hodges, Jr., while the other Note, in the total amount of $3,000,000.00, was made out to Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd, collectively.

[3] The accrued interest is calculated on a 360-day-year basis, making each quarter 90 days and each full quarterly interest-only payment $180,000.00 (360 / 90 = 90; $4,000,000.00 x .18 / 360 x 90 = $180,000.00).

[4] More specifically, Barton and JMJ each executed one Guaranty for each of the $1,000,000 Note and the $3,000,000 Note, respectively, for a total of 4 Guaranties.

| Collateral | Acres | Lots |
|---|---|---|
| Real Property Development known as North Star | 63.75 | 302 |
| Real Property Development known as Griffin | 201 | 870 |
| Real Property Development known as Rogers Ranch | 100 | 40 |
| Real Property Development known as Killeen | 16.2 | 1 |
| Real Property Development known as Ridgeview | 15 | 54 |

16. Pursuant to the terms of the Barton Guaranties, on or about September 17, 2019, Plaintiffs requested that Barton provide the documentation necessary to establish the agreed-upon security interests within thirty days—by October 17, 2019—so that Plaintiffs could promptly perfect their security interests in the Guaranty Collateral.

17. Barton, however, failed to comply with Plaintiffs' September 17, 2019 request. Instead, he—directly or through other non-party entities owned by him—provided Plaintiffs with pledges of membership interests in entities holding title to the real estate at issue. In other words, Plaintiffs have not received liens directly on the real estate referenced in the Barton Guaranties and do not have an ownership interest in the holding companies; rather, Plaintiffs merely holds a security interest in certain holding companies.[5]

[5] Barton ultimately caused membership interest in the following entities to be pledged as security of the Loan: Wall009, LLC, Ridgeview Addition, LLC, LDG001, LLC, JMR100, LLC, D4KL, LLC, BM318, LLC, and 2999TC LP, LLC. With respect to the pledge of interest in Ridgeview Addition LLC, the entity through which Barton pledged that interest, Carnegie Development, LLC, falsely represented to Plaintiffs that Ridgeview Addition, LLC owns the Guaranty Collateral identified as Ridgeview. To be clear, Plaintiffs do not assert any claim, and do not seek any relief from this Court, arising from and/or based on (i) their security interest in the membership interest of these entities or (ii) their attenuated interest in the real estate owned by these entities and/or identified in the Barton Guaranties. Rather, the only relief Plaintiffs seek herein is directly against Defendants based on their respective breaches of the Notes and Guaranties: actual damages, pre- and post-judgment interest, attorney's fees, and costs.

By way of specific example, with respect to the pledge of membership interest in Wall009 LLC, this entity is an alleged debtor subject to an involuntary chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, Case No. 20-31131. Plaintiffs are not seeking any relief as to Wall009 LLC or the membership interests in Wall009 LLC, and will not seek any such relief without prior Bankruptcy Court approval.

18. In addition, among other things, 2999TC failed to pay (i) the first interest-only payment in the amount of $180,000.00 when due on December 16, 2019; and (ii) Plaintiffs' out-of-pocket expenses incurred incidental to the Loan as agreed. Ultimately, only after Plaintiffs threatened to accelerate the Loan, on or about January 29, 2020, did 2999TC pay the overdue December 16, 2019, interest-only payment and Plaintiffs' out-of-pocket expenses incurred incidental to the Loan creation. Barton, however, failed to provide Plaintiffs' first-priority liens on the Guaranty Collateral as agreed, leaving Plaintiffs with the various membership pledges.

19. When the second interest-only payment became due on March 16, 2020, 2999TC again failed to pay as agreed. In addition to 2999TC failing to make the $180,000.00 interest-only payment, among other things, Plaintiffs learned that Barton purportedly had allowed the granting of a first-priority lien on some of the real estate supposed to serve as Guaranty Collateral. By doing so, Barton potentially diluted the unencumbered value in which he agreed to grant Plaintiffs a first-priority lien as set forth in the Barton Guaranties. Accordingly, on March 27, 2020, Plaintiffs sent a second notice of default demanding that Defendants cure the defaults by April 6, 2020.

20. When Defendants failed to cure its defaults as demanded in Plaintiffs' March 27, 2020, notice, Plaintiffs accelerated the Loan and demanded payment in full from Defendants of all amounts due and owing. To date, however, Defendants have failed to pay as agreed, the Notes remain unpaid, and the principal is currently due and owing in full. As of April 21, 2020, a total of approximately $4,250,000.00 was immediately due and owing in the form of outstanding principal balance and accrued but unpaid interest.[6] Interest and attorney's fees

---

[6] This amount takes into account and credits the fact that Plaintiffs, albeit late, ultimately received the first $180,000.00 interest-only payment.

continue to accrue. Accordingly, Plaintiffs have filed the instant lawsuit to recover the amounts owed by Defendants.

## VI.
## CAUSES OF ACTION

### BREACH OF PROMISSORY NOTES

21. Plaintiffs incorporate herein by reference the foregoing allegations.

22. As set forth above, 2999TC is the maker of two enforceable Notes, which it executed and delivered to Plaintiffs. Plaintiffs are the beneficiaries and legal holders and owners of the Notes.

23. Plaintiffs performed their obligations under the Notes and loaned the total amount of $4,000,000.00 to 2999TC. 2999TC, in contrast, breached the Notes, among other things, through its failure to make the March 2020 interest-only payment as agreed and to make payment in full upon acceleration of the Loan. The entire principal balances of $1,000,000.00 and $3,000,000.00 remains due and owing under each Note, respectively and, as of April 21, 2020, a total of approximately $250,000.00 in accrued but unpaid interest was due and owing between the two Notes,[7] and remains unpaid to date.

24. As a proximate and foreseeable result of 2999TC's breach of the Notes, Plaintiffs have been damaged in a sum in excess of the minimum jurisdictional limits of the Court, for which sums Plaintiffs hereby sue, together with cost, attorney's fees, and pre-judgment and post-judgment interest at the contractually agreed rate of 18% to the greatest extent allowed by applicable law.

[7] The interest, while referred to collectively because it accrues on identical terms for each Note, accrues separately for the two Notes, with ¾ of the referenced interest accruing in connection with the $3,000,000.00 Note and ¼ of the interest accruing in connection with the $1,000,000.00 Note (based on the amount of each Note in proportion to the Loan). Plaintiffs refer to the interest as of April 21, 2020, the date before this suit was filed, as pre-judgment interest begins to accrue on April 22, 2020.

25. All conditions precedent to Plaintiffs' right to recover under the Notes have been performed, have occurred, or have been excused.

**BREACH OF GUARANTIES**

26. Plaintiffs incorporate herein by reference the foregoing allegations.

27. As set forth above, as consideration for Plaintiffs making the Loan to 2999TC, Barton and JMJ executed and delivered to Plaintiffs enforceable Guaranties for the benefit of Plaintiffs, securing 2999TC's performance under the Notes. Plaintiffs are the legal owners and holders of the Guaranties.

28. Pursuant to the Guaranties, Barton and JMJ must make any payments that become due and owing under the Notes. Plaintiffs performed their obligations by making the $4,000,000.00 Loan as contemplated by the Notes and the Guaranties. Thus, the Notes obligated 2999TC to pay Plaintiffs as amounts became due and owing. 2999TC defaulted under the Notes, among other things, by failing to make the March 2020 interest-only payment as agreed and to make payment in full upon acceleration of the Loan, thereby triggering Barton and JMJ's obligation to pay these amounts to Plaintiffs. Barton and JMJ, however, breached their respective Guaranties by failing to pay the amounts due to Plaintiffs under the Notes upon demand when 2999TC failed to pay as agreed and required. Barton further breached the Barton Guaranties by virtue of his failure to deliver the agreed-upon first-priority liens on the Guaranty Collateral.

29. As a proximate and foreseeable result of Barton's and JMJ's breach of their respective Guaranties, Plaintiffs have been damaged in a sum in excess of the minimum jurisdictional limits of the Court, for which sums Plaintiffs hereby sue, together with costs, attorney's fees, and pre-judgment and post-judgment interest at the contractually agreed rate of 18% to the greatest extent allowed by applicable law.

30. All conditions precedent to Plaintiffs' right to recover under the Guaranties have been performed, have occurred, or have been excused.

## VII.
## ATTORNEY'S FEES

31. Plaintiffs have been required to retain the undersigned legal counsel to institute and prosecute this action. In accordance with the loan documents (including the Notes and the Guaranties), and Tex. Civ. Prac. & Rem. Code § 38.001, Plaintiffs are entitled to recover their reasonable and necessary attorney's fees in bringing and prosecuting this action, and for any and all appeals enforcing the requested judgment.

## VIII.
## JURY DEMAND

32. Plaintiffs demand a jury trial and have previously tendered the appropriate fee along with the filing of their Original Petition.

## IX.
## REQUEST FOR DISCLOSURE

33. Pursuant to Texas Rule of Civil Procedure 194, Defendants are requested to disclose, within the time required by Rule 194.3 and based on the service of Plaintiffs' Original Petition,[8] the information or material described in Rule 194.2.

## X.
## PRAYER

For the reasons set forth above, the Plaintiffs respectfully request that the Court render judgment against Defendants, jointly and severally, and in favor of Plaintiffs, awarding Plaintiffs the following relief:

---

[8] Plaintiffs are including its request for disclosure to avoid creating the appearance that they have withdrawn their original request for disclosure. Plaintiffs' inclusion of the request for disclosure should not be interpreted as an extension of Defendants' deadline to respond to the same based on Plaintiffs' original request.

(a) any and all actual damages suffered in an amount within the jurisdictional limits of the Court;

(b) pre-judgment interest at the contractually-agreed upon rate of 18%;

(c) post-judgment interest at the contractually-agreed upon rate of 18%;

(d) attorney's fees;

(e) costs of suit; and

(f) such other and further relief to which Plaintiffs show themselves to be justly entitled whether at law or in equity.

Respectfully submitted,

***/s/ Dee J. Kelly, Jr.***

Dee J. Kelly, Jr.
dee.kelly@kellyhart.com
State Bar No. 11217250
Joakim G. Soederbaum
joakim.soederbaum@kellyhart.com
State Bar No. 24091338
KELLY, HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: 817-332-2500
Facsimile: 817-878-9280

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2020, a true and correct copy of the foregoing document was served electronically upon all pro se Parties and counsel of record as follows:

Elizabeth C. Brandon
Bradley J. Purcell
**REED SMITH LLP**
ebrandon@reedsmith.com
bpurcell@ReedSmith.com
**ATTORNEYS FOR DEFENDANT**
**2999TC LP, LLC**

Tim Barton, Individually
tbarton@jmjdevelopment.com
**PRO SE**

JMJ Development, LLC
By: Tim Barton
Its: Chief Executive Officer
tbarton@jmjdevelopment.com
**PRO SE**

Vance McMurry
508 W. Lookout #14-74
Richardson, Texas 75080
vance@mcmurrylegal.com
**AS FILING ATTORNEY FOR DEFENDANTS**
**TIM BARTON AND JMJ DEVELOPMENT, LLC**

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.

# Appendix C

FILED
TARRANT COUNTY
6/10/2020 3:55 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 141-316567-20**

| | | |
|---|---|---|
| **I. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.,** | § | **IN THE DISTRICT COURT OF** |
| ***Plaintiffs,*** | § | |
| **v.** | § | **141st JUDICIAL DISTRICT** |
| **2999 TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON,** | § | |
| ***Defendants.*** | § | **TARRANT COUNTY, TEXAS** |

## DEFENDANT 2999TC LP, LLC'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURES

Subject to its Motion to Dismiss for Lack of Subject Matter Jurisdiction (Plea to the Jurisdiction) and Special Exceptions, and Motion to Dissolve Temporary Restraining Order and Motion to Stay Case, and without waiver of arguments set forth therein, Defendant 2999 TC LP, LLP ("**Defendant**") files this Original Answer and Request for Disclosures in response to Plaintiffs' Original Petition as follows:

## GENERAL DENIAL

1. In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition, and demands strict proof thereof. Defendant further reserves the right to amend its Original Answer at a future date in accordance with the Texas Rules of Civil Procedure.

Plaintiffs Exhibit
C

**SPECIFIC DENIAL**

2. Defendant specifically denies Plaintiffs' allegations that all conditions precedent have been performed or have occurred.

**AFFIRMATIVE DEFENSES**

3. Subject to and without waiving the foregoing general and specific denials, Defendant asserts the following affirmative defenses:

4. Plaintiffs fail to plead adequate facts to establish standing to assert claims against Defendant

5. Plaintiffs fail to state facts sufficient to constitute a claim upon which an relief may be granted.

6. Plaintiffs' claims are barred, in whole or in part, by waiver.

7. Plaintiffs' claims are barred, in whole or in part, by ratification.

8. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel, including equitable estoppel, promissory estoppel, and quasi-estoppel.

9. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' prior material breach of the contracts.

10. Plaintiffs' claims are barred, in whole or in part, by the doctrines of impossibility of performance and frustration of purpose.

11. Plaintiffs' claims are barred, in whole or in part, by illegality.

12. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate its alleged damages.

13. Plaintiffs' claims are barred, in whole or in part, because the money lent included usurious interest.

14. Any recovery against Defendant is barred or limited under the principles of assumption of the risk and informed consent.

15. Plaintiffs' claim for attorneys' fees is improper because, amount other reasons, Plaintiff is not entitled to recover attorneys' fees from Defendant under applicable law, including Chapter 38 of the Texas Civil Practice & Remedies Code.

**REQUEST FOR DISCLOSURES**

16. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs are requested to disclose, within 30 days of service of this request, the information described in Rule 194.2.

Dated: June 10, 2020.

Respectfully submitted,

By: */s/ Elizabeth Brandon*

Elizabeth Brandon (State Bar No. 24049580)
Bradley J. Purcell (State Bar No. 24063965)
**REED SMITH LLP**
2850 N. Harwood Street
Suite 1500
Dallas, TX 75201
T: 469.680.4200
F: 469.680.4299
ebrandon@reedsmith.com
bpurcell@reedsmith.com

*Attorneys for Defendant 2999 TC LP, LLP*

**CERTIFICATE OF SERVICE**

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on June 10, 2020.

*/s/ Elizabeth Brandon*
Elizabeth Brandon

# Appendix D

141-316567-20
FILED
TARRANT COUNTY
6/16/2020 7:37 AM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 141-316567-20**

| | | |
|---|---|---|
| **L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.,** | § | **IN THE DISTRICT COURT OF** |
| ***Plaintiffs,*** | § | **141st JUDICIAL DISTRICT** |
| v. | § | |
| **2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON,** | § | **TARRANT COUNTY, TEXAS** |
| ***Defendants.*** | § | |

**JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER SUBJECT THERETO**

Defendants JMJ Development, LLC ("***JMJ***") and Timothy Barton ("***Barton***" together with JMJ, "***Defendants***") file this *Motion to Transfer Venue and Original Answer Subject Thereto*. In support hereof, Defendants respectfully state as follows:

**MOTION TO TRANSFER VENUE**

1. Pursuant to Chapter 15 of the Texas Civil Practice and Remedies Code and Rules 86, 87, 88, and 89 of the Texas Rules of Civil Procedure, Defendants hereby objects to venue in Tarrant County, Texas, and specifically deny the allegation by Plaintiffs L. Allen Hodges III, as independent executor of the Estate of Leland A. Hodges Jr. ("***Hodges***") and Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. ("***Tejas***" and together with Hodges, "***Plaintiffs***") that venue is proper in Tarrant County, Texas. This is so because all events giving rise to the claims against Defendants occurred in Dallas County (Tex. Civ. Prac. & Rem. Code § 15.002(1)), it is the county of Barton's residence (Tex. Civ. Prac. & Rem. Code § 15.002(2)), and it is the county of JMJ's principal office (Tex. Civ. Prac. & Rem. Code §

EXHIBIT "B-10"

15.002(3)). *See* Declaration of Timothy Barton attached hereto as **Exhibit 1** and incorporated herein by reference.

2. All of Plaintiffs claims against Defendants arise from four (4) Guaranty agreements (the "***Guaranties***") in which Defendants guaranteed the repayment of certain loans between Plaintiffs and 2999 TC LP, LLC. Attached hereto as **Exhibits 2-5** are true and correct copies of the Guaranties that are incorporated herein by reference. The Guaranties do not contain a venue clause. However, they expressly state that they are "executed and delivered as an incident to a lending transaction negotiated, consummated, and performable in Dallas, Texas." *See* Guaranties ¶ 8. Thus, the contracts on which Plaintiffs have sued Defendants relate only to Dallas County.

3. Moreover, both Defendants are based entirely in Dallas County. Timothy Barton is a resident of Dallas County and JMJ has its principal place of business at 1755 Wittington Place, Suite 340, Dallas, Texas 75234. *See* Declaration of Timothy Barton.

4. Here, a mandatory venue provision governs the proper venue of this lawsuit. Section 15.002 of the Texas Civil Practice and Remedies Code provides as follows.

> (a) Except as otherwise provided by this subchapter or Subchapter B or C, all lawsuits **shall be brought**:
>
> (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;
>
> (2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;
>
> (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or

Tex. Civ. Prac. & Rem. Code § 15.002 (emphasis added).

5. Here, venue is only proper in one county, Dallas County. Dallas County is the place where **all** events giving rise to Plaintiffs' claims against Defendants arise. As provided expressly in the Guaranties, the Guaranties were "executed and delivered as an incident to a lending transaction negotiated, consummated, and performable in Dallas, Texas." *See* Guaranties ¶ 8.

6. Likewise, Dallas County is the only county in which Defendants reside (for natural person Timothy Barton) and have their principal place of business (entity JMJ). *See* Barton Declaration). As such, Dallas County is the only venue in which claims against Defendants arising from the Guaranties is appropriate.

7. Accordingly, venue in this Court is improper. Defendants file this Motion to Transfer Venue concurrently with or prior to the filing of Defendants' first responsive pleading or appearance in this case. Defendants respectfully request that the Court grant the Motion to Transfer Venue and sign an order transferring venue in the above-numbered and styled cause to a court of proper venue in Dallas County.

**GENERAL DENIAL[1]**

1. Subject to and without waiving the foregoing, Defendants deny each and every allegation in Plaintiffs' Verified Original Petition and Application for Temporary Restraining Order and Temporary Injunction and First Amended Petition (and any amendments thereto, as well as in any other petitions and/or interventions filed by any parties) and enters this, their general denial, in accordance with Rule 92 of the Texas Rules of Civil Procedure. Defendants demand strict proof of all allegations made by Plaintiffs as required by law and reserves the right to amend or supplement this answer in accordance with the applicable procedural rules.

**AFFIRMATIVE DEFENSES[2]**

To the extent required, Defendants hereby asserts the following additional and affirmative defenses:

1. Plaintiffs' claims are barred, in whole or in part, by waiver.

2. Plaintiffs' claims are barred, in whole or in part, by ratification.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel, including equitable estoppel, promissory estoppel, and quasi-estoppel.

[1] This General Denial is subject to the Motion to Transfer Venue.
[2] These Affirmative Defenses are subject to the Motion to Transfer Venue.

4. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' prior material breach of the contract.

5. Plaintiffs' claims are barred, in whole or in part, by the doctrines of impossibility of performance and frustration of purpose

6. Plaintiffs' claims are barred, in whole or in part, by illegality.

7. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate its alleged damages.

8. Any recovery against Defendants are barred or limited under the principles of assumption of the risk and informed consent.

9. Plaintiffs' claim for attorneys' fees is improper because, amount other reasons, Plaintiffs are not entitled to recover attorneys' fees from Defendants under applicable law, including Chapter 38 of the Texas Civil Practice & Remedies Code.

10. Defendants reserve the right to assert additional defenses.

**REQUEST FOR DISCLOSURES**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs are requested to disclose, within 30 days of service of this request, the information described in Rule 194.2.

Dated: June 18, 2020.

Respectfully submitted,

/s/ Robert F. Kemp

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
lawyerkemp@cs.com
**ATTORNEY FOR PLAINTIFF**

*Attorneys for Defendants JMJ Development, LLC and Timothy Barton*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the above pleading was served on all counsel of record via electronic mail on this 18th day of June 2020.

*/s/ Robert Kemp*

Robert Kemp

# Appendix E

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD. LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.** | § § § § § § § | |
| **Plaintiffs/Counter-Defendants,** | § § | |
| **v.** | § | **ADVERSARY NO. 20-04078-mxm** |
| | § | |
| **2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON** | § § § | |
| **Defendants/Counter-Plaintiffs.** | § § | |

---

**<u>2999TC LP, LLC, JMJ DEVELOPMENT, LLC AND TIM BARTON DEFENDANTS' ORIGINAL COUNTER-CLAIMS</u>**

COME NOW Defendants, JMJ Development, LLC ("JMJ") and Tim Barton ("Barton"), in the above-referenced case along with the Defendant 2999TC LP, LLC, the Debtor in the recently filed bankruptcy case of 2999TC LP, LLC ("2999TC") (collectively, "Defendants"/"Counter-Plaintiffs") and file this Defendants' Original Counter-Claims and would respectfully show this Court as follows:

## I.
## The Removed Proceeding

1. The underlying proceeding was filed in the 141ST Judicial District Court, Tarrant County, Texas, entitled, *L. Allen Hodges III, as Independent Executor of the Estate of Leland A.*

*Hodges, Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. v. 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton.*

2. The underlying proceeding was removed to this Court on October 16, 2020 by 2999TC LP, LLC ("2999TC").

## II.
## Factual Background

3. On September 16, 2019, 299TC executed two documents each entitled "Promissory Note" (the "Notes") to pay (1) in the amount of $1,000,000 "to The Estate of Leland A. Hodges Jr." ("Estate") and (2) and $3,000,000 "ratably to Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd." (collectively, "Tejas" and together with Hodges, "Plaintiffs"/"Counter-Defendants") (the "Notes"). At all times Plaintiffs were informed of the purpose of the Notes – to facilitate the acquisition of real estate in Dallas, Texas to be developed into a five star hotel and resort. Further, at all times Plaintiffs were informed that the Notes would be paid back from take-out financing acquired for the development of the Project.

4. Contemporaneously with the Notes, Defendant and Tejas executed the Conversion Option Agreement ("Conversion Option") as defined and as referenced in the Tejas Note which granted to Tejas an option to convert the amounts owed to Tejas to membership interests in the 2999TC entity in exchange for cancellation of the Tejas Note along with any related costs and fees.

5. Contemporaneously with the Notes and the Conversion Option, two Membership Interest Pledge Agreements were executed by (1) Tim Barton as the Pledgor, the Defendant, and Estate and (2) Tim Barton as Pledgor, Defendant, and Tejas (collectively, "2999TC Pledges").

6. Following the execution of the Notes on or about September 18, 2019, the first page of each Note was revised and modified including the removal of certain rights to prepay the principal on the Notes as had been agreed to by the parties and the modified first page was "slipped" into the Notes in place of the original first page without consent of Tim Barton as the President of 2999TC as the signor of the Notes or the guarantors. Such revisions were not discovered until months later.

7. On February 20, 2020 Plaintiffs sent a single written notice to 2999TC "to exercise its option to call all amounts due under each of the Notes."

8. On or about April 14, 2020, Plaintiffs sent a "demand to immediately cease and desist violations of Personal Guaranties" and subsequently asserted certain claims and defaults in the underlying proceedings related thereto even though such issues had been previously resolved.

9. Against this backdrop, the COVID-19 pandemic hit and Defendant began informing Plaintiffs that the pandemic was making performance under the Notes impossible and was otherwise preventing Defendant from operating or developing the Project as anticipated.

10. Despite Defendant's best efforts, the pandemic made performance under the Notes impossible including the catastrophic impact on the capital markets and ability to obtain loans for the funding of hospitality development projects, and otherwise prevented Defendant from operating or developing the Project as anticipated.

**III.**
**Claim - Declaratory Judgment**

11. Counter-Plaintiffs incorporate the foregoing provisions and pray that the Court enter a declaratory judgment under the Texas Declaratory Judgment Act (Chapter 37 of the Texas Civil Practice and Remedies Code) to determine the rights, status, and obligations of the parties

under the following documents and, as such, "all persons who have or claim any interest that would be affected by the declaration" are included as parties in this case as required by Tex. Rev. Civ. Stat. § 37.006(a):

(a) Declare the guaranties of Defendant Tim Barton ("Barton") to Plaintiffs either void, voidable, invalid or unenforceable by reason of the underlying promissory notes being modified without consent of 2999TC and/or without consent of Barton after execution and delivery of the guaranty documents to Plaintiffs.

(b) Declare the guaranties of Defendant Barton to Plaintiff L. Allen Hodges, as Independent Executor of the Estate of Leland A. Hodges Jr, ("Estate") either void, voidable, invalid, or unenforceable by reason of the obligation required by Plaintiffs as defined in section 14 of the guaranty documents, including Exhibit A as referenced in section 14, is impossible to be performed as applicable law does not permit placing multiple first liens on real property based on the unencumbered value of such property. Additionally, filing liens on such properties would result in the breach of the deeds of trust on the applicable properties.

(c) Declare the guaranties of Defendant JMJ Development, LLC ("JMJ") to Plaintiffs either void, voidable, or unenforceable by reason of the underlying promissory notes being modified without consent of 2999TC and/or without consent of JMJ after execution and delivery of the guaranty documents to Plaintiffs.

(d) Declare the promissory note to the Estate ("Estate Note") and the promissory note to Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. ("Tejas Note" with the Estate Note and Tejas Note collectively defined as "Notes") void,

voidable, invalid, or unenforceable resulting from a material alternation that was made without consent of the Borrower including its authorized representative.

(e) To the extent the Notes are valid and enforceable, declare that the Notes are non-negotiable instruments including for the following reasons: (1) the Option contained in the Tejas Note including which requires the parties to look to rights and obligations of the parties as contained in the Option Agreement as referenced and defined in the Tejas Note, (2) the provisions under the Notes allegedly granting the right to enforce remedies under "any other instrument or agreement related hereto" (3) the call option as defined and contained in the Notes, (4) the reference and incorporation of each Note with other "note documents" being the "final agreement" between the parties.

(f) Declare the waivers contained in the Notes as applicable to "Other Obligated Parties" including the guarantors void, unenforceable, voidable, or invalid resulting from the above referenced modification of the Notes.

12. Further, Counter-Plaintiffs are entitled to and request the award of their reasonable and necessary attorneys' fees and costs of court as authorized by Tex. Civ. Prac. & Rem. Code §37.009.

## IV.
## Conditions Precedent

13. All conditions precedent to Counter-Plaintiffs' right to recover have been performed, have occurred, or have been waived.

## V.
## Prayer

WHEREFORE, PREMISES CONSIDERED, 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton respectfully requests this court grant the declarations requested in its claims above

and award Counter-Plaintiffs their reasonably and necessary attorney's fees and costs and any other relief they may be entitled to.

Dated: October 16, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
guy@joycelindauer.com
kerry@joycelindauer.com
ATTORNEYS FOR 2999TC LP, LLC

/s/ Robert F. Kemp
Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
Email: lawyerkemp@cs.com
ATTORNEY FOR DEFENDANTS JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been delivered via email to the below counsel of record, on this the 16th day of October, 2020.

Dee J. Kelly, Jr.
Kelly, Hart & Hallman
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Email: dee.kelly@kellyhart.com

Joakim G. Soederbaum
Kelly, Hart & Hallman
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Email: joakim.soederbaum@kellyhart.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

# Appendix F

Dee J. Kelly, Jr.
Tex. Bar I.D. 11217250
Katherine T. Hopkins
Tex. Bar I.D. 24070737
Joakim G. Soederbaum
Tex. Bar I.D. 24091338
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
dee.kelly@kellyhart.com
katherine.hopkins@kellyhart.com
joakim.soederbaum@kellyhart.com

ATTORNEYS FOR L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE 2999TC LP, LLC, | § | |
| | § | CASE NO. 20-43204-mxm11 |
| Debtor. | § | |
| | § | |
| L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD., | §<br>§<br>§<br>§<br>§<br>§ | |
| | § | |
| Plaintiffs, | § | |
| v. | § | ADVERSARY NO. 20-04078 |
| | § | |
| 2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON, | §<br>§<br>§ | |
| | § | |
| Defendants. | | |

**SECOND AMENDED MOTION TO DISMISS DEFENDANT 2999TC LP, LLC ONLY AND <u>ABSTAIN AND REMAND TO STATE COURT AND BRIEF IN SUPPORT</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... 2

I. RELEVANT FACTUAL BACKGROUND .......... 4

II. DISCUSSION .......... 7

A. Dismissal of the Plaintiffs' Claims Against the Debtor is Appropriate. .......... 7

B. Abstention and Remand of the State Court Lawsuit is Appropriate. .......... 10

III. CONCLUSION .......... 14

CERTIFICATE OF SERVICE .......... 15

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Borne v. New Orleans Health Care, Inc.*,
116 B.R. 487 (E.D. La. 1990) ... 14

*Davis v. Huskipower Outdoor Equip. Corp.*,
936 F.2d 193 (5th Cir. 1991) ... 7, 8

*Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co.*,
130 B.R. 405 (S.D.N.Y. 1991) ... 14

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
511 F. Supp. 2d 742 (S.D. Tex. 2005) ... 12

*In re Gober*,
100 F.3d 1195 (5th Cir. 1996) ... 12

*In re MontCrest Energy, Inc.*,
No. 13-41129-DML-7, 2014 WL 6982643 (Bankr. N.D. Tex. Dec. 9, 2014) ... 12

*In re Petroleum Prod. & Servs., Inc.*,
556 B.R. 296 (Bankr. S.D. Tex. 2016) ... 7, 12

*In re Petroleum Prod. & Servs., Inc.*,
561 B.R. 662 (Bankr. S.D. Tex. 2016) ... 12

*J.T. Thorpe Co. v. Am. Motorists*,
No. CIV.A. H-02-4598, 2003 WL 23323005 (S.D. Tex. June 9, 2003) ... 12, 13

*Lone Star Industr., Inc. v. Liberty Mut. Ins.*,
131 B.R. 269 (D. Del. 1991) ... 14

*Robles v. Atlantic Sounding Co., Inc.*,
77 Fed. Appx. 274 (5th Cir. 2003) ... 7, 8

*Simridge Techs., Ltd. v. Wells Fargo Business Credit, Inc.*,
2004 WL 1055706 (W.D. Tex. 2004) ... 7, 8, 9

*Stern v. Marshall*,
564 U.S. 462 (2011) ... 11

*Wood v. Wood (In re Wood)*,
825 F.2d 90 (5th Cir. 1987) ... 10, 11

**Rules**

Fed. R. Bankr. P. 7041(a)(2) ........ 8

Fed. R. Civ. P. 41(a)(2) ........ 7, 10

Plaintiffs L. Allen Hodges III, as Independent Executor of the Estate of Leland A. Hodges Jr. (the "Hodges Estate"), Tejas Group, Ltd. ("Tejas Group"), LAH III Family Specific Interest, Ltd. ("LAH"), and Blackfoot Interest, Ltd. ("Blackfoot" and collectively with the Hodges Estate, Tejas Group, and LAH, the "Plaintiffs") file this Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court (the "Motion"), and in support thereof respectfully show as follows:

## I. RELEVANT FACTUAL BACKGROUND

1. In connection with the closing of a real estate transaction, Plaintiffs loaned and delivered to 2999TC LP, LLC ("2999TC" or the "Debtor") the total sum of $4,000,000.00 (the "Loan") on or about September 16, 2019. The Loan is reflected by two promissory notes made and executed by Defendant Tim Barton ("Barton") on behalf of 2999TC: one to the Estate for $1,000,000.00 (the "Estate Note") and one jointly to Tejas Group, LAH, and Blackfoot for $3,000,000.00 (the "Company Note" and collectively with the Estate Note, the "Notes").

2. Pursuant to the terms of the Notes, the Loan accrues interest at the rate of 18 percent annually calculated on a 360-day year, and 2999TC is required to pay all accumulated, outstanding interest on a quarterly basis, payable on the 3-month, 6-month, and 9-month anniversary of the Notes, with the fourth and final interest payment being due along with all outstanding principal on September 16, 2020. Further, the Notes expressly give Plaintiffs the option to call the Notes, making all amounts owed under the Notes due in full sixty days after Plaintiffs giving notice they are exercising the option.

3. In addition, Barton and his related entity, JMJ Development, LLC ("JMJ") agreed to guarantee the Loan. In connection with the closing of the Loan, Barton, individually and on behalf of JMJ, executed a total of four guaranties unconditionally guaranteeing the Loan and 2999TC's payments under the Notes—one for each of the Notes in his individual capacity and one for each of the Notes on behalf of JMJ (collectively, the "Guaranties"). Of particular relevance

here, the Guaranties are unconditional guaranties of payment and expressly provide that Plaintiffs may enforce the Guaranties against Barton and JMJ without first exhausting their remedies—or even filing suit—against 2999TC.

4. 2999TC failed to timely make the first interest-only payment when it was due on December 16, 2019. Ultimately, only after Plaintiffs made demand on 2999TC, Barton, and JMJ and threatened to accelerate the Loan did Plaintiffs receive the overdue interest payment on or about January 29, 2020.

5. On or about February 20, 2020, the Plaintiffs noticed 2999TC that they chose to exercise their option under the Notes to call all amounts due, making the full principal balance and all interest accrued until the time of payment due and payable sixty days later—on April 20, 2020 (the "Notice of Call Election"). The next day, on February 21, 2020, the Plaintiffs met with Barton. During that meeting, Plaintiffs hand delivered a copy of the Notice of Call Election to Barton, who acknowledged receipt of the notice in writing.

6. Subsequently, 2999TC failed to pay the second interest-only payment, which was due on March 16, 2020. On March 27, 2020, the Plaintiffs made a written demand on 2999TC, Barton, and JMJ that they make the overdue payment by April 6, 2020. After 2999TC, Barton, and JMJ failed to cure the payment defaults as demanded by Plaintiffs' March 27, 2020 demand, Plaintiffs accelerated the Loan and demanded payment in full from 2999TC, Barton, and JMJ of all amounts due and owing, on or about April 14, 2020.

7. As of the filing of this Motion, 2999TC, Barton, and JMJ have failed to pay Plaintiffs as agreed and Plaintiffs have received no payment in connection with the Loan since the past-due December 2019 payment was made in late January of 2020, the Notes remain unpaid, and the principal balance is currently due and owing in full.

8. On April 21, 2020, the Plaintiffs commenced a lawsuit styled as *L. Allen Hodges III, as Independent Executor of the Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III*

*Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. v. 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton*, Cause No. 141-316567-20, which was pending in the 141st Judicial District Court in Tarrant County, Texas (the "State Court Lawsuit"). The State Court Lawsuit asserted causes of action against 2999TC for breach of the Notes and against Barton and JMJ for breach of the Guaranties. Neither 2999TC, Barton, nor JMJ asserted any counterclaims against the Plaintiffs.

9. Subsequently, on July 23, 2020, the Plaintiffs filed a Motion for Summary Judgment (the "MSJ") against 2999TC, Barton, and JMJ (collectively, the "Defendants") on their claims for breach of the Notes and Guaranties as well as on their claim for attorneys' fees and costs of suit. The hearing on the MSJ was originally scheduled for August 20, 2020, but was continued until October 16, 2020 at 11:00 a.m. after Defendants represented to the court that they needed additional time to conduct discovery to defend against Plaintiffs' claims.

10. Notably, on October 16, 2020 at 9:18 a.m. (less than two hours before the MSJ hearing) (the "Petition Date"), and without having conducted any additional discovery, 2999TC filed for relief under chapter 11 of the Bankruptcy Code. Shortly thereafter, the Debtor filed its Notice of Removal effectuating a removal of the State Court Lawsuit to this Court, which is pending as the above-referenced adversary proceeding. As a result of the Debtor's bankruptcy filing, the hearing on the MSJ did not proceed, and Plaintiffs' counsel explained to the court and 2999TC's counsel that Plaintiffs intended to nonsuit their claims against 2999TC and return to the state court so that they promptly could proceed with the MSJ against JMJ and Barton.

11. Subsequently that same day, in an apparent attempt to prevent Plaintiffs from proceeding on the merits in state court, the Debtor and the other Defendants have for the first time since the commencement of the State Court Lawsuit filed counterclaims against the Plaintiffs as reflected in their Original Counterclaims (the "Counterclaims") [Docket No. 5]. Notably, Defendants' Counterclaims are simply some affirmative defenses plead in the form of a request for declaratory judgment.

12. Based upon the current factual circumstances and pending bankruptcy case, dismissal of the Debtor is appropriate at this time so that the Plaintiffs can proceed with their pending MSJ against Barton and JMJ in state court, and Plaintiffs' respectfully request that the Court dismiss their claims against the Debtor, without prejudice. Further, this Court should remand the State Court Lawsuit back to state court based on either: (1) mandatory abstention under 28 U.S.C. § 1334(c)(2); (2) permissive abstention under 28 U.S.C. § 1334(c)(1); or (3) equitable remand under 28 U.S.C. § 1452(b). *See, e.g.*, *In re Petroleum Prod. & Servs., Inc.*, 556 B.R. 296, 300-01 (Bankr. S.D. Tex. 2016) (internal citations omitted).

## II. <u>DISCUSSION</u>

### A. Dismissal of the Plaintiffs' Claims Against the Debtor is Appropriate.

13. Federal Rule of Civil Procedure 41(a)(2), which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7041, provides the standard for a plaintiff's motion for voluntary dismissal: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." FED. R. CIV. P. 41(a)(2). In the Fifth Circuit, "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Robles v. Atlantic Sounding Co., Inc.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003).

14. In adjudicating a motion under Rule 41(a)(2), the court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, the court should generally, absent some evidence of abuse by the movant, grant the dismissal motion. *Simridge Techs., Ltd. v. Wells Fargo Business Credit, Inc.*, 2004 WL 1055706, at *2 (W.D. Tex. 2004). When assessing plain legal prejudice, the Fifth Circuit has clarified that "the mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice." *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir.

1991). Similarly, "[i]t is no bar to dismissal that plaintiff may gain some tactical advantage thereby." *Simridge*, 2004 WL 1055706, at *2.

15. Here, there is no prejudice that will occur to the Debtor in the event the Court dismisses the Plaintiffs' claims against it. As evidenced by the Counterclaims, the Defendants now assert a declaratory judgment claim under Texas law against the Plaintiffs, essentially requesting that the Court hold that the Guaranties and Notes are void and/or invalid. *See* Docket No. 5. Significantly, if the Plaintiffs' claims against the Debtor are dismissed as proposed herein, the Debtor and the other Defendants can continue pursuit of their declaratory judgment counterclaim against the Plaintiffs. *See generally* Fed. R. Bankr. P. 7041(a)(2). The dismissal proposed herein in no way limits or prohibits the Defendants' ability to continue litigation against the Plaintiffs with respect to the Counterclaims. Moreover, the proposed dismissal of claims against the Debtor increases the potential recovery for other creditors of the bankruptcy estate. Although the Debtor opposes the dismissal, the Debtor's estate will actually benefit from the dismissal. Therefore, there is no prejudice suffered by the Debtor.

16. Case law also looks towards the timing of the filing of the motion for voluntary dismissal. While a motion for voluntary dismissal at a late stage in litigation can be grounds for denial of the motion, these "timing" cases are inapposite here as they involve situations where the movant suffered an adverse legal decision prior to moving for voluntary dismissal. *Robles*, 77 Fed. Appx. at 275; *Davis*, 936 F.2d at 199 (noting that prior to filing for voluntary dismissal, a magistrate judge made a comprehensive recommendation that was adverse to the moving party). In this case, the Plaintiffs have faced no adverse legal action prior to filing the Motion. Rather, the Plaintiffs believe that had the MSJ been heard last week, then the state court would have ruled in their favor on all claims against the Defendants. Even if the case law were factually on point, which the Plaintiffs dispute, the State Court Lawsuit is not at a late stage in the litigation. The State Court Lawsuit has been pending for about six months. The MSJ was filed three months into

the case. There has been little discovery conducted in the case as a result—and not a single deposition has been taken—despite the Debtor's representation to the state court that further discovery, including depositions, was necessary. As a matter of fact, in asking the state court to continue the MSJ hearing, the Debtor expressly conceded that "this case is in its infancy." Thus, the parties have not expended significant time and effort litigating the State Court Lawsuit.

17. Courts in the Fifth Circuit also examine whether dismissal of a case is an attempt to deprive a defendant of particular forum-specific defenses, such as expiration of the statute of limitations and forum non conveniens. *Simridge*, 2004 WL 1055706, at *3. Here, there is no evidence that the Debtor would absolutely lose any forum-specific defenses as a consequence of the Court's granting the dismissal without prejudice. *Id.* at *5.

18. Further, there is no abuse or evidence thereof in connection this Motion. Any abuse is present only on the Debtor's side. Specifically, there is no question that the Debtor filed its bankruptcy case in order to evade the MSJ hearing and any related decision. And now, in an attempt to obtain a potentially more favorable venue, and in order to further Barton's personal agenda, the Debtor removed the State Court Lawsuit to this Court. Similarly, immediately after learning that the Plaintiffs intended to nonsuit their claims against 2999TC to return the case to the state court and obtain a hearing on the MSJ against Barton and JMJ, Defendants promptly filed the Counterclaims, merely recasting some of their affirmative defenses into a request for declaratory judgment in an attempt to thwart Plaintiffs' efforts. In fact, and upon information and belief, Barton is the ultimate owner of and decision-maker for both 2999TC and JMJ. Further, he has control over additional entities that are subject to involuntary proceedings in this District. *See In re Wall007, LLC*, Case No. 20-31131 (the "Involuntary Proceedings"). Based upon Barton and his entities' actions in the State Court Lawsuit, the Involuntary Proceedings, and now 2999TC's bankruptcy case and related adversary proceeding, it is clear that Barton is attempting to use 2999TC and its bankruptcy case as an instrumentality to avoid personal liability. The filing of the

Debtor's bankruptcy case and removal of the State Court Lawsuit evidences the Debtor's (or actually, Barton's) litigation tactics and abuse of the bankruptcy process.

19. Moreover, upon information and belief, the Debtor is simply a shell-entity for Barton with zero operations, zero employees and little to no assets available for recovery. At this point, the Plaintiffs do not wish to continue litigation against the Debtor due to its lack of assets and potential for further complications as a result of its bankruptcy case. Therefore, the Plaintiffs seek to pursue only their claims against the non-debtor guarantors, Barton and JMJ, and request that this Court dismiss only the causes of action asserted against the Debtor.

20. In accordance with Federal Rule of Civil Procedure 41(a)(2), which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7041, the Plaintiffs respectfully request that this Court dismiss its claims against 2999TC, without prejudice, from the above-referenced adversary proceeding.

**B. Abstention and Remand of the State Court Lawsuit is Appropriate.**

21. Further, the State Court Lawsuit should be remanded to the state court (the district court of Tarrant County, Texas) based on either mandatory abstention under 28 U.S.C. § 1334(c)(2), or permissive abstention / equitable remand under 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b). In addition to meeting the statutory requirements of the foregoing, the Plaintiffs believe that abstention and remand are necessary due to jurisdictional and constitutional authority issues.

22. The Fifth Circuit has determined that § 1334(b) provides the district courts (and by extension, the bankruptcy courts) with subject matter jurisdiction over three distinct categories over proceedings: (i) "arising under" the Bankruptcy Code; (ii) "arising in" bankruptcy cases; and (iii) "related to" bankruptcy cases. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). Proceedings "arise under" the Bankruptcy Code where they "invoke a substantive right provided by title 11", proceedings "arise in" bankruptcy cases where they "could only arise in the context of

a bankruptcy case", and proceedings are "related to" bankruptcy case where "the outcome could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 93-97.

23. Following dismissal of the Plaintiffs' claims against the Debtor, this adversary proceeding neither invokes a substantive right provided by title 11 (no "arising under" jurisdiction) nor does it only arise in the context of a bankruptcy case as this solely involves state law issues (no "arising in" jurisdiction). Further, there is no "related to" jurisdiction as the outcome of the State Court Lawsuit will no longer have an effect on the administration of the bankruptcy case as the Plaintiffs are not seeking liability against the Debtor, rather just against the non-debtor defendants. Therefore, there is no subject matter jurisdiction for the Court to consider the State Court Lawsuit and remand is necessary.

24. Even if jurisdiction somehow exists, which the Plaintiffs dispute, the post-dismissal claims are not core and, respectfully, this Court does not have constitutional authority to enter a final order on the Debtor's Counterclaims (as well as the Plaintiffs' claims against the non-debtor defendants). *See Stern v. Marshall*, 564 U.S. 462, 495 (2011) (holding that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim"). Again, as stated throughout this Motion, the Plaintiffs seek dismissal of their claims against the Debtor. Thus, the only claims that would remain post-dismissal are the Plaintiffs' claims against the non-debtor defendants and the Counterclaims against the Plaintiffs. All of these claims, including the Counterclaims (although they appear to be affirmative defenses), can be adjudicated post-dismissal independently from the Plaintiffs' prior claims against the Debtor (*albeit*, more appropriately in the state court). *See generally id.* Lack of constitutional authority, among other reasons, supports abstention and remand of the State Court Lawsuit pursuant to 28 U.S.C. §§ 1452(b), 1334(c)(2), and 1334(c)(1).

25. Under § 1334(c)(2), mandatory abstention is required in these circumstances. As set forth, upon a timely motion, a "district court must abstain from hearing state law claims when:

(1) the claims have no independent basis for federal jurisdiction other than § 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be timely adjudicated in state court." *See, e.g.*, *In re Petroleum Products & Services, Inc.*, 561 B.R. 662, 665 (Bankr. S.D. Tex. 2016) (internal citations omitted). Here, there is no other jurisdictional basis other than § 1334(b) (if that, in fact, exists) and the claims remaining post-dismissal are non-core. Further, as evidenced herein, the State Court Lawsuit was pending before the Petition Date and the state court was scheduled to hear these issues on the day of the bankruptcy filing (thus, timely adjudication will occur). Because all of the above factors are satisfied here, the Court must abstain from exercising subject matter jurisdiction and remand the State Court Lawsuit.

26. Even if the mandatory abstention statute did not require remand of this case, this Court should still decline to exercise jurisdiction and remand based on either permissive abstention under 28 U.S.C. § 1334(c)(1), or equitable remand under 28 U.S.C. § 1452(b). *See, e.g.*, *In re Petroleum Prod. & Servs.*, 556 B.R. at 300-01; *J.T. Thorpe Co. v. Am. Motorists*, No. CIV.A. H-02-4598, 2003 WL 23323005, at *6–7 (S.D. Tex. June 9, 2003). Under either statute, this Court has broad discretion to remand the case "in the interests of justice, comity, or respect for state law" or on any other equitable ground. *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 511 F. Supp. 2d 742, 764–65 (S.D. Tex. 2005) (citing *In re Gober,* 100 F.3d 1195, 1206-07 (5th Cir. 1996)). "Together, §§ 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of § 1334 and the litigation can be timely completed in state court." *J.T. Thorpe*, 2003 WL 23323005, at *6.

27. Sections 1452(b) and 1334(c)(1) "are kindred statutes and the analysis under each have considerable overlap." *Id.*; *see also In re MontCrest Energy, Inc.*, No. 13-41129-DML-7, 2014 WL 6982643, at *7 (Bankr. N.D. Tex. Dec. 9, 2014) ("Because sections 1334(c)(1) and 1452

'are similar in purpose, the circumstances which weigh in favor of discretionary abstention … weigh in favor of … remand under § 1452(b).'" (internal quotations omitted). "The courts often examine the following fourteen factors when deciding whether to equitably remand a case removed under § 1334(b):

> (1) the effect or lack thereof on the efficient administration of the estate if the Court recommends abstention;
> (2) extent to which state law issue predominate over bankruptcy issues;
> (3) difficulty or unsettled nature of the applicable law;
> (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
> (5) jurisdictional basis, if any, other than § 1334;
> (6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of nondebtor parties;
> (13) comity; and
> (14) the possibility of prejudice to other parties in the action."

*J.T. Thorpe Co.*, 2003 WL 23323005, at *6 (internal citations omitted).

28. In this case, the factors above weigh strongly in favor of permissive abstention and equitable remand, and there is no "countervailing circumstance" to suggest that the Court should exercise jurisdiction. "To the contrary, the facts of this case counsel remand." *J.T. Thorpe*, 2003 WL 23323005, at *6. Specifically, the factors reflect as follows: (i) there will be no effect (certainly not an adverse effect) on the administration of the estate due to abstention; (ii) the only issues involved here are state law issues that are not complex and the state court deals with such issues on a regular basis; (iii) the State Court Lawsuit was pending prior to the Petition Date; (iv) no other jurisdictional basis exists, but for, arguably, § 1334; (v) the State Court Lawsuit, based upon dismissal of the claims, is only remotely related to the bankruptcy case, if at all; (vi) the substance of the State Court Lawsuit deals with only state law issues; (vii) there is no need to

sever as there are no core bankruptcy matters involved; (viii) there is obvious forum-shopping by the Debtor and non-debtor defendants by removing the State Court Lawsuit; (ix) the Plaintiffs have requested and have a right to a jury trial in the State Court Lawsuit; (x) three of the four parties are non-debtor parties; (xi) both comity and judicial economy favor the state forum as the case was previously pending in front of it and the state court is familiar with the issues; and (x) the Plaintiffs will be prejudiced if the case is not remanded as they are entitled to a jury trial and that itself is sufficient ground for an equitable remand. *See, e.g.*, *Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co*., 130 B.R. 405, 409 (S.D.N.Y. 1991); *Lone Star Industr., Inc. v. Liberty Mut. Ins*., 131 B.R. 269, 275 (D. Del. 1991); *Borne v. New Orleans Health Care, Inc*., 116 B.R. 487, 495 (E.D. La. 1990). Therefore, the Plaintiffs respectfully request that the Court abstain and remand the State Court Lawsuit for further determination by the state court.

## III. <u>CONCLUSION</u>

Based on the foregoing reasons, the Plaintiffs respectfully request that the Court enter an order: (i) granting the Motion; (ii) dismissing their causes of action against the Debtor only, without prejudice; (iii) holding that the proposed Order does not affect or impact any of the remaining claims in the above-referenced adversary proceeding; (iv) finding that no actions taken by Plaintiffs or 2999TC with respect to the proposed Order shall be construed as an admission by any party on any question of liability; and (v) abstaining and remanding the State Court Lawsuit to state court for further determination.

Dated: October 23, 2020

Respectfully submitted,

*/s/ Katherine T. Hopkins*
Dee J. Kelly, Jr.
Tex. Bar I.D. 11217250
Katherine T. Hopkins
Tex. Bar I.D. 24070737
Joakim G. Soederbaum
Tex. Bar I.D. 24091338
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
dee.kelly@kellyhart.com
katherine.hopkins@kellyhart.com
joakim.soederbaum@kellyhart.com

**ATTORNEYS FOR L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.**

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing document was served on October 23, 2020, on the below parties via ECF notification, where available, or via U.S. First Class Mail.

2999TC LP, LLC
Attn: Joyce Lindauer
1412 Main Street, Suite 500
Dallas, Texas 75202

JMJ Development, LLC and Timothy Barton
Attn: Robert Kemp
2815 Valley View Lane, Suite 202
Dallas, Texas 75234

*/s/ Katherine T. Hopkins*
Katherine T. Hopkins

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE 2999TC LP, LLC,<br><br>Debtor. | § | CASE NO. 20-43204-mxm11 |
| L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD. LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.<br>Plaintiffs,<br><br>v.<br><br>2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON<br>Defendants. | § | ADVERSARY NO. 20-04078 |

**ORDER GRANTING SECOND AMENDED MOTION TO**
**DISMISS DEFENDANT 2999TC LP, LLC ONLY**

Case 4:20-cv-01256-P Document 6-4 Filed 12/28/20 Page 87 of 188 PageID 784

ON THIS DATE, the Court considered the Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only (the "Motion"), filed by Plaintiffs L. Allen Hodges III, as Independent Executor of the Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd. and Blackfoot Interest, Ltd. (collectively, the "Plaintiffs"). The Court finds that good cause exists to grant the Motion. Accordingly, it is therefore

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Plaintiffs' claims against only Defendant 2999TC LP, LLC ("2999TC") are hereby **DISMISSED, WITHOUT PREJUDICE**, from the above-referenced adversary proceeding; it is further

ORDERED this Order does not affect or impair any of the remaining claims asserted in the above-referenced adversary proceeding; it is further

ORDERED that nothing contained in this Order and no actions taken by Plaintiffs or 2999TC with respect to this Order shall be construed as an admission by any party on any question of liability; it is further

ORDERED that the Court shall retain jurisdiction to hear and consider all disputes arising out of the interpretation or implementation of this Order; it is further

ORDERED that abstention in connection with the State Court Lawsuit[1] is appropriate; and it is further

ORDERED that the State Court Lawsuit is remanded to the 141st Judicial District Court, Tarrant County, Texas for further determination.

**### END OF ORDER ###**

[1] Any capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion.

**SUBMITTED BY:**

*/s/ Katherine T. Hopkins*
Dee J. Kelly, Jr.
Tex. Bar I.D. 11217250
Katherine T. Hopkins
Tex. Bar I.D. 24070737
Joakim G. Soederbaum
Tex. Bar I.D. 24091338
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
dee.kelly@kellyhart.com
katherine.hopkins@kellyhart.com
joakim.soederbaum@kellyhart.com

**ATTORNEYS FOR L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.**

# Appendix G

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR 2999TC LP, LLC

Robert F. Kemp
State Bar No. 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
Telephone: (214) 526-2156
Facsimile: (214) 526-2156
ATTORNEY FOR JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD. LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.** | § | |
| **Plaintiffs/Counter-Defendants,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-04078-mxm** |
| | § | |
| **2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON** | § | |
| **Defendants/Counter-Plaintiffs.** | § | |
| | § | |

**<u>OBJECTION AND RESPONSE TO PLAINTIFFS' AMENDED MOTION TO DISMISS DEFENDANT 2999TC, LLC ONLY</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW 2999TC LP, LLC ("Debtor"), JMJ Development, LLC ("JMJ") and Tim Barton ("Barton"), (collectively "Defendants"), Defendants in the above-referenced case and file this *Objection and Response to Plaintiffs' Amended Motion to Dismiss Defendant 2999TC, LLC Only* (the "Motion") and would respectfully show this Court as follows:

1. Defendants admit the allegations in Paragraph 1 of the Motion to the extent that an aggregate loan in the amount of $4,000,000.00 was made (collectively "the Loan") subject to and to the extent not in conflict with the assertions and claims made in Defendants, 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton, Counterclaims and otherwise denies the allegations contained therein.

2. Defendants admit the allegations in Paragraph 2 of the Motion to the extent of the existence of two documents that are alleged to be promissory notes that contain such terms to the extent documents so provide subject to and to the extent not in conflict with the assertions and claims made in Defendants, 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton, Counter-Claims.

3. Subject to and to the extent not in conflict with the assertions and claims made in Defendants', 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton, Counterclaims, Defendants admit the allegation in Paragraph 3 of the Motion regarding the existence of four documents asserted to be guarantees, but asserts that each of the documents (two in the name of Barton in his individual capacity, and two in the name of JMJ Development) is either void, voidable, invalid, or unenforceable including by reason of material modification of the associated Notes subsequent to their execution without the consent of the Defendants and as further stated in Defendants' counterclaims. Defendants further assert that the Notes themselves are void, voidable,

invalid, or unenforceable similarly due to their material modification subsequent to execution with the consent of the Defendants and as further asserted in Defendants' counterclaims.

4. Defendants deny the allegation in Paragraph 4 of the Motion that it failed to make timely payment, and that it only tendered its first interest-only payment subsequent to a threat to accelerate the Loan.

5. Defendants admit that Barton attended a meeting with a representative of one or more Plaintiffs and otherwise deny the allegations in Paragraph 5 of the Motion.

6. Defendants admit the allegation in Paragraph 6 of the Motion that Plaintiffs presented a written demand requesting an overdue payment by April 6, 2020 and that no payment was made thereafter in response to such demand, and otherwise, Defendants deny the allegations in Paragraph 6. Defendants would note that Plaintiffs' representative refused to permit Defendants' counsel (who was present at such office where the meeting occurred) or any other person to attend such a meeting or review any document(s) presented at such meeting.

7. Defendants admit the allegation in Paragraph 7 of the Motion only to the extent that the last payment made was in January of 2020, and otherwise, Defendants deny the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8 of the Motion as to the commencement of the referenced State Court Lawsuit, the causes of action asserted, and that the Defendants did not assert counterclaims against Plaintiffs in the State Court Lawsuit. Otherwise Defendants deny any other allegations.

9. Defendants admit the allegations in Paragraph 9 of the Motion that Plaintiffs did file a Motion for Summary Judgment on July 23, 2020 against Defendants on Plaintiffs' claims for breach of certain Notes and Guaranties; that the original hearing was scheduled for August 20,

2020 which was continued until October 16, 2020; and that Defendants requested time for discovery. Defendants deny the allegation that they are in breach or that they would owe attorney's fees requested in the original petition since applicable law, including Chapter 38 of the Texas Civil Practice and Remedies Code, does not provide for such entitlement.

10. Defendants admit the allegation in Paragraph 10 of the Motion regarding the timing of the Debtor's filing for bankruptcy protection under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) and the filing of the Notice of Removal of the State Court Action to this Bankruptcy Court. Defendants admit the allegations in Paragraph 10 of the Motion that due to the bankruptcy filing, the hearing on the Motion for Summary Judgment did not occur. Defendants admit that Plaintiffs' counsel indicated to the Court that Plaintiffs intended to non-suit their claims in this Court and return to State Court to proceed with the Motion for Summary Judgment against Defendants JMJ and Barton. However, Defendants deny that they did not conduct any additional discovery. Defendants served multiple sets of requests for interrogatories and production between July 28, 2020 and August 7, 2020. Although Plaintiffs filed certain responses to the interrogatories and production requests, they have still failed to produce any responsive documents much less by the date such documents were due despite stating in their production response they would produce the requested documents. Nonetheless, Defendants filed a substantive response to the motion for summary judgment which refuted every claim made by Plaintiffs and even every element that Plaintiffs needed to prove, and Defendants were confident they would prevail at the hearing. Obviously, Defendants will soon be filing motions to compel production of such documents. And until such documents have been produced, it would be premature for Defendants to conduct depositions. Furthermore, Defendants have produced hundreds of pages of documents responsive to Plaintiffs' production requests along with responses to their interrogatory requests. Thus, such

lack of discovery in this case as asserted by the Plaintiffs is solely the result of Plaintiffs' own conduct and bad faith. Otherwise, Defendants deny the allegations in paragraph 10.

11. Defendants admit the allegation in Paragraph 11 of the Motion that it first filed counterclaims against the Plaintiffs in the instant case in *2999TC LP, LLC, JMJ Development, LLC and Tim Barton Defendants' Original Counter-Claims* [Dkt. No. 5]. Defendants deny the other allegation in Paragraph 11 of the Motion including that such counterclaims were filed to prevent Plaintiffs from proceeding on the merits in State Court and that such counterclaims are "affirmative defenses plead [sic] in the form of a request for declaratory judgment."

12. Defendants deny the allegation in Paragraph 12 of the Motion that dismissal of the Debtor is appropriate. Defendants object to such dismissal because a determination that Debtor is in default of valid and enforceable Notes and has no defenses is necessary to give rise to any claims being asserted against the other Defendants and because the Defendants have asserted actionable counterclaims against the Plaintiffs that are applicable to this adversary action and the underlying bankruptcy case along with other reasons as stated herein.

13. Defendants admit the allegation in Paragraph 13 of the Motion regarding the standard for a plaintiff's motion for voluntary dismissal typically available in Federal court, but not as it would apply to this case including as related to proceedings in the Federal bankruptcy court. Debtor notes that the Court's discretion to order such dismissal is limited by additional statutory language not provided by the Movant that states that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). Debtor asserts that its counterclaims along with those of the other Defendants are integrally linked to both the bankruptcy action and that the

associated adversary matter rendering independent adjudication of such counterclaims is impractical and prejudicial to the rights of the Debtor. Further, Movant states that the Fifth Circuit has held that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Robles v. Atlantic Sounding Co., Inc., 77 Fed. Appx. 274, 275 (5th Cir. 2003). Here, dismissal of the Debtor from this suit would constitute a refusal to consider the merits of the Debtor's counterclaims against the Plaintiff and their relation to the underlying bankruptcy case, which would clearly be prejudicial to the Debtor, as well as to the other Defendants. It is important to note that "[t]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201 (N.D. Tex. 1988) (citing *LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604* (5th Cir. 1976)). Moreover, any claims asserted against Defendants Barton and JMJ are contingent upon a finding that the Notes are valid and enforceable promissory notes, that Debtor has, in fact, defaulted on its obligations thereunder, and that no applicable affirmative defenses proven by Debtor apply. Any claims related to the Notes asserted by Plaintiffs would have to include 2999TC as the maker as it is likely the only party that has any standing to assert claims or defenses related to the Note and certain other agreements, such as certain membership agreements and a conversion option agreement which it was a party to as part of the overall transaction. If the case proceeds in state court without the Debtor, then not only would the other Defendants be prejudiced because they would potentially have no standing to defend against such a default of the Notes, on which they are not a party to, but any determination of a default of the Notes would be prejudicial against the Debtor because it would have no opportunity to defend itself or prove up any affirmative defenses. Furthermore, the other Defendants would likely have

no standing to assert and prove up those affirmative defenses of the Debtor as related to the Notes which would materially affect the claims against the other Defendants as related to any alleged guaranteed obligations under the Notes. Obviously, dismissal of the Debtor would substantially prejudice all Defendants. "Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense." *Robles* at 275. Moreover, the counterclaims asserted by the Debtor are integrally linked to interests of the other Defendants including because seeking declaratory relief under section 37.006 of Texas Civil Practices and Remedies Code requires that "all persons who have or claim any interest that would be affected by the declaration must be made parties." Not only is dismissal of the Debtor prohibited by such state code but dismissal of the Debtor from this action will undoubtedly prejudice the remaining Defendants for the foregoing reasons. Finally, the overall transaction between the parties involved more than payment obligations under or breach of simple non-negotiable notes with personal guaranties but the entire transaction incorporated multiple other agreements and conditions involving the Plaintiffs and all Defendants including pledge agreements, call options, and conversion option agreements which collectively formed the basis of the collective transaction and which affect the rights and obligations of all parties thereunder. Thus, dismissal would not be appropriate. This is further illustrated by the likelihood, if the case proceeded in the state court without Debtor (or even if originally filed in state court without Debtor), Debtor would likely have to be joined anyway under Tex. R. Civ. P. 39 which requires a party to be joined if "(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or(ii) leave any of the persons already parties subject to a substantial risk of

incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." The Debtor would necessarily be joined if just one section of Tex. R. Civ. P. 39 applied, but in this case, the facts would require joinder of the Debtor under any section. Thus if Debtor's joinder would be required, then dismissing the Debtor and proceeding in the state case would serve no purpose and would not be appropriate.

14. Defendants admit the allegation in Paragraph 14 of the Motion to the extent that it is a faithful representation or interpretation of cited case law, but denies the allegation that such is applicable here because the Debtor (and the other Defendants) will certainly suffer plain legal prejudice as articulated *supra*. Furthermore, the facts and application of law under the cited case law are substantially distinguishable from those in this case to the extent the requested dismissal would not be appropriate.

15. For the reasons stated above, Defendants deny the allegation in Paragraph 15 of the Motion that the Debtor will not be prejudiced should this Court dismiss Plaintiff's claims. Defendants deny the allegation in Paragraph 15 of the Motion that "Defendants now assert a declaratory judgment claim" to the extent that such allegation infers only a single claim was made by Defendants' request for a declaratory judgment. Defendants admit that its counterclaims included a request to hold the "Guaranties and Notes are void and/or invalid" but deny that such a request is the limit of what Defendants seek in its counterclaims. Defendants further deny that "[t]he dismissal proposed [in the Motion] in no way limits or prohibits the Defendants' ability to continue litigation against the Plaintiffs with respect to the Counterclaims" and deny the assertion that the proposed dismissal of the Plaintiffs' claims against the Debtor (which would force the Defendants, including the Debtor to separately pursue such counterclaims in State Court) is appropriate for multiple reasons including as stated above and as follows:

a. As previously stated above, certain counterclaims asserted by the Defendants including related to any guaranties or other agreements are directly affected by a determination on whether the Notes are valid and enforceable and if so a determination of whether such were defaulted on by the Debtor or whether any affirmative defenses of the Debtor apply. However, only the Debtor is a party to the Notes and is thus the only party that could or would likely be permitted to assert such claims and defense under the Notes. Thus, the Defendants' ability to continue litigation against the Plaintiffs would be substantially impaired and the parties prejudiced if the state action only were to proceed against the Defendants Barton and JMJ.

b. The counterclaims are integral to the Debtor's interests in its bankruptcy proceedings. For instance having multiple courts consider such interests are not conducive to judicial economy because multiple Defendants are requesting identical relief, duplicative discovery and depositions would be needed, and because it would force the same issue relating to multiple defendants to be litigated in multiple venues resulting in the possibility of conflicting judicial outcomes. Furthermore, Debtor is a required party to the counterclaims and any action in the state court involving such causes of action necessarily must include 299TC, JMJ, and Barton. When a declaratory relief is sought, section 37.006 of Texas Civil Practices and Remedies Code requires that "all persons who have or claim any interest that would be affected by the declaration must be made parties." Obviously, Debtor would have an interest in the relief being sought including

because certain counterclaims have been asserted by all Defendants including Debtor.

Defendants deny the allegation that the proposed dismissal does not limit the ability to continue litigation against Plaintiffs with regard to the counterclaims since it forces the separate Defendants (including Debtor) to expend limited resources to litigate the same, related matter in multiple venues. Defendants deny the allegation in Paragraph 15 of the Motion that dismissing the claims against the Debtor "increases the potential recovery for other creditors of the bankruptcy estate." Any payment obligations found to be owed to Plaintiffs by JMJ and/or Barton as guarantors derive from any defaulted payment obligations that are found to be owed by Debtor under the Notes. In such event, JMJ and/or Barton is entitled to be made whole by Debtor. And just because the Plaintiffs dismiss the Debtor from the case does not mean that Plaintiffs are releasing Debtor from any obligations found to be owed under the Notes. Thus, such an argument that any other creditor recoveries would be increased by dismissing 2999TC is simply a fallacy.

16. Defendants deny the allegation in Paragraph 16 of the Motion that the cited cases are inapposite here because they deal with a movant who suffers an adverse legal decision prior to moving for voluntary dismissal. In fact, this case holds to the proposition that a motion for voluntary dismissal should *not* be granted if the non-moving party "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Robles*, 77 Fed Appx. at 275. It is clear from the language of this case holding that it applies as to a non-movant and refers to *future* harm it would endure as a result of a present decision by a court. Any discussion of adverse legal action prior to filing the Motion, or the stage in litigation in which the State Court suit finds itself, is thus not relevant to the matter at hand. The Debtor is not required to admit or deny the allegation in Paragraph 16 of the Motion regarding the Plaintiff's conjecture that it might have prevailed in

a hearing on its Motion for Summary Judgment in the State Court suit. Defendants admit the allegations as to the age of the State Court suit, the timing of the filing of the Motion for Summary Judgment therein. Debtor denies that little discovery has been conducted except that Plaintiffs have produced little discovery despite being required to do so. Debtor is not required to admit or deny the allegation as to the Plaintiff's assessment that "significant time and effort" has not been spent to litigate the State Court suit, and further asserts that such is irrelevant.

17. Defendants deny the allegations in Paragraph 17 of the Motion that Plaintiffs are not attempting to deprive Debtor of particular forum-specific defenses, and further that Debtor would not lose any forum-specific defenses resulting from the Court's granting Debtor's dismissal without prejudice.

18. Defendants deny the allegations in Paragraph 18 of the Motion including that Debtor has abused the bankruptcy process by filing its petition to avoid hearing in the State Court action on the Motion for Summary Judgment filed therein, to obtain a more favorable venue, and to further Barton's "personal agenda," but asserts that the removal of the State Court suit to this Court was conducted because of the integral linkage of issues and questions of law in the State Court suit that have a significant and undeniable bearing on these bankruptcy proceedings. Defendants deny the allegations in Paragraph 18 of the Motion as to the impetus for development of its request for declaratory judgment. Defendants deny the allegation in Paragraph 18 of the Motion as to Barton's relationship to 2999TC and JMJ. Defendants further deny Plaintiffs' assertion that Barton is attempting to avoid personal liability by trying to marry the State Court Lawsuit and this case with a completely unrelated involuntary bankruptcy proceeding that was filed against completely separate entities that are entirely unrelated to this case and where this is no indication that such proceedings involve any personal liability of Barton. Thus Plaintiffs'

assertions have no basis in fact and are wholly without merit. Debtor further denies Plaintiffs' assertions and inference that the counterclaims were filed only as a response to learning of Plaintiffs' intent to nonsuit the Debtor considering that Debtor had been diligently working on the drafting and filing of such counterclaims prior thereto and such counterclaims were filed very shortly after such learning of such notice on the same day in less time than it would have taken to draft the counterclaims if such had begun upon receiving such notice, and thus, Defendants' counterclaims were not simply filed in response to the learning of the intended nonsuit.

19. Defendants deny the allegation in Paragraph 19 of the Motion that the Debtor is a "shell-entity" with no operations, employees, or assets. Debtor is not required to admit or deny the allegation as to the Plaintiffs' lack of desire to continue litigation against the Debtor, and assert that the Plaintiffs have no claim against the Debtor as stated in Defendants' counterclaims including as the result of their conduct and their material post-execution alteration of the Notes mentioned *supra* without notice to, or approval of, the Debtor or the guarantors of said notes, namely JMJ and Barton. Defendants deny the assertion that dismissal against the Debtor of this cause of action would be appropriate for the reasons stated in paragraphs 13, 15, and elsewhere above.

20. Defendants deny the allegation in Paragraph 20 of the Motion as to the applicability of either Fed. R. Civ. P. 41(a)(2) and Fed. R. Bankr. P. 7041 to this matter, and assert that dismissal of Plaintiff's claim as to the Debtor in these proceedings would be inapposite for the reasons mentioned heretofore.

WHEREFORE PREMISES CONSIDERED, Debtor and the other Defendants request the Court deny the relief requested by the Plaintiffs in the Motion in its entirety, and grant such other and further relief to the Debtor and Defendants as the Court may deem just and proper.

Dated: October 25, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYFOR 2999TC LP, LLC

/s/ Robert F. Kemp
Robert F. Kemp
State Bar No. 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
Telephone: (214) 526-2156
Facsimile: (214) 526-2156
Email: lawyerkemp@cs.com
ATTORNEY FOR JMJ DEVELOPMENT, LLC
AND TIMOTHY BARTON

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 25, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

# Appendix H

Case 4:20-cv-01256-P Document 6-4 Filed 12/28/20 Page 269 of 1348 PageID 2163

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR 2999TC LP, LLC

Robert F. Kemp
State Bar No. 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
ATTORNEY FOR JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC LP, LLC,** | § | **CASE NO. 20-43204-mxm** |
| | § | **Chapter 11** |
| **Debtor.** | § | |
| **L. ALLEN HODGES III, AS** | § | |
| **INDEPENDENT EXECUTOR OF** | § | |
| **THE ESTATE OF LELAND A.** | § | |
| **HODGES JR., TEJAS GROUP, LTD.** | § | |
| **LAH III FAMILY SPECIFIC** | § | |
| **INTEREST, LTD., AND** | § | |
| **BLACKFOOT INTEREST, LTD.** | § | |
| **Plaintiffs/Counter-Defendants,** | § | **ADVERSARY NO. 20-04078-mxm** |
| | § | |
| **v.** | § | |
| | § | |
| **2999TC LP, LLC,** | § | |
| **JMJ DEVELOPMENT, LLC, AND** | § | |
| **TIM BARTON** | § | |
| **Defendants/Counter-Plaintiffs.** | § | |

**OBJECTION AND RESPONSE TO PLAINTIFFS' SECOND AMENDED MOTION TO DISMISS DEFENDANT 2999TC, LLC ONLY**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW 2999TC LP, LLC ("Debtor"), JMJ Development, LLC ("JMJ") and Tim Barton ("Barton"), (collectively "Defendants"), Defendants in the above-referenced case and file this *Objection and Response to Plaintiffs' Amended Motion to Dismiss Defendant 2999TC, LLC Only* (the "Motion") and would respectfully show this Court as follows:

**As an introductory matter, the Debtor and Defendants contend that this Second Amended Motion to Dismiss should not be heard on November 4, 2020. The Plaintiffs filed a Motion to Dismiss on October 19, 2020 [Doc. No. 7] and an Amended Motion to Dismiss on October 19, 2020 [Doc. No. 8] asking only to dismiss their claims against the Debtor in this pending lawsuit. The Court granted an expedited request to hear such motions on November 4, 2020. [Doc. No. 11]. Then after the Court granted such request as to the Motion and the Amended Motion, the Plaintiffs seized on the opportunity to file their Second Amended Motion to Dismiss [Doc. No. 12] for which no expedited request for hearing had been requested and then noticed this Second Amended Motion for hearing as though it was the same motion upon which the Court granted expedited consideration. The Court never granted an expedited hearing on the Second Amended Motion and did not set a hearing on same. This Second Amended Motion contains arguments and issues that are far more weighty than the original Amended Motion to Dismiss. It adds new claims and grounds for relief that were not part of the Motion and Amended Motion. As such the Court should not consider hearing the Second Amended Motion when it was not granted expedited consideration and has not been properly set for hearing.**

## RESPONSES TO MOTION TO DISMISS

1. Defendants admit the allegations in Paragraph 1 of the Motion to the extent that an aggregate loan in the amount of $4,000,000.00 was made (collectively "the Loan") subject to and to the extent not in conflict with the assertions and claims made in Defendants, 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton, Counterclaims and otherwise denies the allegations contained therein.

2. Defendants deny the allegations in Paragraph 2 of the Motion to the extent of the existence of two documents that are alleged to be promissory notes that contain such terms to the extent documents so provide subject to and to the extent not in conflict with the assertions and claims made in Defendants, 2999TC LP, LLC's, JMJ Development, LLC's, and Tim Barton's, Counter-Claims.

3. Subject to and to the extent not in conflict with the assertions and claims made in Defendants 2999TC LP, LLC's, JMJ Development, LLC's, and Tim Barton's Counterclaims, Defendants admit the allegation in Paragraph 3 of the Motion regarding the existence of four documents asserted to be guarantees, but asserts that each of the documents (two in the name of Barton in his individual capacity, and two in the name of JMJ Development) is either void, voidable, invalid, or unenforceable including by reason of material modification of the associated Notes subsequent to their execution without the consent of the Defendants and as further stated in Defendants' counterclaims. Defendants further assert that the Notes themselves are void, voidable, invalid, or unenforceable similarly due to their material modification subsequent to execution with the consent of the Defendants and as further asserted in Defendants' counterclaims.

4. Defendants deny the allegation in Paragraph 4 of the Motion that it failed to make timely payment, and that it only tendered its first interest-only payment subsequent to a threat to accelerate the Loan.

5. Defendants admit that Barton attended a meeting with a representative of one or more Plaintiffs and otherwise deny the allegations in Paragraph 5 of the Motion.

6. Defendants admit the allegation in Paragraph 6 of the Motion that Plaintiffs presented a written demand requesting an overdue payment by April 6, 2020 and that no payment was made thereafter in response to such demand, and otherwise, Defendants deny the allegations in Paragraph 6. Defendants would note that Plaintiffs' representative refused to permit Defendants' counsel (who was present at such office where the meeting occurred) or any other person to attend such a meeting or review any document(s) presented at such meeting.

7. Defendants admit the allegation in Paragraph 7 of the Motion only to the extent that the last payment made was in January of 2020, and otherwise, Defendants deny the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8 of the Motion as to the commencement of the referenced State Court Lawsuit, the causes of action asserted, and that the Defendants did not assert counterclaims against Plaintiffs in the State Court Lawsuit. Otherwise Defendants deny any other allegations.

9. Defendants admit the allegations in Paragraph 9 of the Motion that Plaintiffs did file a Motion for Summary Judgment on July 23, 2020 against Defendants on Plaintiffs' claims for breach of certain Notes and Guaranties; that the original hearing was scheduled for August 20, 2020 which was continued until October 16, 2020; and that Defendants requested time for discovery. Defendants deny the allegation that they are in breach or that they would owe attorney's

fees requested in the original petition since applicable law, including Chapter 38 of the Texas Civil Practice and Remedies Code, does not provide for such entitlement.

10. Defendants admit the allegation in Paragraph 10 of the Motion regarding the timing of the Debtor's filing for bankruptcy protection under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) and the filing of the Notice of Removal of the State Court Action to this Bankruptcy Court. Defendants admit the allegations in Paragraph 10 of the Motion that due to the bankruptcy filing, the hearing on the Motion for Summary Judgment did not occur. Defendants admit that Plaintiffs' counsel indicated to the Court that Plaintiffs intended to non-suit their claims in this Court and return to State Court to proceed with the Motion for Summary Judgment against Defendants JMJ and Barton. However, Defendants deny that they did not conduct any additional discovery. Defendants served multiple sets of requests for interrogatories and production between July 28, 2020 and August 7, 2020. *Although Plaintiffs filed certain responses to the interrogatories and production requests, they have still failed to produce any responsive documents much less by the date such documents were due despite stating in their production response they would produce the requested documents.* Nonetheless, Defendants filed a substantive response to the motion for summary judgment which refuted every claim made by Plaintiffs and even every element that Plaintiffs needed to prove, and Defendants were confident they would prevail at the hearing. Obviously, Defendants will soon be filing motions to compel production of such documents. And until such documents have been produced, it would be premature for Defendants to conduct depositions. Furthermore, Defendants have produced hundreds of pages of documents responsive to Plaintiffs' production requests along with responses to their interrogatory requests. Thus, such lack of discovery in this case as asserted by the Plaintiffs is solely the result of Plaintiffs' own conduct and bad faith. Otherwise, Defendants deny the allegations in paragraph 10.

11. Defendants admit the allegation in Paragraph 11 of the Motion that it first filed counterclaims against the Plaintiffs in the instant case in *2999TC LP, LLC, JMJ Development, LLC and Tim Barton Defendants' Original Counter-Claims* [Dkt. No. 5]. Defendants deny the other allegation in Paragraph 11 of the Motion including that such counterclaims were filed to prevent Plaintiffs from proceeding on the merits in State Court and that such counterclaims are "affirmative defenses plead [sic] in the form of a request for declaratory judgment." Even if they are viewed as Affirmative defenses they would still prevent the granting of a summary judgment based on the motion originally filed by Plaintiffs in state court.

12. Defendants deny the allegation in Paragraph 12 of the Motion that dismissal of the Debtor is appropriate. Defendants object to such dismissal because a determination that Debtor is in default of valid and enforceable Notes and has no defenses is necessary to give rise to any claims being asserted against the other Defendants and because the Defendants have asserted actionable counterclaims against the Plaintiffs that are applicable to this adversary action and the underlying bankruptcy case along with other reasons as stated herein. Defendants deny the allegation in Paragraph 12 regarding remand of the State Court case back to such court due to a lack of conditions permitting mandatory abstention under 28 U.S.C. § 1334(c)(2), and *since the counterclaims asserted by the Defendants in this adversary action are integrally linked to the bankruptcy action nullify both the conditions for permissive abstention under 28 U.S.C. § 1334(c)(1) and those for equitable remand under 28 U.S.C. § 1452(b).*

13. Defendants admit the allegation in Paragraph 13 of the Motion regarding the standard for a plaintiff's motion for voluntary dismissal typically available in Federal court, but not as it would apply to this case including as related to proceedings in the Federal bankruptcy court. Debtor notes that the Court's discretion to order such dismissal is limited by additional

statutory language not provided by the Movant that states that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). Debtor asserts that its counterclaims along with those of the other Defendants are integrally linked to both the bankruptcy action and that the associated adversary matter rendering independent adjudication of such counterclaims is impractical and prejudicial to the rights of the Debtor. Further, Movant states that the Fifth Circuit has held that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Robles v. Atlantic Sounding Co., Inc.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003). Here, dismissal of the Debtor from this suit would constitute a refusal to consider the merits of the Debtor's counterclaims against the Plaintiff and their relation to the underlying bankruptcy case, which would clearly be prejudicial to the Debtor, as well as to the other Defendants. It is important to note that "[t]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201 (N.D. Tex. 1988) (citing *LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604* (5th Cir. 1976)). Moreover, any claims asserted against Defendants Barton and JMJ are contingent upon a finding that the Notes are valid and enforceable promissory notes, that Debtor has, in fact, defaulted on its obligations thereunder, and that no applicable affirmative defenses proven by Debtor apply. Any claims related to the Notes asserted by Plaintiffs would have to include 2999TC as the maker as it is likely the only party that has any standing to assert claims or defenses related to the Note and certain other agreements, such as certain membership agreements and a conversion option agreement which it was a party to as part of the overall

transaction. If the case proceeds in state court without the Debtor, then not only would the other Defendants be prejudiced because they would potentially have no standing to defend against such a default of the Notes, on which they are not a party to, but any determination of a default of the Notes would be prejudicial against the Debtor because it would have no opportunity to defend itself or prove up any affirmative defenses. Furthermore, the other Defendants would likely have no standing to assert and prove up those affirmative defenses of the Debtor as related to the Notes which would materially affect the claims against the other Defendants as related to any alleged guaranteed obligations under the Notes. Obviously, dismissal of the Debtor would substantially prejudice all Defendants. "Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense." *Robles* at 275. Moreover, the counterclaims asserted by the Debtor are integrally linked to interests of the other Defendants including because seeking declaratory relief under section 37.006 of Texas Civil Practices and Remedies Code requires that "all persons who have or claim any interest that would be affected by the declaration must be made parties." Not only is dismissal of the Debtor prohibited by such state code but dismissal of the Debtor from this action will undoubtedly prejudice the remaining Defendants for the foregoing reasons. Finally, the overall transaction between the parties involved more than payment obligations under or breach of simple non-negotiable notes with personal guaranties but the entire transaction incorporated multiple other agreements and conditions involving the Plaintiffs and all Defendants including pledge agreements, call options, and conversion option agreements which collectively formed the basis of the collective transaction and which affect the rights and obligations of all parties thereunder. Thus, dismissal would not be appropriate. This is further illustrated by the likelihood, if the case proceeded in the state court without Debtor (or even if originally filed in state court without

Debtor), Debtor would likely have to be joined anyway under Tex. R. Civ. P. 39 which requires a party to be joined if "(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." The Debtor would necessarily be joined if just one section of Tex. R. Civ. P. 39 applied, but in this case, the facts would require joinder of the Debtor under any section. Thus, if Debtor's joinder would be required, then dismissing the Debtor and proceeding in the state case would serve no purpose and would not be appropriate.

14. Defendants admit the allegation in Paragraph 14 of the Motion to the extent that it is a faithful representation or interpretation of cited case law, but denies the allegation that such is applicable here because the Debtor (and the other Defendants) will certainly suffer plain legal prejudice as articulated *supra*. Furthermore, the facts and application of law under the cited case law are substantially distinguishable from those in this case to the extent the requested dismissal would not be appropriate.

15. For the reasons stated above, Defendants deny the allegation in Paragraph 15 of the Motion that the Debtor will not be prejudiced should this Court dismiss Plaintiff's claims. Defendants deny the allegation in Paragraph 15 of the Motion that "Defendants now assert a declaratory judgment claim" to the extent that such allegation infers only a single claim was made by Defendants' request for a declaratory judgment. Defendants admit that its counterclaims included a request to hold the "Guaranties and Notes are void and/or invalid" but deny that such a request is the limit of what Defendants seek in its counterclaims. Defendants further deny that

"[t]he dismissal proposed [in the Motion] in no way limits or prohibits the Defendants' ability to continue litigation against the Plaintiffs with respect to the Counterclaims" and deny the assertion that the proposed dismissal of the Plaintiffs' claims against the Debtor (which would force the Defendants, including the Debtor to separately pursue such counterclaims in State Court) is appropriate for multiple reasons including as stated above and as follows:

a. As previously stated above, certain counterclaims asserted by the Defendants including related to any guaranties or other agreements are directly affected by a determination on whether the Notes are valid and enforceable and if so a determination of whether such were defaulted on by the Debtor or whether any affirmative defenses of the Debtor apply. However, only the Debtor is a party to the Notes and is thus the only party that could or would likely be permitted to assert such claims and defense under the Notes. Thus, the Defendants' ability to continue litigation against the Plaintiffs would be substantially impaired and the parties prejudiced if the state action only were to proceed against the Defendants Barton and JMJ.

b. The counterclaims are integral to the Debtor's interests in its bankruptcy proceedings. For instance having multiple courts consider such interests are not conducive to judicial economy because multiple Defendants are requesting identical relief, duplicative discovery and depositions would be needed, and because it would force the same issue relating to multiple defendants to be litigated in multiple venues resulting in the possibility of conflicting judicial outcomes. Furthermore, Debtor is a required party to the counterclaims and any action in the state court involving such causes of action necessarily must include 299TC, JMJ,

and Barton. When a declaratory relief is sought, section 37.006 of Texas Civil Practices and Remedies Code requires that "all persons who have or claim any interest that would be affected by the declaration must be made parties." Obviously, Debtor would have an interest in the relief being sought including because certain counterclaims have been asserted by all Defendants, including Debtor. Defendants deny the allegation that the proposed dismissal does not limit the ability to continue litigation against Plaintiffs with regard to the counterclaims since it forces the separate Defendants (including Debtor) to expend limited resources to litigate the same, related matter in multiple venues.

Defendants deny the allegation in Paragraph 15 of the Motion that dismissing the claims against the Debtor "increases the potential recovery for other creditors of the bankruptcy estate." Any payment obligations found to be owed to Plaintiffs by JMJ and/or Barton as guarantors derive from any defaulted payment obligations that are found to be owed by Debtor under the Notes. In such event, JMJ and/or Barton is entitled to be made whole by Debtor. And just because the Plaintiffs dismiss the Debtor from the case does not mean that Plaintiffs are releasing Debtor from any obligations found to be owed under the Notes. Thus, such an argument that any other creditor recoveries would be increased by dismissing 2999TC is simply a fallacy.

16. Defendants deny the allegation in Paragraph 16 of the Motion that the cited cases are inapposite here because they deal with a movant who suffers an adverse legal decision prior to moving for voluntary dismissal. In fact, this case holds to the proposition that a motion for voluntary dismissal should *not* be granted if the non-moving party "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Robles*, 77 Fed Appx. at 275. It is clear from the language of this case holding that it applies as to a non-movant and refers to *future*

harm it would endure as a result of a present decision by a court. Any discussion of adverse legal action prior to filing the Motion, or the stage in litigation in which the State Court suit finds itself, is thus not relevant to the matter at hand. The Debtor is not required to admit or deny the allegation in Paragraph 16 of the Motion regarding the Plaintiff's conjecture that it might have prevailed in a hearing on its Motion for Summary Judgment in the State Court suit. Defendants admit the allegations as to the age of the State Court suit, the timing of the filing of the Motion for Summary Judgment therein. Debtor denies that little discovery has been conducted except that Plaintiffs have produced little discovery despite being required to do so. Debtor is not required to admit or deny the allegation as to the Plaintiff's assessment that "significant time and effort" has not been spent to litigate the State Court suit, and further asserts that such is irrelevant. Debtor denies the allegation that this case is "in its infancy" since litigation has been ongoing for more than six months.

17. Defendants deny the allegations in Paragraph 17 of the Motion that Plaintiffs are not attempting to deprive Debtor of particular forum-specific defenses, and further that Debtor would not lose any forum-specific defenses resulting from the Court's granting Debtor's dismissal without prejudice.

18. Defendants deny the allegations in Paragraph 18 of the Motion including that Debtor has abused the bankruptcy process by filing its petition to avoid hearing in the State Court action on the Motion for Summary Judgment filed therein, to obtain a more favorable venue, and to further Barton's "personal agenda," but asserts that the removal of the State Court suit to this Court was conducted because of the integral linkage of issues and questions of law in the State Court suit that have a significant and undeniable bearing on these bankruptcy proceedings. Defendants deny the allegations in Paragraph 18 of the Motion as to the impetus for development

of its request for declaratory judgment. Defendants deny the allegation in Paragraph 18 of the Motion as to Barton's relationship to 2999TC and JMJ. Defendants further deny Plaintiffs' assertion that Barton is attempting to avoid personal liability by trying to marry the State Court Lawsuit and this case with a completely unrelated involuntary bankruptcy proceeding that was filed against completely separate entities that are entirely unrelated to this case and where this is no indication that such proceedings involve any personal liability of Barton. Thus, Plaintiffs' assertions have no basis in fact and are wholly without merit. Debtor further denies Plaintiffs' assertions and inference that the counterclaims were filed only as a response to learning of Plaintiffs' intent to nonsuit the Debtor considering that Debtor had been diligently working on the drafting and filing of such counterclaims prior thereto and such counterclaims were filed very shortly after such learning of such notice on the same day in less time than it would have taken to draft the counterclaims if such had begun upon receiving such notice, and thus, Defendants' counterclaims were not simply filed in response to the learning of the intended nonsuit.

19. Defendants deny the allegation in Paragraph 19 of the Motion that the Debtor is a "shell-entity" with no operations, employees, or assets. Defendants are not required to admit or deny the allegation as to the Plaintiffs' lack of desire to continue litigation against the Debtor, and assert that the Plaintiffs have no claim against the Debtor as stated in Defendants' counterclaims including as the result of their conduct and their material post-execution alteration of the Notes mentioned *supra* without notice to, or approval of, the Debtor or the guarantors of said notes, namely JMJ and Barton. Defendants deny the assertion that dismissal against the Debtor of this cause of action would be appropriate for the reasons stated in paragraphs 13, 15, and elsewhere above.

20. Defendants deny the allegation in Paragraph 20 of the Motion as to the applicability of either Fed. R. Civ. P. 41(a)(2) and Fed. R. Bankr. P. 7041 to this matter, and assert that dismissal of Plaintiff's claim as to the Debtor in these proceedings would be inapposite for the reasons mentioned heretofore.

21. Defendants deny the allegation in Paragraph 21 of the Motion regarding remand of the State Court case back to such court due to a lack of conditions permitting mandatory abstention under 28 U.S.C. § 1334(c)(2), and since the counterclaims asserted by the Defendants in this adversary action are integrally linked to the bankruptcy action nullify both the conditions for permissive abstention under 28 U.S.C. § 1334(c)(1) and those for remand for reasons of equity under 28 U.S.C. § 1452(b). Debtor denies the allegation that abstention and remand are necessary due to jurisdictional and constitutional authority concerns.

22. Defendants admit the allegation in Paragraph 22 of the Motion regarding the categories of proceedings and their definitions, but notes that the cited case law holds to the premise that since all the categories operate conjunctively, to determine the scope of the bankruptcy court's jurisdiction, "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy," i.e. "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). Here, the Defendant's counterclaims against the Plaintiffs would have just such an effect on the administration of the estate in bankruptcy.

23. Defendants deny the allegation in Paragraph 23 of the Motion to the extent that the Plaintiffs' argument ignores the premise, stated in paragraph 22 *supra*, that the Court need only determine whether a matter is at least "related to" the bankruptcy for the Court to have jurisdiction. Since it has been established that the Defendants' counterclaims create just such a relation thereby

establishing this Court's jurisdiction, Defendants deny the allegation in Paragraph 23 of the Motion that no "related to" jurisdiction applies. Additionally, the Plaintiff's rationale as to whether jurisdiction of this Court exists *after* the Plaintiff's claims are dismissed (regardless of whether categorized as "arising under," "arising in" or "related to") is irrelevant since the Court's jurisdiction in this matter *currently* exists by virtue of the integrally related claims and counterclaims of the parties. Defendants deny the allegation in Paragraph 23 of the Motion that remand is necessary for lack of subject matter jurisdiction, for the reason that jurisdiction does indeed exist as previously stated.

24. Defendants deny the allegations in Paragraph 24 of the Motion that the "post-dismissal claims are not core" and that this Court has no constitutional authority to enter a final order on the Debtor's counterclaims because the promissory notes that underlie the bankruptcy are integrally linked to the prosecution of these bankruptcy proceedings, and since they include matters concerning administration of the estate and counterclaims by the estate against a party asserting a claim against the estate. 28 U.S.C. § 157(a) and (c). Defendants note that the cited case law only holds to the proposition that a bankruptcy court would lack constitutional authority to render a final judgment as to a counterclaim when such counterclaim is only remotely related to an initial claim, rendering any proceeding concerning it as a "non-core proceeding." *Stern v. Marshall*, 564 U.S. 462, 463, 498-99 (2011). Here, the counterclaims are closely and integrally related to the Plaintiffs' claims, thereby rendering this Court's consideration of such counterclaims a "core" proceeding. Debtor denies the allegation in Paragraph 24 of the Motion that the Plaintiffs' initial claim and the Defendants' associated counterclaims can be adjudicated post-dismissal in independent fashion due to the integral relationship between the two. Debtor denies the allegation

in Paragraph 24 that there is any lack of constitutional authority that would support Plaintiff's argument for abstention and remand for reasons expressed *supra*.

25. Defendants deny the allegation in Paragraph 25 of the Motion that mandatory abstention is required under the extant circumstances in this case. Defendants assert that this Court's jurisdiction exists due to the interrelated nature of the claims and counterclaims and the fact that the proceedings on such should be considered "core" matters. While Defendants admit the allegation that an action involving these parties was indeed commenced in State Court, the Plaintiffs have provided no evidence that "the action can be timely adjudicated in state court." Plaintiffs only presume that such is the case. Debtors deny the allegations in Paragraph 25 of the Motion that this Court lacks jurisdiction under 28 U.S.C. § 1334(b), and that claims and related counterclaims are non-core matters for reasons articulated *supra*. Defendants admit the allegation in Paragraph 25 of the Motion regarding the State Court's schedule regarding hearing on these claims and counterclaims, but denies that such indicates that the future adjudication of such matters would be any more timely than in this Court. Defendants deny the allegation in Paragraph 25 of the Motion that the conditions requiring abstention and remand of these matters to the State Court exist.

26. Defendants deny the allegation in Paragraph 26 of the Motion that this Court should decline to exercise jurisdiction and remand the case based on the principles of permissive abstention or equitable remand. Defendants admit the allegation in Paragraph 26 of the Motion that the cited case law is a faithful representation of the holdings in such, but deny the allegation that such is applicable here since it presumes that (1) equitable grounds exist that would permit (albeit not mandate) remand, and that (2) if this Court abstains from hearing these matters and remands such, the matter can be "timely adjudicated." As noted, both are merely presumptions

made by the Plaintiffs. In fact, since any decision as to the claims of the Plaintiffs and counterclaims of the Defendants have implications on the development of a Chapter 11 Plan of Reorganization, and the treatment of all of the Debtor's creditors (and equity holders) thereunder, the assertion, ( or more accurately presumption) that equity may be had by both parties without consideration of such implications in bankruptcy is a fallacy.

27. Defendants admit the allegation in the first sentence of Paragraph 27 of the Motion to the extent that it is a faithful quotation of the cited case law, but Debtors note that the context in which such citation is applicable only applies to situations where "there is no basis for federal jurisdiction independent of § 1334" coupled with the certainty that "litigation can be timely completed in state court." *J.T. Thorpe Co. v. Am. Motorists*, No. H-02-4598, 2003 U.S. Dist. LEXIS 26016 at *21 (S.D. Tex. 2003). While Plaintiffs may argue that the Court's jurisdiction here might not be independent of § 1334, they cannot argue with certainty that the litigation may be completed more timely in state court that in this Court. As such, circumstances here, do not weigh in favor of remand. Defendants admit the allegation in Paragraph 27 of the Motion as to the fourteen factors to be considered by a Court when deliberating whether to remand a case to the extent that such is a faithful representation of the cited case law.

28. Defendants deny the allegation in Paragraph 28 of the Motion that such factors weigh strongly in favor of abstention and remand.

a. Defendants deny the allegation in Paragraph 28 of the Motion as to the certainty that there will be no adverse effect of abstention and remand because to know that would require prescience of the State Court's decision concerning the Plaintiff's claims and the Defendants' counterclaims which could, at some point, return this case to the Bankruptcy Court.

b. The Defendants deny the allegation in Paragraph 28 of the Motion that "the only issues involved here are state law issues" since the claims of the Plaintiffs against the Defendants initiated the State Court matter, and that due to the integrally linked counterclaims of all the Defendants (including the Debtor), such issue has implications in these bankruptcy proceedings.

c. Defendants admit the allegation in Paragraph 28 of the Motion that the State Court matter was pending prior to the Petition Date.

d. Defendants admit the allegation in Paragraph 28 of the Motion that the basis of this Court's jurisdiction is rooted in 28 U.S.C. § 1334.

e. Defendants deny the allegation in Paragraph 28 of the Motion that the State Court suit has only a remote relation (or none at all) to the bankruptcy case by virtue of the aforementioned integral relation between the Plaintiff's claims and the Defendants' counterclaims.

f. Defendants admit the allegation in Paragraph 28 of the Motion that the substance of the State Court case deals with only state law issues, but Defendants note that such is a misstatement of the factor for consideration here which is the *substance of the asserted core proceeding*. Here such substance (i.e the Plaintiffs' claims and the Defendants' counterclaims) involves matters concerning administration of the estate and counterclaims by the estate against a party asserting a claim against the estate as envisioned by 28 U.S.C. § 157(a) and (c).

g. Defendants deny the allegation in Paragraph 28 of the Motion that the matter at hand involves no core bankruptcy matter is involved, but they admit the allegation that there is no need to sever this issue from these bankruptcy proceedings.

Determination of a claim in a bankruptcy case is a core matter. As here whether the Plaintiffs have valid claims against the Debtor is a core issue.

h. Defendants deny the allegation in Paragraph 28 of the Motion that their filing for bankruptcy protection is forum shopping by the Defendants (including the Debtor).

i. Defendants admit the allegation in Paragraph 28 of the Motion that Plaintiffs have requested and a right to a jury trial in the State Court suit. However, not every request for a jury trial actually obtains a jury trial. The Plaintiffs in state court claim they were proceeding on a motion for summary judgment not a jury trial. This Court can decide a motion for summary judgment.

j. Defendants deny the allegation in Paragraph 28 of the Motion as to the number of parties (and/or Defendants in the event that such were the actual subject of the Plaintiffs' accounting).

k. Defendants can neither admit nor deny the allegation in Paragraph 28 of the Motion as to the existence of any comity between this Court and the State Court, but denies the allegation as to the prevalence of judicial economy in State Court since this Court may decide both the issue of the claims and counterclaims, as well as the implications they may have in these bankruptcy proceedings which is not possible in State Court.

l. Defendants deny the allegation in Paragraph 28 of the Motion that any prejudice the Plaintiffs may experience for failure to receive a jury trial is grounds for an equitable remand of the case is a misstatement of the cited case law. Such is only true if a bankruptcy court refuses to remand a case permitting a jury trial in non-core proceedings. As argued *supra*, the proceedings that are the subject of this

Motion are, in fact, core proceedings, thereby making the cited case law inapplicable. Further the Plaintiffs were not proceeding towards a jury trial in state court they were asking for a summary judgment. This Court can adjudicate those claims.

Defendants deny the allegation in Paragraph 28 of the Motion that the Court should abstain and remand the State Court suit to the State Court for further determination for the reasons articulated *supra*.

WHEREFORE PREMISES CONSIDERED, Debtor and the Defendants request the Court deny the relief requested by the Plaintiffs in the Motion in its entirety, and grant such other and further relief to the Debtor and Defendants as the Court may deem just and proper.

Dated: October 30, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYS FOR 2999TC LP, LLC

/s/ Robert F. Kemp
Robert F. Kemp
State Bar No. 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
Telephone: (214) 526-2156
Facsimile: (214) 526-2156
Email: lawyerkemp@cs.com
ATTORNEY FOR JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 30, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

# Appendix I

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR 2999TC LP, LLC

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
ATTORNEY FOR JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD. LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.** | § | |
| **Plaintiffs/Counter-Defendants,** | § | |
| **v.** | § | **ADVERSARY NO. 20-04078-mxm** |
| **2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON** | § | |
| **Defendants/Counter-Plaintiffs.** | § | |

**<u>BRIEF IN SUPPORT OF OBJECTION AND RESPONSE TO PLAINTIFFS' SECOND AMENDED MOTION TO DISMISS DEFENDANT 2999TC, LLC ONLY</u>**

## TABLE OF CONTENTS

I. BRIEF IN SUPPORT OF REPONSE TO MOTION TO DISMISS ........ 4

a. Alleged Acts Voiding the Note and Guaranty ........ 4

II. BRIEF IN SUPPORT OF RESPONSE TO REMAND ........ 7

III. BRIEF IN SUPPORT OF RESPONSE TO ABSTENSION ........ 9

IV. PRAYER FOR RELIEF ........ 13

# TABLE OF AUTHORITIES

## United States Supreme Court Cases

*Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976) .....10
*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S. Ct. 927 (1983) ....9, 10
*Stern v. Marshall*, 564 U.S. 462 (2011) ....8

## Cases

*Acosta v. Gustino*, 478 F. App'x 620 (11th Cir. 2012)....11
*Brown v. Pacific Life. Ins. Co.*, 462 F.3d 384 n.7 (5th Cir. 2006)....10
*Clifford Paper Inc. v. Colonial Press Int'l Inc.*, No. 17-22396-CIV, 2017 U.S. Dist. LEXIS 121686, (S.D. Fla. 2017) ....10, 11, 12
*Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co.*, 130 B.R. 405 (S.D.N.Y. 1991)....9
*Gibbens v. Champion Indus.*, 547 F. App'x 576 (5th Cir. 2013) ....5
*Gump v. Trinity Christian Acad.*, Civil Action No. 3:05-CV-0148-BH (L) Consent 2005 U.S. Dist. LEXIS 15201 (N.D. Tex. 2005)....10
*Jackson-Platts v. GE Capital Corp.*, 727 F.3d 1127 (11th Cir. 2013)....12, 13
*LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir. 1976)....5
*Metro. Nat. Bank v. Vanderpool*, 192 S.W. 589 (Tex. Civ. App.—Amarillo 1917) ....5
*O'Cheskey v. King (In re Am. Hous. Found.)*, 2015 Bankr. LEXIS 1041 (Bankr. N.D. Tex. 2015) ....5
*Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201 (N.D. Tex. 1988) ....5
*RepublicBank Dall., Nat. Ass'n v. McIntosh*, 828 F.2d 1120 (5th Cir. 1987)....10
*Robles v. Atlantic Sounding Co., Inc.*, 77 Fed. Appx. 274 (5th Cir. 2003)....5, 6
*Tharpe v. Illinois Nat'l Ins. Co.*, 199 F.R.D. 213 (W.D. Ky. 2001)....4
*Wash. Int'l Ins. Co. v. Keeney*, 2020 U.S. Dist. LEXIS 132913 (E.D. Tex. 2020)....10
*Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir. 1987) ....7

## Rules

TEX. CIV. PRAC. & REM. CODE § 37.006....6
TEX. R. CIV. P. 39....7

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW 2999TC LP, LLC ("Debtor"), JMJ Development, LLC ("JMJ") and Tim Barton ("Barton"), (collectively "Defendants"), Defendants in the above-referenced case and file this *Brief in Support* of their *Objection and Response to Plaintiffs' Amended Motion to Dismiss Defendant 2999TC, LLC Only* (the "Motion") and would respectfully show this Court as follows:

## I. BRIEF IN SUPPORT OF RESPONSE TO MOTION TO DISMISS

1. While dismissal of claims under FED. R. CIV. P. 41 is appropriate in certain instances, in this particular case a dismissal will not facilitate resolution of the underlying dispute and only serves to bifurcate the issues before this Court and another court. Further, there is nothing to prevent the Plaintiffs from refiling their claims in another Court after seeking relief from the stay. As such, dismissing Plaintiffs' claims here would require dismissal with prejudice to prevent the inevitable bifurcation of the controversy if Plaintiffs dismiss their claims solely against the Debtor.[1]

2. Plaintiff's proposed dismissal solely as to the Debtor runs the risk of bifurcating the controversy because the Debtor and the other Defendants (the "Guarantors") have pled counterclaims which if sustained, mean the underlying loan and guaranty upon which the Plaintiffs sue are void and unenforceable as to the Debtor and the guarantors.

### a. Alleged Acts Voiding the Note and Guaranty

3. Specifically, unbeknownst to the Defendants, after Defendants executed the loan documents the Plaintiffs altered the Note by removing a provision granting Debtor the right to prepayment the Note without penalty. Plaintiffs' unauthorized alteration of the Note rendered it

[1] Tharpe v. Illinois Nat'l Ins. Co., 199 F.R.D. 213, 214 (W.D. Ky. 2001)("Where overlapping issues are closely interwoven such that some of the same evidence may be presented twice, judicial economy is best served by a single trial.").

void, as there was no meeting of the minds concerning a material term of the contract.[2] Where there is no meeting of the minds, the contract is void for lack of consent.[3]

4. Debtor asserts that its counterclaims along with those of the other Defendants are integrally linked to the Debtor's reorganization, administration, and maximization of the bankruptcy estate; such that independent adjudication of the counterclaims is impractical and prejudicial to the rights of all the Defendants.

5. The Fifth Circuit discourages granting motions for voluntary dismissal when the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.[4] Here, even if dismissal of the Plaintiffs' claims against Debtor were granted, this would not dismiss the Debtor's counterclaims in the Adversary. As such, this Court is the proper Court to determine the validity of the Note as to the Debtor and the validity of the guaranty as to the other Defendants, which necessarily relies on the validity of the Note.[5] It is important to note that "[t]he basic purpose of Rule 41(a)(2) is to permit the plaintiff, with court approval, to voluntarily dismiss an action **so long as no other party will be prejudiced**."[6]. Here, the Debtor would clearly be prejudiced by retention of the counter-claims in the bankruptcy court, while facing the likelihood of having to defend against the same claims in a state court forum, should the claims be dismissed without prejudice.

[2] Metro. Nat. Bank v. Vanderpool, 192 S.W. 589, 590 (Tex. Civ. App.—Amarillo 1917)("The general rule is that any alteration which is material and made without the consent of the party sought to be charged thereon at any time after its execution renders it void as to them, even in the hands of an innocent holder.")
[3] Gibbens v. Champion Indus., 547 F. App'x 576, 579 (5th Cir. 2013).
[4] Robles v. Atlantic Sounding Co., Inc., 77 Fed. Appx. 274, 275 (5th Cir. 2003).
[5] O'Cheskey v. King (In re Am. Hous. Found.), 2015 Bankr. LEXIS 1041, at *48 (Bankr. N.D. Tex. 2015) ("without a debt, there can be no valid guaranty.")
[6] Radiant Tech. Corp. v. Electrovert USA Corp., 122 F.R.D. 201, 202 (N.D. Tex. 1988) (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)).

6. The co-Defendants would likewise be prejudiced by potentially being denied standing to assert defenses that are exclusive to the Debtor.

7. "Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense."[7]

8. Moreover, the counterclaims asserted by the Debtor are integrally linked to interests of the other Defendants because seeking declaratory relief under TEX. CIV. PRAC. & REM. CODE § 37.006 requires that "all persons who have or claim any interest that would be affected by the declaration ***must*** be made parties."[8] (emphasis added). Not only is dismissal of the Debtor prohibited by such state code, but dismissal of the Debtor from this action will undoubtedly prejudice the remaining Defendants for the same reasons.

9. Finally, the overall transaction between the parties involved more than payment obligations under, or breach of, simple non-negotiable notes with personal guaranties, but the entire transaction incorporated multiple other agreements and conditions involving the Plaintiffs and all Defendants including pledge agreements, call options, and conversion option agreements which collectively formed the entirety of the transaction and which affect the rights and obligations of all parties thereunder.

10. Thus, dismissal would not be appropriate. This is further illustrated by the likelihood, if the case proceeded in the state court without Debtor (or even if originally filed in state court without Debtor), Debtor would likely have to be joined anyway under TEX. R. CIV. P. 39 which requires a party to be joined if "(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is

---

[7] Robles at 275.
[8] TEX. CIV. PRAC. & REM. CODE § 37.006.

so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."[9] Under the facts alleged, the Court should find that joinder of the Debtor would be necessary and proper. Thus, if Debtor's joinder would be required, then dismissing the Debtor to allow proceeding in the state case would serve no purpose and would not be appropriate.

11. The reality is there is nothing preventing the Plaintiffs from proceeding on their Motion for Summary Judgment in this Court with the inclusion of the Debtor as a defendant.

## II. BRIEF IN SUPPORT OF RESPONSE TO REMAND

12. Since the counterclaims asserted by the Defendants in this adversary action are integrally linked to the administration of the bankruptcy estate, they nullify both the conditions for permissive abstention under 28 U.S.C. § 1334(c)(1) and those for remand for reasons of equity under 28 U.S.C. § 1452(b). Debtor denies the allegation that abstention and remand are necessary due to jurisdictional and constitutional authority concerns.

13. To determine the scope of the bankruptcy court's jurisdiction, "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy," i.e. "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[10] Here, the Defendants' counterclaims would have just such an effect on the administration of the estate in bankruptcy, particularly as it relates to allowability of claims.

14. The Plaintiff's rationale as to whether jurisdiction of this Court exists *after* the Plaintiff's claims are dismissed (regardless of whether categorized as "arising under," "arising in"

[9] TEX. R. CIV. P. 39.
[10] Wood v. Wood (In re Wood), 825 F.2d 90, 93 (5th Cir. 1987).

or "related to") is irrelevant since the Court's jurisdiction in this matter *currently* exists by virtue of the integrally related claims and counterclaims of the parties.

15. Defendants note that Plaintiffs' cited case law only holds to the proposition that a bankruptcy court would lack constitutional authority to render a final judgment as to a counterclaim when such counterclaim is only remotely related to an initial claim, rendering any proceeding concerning it as a "non-core proceeding."[11] Here, the claims and counterclaims involve the administration of the bankruptcy estate, thereby rendering this Court's consideration of such matters a "core" proceeding. Based on the foregoing there is no reason to remand this proceeding to state court.

16. Also, while Defendants admit the allegation that an action involving these parties was indeed commenced in State Court, the Plaintiffs have provided no evidence that "the action can be timely adjudicated in state court.

17. While Plaintiffs may argue that the Court's jurisdiction here might not be independent of 28 U.S.C. § 1334, they cannot argue with certainty that the litigation may be completed more timely in state court than in this Court. As such, circumstances here, do not weigh in favor of remand. Consider:

a. There will be an adverse effect of abstention and remand because the Plaintiffs are trying to proceed without the Debtor which they cannot under the facts in this case.
b. While the issues involve State of Texas contract law, the overall matter effects the administration of the bankruptcy estate.
c. Defendants deny that their filing for bankruptcy protection is forum shopping by the Defendants.

---

[11] Stern v. Marshall, 564 U.S. 462, 463, 498-99 (2011).

d. Although Plaintiffs had requested a jury trial in the State Court suit, the Plaintiff's are only proceeding on a motion for summary judgment not a jury trial. This Court can determine a motion for summary judgment.

e. Defendants deny the allegation as to the prevalence of judicial economy in State Court since this Court may decide both the issue of the claims and counterclaims, as well as the implications these rulings may have on the administration of the bankruptcy estate, which is not possible in State Court.

f. Defendants deny any prejudice the Plaintiffs would suffer for failure to receive a jury trial is grounds for an equitable remand. Case law is clear-- such is only true if a bankruptcy court refuses to remand a case permitting a jury trial in a non-core proceeding.[12] As argued *supra*, the proceedings that are the subject of this Motion are, in fact, core proceedings, thereby making the cited case law inapplicable. Further the Plaintiffs were not proceeding towards a jury trial in state court, they were asking for a summary judgment. This Court can adjudicate those claims.

## III. BRIEF IN SUPPORT OF RESPONSE TO ABSTENSION

18. Admittedly, it is up to this Court's discretion to defer to the State Court, but to say that it has discretion "is not to say that its discretion is unreviewable; such discretion must be exercised under the relevant standard prescribed by this Court."[13]

19. The legal standard applied to such cases involves a two-pronged test. First, the Court "must first consider whether the state and federal claims are parallel,".i.e. that claims

[12] Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co., 130 B.R. 405, 409 (S.D.N.Y. 1991).
[13] Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 19 (1983).

"involve the same parties and the same issues."[14] If the cases are indeed parallel, the Court must then determine if "exceptional circumstances" exist that would weigh in favor of abstention.[15] Six factors indicate whether such "exceptional circumstances" exist: (1) assumption by either state or federal court over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[16]

20. In applying this *Colorado River* doctrine, "[t]he decision to abstain must be based on a careful balancing of important factors as they apply to a case, "with the balance heavily weighted in favor of the exercise of jurisdiction."[17] The Supreme Court in *Colorado River* made clear that "no one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required."[18] The *Colorado River* factors are not to be treated as a "mechanical check list," but instead are to be carefully balanced and applied "with the balance heavily weighted in favor of the exercise of jurisdiction."[19] The particular circumstances of the case (which vary from one case to the next) determine the weight to give any one factor will vary from case to case.[20]

---

[14] Brown v. Pacific Life. Ins. Co., 462 F.3d 384, 395 n.7 (5th Cir. 2006) (citing RepublicBank Dall., Nat. Ass'n v. McIntosh, 828 F.2d 1120, 1121 (5th Cir. 1987)). See also Clifford Paper Inc. v. Colonial Press Int'l Inc., 2017 U.S. Dist. LEXIS 121686, at *8 (S.D. Fla. 2017).
[15] Wash. Int'l Ins. Co. v. Keeney, 2020 U.S. Dist. LEXIS 132913, at *6-7 (E.D. Tex. 2020).
[16] Id. See also Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 818-19 (1976).
[17] Wash. Int'l Ins. Co., 2020 U.S. Dist. LEXIS 132913, at *7.
[18] Gump v. Trinity Christian Acad., 2005 U.S. Dist. LEXIS 15201, at *5 (N.D. Tex. 2005).
[19] Moses H. Cone Mem'l Hosp., 460 U.S. at 16.
[20] Gump, 2005 U.S. Dist. LEXIS 15201, at *5-6.

21. Defendants argue that the cases, while involving integrally related matters, i.e. the claims of the Plaintiffs in opposition to the counterclaims of the Defendants, the cases themselves are not *parallel*, since the prosecution of a bankruptcy case involves matters far beyond those involving only adjudication of the aforementioned Notes and Guaranties (and the validity thereof), and involve parties that encompass more than just the two parties involved in the State Court litigation, namely all of the Debtor's creditors in bankruptcy. The Plaintiffs on the other hand would argue that the controversy between the Plaintiff and the Debtor is at issue is the only substantive issue here. This controversy, however, is substantive to the Court's adjudication of the Debtor's bankruptcy. The substantive nature of the Court's involvement in the bankruptcy is *the* metric for assessing the propriety of abstention since such abstention would mean that the bankruptcy Court would "have nothing further to do in resolving [such a] substantive part of the case….".[21] Here, it is apparent that circumstances weigh decidedly against finding that the cases are parallel (based on the nature of the questions before the Court and the parties involved, however, it is conceivable that the Court may see congruency between the issues and the parties, which may cause the Court to question its course of action. Should the Court have "any substantial doubt about whether two cases are parallel, the [C]ourt should not abstain."[22]

22. If the Court does deem the cases to be parallel in both issues and parties, it must then turn its attention to the *Colorado River* factors for consideration to determine if exceptional circumstances exist that would warrant abstention. In the instant case, the first factor, "assumption by either state or federal court over a res" weighs in favor of this Court's jurisdiction since this court has assumed authority over administration of the property of the bankruptcy

[21] Clifford Paper Inc., 2017 U.S. Dist. LEXIS 121686, at *8; (citing Moses H. Cone Mem'l Hosp.. 460 U.S. at 28).
[22] Acosta v. Gustino, 478 F. App'x 620, 622 (11th Cir. 2012).

estate, which includes the legal claims (or counterclaims) of the estate, which themselves are integrally tied to the claims of the Plaintiffs.

23. The second factor, the "relative inconvenience of the fora" may be determined by the proximity of the two courts in these related proceedings. The underlying State Court action was filed in the 141st Judicial District Court located at 100 North Calhoun Street, Fort Worth Texas 76196. This Court is located at 501 W. Tenth Street, Fort Worth, TX 76102. As such, the two are located less than one mile from one another. When in close geographic proximity, "the federal forum and the state forum are equally convenient" and the factor "cuts against abstention."[23]

24. The third factor, "avoidance of piecemeal litigation" must look to whether the two cases are "so inextricably intertwined in both their factual and legal issues that dual litigation would likely result in deleterious duplication of judicial resources.[24] When the cases do not duplicate fact and legal issues, abstention would be warranted.[25] Because facts and issues here are so integrally linked as mentioned supra, abstention would be inappropriate.

25. The fourth factor, the "order in which jurisdiction was obtained by the concurrent fora," is concerned not so much with the chronological order in which the parties commenced the concurrent proceedings, but rather it relates to the progress of the proceedings and whether the party availing itself of the federal forum should have acted earlier.[26] Here, while the State Court case was admittedly filed first, the progress of such case was curtailed, as mentioned above by the failure of Plaintiffs both to fully answer discovery and to produce any responsive documents requested in the state court proceeding. As such, the fourth factor weighs in favor of the Debtor.

---

[23] Clifford Paper Inc., 2017 U.S. Dist. LEXIS 121686, at *11 (citing Jackson-Platts v. GE Capital Corp., 727 F.3d 1127, 1141 (11th Cir. 2013)).
[24] Clifford Paper Inc., 2017 U.S. Dist. LEXIS 121686, at *12.
[25] Id.
[26] Id. at 13.

26. As for the fifth factor, the "extent federal law provides the rules of decision on the merits," Plaintiffs would assert that it weighs in favor of abstention because state law will govern all of the parties' claims against each other. "But this factor favors abstention only where the applicable state law is *particularly complex or best left for state courts to resolve*."[27] No such complexity exists that would make it impossible for this Court to decide such issues. The claims that the Plaintiffs raise invoking the Debtor's failure to pay its obligations pursuant to the terms of the Note and any related claims against the guarantors thereof are issues routinely addressed by the Court. Accordingly, the fifth factor therefore does not favor abstention.

27. The sixth and final factor, the "adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction" would be determined by the inability of this Court to protect the rights of one or the other party in the matter for consideration. Here, there is nothing to indicate that this Court is incapable of protecting the rights of either party. When both fora are adequate to safeguard the parties' rights, this factor is merely rendered neutral."[28]

## IV. PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Debtor and the Defendants request the Court deny the relief requested by the Plaintiffs in the Motion in its entirety, and grant such other and further relief to the Defendants as the Court may deem just and proper.

[27] Jackson-Platts, 727 F.3d at 1143.
[28] Id.

Case 4:20-cv-01256-P Document 13-4 Filed 12/28/20 Page 123 of 188 PageID 851

Dated: November 11, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYS FOR 2999TC LP, LLC

/s/ Robert F. Kemp
Robert F. Kemp
State Bar No. 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
Telephone: (214) 526-2156
Facsimile: (214) 526-2156
Email: lawyerkemp@cs.com
ATTORNEY FOR JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 11, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

# Appendix J

Case 4:20-cv-01256-P Document 6-4 Filed 01/26/21 Page 123 of 188 PageID 8271

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In Re: | ) | **Case No. 20-43204-mxm11** |
| 2999TC LP, LLC, | ) | Fort Worth, Texas<br>November 16, 2020 |
| Debtor. | ) | 1:30 p.m. Docket |
| TEJAS GROUP, LTD., et al., | ) | **Adversary Proceeding 20-4078-mxm** |
| Plaintiffs, | ) | |
| v. | ) | - SECOND AMENDED MOTION TO DISMISS (#12)<br>- STATUS CONFERENCE (#1) |
| 2999TC LP, LLC, et al., | ) | |
| Defendants. | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MARK X. MULLIN,
UNITED STATES BANKRUPTCY JUDGE.

WEBEX/TELEPHONIC APPEARANCES:

| | |
|---|---|
| For the Plaintiffs: | Katherine T. Hopkins<br>Joakim Soederbaum<br>KELLY HART & HALLMAN<br>201 Main Street, Suite 2500<br>Fort Worth, TX 76102<br>(817) 332-2500 |
| For Defendant 2999TC LP, LLC: | Joyce W. Lindauer<br>JOYCE W. LINDAUER ATTORNEY, PLLC<br>1412 Main Street, Suite 500<br>Dallas, TX 75202<br>(972) 503-4033 |
| For Defendants JMJ Development, LLC and Timothy Barton: | Robert F. Kemp<br>2815 Valley View Lane, Suite 202<br>Dallas, TX 75234<br>(214) 526-9601 |

Case 4:20-cv-01256-P Document 3-4 Filed 12/28/20 Page 296 of 348 PageID 870



Court Recorder: Jennifer Calfee
UNITED STATES BANKRUPTCY COURT
501 W. 10th Street
Fort Worth, TX 76102
(817) 333-6000

Transcription Service: Kathy Rehling
311 Paradise Cove
Shady Shores, TX 76208
(972) 786-3063

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

FORT WORTH, TEXAS - NOVEMBER 16, 2020 - 3:23 P.M.

THE COURT: Good afternoon, everyone. Judge Mullin again. We're back on the record in the 1:30 docket, and that'll be Tejas Group, Ltd. versus 2999TC LP, LLC.

Ms. Lindauer, go ahead and state your name again and the party you represent for the record.

MS. LINDAUER: Your Honor, Joyce Lindauer for the Debtor, 2999TC LP.

THE COURT: All right.

MS. LINDAUER: And I have Mr. Kemp here also sitting next to me.

THE COURT: All right.

MR. KEMP: Good afternoon, Your Honor. Robert Kemp representing Timothy Barton and JMJ Development.

THE COURT: All right. Good afternoon to you, sir. And then do we have Ms. Hopkins, perhaps?

MS. HOPKINS: Yes, Your Honor. Good afternoon. Katherine Hopkins on behalf of the Plaintiffs. I also have my colleague, Joakim Soederbaum, on the videoconference as well.

THE COURT: All right. Good afternoon to each of you.

All right. Let me get my bearings back up here. Oh, there it is. All right. So, what we have is the Motion to Dismiss as well as the Motion to Remand, which are both set, again, and the status conference in the underlying adversary

proceeding, which, for the record, is 20-4078.

So, how would you like to proceed? Ms. Hopkins, I believe it's probably to you, since both motions are yours.

MS. HOPKINS: Yes, Your Honor. I think initially I'd like to go ahead and request that the Court admit Exhibits -- Plaintiffs' Exhibits A through J.

I think there was an issue at our last hearing with respect to some of the exhibits to Exhibit E, so we're okay with, you know, having the -- just having the Court take judicial notice of those exhibits specifically with respect to Exhibit E.

And then we'd also ask that the Court take judicial notice of all the documents filed in this adversary as well as the underlying bankruptcy case.

THE COURT: All right. I'm sorry. I didn't get all that written down. The Court will -- any objection to the Court taking judicial notice of the adversary proceeding and the documents filed in the underlying bankruptcy case, Ms. Lindauer?

MS. LINDAUER: No objection, Your Honor, --

THE COURT: All right.

MS. LINDAUER: -- to taking notice of those documents.

THE COURT: All right. The Court will take judicial notice of the documents filed in both the underlying

bankruptcy case, so 2999TC LP, as well as in this adversary proceeding.

And then, Ms. Hopkins, I didn't quite catch, on the exhibits, which exhibits did you wish to have admitted versus judicial notice?

MS. HOPKINS: Sure. I guess it would be Plaintiffs' Exhibits A through D would be exhibit -- would be admitted in full. And then also Exhibits F through J would be fully admitted.

And then for Exhibit E, I'd -- assuming that opposing counsel has an objection, which I anticipate is coming, with respect to the exhibits filed to that Exhibit E -- so, let me give you a little bit more -- let me preface this. Exhibit E is the Plaintiffs' Motion for Summary Judgment that was filed in the state court lawsuit. As Your Honor is aware, as is typical for motions for summary judgment, there's a number of exhibits that were filed as exhibits to that Motion for Summary Judgment. At our last hearing a couple weeks ago, opposing counsel objected to the admission for the truth of the matter asserted with respect to, I think, some notes that are exhibits to that Motion for Summary Judgment.

So, assuming that's still the case, which I have no reason to think otherwise, then we're fine with just having the Court take judicial notice of those exhibits. Sorry; it's a mouthful.

THE COURT: No, it's not. That's okay. So, for the record, Ms. Lindauer, any objection to Exhibits A through D and F through J, which each can be found at Docket 27?

MS. LINDAUER: Okay. So, I mean, so, Your Honor, with regard to pleadings, which most of those are pleadings, I think it's appropriate that the Court go ahead and admit those. But, again, anything stated in a pleading is not going to be for the truth of the matter asserted. It's simply those statements in pleadings. So I don't have any problem with those being admitted on that basis, Your Honor.

Actually, I don't have any problem with any of Ms. Hopkins' exhibits being admitted, so long as we're not admitting them for the truth of the matter asserted therein, more just for the fact that they have been filed and they do contain positions of the parties, both our position and their position.

So, Your Honor, on that basis, I really have no objection to any of her exhibits coming in.

THE COURT: All right. Ms. Hopkins, any objection to limiting the offer to that extent?

MS. HOPKINS: Your Honor, I think that's fine with respect to Exhibits A through I. When it comes to Exhibit J, we would request that that come in for the truth of the matter asserted. And we're happy to discuss that.

MS. LINDAUER: Your Honor, it's hearsay, but I'm not

going to raise that issue. I think it's just a notice from the Court that they obtained, and that's fine. So J can come in.

THE COURT: All right.

MS. LINDAUER: That's fine.

THE COURT: All right. So, Exhibits A through J are each admitted. With respect to A through I, it's for a limited purpose, that the assertions, the potential hearsay assertions within each of those pleadings, they're not being admitted for the truth of those. Parties are reserving their rights with respect to those assertions. Is that correct, Ms. Lindauer? And Ms. --

MS. LINDAUER: That is correct, Your Honor.

THE COURT: And Ms. Hopkins, is that fine?

MS. HOPKINS: Yes, Your Honor.

THE COURT: All right.

MS. HOPKINS: We're agreeable to that.

THE COURT: All right. So, based on that limited offer, A through I are each admitted. And J is admitted in full. And, again, those can be found at Docket No. 27. All right.

MS. HOPKINS: Thank you, Your Honor.

(Plaintiffs' Exhibit A through J are received into evidence as specified.)

MS. HOPKINS: And we believe that this argument today

will be primarily legal argument. If Your Honor would like me to just go ahead and dive into it, I'm happy to do so.

THE COURT: Yes, please do.

MS. HOPKINS: Okay. Your Honor, as the Court previously mentioned, we're here today on the Plaintiffs' Second Amended Motion to Dismiss the causes of action against the Debtor only, as well as to abstain and remand the state court lawsuit back to state court for further determination.

Your Honor, the underlying facts here are pretty simple. The Debtor obtained a loan from the Plaintiffs in the amount of $4 million. There are two different promissory notes reflecting this transaction. In connection with that loan, the Defendants Tim Barton and JMJ Development, LLC guaranteed that loan.

Subsequently, the Debtor, as well as the Nondebtor Defendant Guarantors, failed to pay the amounts owed under the loan, failed to pay the Plaintiffs. As a result, and as is pretty typical when you have a breach here as we're alleging, the Plaintiffs went ahead and commenced a state court lawsuit against all of the parties, the Debtor as well as the Nondebtor Guarantors.

As stated in our pleadings, the Plaintiffs filed a Motion for Summary Judgment, which was originally scheduled to be heard by the state court in August. The court certainly had time to hear it then. However, at that hearing, and based

upon the Defendants' request to conduct further discovery, the Motion for Summary Judgment hearing was actually rescheduled and pushed back to October 16th.

On the morning of October 16th, and less than two hours prior to the MSJ hearing, the Debtor commenced this bankruptcy case and then removed the lawsuit in front of this Court. As a result, then obviously the Motion for Summary Judgment did not substantively go forward.

Now, after this case has been filed and the Plaintiffs have further reflected on the Debtor's schedules as well as the potential issues relating to litigating bankruptcy issues, the Plaintiffs have decided to dismiss their causes of action that they originally asserted against the Debtor.

Your Honor, when you look at the limited pleadings and statutory forms that the Debtor has filed thus far in this case, you'll see that the Debtor here is not an operating entity. There's no employees. There's no operations at all. There's nothing so far to suggest how, if, and when the Debtor actually intends to reorganize here. But at this point, the Plaintiffs do not wish to incur the additional expense related to litigating bankruptcy-related issues.

Further, when you look at the Debtor's schedules that have been filed, it appears that the Debtor has very limited assets that would be available for recovery to creditors. Specifically, the Debtor's Schedules A and B reflect that the

Debtor has $100 in a bank account and then also owns equity interests in a related entity with an alleged value of $4 million, which is also the amount of the loan that was entered into between my clients and the Debtor.

You know, we're not sure the likelihood of whether or not the equity interests here would actually be able to be monetized, but we are sure that that endeavor would not only be expensive but it would also potentially be a futile exercise.

So, you know, that is -- those two things, the equity interests and the $100 in the bank account, that is the world of the Debtor's assets. As a result, the Plaintiffs, in its -- in their review, have determined that, you know what, there's going to be very little recovery to creditors here, and they don't want to continue the litigation in this forum, and as a result seek to dismiss the causes of action against the Debtor.

Your Honor, I'm going to try to share my screen. Hopefully this goes okay. Hold on with me real quick. Okay. Can you see my screen, Your Honor?

THE COURT: Yes.

MS. HOPKINS: Okay. I just want to kind of go through some of the issues involved with both parts of this motion, the Motion to Dismiss and some of the case law and factors, as well as the abstention and remand issues related

to those tests as well.

So, here, the reason we're in front of you on the Motion to Dismiss is because, yes, the Plaintiffs seek to dismiss the causes of action against the Debtor. However, the Debtor disputes that. The Debtor will not agree to allow the Plaintiffs to dismiss these causes of action, so we need to get Court permission to do so.

And in -- let's see. In the Court's analysis, the first thing it needs to look towards, since -- since we need a -- since the -- excuse me, since the Debtor is disputing our ability to dismiss these claims, the Court needs to look towards the statutory requirements as well as the case law. Specifically, in Rule 41(a)(2), the first thing the Court needs to ask is whether a dismissal will cause the non-movant party to suffer plain legal prejudice. If not, then the Court should grant the dismissal motion.

Here, there's no prejudice that would occur if the claims against the Debtor are dismissed. And there's been no evidence of prejudice that's been presented. Just recently, and for the first time, the Defendants, including the Debtor, have now asserted these counterclaims against the Plaintiffs. Specifically, they're asserting declaratory judgment claims against the Plaintiffs, basically asking the Court to find that the underlying notes and guaranties are somehow void or voidable.

While these essentially appear to be affirmative defenses, any dismissal of the Plaintiffs' causes of action against the Debtor will not impact the Debtor's counterclaims or the Nondebtor Defendants' against the Plaintiffs. There's nothing in the dismissal that would prohibit or limit the Defendants' rights with respect to the counterclaims, and regardless of the Debtor's objection here, the alleged counterclaims can proceed and be adjudicated alongside with the Plaintiffs' remaining counterclaims against the Nondebtor Defendants.

It's important to note that dismissal here will actually benefit the estate as well as the estate's creditors. If dismissal occurs, then that's going to decrease liabilities of the estate significantly.

In addition, there's no evidence that the Debtor, via dismissal, would somehow lose forum-specific defenses as a consequence of dismissal. Cases look towards, you know, would the non-movant party suffer because some available defense that is -- that exists in one forum would not exist in the event dismissal was granted. However, that's not present here. Whether the Court dismisses the Plaintiffs' causes of action against the Debtor, either way, the Defendant -- the Debtor still has the same defenses it can assert.

Notably, when you look at the guaranty that was signed and executed by the Nondebtor Defendants, we could have actually brought suit against the Guarantors only. In Paragraph 4 of

the guaranties, it states that, It shall not be necessary for Creditor, in order to enforce such payment by Guarantor, first to institute suit or exhaust its remedies against Borrower or any other person liable on the guaranteed indebtedness.

Your Honor, I think this is important because it simply reiterates that the Plaintiffs were not required to even include the Debtor in the lawsuit in the first place. They could have gone solely after the Guarantors and sought recovery from the Guarantors in the first place, which is what the Plaintiffs are attempting to do now.

In addition, I think, you know, just when you think about practice generally, this is something that often comes up, and case law also reflects facts in which suits against solely guarantors are present. In fact, in -- out of this district last year, this was a case that was -- an opinion out of Judge Jernigan's court, the *Cedar Park Healthcare v. Harden Healthcare* case. It stemmed from the *Senior Care Centers* bankruptcy case in front of Judge Jernigan. And I think it's helpful because that case had similar facts, based on this adversary proceeding.

So, specifically in the *Cedar Park* case, the debtor tenant entered into a pre-petition lease with a landlord. Okay? And the indirect equity owner of the debtor tenant executed a guaranty of that lease. Subsequently, and as often happens, the debtor tenant defaulted under the lease and then filed for

bankruptcy. At that time, and following the bankruptcy filing, the landlord decided to only commence a lawsuit against the guarantor. After that lawsuit was commenced, the guarantor then removed the lawsuit to the bankruptcy court, and the landlord subsequently moved to abstain or remand.

So, in a moment, we're going to talk about some of the issues involved in the Court's analysis and case law related to that analysis with respect to remand and abstention issues. However, I think that this case is a good example of what happens in connection with tenant bankruptcies. Specifically, a landlord can easily bring a lawsuit against a guarantor without also suing the borrowers. It's pretty commonplace, and we see it a lot.

In addition, you have an alternative scenario in which, let's say, the creditor files suit -- or landlord -- creditor files suit against the primary obligor as well as the guarantors. In the event that the primary obligor files for bankruptcy post-filing of the lawsuit, it's very easy for practical purposes for the creditor to go ahead and sever out that debtor and proceed against the guarantors only, without the guarantors losing any defenses that they otherwise would have.

Ultimately, Your Honor, there's simply no evidence that the Debtor would be prejudiced in any way in the event the Plaintiffs' causes of action against the Debtor only were

Case 4:20-cv-01255-P Document 6-4 Filed 01/26/21 Page 139 of 348 PageID 8816



dismissed. Therefore, the Plaintiffs request that the Court grant the requested relief with respect to the Plaintiffs' dismissal of the causes of action against the Debtor.

Now, turning to abstention and remand, upon dismissal, the only claims that will remain are the Plaintiffs' claims against the Nondebtor Defendants and the Defendants' counterclaims against the Plaintiffs. So, because of this, we do believe that those issues in regards to the jurisdiction of this Court as well as this Court's ability to -- and constitutional authority to enter final judgments or orders in this adversary proceeding, specifically upon dismissal of the claims, there will not be any arising-under jurisdiction because the claims here do not involve a substantive right provided under the Bankruptcy Code, nor will there be any arising-in jurisdiction because the action involves solely state law issues and is not one that could arise solely in the context of a bankruptcy case. Furthermore, we believe that there's no related-to jurisdiction, as the state law lawsuit will have no effect on the administration of the bankruptcy estate here.

However, Your Honor, even if jurisdiction does exist, the post-dismissal claims are not here -- not core here. The Plaintiff does not consent to the adjudication of these claims here, and as a result, case law does establish that this Court, respectfully, cannot enter a final order on the

Debtor's counterclaims and the Plaintiffs' claims against the Nondebtor Defendants.

Your Honor, kind of moving along with that same thread, in the event Your Honor finds that this Court does have jurisdiction, we do believe that mandatory abstention is applicable and requires the Court to remand this lawsuit back to state court.

So, under Section 1334(c)(2), a court must abstain from hearing the state law claims when the claims have no independent basis for federal jurisdiction other than Section 1334(b), the claims are non-core, and action has been commenced in state court, and the action can be timely adjudicated in state court. We believe that all four of these factors are present here.

Specifically, jurisdiction only exists under Section 1334. And, actually, in the response, in the objection of the Defendants, they specifically state and admit that the basis of this Court's jurisdiction is rooted in 1334, Section 1334. I don't think we have any issue or dispute on that. Where we do have a dispute is whether the claims are core or not. And Your Honor, at best, the claims here are related to the bankruptcy case, which would make them non-core.

In the *Cedar Park* case which we were discussing a minute ago -- as a reminder, this is the case where the landlord filed a lawsuit against the guarantor solely; so, not the

tenant, but the guarantor -- for breach of the guaranty. In that case, Judge Jernigan stated that, Here, the claim is for a breach of guaranty by one nondebtor against another nondebtor. There is little doubt that these claims are non-core.

This case is right on point with what we're dealing with here. Upon dismissal, all of these claims, the remaining claims, at best will be related -- will have related-to jurisdiction. So they will also equate to a non-core proceeding.

In addition, there's a state court lawsuit here. I don't think that anyone disputes the existence of that lawsuit.

Lastly, the lawsuit can be timely adjudicated in state court. As we discussed a minute ago, and as indicated on the state court docket, originally there was a hearing set for August 20th to consider the Plaintiffs' Motion for Summary Judgment. That hearing was -- the court entered that setting on July 24th, so it would have been a few weeks later. That's when the hearing was going to be held. This wasn't months later. I mean, there's nothing to evidence that there was any issue with the court setting the hearing. It seems like the court had plenty of time and was making time to hear this matter.

Furthermore, when it was continued, the court entered it on September 25th and stated that this hearing would occur on

the Motion for Summary Judgment on October 16th. Again, that's just a few weeks following the entry of the setting. We have no reason to believe that the state court cannot hear the Motion for Summary Judgment on a timely manner here.

And as I -- as indicated by Exhibit -- Plaintiffs' Exhibit J, which is a communication between Mr. Soederbaum, myself, and the court coordinator for the 141st District Court, which is the court that originally heard this state court lawsuit, and following, in the event the court -- this Court decides to remand or abstain this matter, the lawsuit will go back to the 141st District Court there.

And as indicated by that exhibit, we specifically requested the court's availability to hear this on the week of December 13th. We requested that week specifically because we wanted to make sure that the parties received at least 21 days' notice of the hearing. And the court coordinator responded, you know, not stating an issue that, yeah, this -- we're so busy, this is going to have to be put off for six months. No, the court just simply -- the court coordinator simply stated that they could hear it either December 16th or December 17th.

We have not -- obviously, we -- that is not in front of the state court at this time, so we will not notice it until the Court rules in our favor, if that occurs. However, we have no reason to think that, you know, later on this week, if

the Court does rule in our favor, we have no reason to believe that that would change, that any of the availability would change. And, rather, the state court would, in fact, be able to hear this matter on December 16th or the 17th.

Therefore, we believe that all of the factors for mandatory abstention have been satisfied.

However, even if one of those factors -- or, the Court believes one of those factors has not been satisfied, permissive abstention and equitable remand both strongly weigh in favor of this Court sending the state court lawsuit back to state court for further adjudication.

As set forth in our motion, there's a number of factors that courts here in the Fifth Circuit consider in deciding whether to abstain and remand back to state court. In their objection, the Defendants have actually admitted to a few of these factors. Specifically, the Defendants had admitted yes, the state court lawsuit was pending prior to the petition date. Yes, the jurisdictional basis here for the court, this Court, is Section 1334. Yes, there's no need for severance here. And yes, the Plaintiffs have requested and have a right to a jury trial.

It's the remaining factors that are in dispute here, and I think a simple examination, if we go through those, will refute the position that this should actually stay in front of Your Honor.

So, with the first factor, when you look at the remaining claims once the Plaintiffs' claims against the Debtor are dismissed, there's nothing to suggest that abstention nor remand would have any adverse effect, or any effect at all, on the administration of the estate. We don't believe that -- you know, I mean, there's no causes of action that would be pursued by the Plaintiffs against the estate. We have no evidence or no reason to believe that there would be an effect on the estate administration.

Further, the causes of action here are for breach of the promissory notes, breach of guaranties, and now we have some asserted declaratory judgment claims under Texas state law. All of these causes of action involve state law and would be interpreted and decided pursuant to state law.

Further, Your Honor, these issues are not difficult. They're not complex. They're not based on unsettled law. And while we certainly think Your Honor has the ability to decide breach of contract issues, we think it would be better suited for the state court to decide this matter since the state court deals with these types of issues on a daily basis and for all of the reasons that we're setting forth today. For example, the fact that all of these factors certainly weigh in favor of abstention and remand.

There's little to no degree of relatedness of the remaining causes of action to the main bankruptcy case. As we

stated a minute ago, there's only state law claims involved here. Thus, the substance of this asserted core proceeding, it's not actually a core proceeding at all, right? I mean, this is a sole -- solely a non-core proceeding with a substance relating only to state law.

As to the burden on this Court's docket, I think that, you know, as the current climate worsens, as we're seeing increased COVID-19 cases, and also, really, no certainty as to when a vaccine will be readily available for the public, I think that that will affect the marketplace and the economy and will increase the amount of bankruptcy cases, both consumer and business cases that are filed in front of Your Honor and in other bankruptcy courts.

I think that remand would certainly alleviate the Court's burden from having to hear this matter, which we believe is better suited to be heard in state court.

Your Honor, here, as I stated a minute ago, this bankruptcy case was filed and the lawsuit was removed within hours, less than two hours, of the scheduled Motion for Summary Judgment hearing. This timing is not coincidental. It was rather -- it was calculated. And it evidences the Plaintiffs' [sic] exacting attempt to forum-shop. The Defendants were not happy with how the case was going in front of the state court. The Defendants -- rather, they sought and wanted to find and receive a clean slate, which is why this

case was filed and why the lawsuit was removed to this Court. However, it doesn't mean that the Defendants can stay here based on their blatant forum shopping.

There are a total -- even after dismissal of the Plaintiffs' claims against the Debtor, there are a total of seven parties involved here, and six of which are nondebtors. This certainly advocates for remand and abstention as well.

Both comity and judicial economy favor the state court hearing this matter. Despite all of the Defendants' dilatory efforts here, this suit has actually progressed fairly quickly. At this point, there really are limited issues to be litigated, and the state court has intimate familiarity with the facts, the parties, the cases, the whole background here.

Lastly, there will be prejudice that occurs with respect to Plaintiffs if remand doesn't occur. Specifically, the Plaintiffs have requested and they are entitled to a jury trial in the state court lawsuit. To the extent the matter is not resolved with the Motion for Summary Judgment, because I believe it is the Defendants' position that, well, you know, the Plaintiffs are going to have a hearing on this MSJ, so it doesn't matter whether or not they're entitled to a jury trial.

However, Your Honor, the factor is whether or not there's going to be -- whether the plaintiff, the party, is entitled

to a jury trial. Here, we've requested a jury trial. We're entitled to a jury trial. And if the matter is not resolved via the MSJ hearing, then there needs to be a jury trial, and my client is entitled to one. And should they not get one, they will be prejudiced as a result.

Further, the costs associated with litigating in a new forum are certainly prejudicial to the Plaintiffs as well.

Your Honor, all of these factors weigh in favor of the Court exercising permissive abstention and equitable remand of the lawsuit, and as a result, based on all of this argument, we ask that the Court abstain, either under mandatory abstention and/or permissive abstention, and remand back to the state court for further determination.

And I can stop sharing my screen.

(Pause.)

MS. HOPKINS: Apologies. There we go.

THE COURT: Very good.

MS. HOPKINS: And I'm happy to address any questions that the Court may have.

THE COURT: All right. None at this time. We'll turn to Ms. Lindauer.

First, Ms. Lindauer, do you have any evidence you'd like to present in response to either the Motion to Dismiss or the Motion to Abstain and Remand?

MS. LINDAUER: Let me see what we've got here, Your

Honor. We did file an exhibit and witness list. Oh, let's see. So, Your Honor, Exhibit 1 is just the docket sheet for the adversary proceeding. Exhibit 2 is the notice of removal, which includes all of the -- I think the same things that Ms. Hopkins has already put in. I don't know if she included the original counterclaim. If she didn't, that's Exhibit 3. I'd like to go ahead and include that. That's Docket 20, Attachment 6.

MS. HOPKINS: We did conclude that, Your Honor, as Plaintiffs' Exhibit I. However, I don't oppose any of Ms. Lindauer's exhibits.

MS. LINDAUER: Okay. Well, then, Your Honor, that will make it easy. Let's just go ahead and admit Exhibits 1 through 8. That'll just include the entire record that we already have.

THE COURT: All right. Any objection to Debtor's Exhibits 1 through 8, which can be found at Docket No. 20?

MS. HOPKINS: No, Your Honor.

THE COURT: All right. Then Debtors' and Defendants' Exhibits 1 through 8 are each admitted.

(Defendants' Exhibits 1 through 8 are received into evidence.)

MS. LINDAUER: All right. Your Honor, I'm going to go through each of her issues. We've briefed this, as the Court knows, as well as filing an opposition. But the first

Case 4:20-cv-01256-P Document 6-4 Filed 01/26/21 Page 149 of 188 PageID 893



one I want to turn to is the question about dismissing the Debtor from the adversary proceeding.

So, the problem, Your Honor, with a voluntary dismissal of the Debtor from the adversary proceeding is that the Debtor has asserted, as you know, counterclaims. So, dismissal of the actual complaint does not dismiss the counterclaims that the Debtor may hold. And the problem that we have, and that's why this is a little bit more complicated than some of these cases that Ms. Hopkins has cited you to, is, in this particular instance, the Debtor is disputing the terms of the actual note that the Plaintiff is relying on.

I don't think there's going to be any real dispute that the pages, or at least one page of the note was changed after the note was signed. That issue has been raised, and it's the basis of the counterclaim that's been asserted. That would mean that basically there was no meeting of the minds as it relates to the actual terms of repayment of the note as between the Debtor and the Plaintiffs.

Again, remember, the Debtor is the one that signed the note, not these Guarantors.

So the problem that we have is as -- even if you dismiss the claims that Ms. Hopkins may have against the Debtor, the Debtor still has its claims against the Plaintiffs for questions regarding the validity of the note, the meeting of the minds, all of those related issues, and those just don't

go away.

Now, if she dismisses her claims against us with prejudice, maybe you get into a different issue there. But still, I don't think they've asked for that. But, again, the problem that we have is because the guaranties, along with the note itself, the guaranties rely on the language of the note. If you look at the actual language of the guaranties that have been admitted, they say that the guaranties guarantee the obligations under the note. And if the note is under attack, then these are secondary rights that they have against the Guarantors, so now what we're going to have is we're going to have two courts potentially deciding the same issue, because you're going to have to decide the counterclaims brought by the Debtor at some point and then you have a state court that's going to have to decide the validity of the guaranties that rely on the same notes.

Your Honor, what we pointed the Court to was, under Texas Civil Practice and Remedies Code 37.006, all persons who have a claim or interest that would be affected by the declaration must be parties. So you can't just split out one party and say, okay, the Debtor is going to stay in bankruptcy court and resolve its issues, the Guarantors are going to go to state court and resolve these issues, because you're going to have two courts basically deciding the same thing, which is why we objected to dismissal, because you can't really do what

they're asking you to do, that it doesn't create a multiplicity of issues between two different courts.

This is not a simple situation where you have a guaranty on a note where the note is not being challenged. What you have here is a note that's actually being challenged as to its validity, and whether it's void, voidable, invalid, or unenforceable are the questions that the Court has to decide. If the underlying note is not valid, then it raises a question about whether the underlying guaranties are also -- are not valid. And Mr. Kemp can address those.

But that's the reason we objected to the dismissal under Rule 41, was because it would create these -- this split, if you will, between what goes on in the bankruptcy court and what -- and so, in effect, you don't get rid of the adversary proceeding. What you would have is you would have an adversary proceeding that's proceeding on our counterclaims against the Plaintiffs to determine the validity of the underlying documents, and you have a similar issue in state court. So this is a little bit more complicated than just a note and a guaranty, where there's no challenge to the note itself.

And what was challenged was whether -- I'm sorry; I'm losing my voice a little bit -- whether that note is -- and I'm looking at Plaintiffs' Motion for Summary Judgment, Page 11 of 19. And in particular, Subparagraph B. And it says, A

guaranty creates a secondary obligation under which the guarantor promises to answer for the debt of the primary obligor if the primary obligor fails to perform.

So what you see is you've got -- and remember, their summary judgment included the Debtor originally. It was the Debtor and the Guarantor. So now we're going to bifurcate that and it's just going to be a summary judgment on the Guarantors, which means that they're going to have to rewrite their summary judgment.

But, again, I think you bump up to this issue about whether you can decide the guaranteed debt, guaranteed indebtedness, when the guaranty says all indebtedness now or hereafter evidenced by or arising under the note. And we've clearly challenged the question regarding the validity of the note and whether, in fact, there is a valid debt obligation there.

So, Your Honor, in the first instance, we didn't think the Court should dismiss the Debtor, even though they've asked to dismiss the Debtor, because of the pending counterclaim, and also the problems I think you're going to run into in state court. And of course, you could say, well, that's for the state court judge to sort out. But in the first instance, it's for -- it's in front of you to resolve that.

So, here's the other thing on the dismissal issue, is they said, well, we want to go back to state court to hear our

Motion for Summary Judgment. And then they say, but we have a jury trial request. Well, that may well be, but they're not proceeding on a jury trial right now; they're proceeding on a Motion for Summary Judgment, which is clearly something you can decide. And you could decide it as to all parties. You could decide it as to the Debtor. You could decide it as to the Guarantors. So we have one court ruling on those issues. That would make a lot more sense than having some issues here and some issues there. But that's the main reason we objected to dismissal of the Debtor.

Now turning to other issues that they've raised, and I don't know how they get around a 37.006 requirement that all persons are supposed to be brought in the same action. So, again, it's to avoid this possible action here and action there. And they don't really address what happens to the Debtor and its counterclaim other than they're left pending in the bankruptcy court, --

THE COURT: Why wouldn't those, if --

MS. LINDAUER: -- which --

THE COURT: If the Court were to remand it back to state court, why wouldn't the counterclaims go back, go to state court? Although I realize they were filed initially --

MS. LINDAUER: Right.

THE COURT: -- here in the adversary proceeding, but if the Court were to remand the action back to state court,

why wouldn't it all go back to the state court?

MS. LINDAUER: Because that's not what they asked for. They asked to remand just the nondebtors back to state court.

What they want you to do is they want you to dismiss the Debtor out of the adversary as to their claims, leave the Debtor in the adversary as to its claims, and remand the Nondebtor Guarantors back to the state court to move forward with their summary judgment. And the problem is, I just don't see how you can do that. That's what Ms. Hopkins just argued to you.

All of the abstention issues, all of the remand issues she's arguing are premised on the fact that the Debtor is no longer a party to a lawsuit in state court. So what she's saying is, well, we want to go back to state court against these nondebtors, and as to the nondebtors you have a Nondebtor Plaintiff versus a Nondebtor Defendant, and therefore you should abstain and/or remand.

THE COURT: Where in the pleadings --

MS. LINDAUER: Unfortunately, --

THE COURT: Where in the pleadings does she ask only to remand claims against the Guarantors? The way I read the motion is remand the whole state court lawsuit back, so you remand --

MS. LINDAUER: No. I think she just put up on your

-- I think she just put up on her PowerPoint --

THE COURT: Well, that's a PowerPoint.

MS. LINDAUER: Let me look at --

THE COURT: I'm looking at the pleading. I'm looking at the pleading.

MS. LINDAUER: Well, I'll look at the pleading itself. Hang on.

(Pause.)

MS. LINDAUER: Yeah, it's -- no, it's the Second Amended. Let's go to the Second Amended. Let's see. Second Amended Motion. Hang on.

THE COURT: It's pretty clear to the Court that we abstain and remand the state court lawsuit.

MS. LINDAUER: Yeah, but after you've dismissed the Debtor out of the lawsuit, is the way I think she presented it to the Court, is that you would dismiss the Debtor out and then you would remand or abstain.

THE COURT: Okay. And --

MS. LINDAUER: Right?

THE COURT: Why can't the --

MS. LINDAUER: So the Debtor --

THE COURT: Why can't the Court do that? And even though the Debtor and the other Defendants have filed counterclaims, why don't they just go back to the state court, and the Debtor, it's a -- at that point, the Debtor is

Case 4:20-cv-01025-B Document 6-4 Filed 01/26/21 Page 154 of 188 PageID 9230



asserting a direct --

MS. LINDAUER: Counterclaim.

THE COURT: -- declaratory judgment claim, to the best as I can understand it. The stay wouldn't apply to prevent that from proceeding. So the Debtor can pursue its declaratory judgment claim in the state court.

MS. LINDAUER: So, if I'm reading -- well, I hear you, but I'm just reading her pleadings. If I go to Page 11: Following dismissal of the Plaintiffs' claims against the Debtor -- this is Paragraph 23 -- this adversary proceeding neither invokes a substantive right provided by Title 11 nor does it only arise in the context of a bankruptcy case. Further, there is no related-to jurisdiction as to the outcome of the state court lawsuit (garbled) no longer have an effect on the administration of the bankruptcy case, as the Plaintiffs are not seeking liability against the Debtor; rather, just against the Nondebtor Defendants. Therefore, there's no subject matter jurisdiction for the Court to consider the state court lawsuit and remand as necessary.

So, her whole argument -- and look at Paragraph 24: Even if jurisdiction somehow exists, which the Plaintiffs dispute, the post-dismissal claims are not core, et cetera, et cetera.

So, her whole theory is premised on dismissing out the Debtor and then moving back to state court to go against the Guarantors. And so, Your Honor, obviously, we would argue --

THE COURT: All these -- but it says in Paragraph 21: All these claims, including the counterclaims, can be adjudicated post-dismissal independently from the Plaintiffs' prior claims against the Debtor.

MS. LINDAUER: Those would be counterclaims -- unless I'm wrong, Your Honor, I believe those are counterclaims in your court.

THE COURT: Well, right now, it's all in my court.

MS. LINDAUER: I don't see --

THE COURT: Right now, it's all in my court.

MS. LINDAUER: Right.

THE COURT: There's one lawsuit.

MS. LINDAUER: Yeah.

THE COURT: It's pending in this court. And --

MS. LINDAUER: Right.

THE COURT: -- once it arrived here, the Defendants filed counterclaims. But the Motion for Remand --

MS. LINDAUER: Correct.

THE COURT: -- has been filed. Why can't the -- why would I have to keep part of the adversary proceeding and why can't I just remand the entirety back to the state court? Why do I have to keep any of it?

MS. LINDAUER: Well, --

THE COURT: Because --

MS. LINDAUER: Well, first of all, that's not what

they asked for, but I hear you. But second of all, as between the Debtor and these parties, this would be a core proceeding, correct? I mean, you're determining the rights of --

THE COURT: Not necessarily. It's --

MS. LINDAUER: -- a creditor.

THE COURT: It's the Debtor's declaratory judgment action against the Plaintiffs. That's not a core proceeding.

MS. LINDAUER: Right, but where's -- wait a minute. So, you're saying dismiss their claims against the Debtor; the Debtor goes forward with its counterclaims in state court?

THE COURT: Why not?

MS. LINDAUER: Without their -- and then they have no right to assert any claims back? So it would be just our counterclaims going forward in state court?

THE COURT: They can't --

MS. LINDAUER: Because the stay's not lifted, so I just -- yeah.

THE COURT: Well, that's right. I mean, there's nothing to prevent the Debtor from arguing its declaratory judgment action. The stay doesn't apply to that since there are no claims against the Debtor.

If the Plaintiffs seek to again assert claims against the Debtor, they can't do so unless they get the stay lifted. Or --

MS. LINDAUER: Right.

THE COURT: -- file a claim in this court and then prosecute the claim in this court. But the argument that Ms. Hopkins made was the Plaintiffs have made a business decision; there's no reason to waste time and attorneys' fees in chasing an entity that doesn't have the ability to pay. Which kind of makes sense.

MS. LINDAUER: Well, yeah, except -- yeah. We would disagree that it has the ability to pay, but I understand what she said on that.

But Your Honor, you know, obviously, the Debtor does not desire to go back to state court, I hear that, on our counterclaims. I mean, we filed them in your court. I believe that they are core proceedings in your court. And therefore we don't --

THE COURT: How would they be core proceedings?

MS. LINDAUER: -- think they should go back.

THE COURT: How would they be core proceedings? It's a declaratory judgment action against the Plaintiffs.

MS. LINDAUER: To determine what the -- because to determine the validity and extent of a debt is a core proceeding. And that's exactly what we're looking at, is the validity and extent of a debt. Like I said, if she dismisses the Debtor with prejudice, that's maybe a different issue. But if she dismisses us without prejudice, then we go back and we have a state court determining the validity and the extent

of our debt, whereas --

THE COURT: And --

MS. LINDAUER: -- that's something that you would routinely would do.

THE COURT: But if -- then what if --

MS. LINDAUER: So, again, I --

THE COURT: But what if the Plaintiff hasn't filed a proof of claim or submitted itself to the jurisdiction of this Court?

MS. LINDAUER: I think by filing its Motion for Remand and Request for Abstention and Second Amended Motion to Dismiss, it's really put itself before this Court. I don't think, I mean, those are all going to be subject to informal claim arguments, but they clearly have put themselves before this Court on their motions and so you have them in front of you.

And at the end of the day, the Debtor does not desire to go back to state court, and whether you send the Guarantors back or not is a different story. But I just don't see how you can bifurcate this case into multiple pieces like that. I think what should happen is this Court could decide the summary judgment issues as to all parties, the Debtor and the nondebtor entities, and then, if in fact you don't grant a summary judgment, then you have a question about their right to a jury trial.

I mean, even based on their own letter from the court, they're not asking for a jury trial. They're asking for a setting on a summary judgment. You can decide a summary judgment.

Our only concern, Your Honor, is that all the parties need to be together in one place. They should not be split up in various places. And I think that to send the Debtor back to state court is problematic for a lot of reasons. But irrespective, we don't need to have all these entities split up. I don't think that works. So, and just dismissing the Debtor out of their lawsuit doesn't work. So there's got to be something different to be done here than what's been done.

And that was the main reason the Debtor removed the case to the bankruptcy court, was, if you go back, this isn't a new concept that they raised. If you look at their pleadings in state court, clearly, it was raised by JMJ and Mr. Barton in their response to the summary judgment that the notes were revised. It appears on the response to Plaintiffs' Motion for Summary Judgment. It appears at Page 9 of 122 that the notes were slip-sheeted. And it's in the actual response to the Motion for Summary Judgment.

So it's not something that was just made up at the eleventh hour to create a counterclaim. It was an argument that was being put forward in the state court and it's in -- now in the form of a counterclaim that's been asserted. And

so that's why, Your Honor, we think that you can't just dismiss the Debtor out. All the parties have to stay together. And we don't think that the Debtor should have to deal with a state court case. It should be able to deal with a bankruptcy court case.

So I think there are ways to have done this. I don't think that the way these Plaintiffs have asked you to do it works. And so the motion you have in front of you is a motion to dismiss the Debtor, and then, the way I read it, is to abstain or remand as to the nondebtors. And I just don't think you can get there.

Now, if they want to remand or abstain as to the Debtor, then I think we would have serious issues about that that I'm going to let Mr. Kemp address because he represents the Guarantors.

THE COURT: All right. Thank you. Mr. Kemp?

MR. KEMP: Thank you, Your Honor. Your Honor, Robert Kemp appearing for Mr. Barton and JMJ.

Our major problem here, Your Honor, is that if the case gets remanded and only the Guarantor is in the case, we won't have standing to assert the alteration of the note. There's a lot of Texas cases on that where the guarantors don't have the right to assert defenses of the -- of the maker of the note.

In addition to that, Your Honor, that would be a major penalty for us under Rule -- it's Federal Rule 41 -- Federal

Rule 41(a)(2). The basic purpose of that rule is to permit the plaintiff, with court approval, to voluntarily dismiss an action, so long as no other party will be prejudiced. Well, clearly, the Guarantor would be highly prejudiced if they're not able to assert that defense or if the maker of the note is not down there asserting that defense.

THE COURT: Well, that was -- Mr. Kemp, --

MR. KEMP: If the note is void, --

THE COURT: Mr. Kemp, I know you were sitting right next to Ms. Lindauer when I was asking her the question. The Debtor has filed a counterclaim. The Motion to Remand does seek to remand the litigation. So if the Court were to grant the motion, then your statement is not correct because the Debtor would, in fact, be a party to that litigation. It's filed a counterclaim.

MR. KEMP: And you're absolutely correct, Your Honor, if that were the motion before the Court, but I join Ms. Lindauer: That's not the motion before the Court. They only asked that the Debtor be dismissed and that the rest of the case be sent back, which, as I read it, would be the case against the Guarantors.

There's been a lot of discussion about forum shopping here, Your Honor. The fact is, in this case, this case originally started off, should have been in Dallas County. The Plaintiffs got Mr. Barton, under duress, to sign a

modification to the note moving it to Tarrant County. And we believe, if anybody has been forum shopping, it's been them.

Secondly, Your Honor, even though we've done some written discovery, they've never produced even a single document in response to our discovery requests, so we're left empty-handed here, which was one of the reasons we had to come down and file bankruptcy, because the Plaintiffs had not lived up to their obligations under the discovery rules.

So we're left empty-handed on some of this stuff, and really no explanation of how this note got slip-sheeted here without Mr. Barton or JMJ's knowledge or consent. So we kind of feel like we've been ambushed, and we're just looking for a fair forum to decide these issues.

We'd ask the Court to deny their request simply because the request that they've asked for is different than -- different than what Your Honor is considering. So, we don't think we've had, really, adequate time to even discuss that issue, Your Honor.

THE COURT: All right. Thank you, Mr. Kemp.

MR. KEMP: Yes, sir.

THE COURT: All right. Do you want to go to the -- do you want to -- arguments on the Motion to Remand and Abstain, or is that all above?

MR. KEMP: I'd rely upon what Ms. Lindauer said, Your Honor.

MS. LINDAUER: Yeah, I think -- I think it's -- I think you have all of it, Your Honor, --

THE COURT: Okay. All right.

MS. LINDAUER: -- in front of you.

THE COURT: All right. Let me --

MS. LINDAUER: I think it's just the Court's --

THE COURT: Let me --

MS. LINDAUER: How you want to proceed.

THE COURT: All right. Thank you very much. Let me -- and I appreciate the argument from all sides. Let me take about a five- to ten-minute recess. I want to consider all the arguments that have been made, look up a couple things. Then I'll come back hopefully with a ruling in about --

MS. HOPKINS: Your --

THE COURT: -- ten minutes. All right. The Court will be in recess.

MS. HOPKINS: Your Honor, respectfully, --

THE COURT: Yes?

MS. HOPKINS: -- would it be possible for me just to briefly clarify --

THE COURT: Oh, of course.

MS. HOPKINS: -- and point out --

THE COURT: Of course.

MS. HOPKINS: -- for the Court the specific relief that's requested?

I'm not exactly sure where counsel is -- where the misinterpretation is happening. But yes, we're certainly requesting that, you know, if the Debtor wants to pursue whatever counterclaims against the Plaintiffs, that's fine. That would follow -- any remand or abstention, those counterclaims would go to state court. I mean, they would follow. There's no -- there's no core matter here, as this is not -- you're not determining allowance or disallowance of claims filed against the estate. These aren't counterclaims with respect to claims that have been filed against the estate. Rather, we're seeking to dismiss the claims, only the causes of action, the Plaintiffs' causes of action, against the Debtor only.

And even if you look at our -- in our Second Amended Motion on Page 15, in the conclusion, we specify that we are asking that the Court enter an order granting the motion, dismissing their causes of action against the Debtor only, without prejudice, holding that the proposed order does not affect or impact any of the remaining claims in the above-referenced adversary proceeding, finding that no actions taken by Plaintiffs or 2999TC with respect to the proposed order shall be construed as an admission by any party, and abstaining and remanding the state court lawsuit to state court for further determination.

The state court lawsuit is defined as, yes, the lawsuit

that was filed pre-petition between the parties. However, anything that happens in this case -- for example, when the Debtor filed counterclaims -- those are now part of that definition of state court lawsuit, and any remand or abstention, we're specifically requesting that the whole lawsuit be remanded back to state court but for the Plaintiffs' causes of action against the Debtor. I just want to make sure that's clear.

Otherwise, if the Court has any questions. I mean, we would just simply ask that the Court dismiss the Plaintiffs' causes of action only against the Debtor only and remand and abstain this back to state court, the full entirety of the action but for the Plaintiffs' claims against the Debtor.

THE COURT: All right. Thank you very much.

MS. HOPKINS: Thank you.

THE COURT: The Court will be in recess for about five to ten minutes.

(A recess ensued from 4:19 p.m. until 4:27 p.m.)

THE COURT: All right. Good afternoon. Judge Mullin again. We are back on the record in the In re 2999TC LP, LLC bankruptcy case and Adversary Proceeding 20-4078, Tejas Group Ltd. versus 2999TC LP, LLC, et al.

All right. This will be the Court's ruling. The Court has reviewed and considered the Plaintiffs' Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain

and Remand to State Court and Brief in Support, which can be found at Adversary No. 12, which I'll refer to as both the Motion to Dismiss and the Motion to Abstain and Remand -- two separate motions, two separate rulings -- filed by the Plaintiffs, which are collectively referred to as the Plaintiffs.

The objection -- the Court has also reviewed the objection and response to Plaintiffs' Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only, which is the response filed by each of the Defendants, which include the Debtor, 2999TC LP, LLC, as well as two other Nondebtor Defendants, which I'll collectively call all of them the Defendants.

The Court has also reviewed and considered the Brief in Support of Objection and Response to Plaintiffs' Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only, which is the brief filed by each of the three Defendants, and that can be found at Docket No. 26.

The Court has also reviewed and considered the docket and filings in the Debtor's main bankruptcy case at Case No. 20-43204.

The Court has also considered the docket and filings in this adversary proceeding, which, again, are Adversary No. 20-4078, which I'll refer to this adversary as a whole as the "State Court Lawsuit."

The Court has also considered the documents which have

been admitted into evidence, subject, of course, to the limited offer of Movant's Exhibits A through I, and the Court has also considered the arguments of counsel made during the hearing.

The Court finds that it has jurisdiction to consider both the Motion to Dismiss and the Motion to Abstain and Remand pursuant to 28 U.S.C. Sections 157 and 1334.

First, I will address the Plaintiffs' Motion to Dismiss, which is seeking authority to dismiss without prejudice the Debtor Defendant from the State Court Lawsuit.

On April 21st, 2020, the Plaintiffs commenced the State Court Lawsuit against each of the Defendants in the Texas State Court. The State Court Lawsuit asserts causes of action against the Debtor Defendant for breach of certain notes and against the remaining Defendants for breach of certain guaranties.

On July 23rd, 2020, the Plaintiff filed a Motion for Summary Judgment against each of the Defendants. The hearing on the Motion for Summary Judgment was set for hearing on October 16th, 2020. Approximately two hours prior to the start of the hearing, the Debtor filed its voluntary petition initiating this Chapter 11 bankruptcy case. Shortly thereafter, the Debtor removed the State Court Lawsuit to this Court under Adversary Proceeding 20-4078.

Shortly after removing the State Court Lawsuit to this

Court, the Defendants then filed their 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton, Defendants', original counterclaims, which I'll refer to as the Defendants' Counterclaims. And that can be found at Adversary Proceeding No. 5.

Plaintiffs seek to dismiss the Debtor without prejudice pursuant to the Federal Rules of Civil Procedure 41(a)(2), which are made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7041.

In the Fifth Circuit, motions for voluntary dismissal should be freely granted unless the nonmoving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. I'll refer the parties to *Robles* -- R-O-B-L-E-S -- *v. Atlantic Sounding Company, Inc.* at 77 F.App'x 274, 275 (5th Cir. 2003).

When assessing legal prejudice, the Fifth Circuit has stated that, "The mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice." That's in the *Davis v. Huskipower Outdoor Equipment Corp.* case, 936 F.2d 193, 199 (5th Cir. 1991).

Here, neither the Debtor nor any of the other Defendants have established harm or any viable or credible legal prejudice should the Debtor Defendant be dismissed from the State Court Lawsuit. There is no evidence that the Debtor

Case 4:20-cv-01256-P Document 6-4 Filed 12/28/20 Page 169 of 188 PageID 2215



will lose any forum-specific defenses resulting from being dismissed from the State Court Lawsuit.

In addition, there is no evidence of abuse by the Plaintiffs.

Finally, if the Debtor Defendant is dismissed from the State Court Lawsuit, there is nothing to prevent the Debtor and the remaining Defendants from continuing to prosecute their declaratory judgment counterclaims against the Plaintiff, as such counterclaims are not stayed by the Section 362 automatic stay in the Debtor's bankruptcy case.

Therefore, the Court finds and concludes that the Plaintiffs have established good cause under Federal Rule of Civil Procedure 41(a)(2), made applicable to Federal Bankruptcy Rule 7041, to dismiss the Debtor from the State Court Lawsuit, and the Plaintiffs' Motion to Dismiss is hereby granted, without prejudice, over the Defendants' objection, because the Debtors and the other Defendants' counterclaims remain in the State Court Lawsuit for independent adjudication.

Next, the Court will address the Plaintiffs' Motion to Abstain and Remand. The Plaintiffs are requesting the Court to remand the State Court Lawsuit to the 141st Judicial District Court, Tarrant County, Texas, which, again, I'll refer to as the Texas State Court, from which it was removed, based on either mandatory abstention under 28 U.S.C. Section

1334(c)(2) or permissive abstention/equitable remand under 28 U.S.C. Section 1334(c)(1) and 28 U.S.C. Section 1452(b).

The Plaintiffs further assert that abstention and remand are necessary due to jurisdictional and constitutional authority issues.

For the reasons I'm about to explain, the Court will grant the Plaintiffs' Motion for Permissive Abstention and Equitable Remand.

First, in determining whether to abstain under Section 1334(c)(1), courts have developed a nonexclusive list of factors to be considered. These factors have been adopted in the Northern District of Texas. *See In re Lorax Corp.*, 295 B.R. 83, 95 (Bankr. N.D. Tex. 2003).

Second, under Section 1452(b), "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Again, that's 28 U.S.C. Section 1452(b).

Permissive abstention and equitable remand are very similar, and courts often examine the following 14 factors when deciding to equitably remand a case removed under Section 1334(b). And, again, I'll refer the parties to *In re Ramirez*, 413 B.R. 621, 632 (Bankr. S.D. Tex. 2009).

The Court will now analyze those factors in turn.

Number one, the effect or lack thereof on the efficient administration of the estate if a court recommends abstention.

Case 4:20-cv-01256-P Document 6-4 Filed 01/26/21 Page 173 of 188 PageID 1220



Here, there will be little if any effect on the efficient administration of the bankruptcy estate if the Court abstains or remands. This factor weighs in favor of permissive abstention and equitable remand.

Number two, the extent to which state law issues predominate over bankruptcy issues. Here, the only issues involved are state law issues. This factor favors permissive abstention and equitable remand.

Number three, the difficulty or unsettled nature of the applicable state law. Here, the issues do not appear to be unsettled or complex, and the Texas State Court deals with such issues on a regular basis. This factor also favors permissive abstention and equitable remand.

Number four, the presence of a related proceeding commenced in state court or other non-core bankruptcy. Here, the State Court Lawsuit was pending in the Texas State Court before the Debtor's bankruptcy case was filed and before the lawsuit was removed here. This factor slightly favors permissive abstention and equitable remand.

Number five, the jurisdictional basis, if any, other than 28 U.S.C. Section 1334. No other jurisdictional basis exists but for, arguably, Section 1334. This factor also favors permissive abstention and equitable remand.

Number six, the degree of relatedness or remoteness of the proceeding to the main bankruptcy case. The litigation

Case 4:20-cv-01256-P Document 63-4 Filed 01/28/20 Page 172 of 188 PageID 2118



between the parties involves entirely state law issues and does not have a strong relationship to the Debtor's main bankruptcy case. This factor favors permissive abstention and equitable remand.

Number seven, the substance rather than the form of an asserted "core" proceeding. The substance of the pending claims are state law matters and issues. This factor favors permissive abstention and equitable remand.

Factor Number 8, the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court, with enforcement left to the bankruptcy court. The substance of the dispute here involves entirely state law matters, and there is no need to sever as there is no core bankruptcy matters involved. The factors favor permissive abstention and equitable remand.

Factor Number 9, the burden on the bankruptcy court's docket. This Court, of course, is willing and able to resolve the parties' disputes, but the evidence also suggests that the state court is also willing and able. The Court finds this factor is neutral.

Factor Number 10, the likelihood that the commencement of the proceeding in bankruptcy involves forum shopping by one of the parties. Arguably, both parties appear to be involved in forum shopping, so this factor is also neutral.

The existence of a right to jury trial. Plaintiffs have

requested and appear to have a right to a jury trial in the Texas State Court Lawsuit, at least with respect to their claims against the Nondebtor Defendants. This factor favors permissive abstention and equitable remand.

Factor Number 12, the presence in the proceeding of nondebtor parties. Five of the six parties are nondebtor parties. This factor slightly favors permissive abstention and equitable remand.

Factor Number 13, comity. Both comity and judicial economy favor the state forum, as the lawsuit was previously pending in front of it and the state court is familiar with the issues. This factor favors permissive abstention and equitable remand.

And finally, Factor Number 14, the possibility of prejudice to other parties in the action. The Plaintiff, on the one hand, and the Debtor and the Defendants allege possible -- the possibility of prejudice. So the Court finds this factor is neutral.

After weighing the relevant factors, the Court finds and concludes that permissive abstention and equitable remand are appropriate in this case.

Next, mandatory abstention. Because the Court has already determined that permissive abstention and equitable remand are appropriate in this case, the Court need not decide whether mandatory abstention even applies.

Therefore, the Plaintiffs' Motion to Abstain and for Equitable Remand is granted. The objection filed by the Defendants is overruled.

Ms. Hopkins, would you please prepare the proposed form of orders?

And if it's easier, you can simply recite that the Court stated orally and in open court its findings of fact and conclusions of law pursuant to Rule 52, which is incorporated by Bankruptcy Rule 7052, so you don't have to write them all down in the order. Just incorporate them by reference into each of the orders.

MS. HOPKINS: Yes, Your Honor. We can do that.

THE COURT: All right. And because the Court has, number one, granted the Motion to Dismiss the Debtor, that occurs first. The Court now is remanding the entirety of the state court litigation back to the state court. It appears that the status conference which is set in the underlying bankruptcy case is now moot.

Anything else for today?

MS. LINDAUER: No, Your Honor.

THE COURT: All right.

MR. KEMP: No, Your Honor.

MS. LINDAUER: Thank you.

THE COURT: Thank you very much.

MS. HOPKINS: No, Your Honor. Thank you.

THE COURT: With that, Court is adjourned. Thank you all very much.

(Conclusion of proceedings at 4:40 p.m.)

--oOo--

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

**/s/ Kathy Rehling** **12/15/2020**

_______________________________________ __________________

Kathy Rehling, CETD-444 Date
Certified Electronic Court Transcriber

Case 4:20-cv-01256-P Document 6-3-4 Filed 12/28/20 Page 348 of 348 PageID 5222



INDEX

PROCEEDINGS 3

WITNESSES

-none-

EXHIBITS

Judicial Notice to be Taken 4
Plaintiffs' Exhibits A through J Received 7
Defendants' Exhibits 1 through 8 Received 24

RULINGS

Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (#12) - *Granted* 43

Status Conference - *Mooted* 52

END OF PROCEEDINGS 53

INDEX 54

# Appendix K

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 18, 2020**

Mark X. Mullin
**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE 2999TC LP, LLC,<br><br>Debtor. | § | CASE NO. 20-43204-mxm11 |
| L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.<br>Plaintiffs,<br><br>v.<br><br>2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON<br>Defendants. | § | ADVERSARY NO. 20-04078 |

**ORDER GRANTING SECOND AMENDED MOTION TO DISMISS DEFENDANT**
**2999TC LP, LLC ONLY AND ABSTAIN AND REMAND TO STATE COURT**

On November 16, 2020, the Court considered the Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court (the "Motion") [Docket No. 12], filed by Plaintiffs L. Allen Hodges III, as Independent Executor of the Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd. and Blackfoot Interest, Ltd. (collectively, the "Plaintiffs"). At the hearing to consider the Motion, the Court stated its findings of fact and conclusions of law orally on the record pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, and that good cause existed to grant the Motion. In accordance therewith, it is therefore

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Plaintiffs' claims against only Defendant 2999TC LP, LLC ("2999TC") are hereby **DISMISSED, WITHOUT PREJUDICE**; it is further

ORDERED this Order does not affect or impair any of the remaining claims asserted in the State Court Lawsuit[1]; it is further

ORDERED that nothing contained in this Order and no actions taken by Plaintiffs or 2999TC with respect to this Order shall be construed as an admission by any party on any question of liability; it is further

ORDERED that the Court shall retain jurisdiction to hear and consider all disputes arising out of the interpretation or implementation of this Order; it is further

ORDERED that in connection with the State Court Lawsuit, permissive abstention and equitable remand are appropriate; and it is further

ORDERED that the State Court Lawsuit is remanded to the 141st Judicial District Court, Tarrant County, Texas for further determination.

**### END OF ORDER ###**

[1] Any capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion.

**SUBMITTED BY:**

*<u>/s/ Katherine T. Hopkins</u>*
Dee J. Kelly, Jr.
Tex. Bar I.D. 11217250
Katherine T. Hopkins
Tex. Bar I.D. 24070737
Joakim G. Soederbaum
Tex. Bar I.D. 24091338
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
dee.kelly@kellyhart.com
katherine.hopkins@kellyhart.com
joakim.soederbaum@kellyhart.com

**ATTORNEYS FOR L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.**

# Appendix L

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, TX 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
PROPOSED ATTORNEYS FOR 2999TC, LLC, DEBTOR

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
ATTORNEY FOR JMJ DEVELOPMENT, LLC
AND TIMOTHY BARTON

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC, LLC,** | § | |
| | § | **CASE NO. 20-43204-MXM11** |
| **Debtor.** | § | |
| | § | |
| **L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD. AND BLACKFOOT INTEREST, LTD.** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-04078** |
| | § | |
| **2999TC LP, LLC, JMJ DEVELOPMENT, LLC AND TIM BARTON** | § | |
| | § | |
| **Defendants.** | § | |

## AMENDED NOTICE OF APPEAL

**TO THE UNITED STATES BANKRUPTCY COURT**:

NOTICE IS GIVEN that **2999TC, LLC**, **JMJ Development, LLC** and **Tim Barton** ("Defendants"), Defendants/Appellants herein, appeal to the United States District Court for the Northern District of Texas, this Court's **Order Granting Second Amended Motion to Dismiss Defendant 2999TC, LP, LLC Only and Abstain and Remand to State Court**, entered on November 18, 2020, in the above referenced adversary proceeding (the "**Order**").

The nature of the Order being appealed is final, with the United States District Court for the Northern District of Texas having jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a)(1).

1. Names of Appellants:

   a) 2999TC, LLC,
   b) JMJ Development, LLC and
   c) Tim Barton

2. Position of Appellants: The Appellant 2999TC, LLC is the Debtor in the above referenced bankruptcy proceeding. 2999TC, LLC, JMJ Development, LLC and Tim Barton are Defendants in the above referenced adversary proceeding.

3. Subject of this Appeal: The Order being appealed is the **Order Granting Second Amended Motion to Dismiss Defendant 2999TC, LP, LLC Only and Abstain and Remand to State Court**, entered on November 18, 2020, in the adversary proceeding No. 20-04078. (See "Exhibit 1")

4. Other Parties to the Appeal:

   (a) L. Allen Hodges III, As Independent Executor Of The Estate Of Leland A. Hodges Jr.,
   (b) Tejas Group, Ltd.,
   (c) LAH III Family Specific Interest, Ltd. and
   (d) Blackfoot Interest, Ltd.

Counsel:

Dee J. Kelly, Jr., Katherine T. Hopkins & Joakim G. Soederbaum

Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone (817) 332-2500
Facsimile (817) 878-9280
Dee.kelly@kellyhart.com
Katherine.hopkins@kellyhart.com
Joakim.soederbaum@kellyhart.com

Dated: November 19, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
kerry@joycelindauer.com
guy@joycelindauer.com
ATTORNEYS FOR APPELLANT 2999TC, LLC

/s/ Robert F. Kemp
Robert F. Kemp
State Bar No. 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
Email: lawyerkemp@cs.com
ATTORNEY FOR APPELLANTS JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 19, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below.

L. Allen Hodges III, As Independent Executor Of The Estate Of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd. and Blackfoot Interest, Ltd
c/o Dee J. Kelly, Jr., Katherine T. Hopkins & Joakim G. Soederbaum
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone (817) 332-2500
Facsimile (817) 878-9280
Dee.kelly@kellyhart.com
Katherine.hopkins@kellyhart.com
Joakim.soederbaum@kellyhart.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 18, 2020**

Mark X. Mullin
**United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE 2999TC LP, LLC, | § | CASE NO. 20-43204-mxm11 |
| Debtor. | § | |
| L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD. Plaintiffs, | § | ADVERSARY NO. 20-04078 |
| v. | § | |
| 2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON Defendants. | § | |

**ORDER GRANTING SECOND AMENDED MOTION TO DISMISS DEFENDANT**
**<u>2999TC LP, LLC ONLY AND ABSTAIN AND REMAND TO STATE COURT</u>**



EXHIBIT "1"
000806

On November 16, 2020, the Court considered the Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court (the "Motion") [Docket No. 12], filed by Plaintiffs L. Allen Hodges III, as Independent Executor of the Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd. and Blackfoot Interest, Ltd. (collectively, the "Plaintiffs"). At the hearing to consider the Motion, the Court stated its findings of fact and conclusions of law orally on the record pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, and that good cause existed to grant the Motion. In accordance therewith, it is therefore

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Plaintiffs' claims against only Defendant 2999TC LP, LLC ("2999TC") are hereby **DISMISSED, WITHOUT PREJUDICE**; it is further

ORDERED this Order does not affect or impair any of the remaining claims asserted in the State Court Lawsuit[1]; it is further

ORDERED that nothing contained in this Order and no actions taken by Plaintiffs or 2999TC with respect to this Order shall be construed as an admission by any party on any question of liability; it is further

ORDERED that the Court shall retain jurisdiction to hear and consider all disputes arising out of the interpretation or implementation of this Order; it is further

ORDERED that in connection with the State Court Lawsuit, permissive abstention and equitable remand are appropriate; and it is further

ORDERED that the State Court Lawsuit is remanded to the 141st Judicial District Court, Tarrant County, Texas for further determination.

**### END OF ORDER ###**

[1] Any capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion.

**SUBMITTED BY:**

*/s/ Katherine T. Hopkins*
Dee J. Kelly, Jr.
Tex. Bar I.D. 11217250
Katherine T. Hopkins
Tex. Bar I.D. 24070737
Joakim G. Soederbaum
Tex. Bar I.D. 24091338
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
dee.kelly@kellyhart.com
katherine.hopkins@kellyhart.com
joakim.soederbaum@kellyhart.com

**ATTORNEYS FOR L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.**