**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

---

**Consolidated No. 4:20-CV-1256-P**

---

**Bankruptcy Case No. 20-43204-MXM**
**Adversary Case No. 20-04078**

---

**2999TC LP, LLC, DEBTOR**

---

**2999TC, LP, LLC, JMJ DEVELOPMENT, LLC, TIM BARTON,**
***Appellants,***

**v.**

**L. ALLEN HODGES, III,** ***as Independent Executor of the Estate of Leland A. Hodges, Jr.*****, TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., BLACKFOOT INTEREST, LTD.,**
***Appellees.***

---

**Appeal from the United States Bankruptcy Court**
**for the Northern District of Texas, Fort Worth Division**

---

**RESPONSE TO MARCH 12, 2021 COURT ORDER**

---

**To the Honorable Judge Pittman:**

In its March 12, 2021 Order, the Court requested that Appellees "file a brief response explaining their grounds for opposing" Appellants' "motions for leave to file an amended opening brief with appendix (ECF No. 7) and for a one-week

extension to file their reply brief (ECF No. 8)." Dkt. 9. Appellees' objection is directed at the motion for extension and targeted to ensure the cost-efficient, timely, and orderly briefing of this appeal.

Appellees ordinarily would not object to a requested extension but feel obliged to do so here given the potential that the extension is sought for purposes of delay or to insert extra-record evidence.[1] The removed state proceeding at issue deals with clear breaches of notes and guaranties. Appellees filed the state suit to enforce the notes against 2999TC (the now debtor) or, alternatively, the guaranties against the non-debtor guarantors. Appellants already have delayed the state suit by (1) not timely answering it; (2) filing an unsuccessful motion for stay; (3) continuing a summary judgment hearing by claiming a need for discovery (but then not pursuing any); and (4) filing for bankruptcy on the eve of the continued summary judgment hearing. Appellees' Br. at 6-8. Recognizing that the state suit

[1] In their principal brief, Appellants cited extra-record material from the ongoing and underlying bankruptcy case, Appellants' Br. 11, 15, 17, 19, 22, 24, 26, and noted that "[t]he deadline for Appellees to file a proof of claim in 2999TC's bankruptcy case is March 11, 2021," *id.* at 11—the same day Appellants filed their motion for leave and for extension, ECF Nos. 7, 8. Appellants stated that that they would "fil[e] a Motion to Supplement the Record to include [these extra-record] Bankruptcy Pleadings[,]" but they did not. Appellants' Br. 8 n.1. Appellees objected that the referenced material is legally irrelevant and outside of the appellate record. Appellees' Br. 21-22. Appellees thus seek to avoid a scenario in which an extension results in additional extra-record material being introduced (*e.g.*, the March 11th proof of claim) without Appellants ever having filed the required motion to supplement in accordance with Federal Rule of Bankruptcy Procedure 8009.

did not belong in bankruptcy court, the district court dismissed Appellees' claims against the debtor and remanded the balance of the state suit to state court. Now, Appellants are appealing those correct decisions committed to the bankruptcy court's sound discretion.

As part of their appellate argument, Appellants are wielding Appellees' post-appeal protective filings in the bankruptcy proceeding—measures necessary to preserve Appellees' rights in the unlikely event of reversal—to argue that Appellees are producing "splintered" litigation, without noting or acknowledging Appellees' representations that those protective measures will be withdrawn upon affirmance. Appellants' Br. at 13. One such filing was due and filed the same day Appellees sought the extension. *See supra* n.1. Fully acknowledging the duty of consideration owed to opposing counsel and parties and regularly adhering to it, Appellees object to delays sought for delay or to permit discussion of extra-record evidence in Appellants' reply. Given that Appellees have already filed their response brief, they will have no ability to respond as a matter of right to such new and improper references and will have to seek leave to file a sur-reply, resulting in another round of briefing and associated delay.

With respect to the motion for leave, Appellees originally objected, believing Appellants may seek to add new material that is not part of the appellate record transmitted to this Court. Appellees did not have access to the proposed

appendix before the motion was filed; upon review of the filed proposed appendix, Appellees have no objection to it.

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*

Dee J. Kelly, Jr.
Texas Bar No. 11217250
dee.kelly.2@kellyhart.com
Katherine T. Hopkins
Texas Bar No. 24070737
katherine.hopkins@kellyhart.com
Joakim G. Soederbaum
Texas Bar No. 24091338
joakim.soederbaum@kellyhart.com
Caitlyn E. Hubbard
Texas Bar No. 24097853
caitlyn.hubbard@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopier: (817) 878-9280

**ATTORNEYS FOR APPELLEES**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served via ECF notification on March 15, 2021 on all parties receiving electronic notification.

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.