**CIVIL ACTION No. 4:20-CV-1256-P**

---

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

---

2999TC LP, LLC
Debtor.

---

2999TC, LP, LLC, JMJ Development, LLC, Tim Barton, Appellants

v.

L Allen Hodges, III, *As Independent Executor of The Estate of Leland A. Hodges Jr.*, Tejas Group, Ltd, LAH III Family Specific Interest, Ltd., Blackfoot Interest, Ltd., Appellees

---

Appeal from the United States Bankruptcy Court
Northern District of Texas, Fort Worth Division
Adversary Proceeding No. 20-04078
Related to Bankruptcy Case No. 20-43204-MXM

---

# MOTION TO RECONSIDER ORDER DENYING REQUEST FOR EXTENSION OF TIME TO FILE REPLY BRIEF

---

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
**ATTORNEYS FOR APPELLANTS**
**2999TC, LP, LLC**

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
**ATTORNEY FOR APPELLANTS**
**JMJ DEVELOPMENT, LLC**
**AND TIMOTHY BARTON**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT**:

COME NOW 2999TC, LP, LLC, JMJ Development, LLC, Tim Barton, (collectively referred to as the "**Appellants**"), and file this their ***Motion to Reconsider Order Denying Motion to Extend Deadline to file Reply Brief*** **("Motion")** and in support thereof, respectfully state as follows:

1. On November 18, 2020, Appellants timely filed a Notice of Appeal with regards to the Bankruptcy Court's November 16, 2020, *Order Granting Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court* (the "**Order**").

2. Appellants timely filed their Brief on January 27, 2021 and the Appellees' Brief was filed on February 26, 2021.

3. Appellants' reply brief was due on March 12, 2021. On March 11, 2021, faced with competing deadlines and a full docket, the Appellants requested a 7-day extension of time to file their reply brief so that they could sufficiently address all the issues raised in the Appellees' brief. In addition, one of the primary associate attorneys on the case, had to attend a college tour for her daughter in Omaha Nebraska on Thursday March 11, 2021. Out of an abundance of caution, Counsel sought what they believed to be a limited 7 day extension of time to ensure proper briefing of the Reply Brief with the least delay to the administration of the appeal.

4. The Appellants conferred with opposing counsel who objected to the request[1], after which the Court invited Appellees to state their reasons for their response. The Court denied the request for extension on March 15, 2021.

5. The Appellees' concerns centered on the cost efficient, timely and orderly briefing of the Appeal. Appellees argued that there was potential the request was sought for delay or to

[1] The Appellees Counsel was not aware of this additional reason for the requested extension of time.

insert extra-record evidence because of the Appellants' note in its opening brief that it would seek to supplement the record. The Appellees seemed to believe that because the proof of claim deadline in the underlying bankruptcy case was on March 11, 2021, that this was evidence that Appellants were requesting an extension to include the proof of claim in their reply brief without filing a Motion to Supplement the Record.

6. The extra record material cited by the Appellees set forth at pages 11, 15, 17, 19, 22, 24 and 26 of the Appellants' Brief are Debtor 2999TC's Plan and Disclosure Statement and the Appellees' objections thereto.

7. The Appellees also point to the procedural history in the State Case in which Counsel was not involved in as evidence of a continuing effort to delay this Appeal.

8. The Appellees also point to the Appeal itself which was timely and taken as of right as further evidence of delay and support that the requested extension should be denied.

9. Under Bankruptcy Rule 8018013(b), the district court may rule on a motion for a procedural order – including a motion under Rule 9006(b) or (c) – at any time without awaiting a response. A party adversely affected by the ruling may move to reconsider, vacate, or modify it within 7 days after the procedural order is served.

10. Appellants respectfully request that the Court reconsider its Order denying its 7-day extension of time and deem the Appellants' Reply Brief attached hereto as Exhibit "A" as timely filed.

11. While the reply brief does reference Proofs of Claims, the Plan and Disclosure Statement from the underlying bankruptcy case, these are not new arguments being raised for the first time in the Reply Brief. Appellants argued both at the underlying case from which this appeal stems and in their Brief that the Appellees had subjected themselves to the jurisdiction of the

bankruptcy court by filing an informal proof of claim in the case and objecting to the Debtor 2999TC's Plan and Disclosure Statement. See e.g. R[2]. 907 and Brief, pg. 22, 24, 30.

12. In addition, the Bankruptcy Court in its findings of facts and conclusions of law, took judicial notice of the Bankruptcy Docket which at the time included the Plan and Disclosure Statement. R. 915 and the Appellees themselves point to their Amended Objection to Debtor's Disclosure Statement Bankruptcy Docket 35, on page 19 of their Reply Brief and to other unrelated bankruptcy cases allegedly involving Appellant Tim Barton (See Appellees' Brief, page 20 - reference to the In re Wall007, LLC Case No. 20-31131, bankruptcy proceedings.).

13. The Reply Brief is in line with the Rules, in that it responds to the issues raised in the Appellees' Brief. The Appellants timely filed their Notice of Appeal, timely filed their Brief and requested for the first time on March 11, 2021, an extension from this Court. The Appellees' complaint about extra-record material is not a reason to deny this request for an extension as Appellees' have already raised that issue in their Brief and are not prejudiced from reasserting.

14. Allowing the Appellants to file their Reply Brief does not needlessly delay this case or prevent the orderly administration of the Appeal and this was not Counsels' intent in requesting an extension of time.

WHEREFORE, PREMISES CONSIDERED, Appellants respectfully request the Court reconsider the Order denying the extension of time, and allow Appellants to file as of record, the Reply Brief attached hereto as Exhibit "A" to this Motion.

---

[2] References to the record are referenced as R. __, and refers to the PageID in the upper right hand corner of the document.

Dated: March 16, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
**ATTORNEYS FOR APPELLANT**
**2999TC, LP, LLC**

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
**ATTORNEY FOR APPELLANTS**
**JMJ DEVELOPMENT, LLC**
**AND TIMOTHY BARTON**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 16, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the Appellees via their counsel listed below.

Dee J. Kelly, Jr.,
Katherine T. Hopkins
Joakim G. Soederbaum
Caitlyn E. Hubbard
Kelly Hart & Hallman LLP

201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone (817) 332-2500
Facsimile (817) 878-9280
Dee.kelly@kellyhart.com
Katherine.hopkins@kellyhart.com
Joakim.soederbaum@kellyhart.com
caitlyn.hubbard@kellyhart.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer