EXHIBIT "A"

**CIVIL ACTION No. 4:20-CV-1256-P**

---

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

---

2999TC LP, LLC
Debtor.

---

2999TC, LP, LLC, JMJ Development, LLC, Tim Barton, Appellants

v.

L Allen Hodges, III, *As Independent Executor of The Estate of Leland A. Hodges Jr.*, Tejas Group, Ltd, LAH III Family Specific Interest, Ltd., Blackfoot Interest, Ltd., Appellees

---

Appeal from the United States Bankruptcy Court
Northern District of Texas, Fort Worth Division
Adversary Proceeding No. 20-04078
Related to Bankruptcy Case No. 20-43204-MXM

---

**APPELLANTS' REPLY BRIEF**

---

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
**ATTORNEYS FOR APPELLANTS**
**2999TC, LP, LLC**

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
**ATTORNEY FOR APPELLANTS**
**JMJ DEVELOPMENT, LLC**
**AND TIMOTHY BARTON**

# TABLE OF AUTHORITIES

CASES ............................................................ PAGE NO.

*American Finance System, Inc. v. Harlow*, 65 F.R.D. 94 (D. Md. 1974) .................8

*Alamance Indus. v. Filene's*, 291 F.2d 142 (1st Cir. 1961). .....................................8

*Elbaor v. Tripath Imaging, Inc*. 279 F.3d 314 (5th Cir. 2002). ........................10, 11

*Green Giant Co. v. M/V Fortune Star*, 92 F.R.D. 746 (S.D. Ga. 1981). ..................9

*Matter of Gober*, 100 F.3d 1195 (5th Cir. 1996) ..................................................13

*Pace v. Express Co*., 409 F.2d 331, 334 (7th Cir. 1969) .......................................13

*Radiant Tech. Corp. v. Electrovert USA Corp*., 122 F.R.D. 201, 202-03 (N.D. Tex. 1988) ..........................................................................................................6, 10

*Randall & Blake, Inc. v. Evans (In re Canion)*, 196 F.3d 579 (5th Cir. 1999) .......13

*Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).................8

*Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987) ...............................12

STATUTES..................................................... PAGE NO.

11 U.S.C. §502 .........................................................................................13
28 U.S.C. § 157 ...................................................................................11, 12, 15
28 U.S.C. § 158 .........................................................................................6, 7
28 U.S.C. §1334 .....................................................................................9, 11,13
F.R.C.P. 41(a)(2 .........................................................................................8

OTHER ............................................................ PAGE NO.

8 Moore's Federal Practice, § 41.40 (Matthew Bender 3d ed.).................................9

# TABLE OF CONTENTS

I. STATEMENT OF JURISDICTION ........................................................5

II. STATEMENT OF THE CASE ........................................................7

III.ARGUMENT ........................................................8

A. Legal Prejudice Has Been Caused By the Dismissal ........................................................8

B. Abstention and Equitable Remand Are Prejudicial to Appellants 11

**A. "Arising In' Jurisdiction - Core Proceeding**........................11

**B. "Related To" Jurisdiction**........................13

V. CONCLUSION ........................................................15

CERTIFICATE OF COMPLIANCE ........................................................16

CERTIFICATE OF SERVICE ........................................................17

## STATEMENT OF JURISDICTION

1. Appellees argue that the "Appellants represent without discussion that the adversary proceeding is a "core" proceeding in their Statement of Jurisdiction. The Appellants have set forth arguments regarding the "core" nature of this proceeding in their opening Brief, as amended ("Brief"). Brief 20-22[1].

2. Further bolstering this matter as a "core" proceeding is the fact that Appellees transformed their informal proof of claim (*See* Brief 24) into a formal proof of claim on March 11, 2021, in the amount of $3,740,184.76 filed by Appellees Tejas Group, Ltd.; LAH III Family Specific Interest, Ltd. and Blackfoot Interest, Ltd; and a claim for $1,350,184.76 filed by the Estate of Leland A. Hodges, Jr., against Appellant 2999TC, LP, LLC ("2999TC"), *See* Bankr. Proof of Claim 1 and 2 (the "Proofs of Claim").

3. Contrary to Appellees assertion that they will withdraw the Proofs of Claim upon affirmance of the dismissal by this Court, the only conditions in the Proofs of Claim are that Appellees reserve the right to among other things, increase the amount of the claim, or assert claims against other persons, entities or property. *See* Bankr. Proof of Claim 1 and 2.

[1] References to the Record are "R. ____," and refers to the PageID in the upper right hand corner of the document. References to the Brief are "Brief ____.". References to the underlying Bankruptcy Case are "Bankr. Docket No. ___."

4. These Proofs of Claims are not documents outside of the appellate record as the issue of the Claims were raised in Appellants' Brief and in addition, inquired into by the Bankruptcy Court. *See* R. 907.

5. Further, the record is replete with the Bankruptcy Court taking judicial notice of the Bankruptcy Docket which would include the Proof of Claims and Claims Register. *See* R. 915. This Court as well can take judicial notice of the Bankruptcy Docket, including the Proof of Claim deadline and the proof of claims, as the Bankruptcy Docket is before this Court in the record and relied on by Appellants and Appellees in their Briefs.

6. The Bankruptcy Court erred in not taking into account, Appellees' Proof of Claim (informal at the time of the hearing, and formal thereafter) in determining that the Appellees filed this dismissal solely to forum shop to get this case before the Tarrant County district court. See e.g. R. 910 and 921. Although the Court erred in finding that Appellants forum shopped, the Court clearly found that Appellees engaged in forum shopping and under the *Radiant Tech. Corp. v. Electrovert USA Corp.* case, this should have been a reason to deny dismissal. 122 F.R.D. 201 (N.D. Tex. 1988).

7. For the reasons set forth in the Brief as supplemented herein, the Bankruptcy Court erred in dismissing, abstaining and remanding this "core" to the Tarrant County district court for adjudication.

## STATEMENT OF THE CASE

8. Appellees' statement of the case is replete with unsupported statements that were not included in the Court's findings of facts and the Appellees' allegations are disputed in full by the Appellants and subject to counterclaims. The Apellees' assert a $5M claim against the Bankruptcy Estate of 2999TC which affect the administration of the Estate. Appellants not only object to the Proofs of Claim but contend there are illegal revisions of the Notes (at least one page of the note was changed after it was signed] and deny there was ever a meeting of the minds regarding these alleged contracts. R. 625-629; 761-766; App'x E, 25.

9. Despite Appellees' attempts to cloud the record with its contentions couched as findings of facts, the Bankruptcy Court made no finding that supports the contentions in Appellees' brief that (a) bankruptcy was a delay tactic; (b) 2999TC had few assets, limited avenues to reorganize, and a litany of other obligores…"; (c) Appellants acted with the "attempt to avoid dismissal and perpetuate delay"; (d) or that removal was done to avoid an unfavorable summary judgment ruling.

10. In fact, it was Appellee who delayed and failed to respond to discovery and have engaged in delay. **See** R. 544. Footnote 1.

11. Contrary to Appellees' assertions, there has been no finding by any Court that there was a default or even a contract between the parties and therefore, dismissal of 2999TC denies Appellants of the opportunity to have these claims

decided in totally by the bankruptcy court, which is the most convenient forum to hear these claims.

12. Appellees' motion to dismiss 2999TC only is purely an attempt to forum shop as evidenced by their filing a $5M clam and objecting to the Plan and Disclosure Statement of 2999TC when it determined that 2999TC proposed to pay its creditors in full. *See* Bankr. Dkt. No. 32.

## ARGUMENT

### A. Legal Prejudice Has Been Caused By the Dismissal

13. When a counterclaim has been filed prior to the service of plaintiff's motion to dismiss, the dismissal cannot be obtained over the defendant's objection, unless it is found that as a matter of subject matter jurisdiction the counterclaim can be adjudicated independently by the court. Fed. R. Civ. P. 41(a)(2).

14. When a matter is left initially to the trial court's discretion, the failure to exercise any discretion is not excused or saved from reversal unpermitted exercise. *See American Finance System, Inc. v. Harlow*, 65 F.R.D. 94 (D. Md. 1974); *Alamance Indus. v. Filene's*, 291 F.2d 142 (1st Cir. 1961).

15. Legal prejudice suffered from a voluntary dismissal includes "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)( district court properly identified legal prejudice when the dismissal of a party would have rendered the

remaining parties unable to conduct sufficient discovery to untangle complex fraud claims and adequately defend themselves against charges of fraud.

16. A plaintiff may not dismiss an action when the dismissal would destroy federal jurisdiction and prevent the court from adjudicating the defendant's counterclaim. *See* 8 Moore's Federal Practice, § 41.40 (Matthew Bender 3d ed.). Legal prejudice is present not only where actual legal rights are threatened but also where monetary or other burdens appear to be extreme or unreasonable. *Green Giant Co. v. M/V Fortune Star*, 92 F.R.D. 746 (S.D. Ga. 1981).

17. Appellants argued below that the counterclaims were compulsory and could not be adjudicated independently by the Court and that under Texas Civil Practice and Remedies Code 37.006 and that all parties needed to remain in the proceeding for just determination. R. 897 and 899-900. In dismissing 2999TC only, the Court denied Appellants the most convenient and arguably the exclusive forum to adjudicate the counterclaims which affect the administration of Debtor 2999TC's bankruptcy estate. *See* 28 U.S.C. 1334(e)(1) – the district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction – (1) of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.

18. Here the Appellees clearly want it both ways. In seeking to dismiss without prejudice 2999TC and in filing a $5M proof of claim against 2999TC's Estate, the Appellees are effectively prosecuting their claims against 2999TC

through the bankruptcy proceeding while hoping to continue litigation in the State Court, thereby having multiple bites at the litigating their claims against the Appellants.

19. Further, as set forth in Appellants' Brief, the chain reaction of splintered litigation, beginning with the claims objections process is exactly what Appellants feared would happen and what is happening now with the claims objection process now underway, in that Appellants will have to object to Appellees' claims.

20. Even if the claims against the Guarantors are independent of the bankruptcy proceeding it still impacts the efficient administration of 2999TC's bankruptcy proceeding as the Guarantors will have claims against 2999TC dollar for dollar for their exposure to Appellees in the State Court.

21. Appellees point out the *Radiant Technology* case to undercut the legal prejudice suffered by Appellants, however, in the *Radiant Technology* case, the Court actually did not grant the dismissal but conditioned it on the below options:

> "First, they can accept the dismissal with its condition …;Second, they can decline to dismiss, decline to pay, and "take [their] chances on a trial..; . Third, they can accept the dismissal and decline to pay, in which case this court may dismiss their actions with prejudice; … Fourth, they can withdraw their motions. *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 205-206 (N.D. Tex. 1988)

22. Therefore, the Court in *Radiant Technology* Court did find prejudice to the Defendants but conditioned dismissal. Second, Appellees argue that pursuant to the *Elbaor v. Tripath Imaging, Inc*. case, that Appellants have speculative concerns

about legal prejudice insufficient to warrant reversal. 279 F.3d 314 (5th Cir. 2002). However, in *Elbaor*, the Court held specifically that " whether the defense will ultimately be successful is not the appropriate inquiry" but whether the Appellants' invocation of a defense is frivolous (holding that because dismissal without prejudice would have caused plain legal prejudice, the district court had only two options: it could deny the motion or it could craft reasonable conditions that would eliminate the prejudice.). *Id*.

23. Here, the Bankruptcy Court did not even consider any conditions, to dismissal, even though Appellants pointed out that if Appellees were to request dismissal with prejudice then that would be a separate matter. *See* R. 897.

## B. ABSTENTION AND EQUITABLE REMAND ARE PREJUDICIAL TO APPELLANTS

24. The Bankruptcy Court abused its discretion in abstaining and remanding to the State Court. The Court should have retained the case because it both "arises in" and is "related to" the Bankruptcy Case under 28 U.S.C. §1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11").

### A. "Arising In' Jurisdiction - Core Proceeding

25. The matters raised in the Adversary Proceeding both "arise in" in this case and are "core" proceedings under several provisions of 28 U.S.C. Section 157(b)(2), but particularly under sub-sections (B) and (C). Under Section

157(b)(2)(B), a matter is "core" if it involves the "allowance or disallowance of claims against the estate", and under Section 157(b)(2)(C), it is "core" if it involves "counterclaims by the estate against persons filing claims against the estate".

26. Long-established Fifth Circuit authority makes it clear that by filing a proof of claim based on the same causes of action raised in the State Court, the Plaintiffs have rendered those actions "core" matters, despite the state law nature of the claims:

> . . . The meaning of "arising in" proceedings is less clear [than the meaning of "arising under title 11" proceedings], but seems to be a reference to those "administrative" matters that arise *only* in bankruptcy cases. In other words, "arising in" proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy
> . . . .
>
> If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, *the filing of a proof of claim* or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.
> . . .
>
> [A] claim filed against the estate is a core proceeding because it could arise only in the context of bankruptcy. *Of course, the state-law right underlying the claim could be enforced in a state court proceeding absent the bankruptcy, but the nature of the state proceeding would be different from the nature of the proceeding following the filing of a proof of claim.*

*Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)(emphasis added).

27. Additional support for the proposition that the Adversary Proceeding is a core proceeding is found in 28 U.S.C. Section 157(b)(2)(A) and (O), which designates as core any "matters concerning the administration of the estate", and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship", respectively. The size of the Appellees claims ($5M) herein in relation to the claims of other unsecured creditors will have a profound effect on the Debtor 2999TC's plan of reorganization, which fundamentally involves the "administration of the estate" and "liquidation of the assets of the estate", and the adjudication of their proofs of claim by this Court is an "adjustment of the debtor-creditor . . . relationship".

**B. "Related To" Jurisdiction**

28. The Fifth Circuit has ruled that a matter is "related to" a bankruptcy case if it could "conceivably have any effect" on the bankruptcy estate. *Randall & Blake, Inc. v. Evans (In re Canion)*, 196 F.3d 579, 585 (5th Cir. 1999). In this case, should the Appellees prevail on the causes of action raised in the State Court Lawsuit it would have a very significant impact on the bankruptcy estate due to the extremely high level of damages sought against the Guarantors who will ultimately assert these claims against the Debtor. The effect of the State Court Lawsuit on the estate could not be clearer, thus this Court has "related to" jurisdiction under 28 U.S.C. §1334(b).

29. Further, as discussed above, the State Court Lawsuit, and the proofs of claim filed by the Appellants based on the State Court Lawsuit, are "core" proceedings.

30. Under the authority of *Matter of Gober*, 100 F.3d 1195 (5th Cir. 1996), this Court has "broad discretion to abstain from hearing *state law claims* whenever appropriate in the interest of justice, or in the interest of comity with State courts or respect for State law." Id. at 1206 (emphasis added). However, *Gober* does not apply in a case such as this, in which the Appellees have submitted to the federal jurisdiction of this Court by filing proofs of claims based on the same cases of action they raised in the State Court Lawsuit, and the Debtor has objected to those claims based on claims and counter-claims raised in the State Court.

31. Furthermore, the permissive abstention factors weigh against permissive abstention, for instance:

a) <u>The extent to which state law issues predominate over bankruptcy issues</u>. Bankruptcy issues dominate the issues raised in the Adversary Proceeding due to the 11 U.S.C. Section 502 mandate to adjudicate claims. Under Section 502(b), if a debtor files an objection to a proof of claim, the bankruptcy court "shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition". As set forth above, the Appellees' claims are objected to and the Bankruptcy Court has exclusive jurisdiction to adjudicate those claims.

b) The degree of relatedness or remoteness of the proceeding to main bankruptcy case. The matters raised in the Adversary Proceeding are directly related to the Bankruptcy Case, due to their effect on the 2999TC's Plan of Reorganization and other creditors' claims.

c) The substance rather than the form of an asserted core proceeding. As discussed above, the matters raised in the Adversary Proceeding are core proceedings in the Bankruptcy Case, i.e., the Bankruptcy Court's authority under 28 U.S.C. Sections 157(b)(2)(A), (B), (C) and (O).

d) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties. It was clear error for the Court to attribute forum shopping to both the parties. There is no possibility that the removal of this action by the Defendants involves forum shopping, because the Appellees submitted to the jurisdiction of this Court by filing proofs of claim.

## V. CONCLUSION

32. Based on the foregoing, Appellants pray this Court reverse the judgment of the Bankruptcy Court and for all further relief to which Appellants may show themselves entitled.

Dated: March 16, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
**ATTORNEYS FOR APPELLANT**
**2999TC, LP, LLC**

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
**ATTORNEY FOR APPELLANTS**
**JMJ DEVELOPMENT, LLC**
**AND TIMOTHY BARTON**

## CERTIFICATION OF COMPLIANCE

The undersigned certifies this brief complies with the type-face and length requirements of Bankruptcy Rule 8015(a)(7). Exclusive of the exempted portions stated in Bankruptcy Rule 8015(a)(7), the brief contains 2648 words, as calculated by Microsoft Word 2016, the program used to prepare this document.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 16, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the Appellees via their counsel listed below.

Dee J. Kelly, Jr.,
Katherine T. Hopkins
Joakim G. Soederbaum
Caitlyn E. Hubbard
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone (817) 332-2500
Facsimile (817) 878-9280
Dee.kelly@kellyhart.com
Katherine.hopkins@kellyhart.com
Joakim.soederbaum@kellyhart.com
caitlyn.hubbard@kellyhart.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer