**CIVIL ACTION No. ________**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

IN RE 2999TC LP, LLC

---

Original Proceeding from the United States District Court for the Northern District of Texas, Fort Worth Division
Adversary Proceeding No. 20-04078
Related to Bankruptcy Case No. 20-43204-MXM

---

# PETITION FOR WRIT OF MANDAMUS

---

**EXHIBIT "1"**

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
**ATTORNEYS OF PETITIONERS**
**2999TC, LP, LLC**

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
**ATTORNEY FOR PETITIONERS**
**JMJ DEVELOPMENT, LLC**
**AND TIMOTHY BARTON**

# LIST OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal:

| | |
|---|---|
| **Petitioners and their Counsel**<br>Joyce W. Lindauer<br>State Bar No. 21555700<br>Kerry S. Alleyne<br>State Bar No. 24066090<br>Guy H. Holman<br>State Bar No. 24095171<br>Joyce W. Lindauer Attorney, PLLC<br>1412 Main Street, Suite 500<br>Dallas, Texas 75202<br>Telephone: (972) 503-4033<br>Facsimile: (972) 503-4034<br>joyce@joycelindauer.com<br>**ATTORNEYS FOR 2999 TC LP, LLC**<br><br>Robert F. Kemp<br>SBN 11256400<br>2815 Valley View Lane, Ste. 202<br>Dallas, Texas 75234<br>(214) 526-2156<br>(214) 526-2156 Fax<br>**ATTORNEY FOR JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON** | **District Court Judge**<br>The Honorable Mark Pittman<br>United States District Court<br>Northern District of Texas<br>501 West 10th Street, Room 310<br>Fort Worth, Texas 76102-3673 |
| **RESPONDENTS**<br>L. Allen Hodges, III, as Independent Executory of the Estate of Leland A. Hodges, Jr.,<br><br>Tejas Group, Ltd.,<br><br>LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd | **RESPONDENTS' COUNSEL**<br>Kelly Hart & Hallman LLP<br>201 Main Street, Suite 2500<br>Fort Worth, Texas 76102<br>Telephone (817) 332-2500<br>Facsimile (817) 878-9280<br>Dee.kelly@kellyhart.com<br>Katherine.hopkins@kellyhart.com<br>Joakim.soederbaum@kellyhart.com<br>caitlyn.hubbard@kellyhart.com |

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
**ATTORNEYS FOR APPELLANT**
**2999TC, LP, LLC**

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
**ATTORNEY FOR APPELLANTS**
**JMJ DEVELOPMENT, LLC**
**AND TIMOTHY BARTON**

# TABLE OF AUTHORITIES

CASES ........................................................................................ PAGE NO.

*Ahanchian v. Xenon Pictures, Inc*. 624 F.3d. 1253 (9th Cir. 2010) .........................12

*Cheney v. U.S. Dist. Ct*., 542 U.S. 367 (2004).......................................................11

*Hetzel v. Bethlehem Steel Corp*., 50 F.3d 360, 367 (5th Cir. 1995) ........................12

*In re Volkswagen of Am., Inc*., 545 F.3d 304, 311 (5th Cir. 2008).............11, 12, 17

*Jenkins v. Commonwealth Land Title Ins*. 95 F.3d 791, 795 (9th Cir. 1996)..........12

*Perry v. Samson, 11 F.2d 655, 1926 U.S. Dist. LEXIS 1025 (D. Ala. 1926* aff'd, 17 F.2d 1, 1927 U.S. App. LEXIS 2884 (5th Cir. 1927)............................................16

*Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) ............................................13

*Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012 ....................................................13

STATUTES........................................................................................ PAGE NO.

28 U.S.C. § 1651 .........................................................................................11
28 U.S.C. 1292(b). ......................................................................................11
Fed. R. Bankr. P. 8009 ......................................................................9,10,14,15
Fed. R. Bankr. P. 8013 .....................................................................................12
Fed. R. Bankr. P. 9006(b) .................................................................................17
F.R.C.P. 6 .........................................................................................................12
Fed. R. App. P. 21 ...........................................................................................18
Fed. R. App. 32 ...............................................................................................18

# TABLE OF CONTENTS

I. RELIEF SOUGHT .......... 7

II. ISSUES PRESENTED .......... 7

III.REASONS TO GRANT WRIT .......... 7

IV.BACKGROUND .......... 8

V.ARGUMENT .......... 11

A. Petitioner Has No Other Adequate Means to Have the District Court Review its Reply Brief. .......... 11

B. The Petitioner's Right to the Writ is Clear and Indisputable .......... 12

C. The Writ is Appropriate in this Case .......... 16

VI. CONCLUSION .......... 17

CERTIFICATE OF COMPLIANCE .......... 18

CERTIFICATE OF SERVICE .......... 18

## I. RELIEF SOUGHT

1. COME NOW 2999TC LP, LLC, JMJ Development, LLC and Tim Barton, (collectively the "**Petitioners**"), and file this ***Petition for Writ of Mandamus***, respectfully requesting this Court direct the Honorable Mark Pittman of the United States District Court for the Northern District of Texas, Fort Worth Division ("**District Court**") to vacate the Order which denied Petitioners a seven (7) day extension of time to file their Reply Brief, to Appellees' Brief filed by L. Allen Hodges, III, as Independent Executory of the Estate of Leland A. Hodges, Jr., Tejas Group, Ltd.., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. ("**Respondents**"). The Order at issue is attached hereto as **Tab "1."**

## II. ISSUES PRESENTED

2. Did the District Court abuse its discretion by denying Petitioners' request for a seven (7) day extension to file their Reply Brief when such request was made prior to the deadline and Respondents are not prejudiced by the limited extension.

## III. REASONS TO GRANT WRIT

3. The District Court's Order is not appealable, and no other avenues exist for Petitioners to brief the issues raised in the Respondents' Brief and to fully present their case on Appeal in the District Court. Without an opportunity to brief the issues raised by the Respondents, Petitioners' have been denied due process and an opportunity to be heard.

## IV. <u>BACKGROUND</u>

4. On April 22, 2020 Respondents filed a lawsuit against Petitioners in the 141st Judicial District Court of Tarrant County, case number 141-316567-20. In the state court case, the Respondents complained that Petitioners had defaulted under promissory notes and guaranty agreements. **[State Court Docket Sheet, Tab "2."]**

5. On October 16, 2020, 2999TC LP, LLC filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the Northern District of Texas, Fort Worth, Division, Bankruptcy Case Number 20-43204. **[Bankruptcy Docket Sheet, Tab "3."]**

6. The state case was removed to the bankruptcy court as Adversary Proceeding No. 20-04078, *L. Allen Hodges III, as Independent Executor of the Estate of Leland A. Hodges Jr., et al v. 2999 TC LP, LLC et al*. (the "**<u>Adversary Proceeding</u>**"). **[Adversary Docket Sheet, Tab "4."]**.

7. In the Adversary Proceeding, Petitioners brought counterclaims against the Respondents, for reasons including that the loan documents would result in illegal encumbering of 2999TC LP, LLC's property with multiple liens. **[Original Counterclaims. Tab "5."]**

8. On October 23, 2020 Respondents file their *Second Amended Motion to Dismiss Defendant 2999TC, LP, LLC Only and Abstain and Remand to State Court and Brief in Support*. **[Tab "6."]**.

9. Between October 30, 2020 and November 11, 2020, Petitioners filed their *Objection and Response to Appellees' Second Amended Motion to Dismiss Defendant 2999TC, LLC Only* and their Brief in Support **[Tab "7"]**.

10. On November 16, 2020, the Bankruptcy Court held a hearing on the matters and entered its *Order Granting Second Amended Motion to Dismiss Defendant 2999TC, LP, LLC Only and Abstain and Remand to State Court* **("Dismissal, Abstention and Remand Order") [Tab "8."]**. The transcript of the proceedings is attached hereto as [**Tab "9."]**

11. On November 19, 2020, Petitioners timely appealed the Dismissal, Abstention and Remand Order to the United States District Court for the Northern District of Texas. [**Tab "10."]** and timely filed their Brief on January 27, 2021, as amended on March 15, 2021. **[Tab "11."]**

12. On February 26, 2021 Respondents filed their Appellee's Brief. **[Tab "12"]** making Petitioners' Reply Brief due on March 12, 2021. On March 11, 2021, Petitioners conferred with Respondents about a 7-day extension of time to file their Reply Brief. Respondents refused the request.

13. Petitioners filed their Motion for Extension of Time to File Reply Brief, requesting a 7-day extension to "sufficiently address all the issues raised in the Appellees' brief." **[Tab "13."]** Counsel for Petitioners informed the Court that they had competing deadlines and a full docket to attend to and in addition one of the attorneys had to travel out of State due to a personal matter, on March 11- March 12,

2021, the date on which the Reply Brief was due. **[Motion to Reconsider, Tab "14;" Email to Respondents' Counsel, Tab "15']**

14. On March 12, 2021, the date on which the Reply Brief was due, the Court ordered Respondents to file the reasons for their objections by March 15, 2021. [**Tab "16"]**; **[See Appeal Docket Sheet, Tab "17"]**

15. Respondents argued that they would be prejudiced by the extension because (A) Petitioners' real motive for the extension was for delay and/or to insert extra-record evidence from the on-going bankruptcy case, namely a Proof of Claim that was filed on March 11, 2021, "without … ever having filed the required motion to supplement in accordance with Federal Rule of Bankruptcy 8009; (B) Petitioners "delayed the state suit by (1) not timely answering it; (2) filing an unsuccessful motion for stay; (3) continuing a summary judgment hearing by claiming a need for discovery (but then not pursuing any; and (4) filing for bankruptcy on the eve of the continued summary judgment hearing;" and (C)the state suit did not belong in bankruptcy court to begin with and the claims against the debtor were properly dismissed and the balance of the state suit was properly remanded to state court. **[Tab "18"]**.

## V. ARGUMENT

16. The "All Writs Act" authorizes all Courts established by Act of Congress to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.

17. Mandamus is an appropriate remedy for "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380, (2004). A writ of mandamus may issue if "(1) the petitioner has 'no other adequate means' to attain the desired relief; (2) the petitioner has demonstrated a right to the issuance of a writ that is 'clear and indisputable;' and (3) the issuing court, in the exercise of its discretion, is satisfied that the writ is 'appropriate under the circumstances." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (citing authorities omitted). "These hurdles, however demanding, are not insuperable." *Id*.

### A. Petitioner Has No Other Adequate Means to Have the District Court Review its Reply Brief.

18. The Petitioners have no other adequate means to have their Brief considered before the Court issues a ruling on the Appeal. The District Court's Order denying the requested time extension is not an Interlocutory decision from which an appeal may be taken under 28 U.S.C. 1292(b). Therefore, the Petitioner has no other means to get this Order vacated and no other means to address the issues raised in Respondents' Brief.

**B. <u>The Petitioner's Right to Issuance of the Writ is Clear and Indisputable</u>**

19. A petitioner may show that its right to issuance of the writ is clear and indisputable by demonstrating that there has been a usurpation of judicial power or a clear abuse of discretion. *In re Volkswagen of Am., Inc.*, 545 F.3d 304 at 309. A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." Id at 310. The Fifth Circuit on mandamus review, will grant mandamus relief when such errors produce a patently erroneous result. *Id*.

20. Here the District Court's denial of the request was clearly erroneous. Most deadlines can be extended by the Court. *Hetzel v. Bethlehem Steel Corp*., 50 F.3d 360, 367 (5th Cir. 1995). Fed. R. Civ. P. 6(b)(1)(A) permits the court to grant an extension of time for "good cause," with or without a motion or notice. *See Jenkins v. Commonwealth Land Title Ins*. 95 F.3d 791, 795 (9th Cir. 1996). Similarly, Federal Rule of Bankruptcy Procedure 9006(b), made applicable to appellate proceeding by Federal Rule of Bankruptcy Procedure 8013(b) provides for enlargement of time, for cause shown, at any time in its discretion, with or without motion or notice, if the request is made prior to the expiration of the original period.

21. Good cause is a non-rigorous standard that has been construed broadly. *Ahanchian v. Xenon Pictures, Inc*. 624 F.3d. 1253, 1259-1260 (9th Cir. 2010) (finding that the court improperly denied a motion to extend where the Plaintiff

sought a one-week extension, and the requested relief was reasonable and justified and would not result in prejudice to any party). Motions filed before the deadline expires should normally be granted if there is no prejudice to another party and the movant did not act in bad faith. *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016); *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012)( finding that the District Court did not abuse its "broad discretion" in granting a request for a four day extension where no prejudice would be occasioned by the 4 day delay, there was no indication that the State's delayed response had any impact on the proceeding and there was no evidence of bad faith).

22. Here, the Petitioners' limited extension request was filed prior to the deadline, and ultimately, the Reply Brief was filed with Petitioners' Motion to Reconsider, two days after the original due date. **[Motion to Reconsider, Tab "14"]**.

23. All the reasons the Respondents proffered to show that they would be prejudiced by a 7-day extension is conjecture and speculation. First, Petitioners were honest and forthright to the Respondents and the District Court in their reason for the requested extension. **[Motion to Reconsider, Tab "14;"** and **Email to Respondents' Counsel, Tab "15."]**.

24. The fact that Respondents' Proof of Claim Deadline of March 11, 2021 fell on the same day that Petitioners requested their extension is no basis to find

prejudice or bad faith on Petitioners' part. No evidence exists that Petitioners were dishonest as to the true reason that an extension was needed.

25. Second, there is no evidence that Petitioners' real motive for the extension was for delay and/or to insert extra-record evidence from the on-going bankruptcy case, namely the Proof of Claim that was filed on March 11, 2021, "without … ever having filed the required motion to supplement in accordance with Federal Rule of Bankruptcy 8009." This is a red herring issue raised by Respondents to conflate procedural issues with the merits of the appeal.

26. Petitioners have already preserved for appeal, their argument that Respondents filed an <u>informal</u> proof of claim and therefore submitted themselves to the jurisdiction of the bankruptcy court. **[Tab "9" pageID 907]**. Therefore, the <u>formal</u> proof of claim on March 11, 2021, only bolsters an argument already preserved for appeal.[1]

27. In any event, the District Court should decide separately, whether the Petitioners have preserved their argument for appeal, or whether and to what extent, there is "extra-record" before it.

28. However, in denying the request for an extension to file a Reply Brief, the District Court improperly conflated procedural and substantive issues and denied

[1] One of the issues on appeal is whether equitable remand and permissive abstention were proper when the Adversary Proceeding presented core bankruptcy issues under 28 U.S.C. 157(b)(2), i.e., counterclaims by 2999 TC LP, LLC against Respondents; claims against 2999 TC LP, LLC by Respondents and the administration of the Estate. Petitioners argued in both lower courts that the Respondents' filing of an informal claim, among other things meant the Adversary Proceeding was a core proceeding that should remain in the Bankruptcy Court.

Petitioners the opportunity to brief important substantive issues raised in the Appellees' brief. There can be no prejudice to Respondents by allowing Petitioner to file a Reply Brief, since the Respondents have already, preserved any objections to Petitioners using "extra-record" material[2].

29. One major ground that Petitioners want the opportunity to brief is the appealability to the Fifth Circuit of the Bankruptcy Court's Order. Respondents argue that the Order is not appealable beyond the District Court, but this is not correct and Petitioners desire to Brief this issue along with the other substantive issues in the Appellees' brief. **[See Appellees' Brief, Tab12]**

30. Third, Respondents argue prejudice because of Petitioners' alleged delay in the state suit by (1) not timely answering it; (2) filing an unsuccessful motion for stay; (3) continuing a summary judgment hearing by claiming a need for discovery (but then not pursuing any; and (4) filing for bankruptcy on the eve of the continued summary judgment hearing." These are self-serving baseless accusations. The State Court suit has been pending since April 22, 2020 and approximately three months later on July 23, 2020, the Respondents filed their motion for summary judgment. **[State Court Docket Sheet, Tab "2."]** No order exists from any court finding delay or bad faith on Petitioners' part. 2999 TC LP, LLC filed its bankruptcy

[2] The alleged "extra-record" evidence consists of the Debtor 2999TC LP, LLC's Plan, Disclosure Statement and Respondents' Objections to those. Petitioners are not late in using the proper procedure under Rule 8009 to supplement the Record, as Respondents are alluding to. The Petitioners are in no way adopting Respondents' allegations that they have submitted any "extra-record" evidence before the District Court.

proceeding in good faith to repay its creditors. It has proposed a plan to accomplish that purpose. No Trustee, Examiner or Committee has been appointed in the bankruptcy case and it is fulfilling all its requirements as a Debtor in Possession. **[Bankr. Docket Sheet, Tab "3."]**

31. Finally, Respondents argue that the request to file a Reply Brief should be denied because the "state suit did not belong in bankruptcy court to begin with and the claims against the debtor were properly dismissed and the balance of the state suit was properly remanded to state court." **[Tab "18"]**.

32. Here, the Respondents and the District Court by adoption, have accepted as true and a foregone conclusion of law that the Dismissal, Abstention and Remand Order – the *very* order, that is on appeal to the District Court, is correct.

33. The Court allowed the Respondents to argue the merits of the Briefs without affording Petitioners an opportunity to respond.

## C. <u>The Writ is Appropriate in this Case</u>

34. The third factor in issuing a writ is that the issuing Court must be satisfied that the writ is appropriate under the circumstances. In mandamus, equitable principles can be applied. *Perry v. Samson*, 11 F.2d 655, 1926 U.S. Dist. LEXIS 1025 (D. Ala. 1926), aff'd, 17 F.2d 1, 1927 U.S. App. LEXIS 2884 (5th Cir. 1927). Based on the reasons set forth above, the Court should find that the writ is appropriate in this case to vacate the District Court's order and allow Petitioners an opportunity to brief the important issues pending before the District Court.

## VI. CONCLUSION

Based on the foregoing, Petitioners pray this Court issue a Writ vacating the District Court's Order and directing the District Court to accept the Petitioners' Brief if filed withing two days of the entry of the Writ. Petitioners request all further relief to which they may show themselves entitled.

Dated: April 9, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
**ATTORNEYS FOR APPELLANT**
**2999TC, LP, LLC**

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
**ATTORNEY FOR APPELLANTS**
**JMJ DEVELOPMENT, LLC**
**AND TIMOTHY BARTON**

## CERTIFICATION OF COMPLIANCE

The undersigned certifies this brief complies with the type-face and length requirements of FED. R. APP. P. 21(d) and 32(c)(2). Exclusive of the exempted portions stated in FED. R. APP. P. 21(a)(2)(c) the brief contains 2369 words, as calculated by Microsoft Word 2016, the program used to prepare this document.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 9, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the Appellees via their counsel listed below.

Dee J. Kelly, Jr.,
Katherine T. Hopkins
Joakim G. Soederbaum
Caitlyn E. Hubbard
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone (817) 332-2500
Facsimile (817) 878-9280
Dee.kelly@kellyhart.com
Katherine.hopkins@kellyhart.com
Joakim.soederbaum@kellyhart.com
caitlyn.hubbard@kellyhart.com

**District Court Judge**
The Honorable Mark Pittman
United States District Court
Northern District of Texas
501 West 10th Street, Room 310
Fort Worth, Texas 76102-3673

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer