**CIVIL ACTION No. ________**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

IN RE 2999TC LP, LLC

---

Original Proceeding from the United States District Court for the Northern District of Texas, Fort Worth Division
Adversary Proceeding No. 20-04078
Related to Bankruptcy Case No. 20-43204-MXM

---

## PETITIONERS' APPENDIX IN SUPPORT OF WRIT OF MANDAMUS

---

| DESCRIPTION | TAB NO. |
|---|---|


Order (denying Motion for One-Week Extension) .......... 1

State Court Docket Sheet .......... 2

Bankruptcy Docket Sheet .......... 3

Adversary Docket Sheet .......... 4

Original Counterclaims .......... 5

Second Amended Motion to Dismiss Defendant 2999TC, LP, LLC Only and Abstain and Remand to State Court and Brief in Support .......... 6

Objection and Response to Appellees' Second Amended Motion to Dismiss Defendant 2999TC, LLC Only; Brief in Support .......... 7

Order Granting Second Amended Motion to Dismiss Defendant 2999TC, LP, LLC Only and Abstain and Remand to State Court .......... 8

Transcript of Proceedings, November 16, 2020 .......... 9

Amended Notice of Appeal .......... 10

Appellants' Amended Opening Brief .......... 11

Brief of Appellees .......... 12

Motion to Extend Time to File Reply Brief .......... 13

Motion to Reconsider .......... 14

Email to Counsel .......... 15

Order Directing Response .......... 16

Appeal Docket Sheet .......... 17

Response to March 12, 2021 Court Order .......... 18

Dated: April 9, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
**ATTORNEYS FOR APPELLANT 2999TC, LP, LLC**

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
**ATTORNEY FOR APPELLANTS JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 9, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system and upon the Respondents listed below.

Dee J. Kelly, Jr.,
Katherine T. Hopkins
Joakim G. Soederbaum
Caitlyn E. Hubbard
Kelly Hart & Hallman LLP

201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone (817) 332-2500
Facsimile (817) 878-9280
Dee.kelly@kellyhart.com
Katherine.hopkins@kellyhart.com
Joakim.soederbaum@kellyhart.com
caitlyn.hubbard@kellyhart.com

**District Court Judge**
The Honorable Mark Pittman
United States District Court
Northern District of Texas
501 West 10th Street, Room 310
Fort Worth, Texas 76102-3673

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

# TAB 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **2999TC, LP, LLC et al.,** | § | |
| | § | |
| **Appellants,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-01256-P** |
| | § | |
| **L. ALLEN HODGES, III et al.,** | § | |
| | § | |
| **Appellees.** | § | |

**ORDER**

Before the Court is Appellants' Motion for Leave to File Amended Opening Brief with Appendix (ECF No. 7) and Motion for One-Week Extension to File Reply Brief (ECF No. 8). Having considered the motions and Appellees' response thereto (ECF No. 10), the Court concludes that the Motion for One-Week Extension should be and hereby is **DENIED** and that the Motion to file Amended Appendix should be and hereby is **GRANTED.**

Therefore, the Clerk of Court is **INSTRUCTED** to file the Amended Brief and Appendix attached as Exhibits 1 and 2 (ECF Nos. 7-1, 7-2) as separate docket entries.

**SO ORDERED** on this **15th day of March, 2021**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

# TAB 2

# Tarrant County District Clerk Online

## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information 10/30/2020 11:57 AM

**Court :** 141 **Case :** 316567 Search New Search ☐ **Show Service Documents ONLY**

**Cause Number : 141-316567-20** **Date Filed : 04-22-2020**

L. ALLEN HODGES III, ET AL **| VS |** 2999TC LP, LLC, ET AL

**Cause of Action :** OTHER CIVIL, OTHER

**Case Status :** PENDING - BANKRUPTCY

| File Mark | Description | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|
| 04-22-2020 | PLTFS' ORIG PET, REQ FOR DISCL, AND VERIFIED EX PARTE APPL FOR TRO, TEMP INJ, AND PERMANENT INJ | PDF N | $289.00 | |
| 04-22-2020 | COURT COST (PAID) trans #1 | Y | | $289.00 |
| 04-22-2020 | COPIES - SENT TO DP | N | $8.50 | |
| 04-22-2020 | COURT COST (PAID) trans #3 | Y | | $8.50 |
| 04-22-2020 | CIT-ISSUED ON JMJ DEVELOPMENT LLC-On 04/22/2020 | PDF N Svc | $8.00 | |
| 04-22-2020 | CIT-ISSUED ON TIM BARTON-On 04/22/2020 | PDF N Svc | $8.00 | |
| 04-22-2020 | COURT COST (PAID) trans #6 | Y | | $8.00 |
| 04-22-2020 | COURT COST (PAID) trans #5 | Y | | $8.00 |
| 04-22-2020 | CIT Cert Mail-ISSUED ON 2999TC LP LLC-On 04/22/2020 | PDF N Svc | $83.00 | |
| 04-22-2020 | COURT COST (PAID) trans #9 | Y | | $83.00 |
| 04-22-2020 | JURY FEE | N | $40.00 | |

Plaintiffs Exhibit

A

| | | | | |
|---|---|---|---|---|
| 04-22-2020 | COURT COST (PAID) trans #11 | Y | | $40.00 |
| 04-22-2020 | ***TRO (BOND $1000) HRG- 5/6/20 10:00AM | M | | $0.00 |
| 04-22-2020 | T.R.O.-ISSUED ON JMJ DEVELOPMENT LLC. H/R 05/06/2020 - 10:00-On 04/22/2020 | N Svc | $8.00 | |
| 04-22-2020 | T.R.O.-ISSUED ON TIM BARTON. H/R 05/06/2020 - 10:00-On 04/22/2020 | N Svc | $8.00 | |
| 04-22-2020 | COURT COST (PAID) trans #15 | Y | | $8.00 |
| 04-22-2020 | COURT COST (PAID) trans #14 | Y | | $8.00 |
| 04-22-2020 | T.R.O. CERT MAIL-ISSUED ON 2999TC LP LLC. H/R 05/06/2020 - 10:00-On 04/22/2020 | N Svc | $83.00 | |
| 04-22-2020 | COURT COST (PAID) trans #18 | Y | | $83.00 |
| 04-22-2020 | CASH BOND - | Y | | $1,000.00 |
| 04-23-2020 | Registry notification from #13 | | | $0.00 |
| 04-23-2020 | Registry Investment | Y | | ($1,000.00) |
| 04-29-2020 | PLTFS' EMERG MTN FOR SUB SVC & EX PARTE MTN TO EXTEND RESTRAINING ORD | | | $0.00 |
| 04-29-2020 | (PROPOSED) ORD AUTHORIZING SUB SVC & TO EXTEND TRO | | | $0.00 |
| 04-29-2020 | T.R.O.-ISSUED ON JMJ DEVELOPMENT LLC. H/R 05/12/2020 - 10:00-On 04/30/2020 | N Svc | $8.00 | |
| 04-29-2020 | T.R.O.-ISSUED ON TIM BARTON. H/R 05/12/2020 - 10:00-On 04/30/2020 | N Svc | $8.00 | |
| 04-29-2020 | NOTICE, T.R.O. | V A Svc | $8.00 | |

| | | | | |
|---|---|---|---|---|
| 04-29-2020 | COURT COST (PAID) trans #27 | Y | | $8.00 |
| 04-29-2020 | COURT COST (PAID) trans #26 | Y | | $8.00 |
| 04-29-2020 | COURT COST (PAID) trans #25 | Y | | $8.00 |
| 04-29-2020 | SERVICE FEE, SUBSEQUENT CERTIFIED MAIL | V A Svc | $75.00 | |
| 04-29-2020 | COURT COST (PAID) trans #31 | Y | | $75.00 |
| 04-30-2020 | *ORD FOR SUB SVC & EXTEND TRO TO 5/12/20 HRG 10AM* | M | | $0.00 |
| 04-30-2020 | NOTICE, T.R.O. Tr# 27 | V A Svc | ($8.00) | |
| 04-30-2020 | SERVICE FEE, SUBSEQUENT CERTIFIED MAIL Tr# 31 | V A Svc | ($75.00) | |
| 04-30-2020 | T.R.O. CERT MAIL-ISSUED ON 2999TC LP LLC. H/R 05/12/2020 - 10:00-On 04/30/2020 | N A Svc | $83.00 | |
| 05-01-2020 | CIT RETURN-TIM BARTON | | | $0.00 |
| 05-01-2020 | TRO RETURN-ALLEN HODGES III | | | $0.00 |
| 05-01-2020 | TRO RETURN-JMJ DEV LLC | | | $0.00 |
| 05-01-2020 | CIT RETURN-JMJ DEV LLC | | | $0.00 |
| 05-01-2020 | TRO RETURN-TIM BARTON | | | $0.00 |
| 05-01-2020 | TRO RETURN-TIM BARTON | | | $0.00 |
| 05-01-2020 | CIT Tr# 6 RET EXEC(TIM BARTON) On 04/30/2020 | | | $0.00 |
| 05-01-2020 | T.R.O. Tr# 25 RET EXEC(JMJ DEVELOPMENT LLC) On 04/30/2020 | | | $0.00 |

| | | | | |
|---|---|---|---|---|
| 05-01-2020 | T.R.O. Tr# 14 RET EXEC(JMJ DEVELOPMENT LLC) On 04/30/2020 | PDF | | $0.00 |
| 05-01-2020 | CIT Tr# 5 RET EXEC(JMJ DEVELOPMENT LLC) On 04/30/2020 | PDF | | $0.00 |
| 05-01-2020 | T.R.O. Tr# 26 RET EXEC(TIM BARTON) On 04/30/2020 | PDF | | $0.00 |
| 05-01-2020 | T.R.O. Tr# 15 RET EXEC(TIM BARTON) On 04/30/2020 | PDF | | $0.00 |
| 05-04-2020 | ADDITIONAL CIT RETURNED BY DIFF PROCESS SERVER | PDF | | $0.00 |
| 05-04-2020 | ADDITIONAL CIT RETURNED BY DIFF PROCESS SERVER | PDF | | $0.00 |
| 05-04-2020 | ADDITIONAL CIT RETURNED BY DIFF PROCESS SERVER | PDF | | $0.00 |
| 05-04-2020 | T.R.O. CERT MAIL Tr# 18 RET EXEC (2999TC LP LLC) On 04/28/2020 | PDF | | $0.00 |
| 05-04-2020 | CIT Cert Mail Tr# 9 RET EXEC(2999TC LP LLC) On 04/28/2020 | PDF | | $0.00 |
| 05-04-2020 | LTR FROM REG AGENT-DEFN IS NOT THEIR CLIENT | PDF | | $0.00 |
| 05-11-2020 | UNOPPOSED MTN TO EXTEND TRO | PDF | | $0.00 |
| 05-11-2020 | (PROPOSED) ORD EXTENDING TRO & RESETTING HRG ON APPL FOR TEMP INJUNCTION | PDF | | $0.00 |
| 05-12-2020 | *ORD EXTEND TRO TO 5/26/20 HRG 5/26/20 9:30AM | M PDF | | $0.00 |
| 05-12-2020 | NOT OF HRG 5/26/20 9:30AM-TEMP INJUNCTION | PDF | | $0.00 |
| 05-13-2020 | LTR FROM SOS UNABLE TO SERVE DEFN | PDF | | $0.00 |
| 05-19-2020 | 2ND UNOPPOSED MTN TO EXTEND TRO | PDF | | $0.00 |

| | | | | |
|---|---|---|---|---|
| 05-19-2020 | (PROPOSED) ORD EXTENDING TRO & RESETTING HRG | | | $0.00 |
| 05-19-2020 | *ORD EXTENDING TRO & RESETTING HRG 6/6/20 9:30AM | M | | $0.00 |
| 05-19-2020 | AMD NOT OF HRG - 6/16/20 9:30AM | | | $0.00 |
| 06-01-2020 | MTN TO QUASH SERVICE | | | $0.00 |
| 06-01-2020 | (PROPOSED) ORD GRANTING MTN TO QUASH SERVICE | | | $0.00 |
| 06-01-2020 | MTN TO QUASH SERVICE | | | $0.00 |
| 06-02-2020 | T.R.O. CERT MAIL Tr# 36 RET EXEC (2999TC LP LLC) On 05/29/2020 | | | $0.00 |
| 06-05-2020 | PLTFS' MTN FOR FINAL DEFAULT JDG & RESP TO DEFNS MTN TO QUASH | | | $0.00 |
| 06-05-2020 | DEFN 2999TC'S MTN TO DISM FOR LACK OF JURISDICTIONAND SPEC/EXEC | | | $0.00 |
| 06-05-2020 | 2999TC'S MTN TO DISSOLVE TRO & MTN TO STAY CASE | | | $0.00 |
| 06-08-2020 | NOT OF HRG 6/11/20 10:30AM-SEVERAL MTNS | | | $0.00 |
| 06-08-2020 | NOT OF HRG 6/11/20 10:30AM-VARIOUS MTNS | | | $0.00 |
| 06-10-2020 | AMD NOT OF HRG 6/11/20 9:30AM-SEVERAL MTNS | | | $0.00 |
| 06-10-2020 | DEFN 2999TC LP LLC'S ORIG ANS & REQ FOR DISCL | | | $0.00 |
| 06-10-2020 | AMD NOT OF HRG 6/11/20 9:30AM-SEVERAL MTNS | | | $0.00 |
| 06-11-2020 | (PROPOSED) ORD DENYING DEFN 2999TC'S MTN TO STAY | | | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| 06-11-2020 | (PROPOSED) ORD DENYING DEFN 2999TC'S MTN TO DISM FOR LACK OF JURISDICTION & SPEC/EXEC | | | | $0.00 |
| 06-11-2020 | (PROPOSED) ORD DENYING DEFNS BARTON & JMJ DEV LLC MTN TO QUASH SVC | | | | $0.00 |
| 06-15-2020 | PLTF'S 1ST AMD PET | | | | $0.00 |
| 06-15-2020 | LTR RE: WITHDRAW OF HRG | | | | $0.00 |
| 06-18-2020 | DEFN'S MTV & ORIG ANS SUBJECT THERETO | | | | $0.00 |
| 06-23-2020 | NOT OF HRG 7/1/20 10AM-TRANSFER VENUE | | | | $0.00 |
| 06-29-2020 | DEFNS' OBJS TO HRG & MTN FOR CONT | | | | $0.00 |
| 06-29-2020 | (PROPOSED) ORD GRANTING LEAVE OF COURT | | | | $0.00 |
| 07-06-2020 | JMJ & BARTON'S REPLY IN SUPPORT OF MTN TO TRANSFERVENUE | | | | $0.00 |
| 07-10-2020 | *ORD GRANTING LEAVE OF COURT | | M | | $0.00 |
| 07-10-2020 | *ORD DENYING MTV | | M | | $0.00 |
| 07-23-2020 | PLTFS' MTN FOR SUM/JDG | | | | $0.00 |
| 07-24-2020 | NOT OF HRG 8/20/20 11AM-MTN FOR SUM/JDG | | | | $0.00 |
| 08-10-2020 | JMJ DEV LLC & BARTON'S MTN FOR CONT | | | | $0.00 |
| 08-10-2020 | (PROPOSED) ORD FOR CONT | | | | $0.00 |
| 08-11-2020 | DEFNS' 1ST AMD MTN FOR CONT | | | | $0.00 |

| | | | | |
|---|---|---|---|---|
| 08-11-2020 | (PROPOSED) ORD FOR 1ST AMD CONT | | | $0.00 |
| 08-12-2020 | DEFN 2999'S MTN TO CONT HRG ON MTN FOR SUM/JDG | | | $0.00 |
| 08-12-2020 | DEFN 2999 LLC'S NOT OF HRG 8/14/120 10:30AM- CONT MSJ | | | $0.00 |
| 08-14-2020 | PLTFS RESP IN OPPOSITINO TO JMJ & BARTON'S 1ST AMDMTN FOR CONT & TO DEFN 2999'S UNVERIFIED MTN FOR CONT | | | $0.00 |
| 08-14-2020 | DEFN 2999TC LP LLC'S RESP TO PLTFS MTN FOR SUM/JDG | | | $0.00 |
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |

| | | | | |
|---|---|---|---|---|
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |
| 08-14-2020 | (ATTACHED) EXHIB | | | $0.00 |
| 09-03-2020 | MTN OT WITHDRAW AS COUNSEL FOR 2999TC LP LLC | | | $0.00 |
| 09-03-2020 | (PROPOSED) ORD GRANTING MTN TO WITHDRAW | | | $0.00 |
| 09-15-2020 | *ORD GRANTING MTN TO W/D AS COUNSEL* | M | | $0.00 |
| 09-25-2020 | NOT OF HRG 10/16/20 @ 11AM | | | $0.00 |
| 10-09-2020 | DEFNS 1SR SUPPL RESP TO PLTFS MTN FOR SUM JDG | | | $0.00 |
| 10-09-2020 | NOT OF APPEARANCE FOR DEFN 2999TC LP LLC | | | $0.00 |
| 10-14-2020 | PLTFS REPLY BRIEF IN SUPPORT OF THEIR MSJ | | | $0.00 |
| 10-16-2020 | NOT OF REMOVAL TO US DISTRICT COURT | | | $0.00 |
| 10-16-2020 | SUGGESTRION OF BANKRUPTCY OF DEFN 2999TC LP LLC | | | $0.00 |

# TAB 3

**REFORM, ADVAPL**

# U.S. Bankruptcy Court
# Northern District of Texas (Ft. Worth)
# Bankruptcy Petition #: 20-43204-mxm11
**Internal Use Only**

*Assigned to:* Mark X. Mullin
Chapter 11
Voluntary
Asset

*Date filed:* 10/16/2020
*341 meeting:* 12/11/2020
*Deadline for filing claims:* 03/11/2021
*Deadline for filing claims (govt.):* 06/09/2021

***Debtor***
**2999TC LP, LLC**
13901 Midway Road
Suite 102-243
Dallas, TX 75244
TARRANT-TX
Tax ID / EIN: 82-4824131

represented by **Joyce Lindauer**
Joyce Lindauer Attorney, PLLC
1412 Main Street, Ste. 500
Dallas, TX 75202
972-503-4033

**Joyce W. Lindauer**
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
(972) 503-4033
Fax : (972) 503-4034
Email: joyce@joycelindauer.com

***U.S. Trustee***
**United States Trustee**
1100 Commerce Street
Room 976
Dallas, TX 75202
214-767-8967

| Filing Date | Docket Text |
|---|---|
| 10/16/2020 | 1 Non-individual Chapter 11 Voluntary Petition. Fee Amount $1717 Filed by 2999TC LP, LLC (Lindauer, Joyce) |
| 10/16/2020 | Receipt of filing fee for Voluntary petition (chapter 11)(20-43204-11) [misc,volp11a] (1717.00). Receipt number 28187354, amount $1717.00 (re: Doc# 1). (U.S. Treasury) |
| 10/16/2020 | 2 Adversary case 20-04078. Complaint by L. Allen Hodges III as Independent Executor of The Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific |

000032

| | |
|---|---|
| | Interest, Ltd., Blackfoot Interest, Ltd. against 2999TC LP, LLC, JMJ Development, LLC, Tim Barton. Fee Amount $350 (Attachments: # 1 Exhibit B-1 # 2 Exhibit B-2 # 3 Exhibit B-3 # 4 Exhibit B-4 # 5 Exhibit B-5 # 6 Exhibit B-6 # 7 Exhibit B-7 # 8 Exhibit B-8 # 9 Exhibit B-9 # 10 Exhibit B-10 # 11 Exhibit B-11 # 12 Exhibit B-12 # 13 Exhibit B-13 # 14 Exhibit B-14 # 15 Exhibit B-15 # 16 Exhibit B-16 # 17 Exhibit B-17 # 18 Exhibit B-18 # 19 Exhibit B-19 # 20 Exhibit B-20 # 21 Exhibit B-21 # 22 Exhibit B-22). Nature(s) of suit: 01 (Determination of removed claim or cause). (Lindauer, Joyce) |
| 10/16/2020 | 3 (private) Declaration for electronic filing *of Petition and Matrix* filed by Debtor 2999TC LP, LLC. (Lindauer, Joyce) |
| 10/16/2020 | 4 Notice of deficiency. Schedule A/B due 10/30/2020. Schedule D due 10/30/2020. Schedule E/F due 10/30/2020. Schedule G due 10/30/2020. Schedule H due 10/30/2020. Declaration Under Penalty of Perjury for Non-individual Debtors due 10/30/2020. Summary of Assets and Liabilities and Certain Statistical Information due 10/30/2020. Statement of Financial Affairs due 10/30/2020. 20 Largest Unsecured Creditors due 10/19/2020. (Dugan, S.) |
| 10/16/2020 | 5 Chapter 11 or Chapter 9 Cases Non- Individual List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders . Filed by Debtor 2999TC LP, LLC (RE: related document(s)4 Notice of deficiency). (Lindauer, Joyce) |
| 10/18/2020 | 6 BNC certificate of mailing. (RE: related document(s)4 Notice of deficiency. Schedule A/B due 10/30/2020. Schedule D due 10/30/2020. Schedule E/F due 10/30/2020. Schedule G due 10/30/2020. Schedule H due 10/30/2020. Declaration Under Penalty of Perjury for Non-individual Debtors due 10/30/2020. Summary of Assets and Liabilities and Certain Statistical Information due 10/30/2020. Statement of Financial Affairs due 10/30/2020. 20 Largest Unsecured Creditors due 10/19/2020. (Dugan, S.)) No. of Notices: 1. Notice Date 10/18/2020. (Admin.) |
| 10/19/2020 | 7 Meeting of creditors 341(a) meeting to be held on 12/11/2020 at 09:30 AM by TELEPHONE. Proofs of Claims due by 3/11/2021. Government Proof of Claim due by 6/9/2021. (Neary, William) |
| 10/22/2020 | 8 Certificate of service re: Meeting of Creditors filed by Debtor 2999TC LP, LLC (RE: related document(s)7 Meeting of creditors Chapter 11). (Lindauer, Joyce) |
| 10/22/2020 | 9 BNC certificate of mailing - meeting of creditors. (RE: related document(s)7 Meeting of creditors 341(a) meeting to be held on 12/11/2020 at 09:30 AM by TELEPHONE. Proofs of Claims due by 3/11/2021. Government Proof of Claim due by 6/9/2021.) No. of Notices: 1. Notice Date 10/22/2020. (Admin.) |
| 10/30/2020 | 10 Schedules: Schedules A/B and D-H with Summary of Assets and Liabilities (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor 2999TC LP, LLC (RE: related document(s)4 Notice of deficiency). (Lindauer, Joyce) |
| 10/30/2020 | 11 Statement of financial affairs for a non-individual . Filed by Debtor 2999TC LP, LLC (RE: related document(s)4 Notice of deficiency). (Lindauer, Joyce) |
| 10/30/2020 | 12 Amended Chapter 11 or Chapter 9 Cases Non- Individual List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders - *AMENDED*. Filed by Debtor 2999TC LP, LLC. (Lindauer, Joyce) |

| | |
|---|---|
| 10/30/2020 | 13 Disclosure of compensation of attorney for debtor . Filed by Debtor 2999TC LP, LLC. (Lindauer, Joyce) |
| 11/10/2020 | 14 Application to employ Joyce W. Lindauer Attorney, PLLC as Attorney Filed by Debtor 2999TC LP, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 11/19/2020 | (private) Flags set: ADVAPL (Rueter, Karyn) |
| 12/01/2020 | 15 Chapter 11 plan filed by Debtor 2999TC LP, LLC. (Lindauer, Joyce) |
| 12/01/2020 | 16 Disclosure statement filed by Debtor 2999TC LP, LLC. (Lindauer, Joyce) |
| 12/01/2020 | 17 Amended Schedules: E/F, (Changing the amount of a debt) fee Amount $32 (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor 2999TC LP, LLC. (Lindauer, Joyce) |
| 12/01/2020 | 18 (private) Declaration for electronic filing *of Amended Schedule E/F* filed by Debtor 2999TC LP, LLC. (Lindauer, Joyce) |
| 12/01/2020 | Receipt of filing fee for Schedules(20-43204-mxm11) [misc,schedall] ( 32.00). Receipt number 28306490, amount $ 32.00 (re: Doc# 17). (U.S. Treasury) |
| 12/02/2020 | 19 Certificate of No Objection filed by Debtor 2999TC LP, LLC (RE: related document(s)14 Application to employ Joyce W. Lindauer Attorney, PLLC as Attorney ). (Lindauer, Joyce) |
| 12/03/2020 | 20 Order Setting hearing on disclosure statement (RE: related document(s)16 Disclosure statement filed by Debtor 2999TC LP, LLC). Hearing to be held on 1/6/2021 at 11:00 AM Ft. Worth, Judge Mullin's Ctrm. for 16, Entered on 12/3/2020 (Dozier, Bryan) |
| 12/03/2020 | 21 Notice of hearing filed by Debtor 2999TC LP, LLC (RE: related document(s)16 Disclosure statement filed by Debtor 2999TC LP, LLC.). Hearing to be held on 1/6/2021 at 11:00 AM Ft. Worth, Judge Mullin's Ctrm. for 16, (Lindauer, Joyce) |
| 12/07/2020 | 22 Order granting application to employ Joyce Lindauer for 2999TC LP, LLC as Attorney (related document # 14) Entered on 12/7/2020. (Dozier, Bryan) |
| 12/07/2020 | 23 Certificate of service re: filed by Debtor 2999TC LP, LLC (RE: related document(s)15 Chapter 11 plan, 16 Disclosure statement, 20 Order to set hearing, 21 Notice of hearing). (Lindauer, Joyce) |
| 12/07/2020 | 24 Certificate of service re: filed by Debtor 2999TC LP, LLC (RE: related document(s)21 Notice of hearing). (Lindauer, Joyce) |
| 12/09/2020 | 25 BNC certificate of mailing - PDF document. (RE: related document(s)22 Order granting application to employ Joyce Lindauer for 2999TC LP, LLC as Attorney (related document 14) Entered on 12/7/2020.) No. of Notices: 1. Notice Date 12/09/2020. (Admin.) |
| 12/11/2020 | Trustee's initial report of meeting of creditors held on 12/11/2020 (RE: related document(s)7 Meeting of creditors Chapter 11) (Young, Elizabeth) |

# TAB 4

# U.S. Bankruptcy Court
# Northern District of Texas (Ft. Worth)
# Adversary Proceeding #: 20-04078-mxm
### Internal Use Only

*Assigned to:* Mark X. Mullin
*Lead BK Case:* 20-43204
*Lead BK Title:* 2999TC LP, LLC
*Lead BK Chapter:* 11
*Demand:*

*Date Filed:* 10/16/20

*Nature[s] of Suit:* 01 Determination of removed claim or cause

***Plaintiff***
-----------------------
**Tejas Group, Ltd.** represented by **Katherine T. Hopkins**
Kelly Hart & Hallman
201 Main Street, Suite 2500
Fort Worth, TX 76102
(817) 332-2500
Fax : (817) 878-9280
Email: katherine.thomas@kellyhart.com

**Dee J. Kelly, Jr.**
Kelly, Hart & Hallman, P.C.
201 Main St., Suite 2500
Fort Worth, TX 76102
817-332-2500
Email: dee_kelly_2@khh.com
*LEAD ATTORNEY*

***Plaintiff***
-----------------------
**LAH III Family Specific Interest, Ltd.** represented by **Katherine T. Hopkins**
(See above for address)

**Dee J. Kelly, Jr.**
(See above for address)
*LEAD ATTORNEY*

***Plaintiff***
-----------------------

| | | |
|---|---|---|
| **Blackfoot Interest, Ltd.** | represented by | **Katherine T. Hopkins**<br>(See above for address)<br><br>**Dee J. Kelly, Jr.**<br>(See above for address)<br>*LEAD ATTORNEY* |
| ***Plaintiff***<br>-----------------------<br>**L. Allen Hodges, III,** ***as Independent Executor of The Estate of Leland A. Hodges Jr.*** | represented by | **Katherine T. Hopkins**<br>(See above for address)<br><br>**Dee J. Kelly, Jr.**<br>(See above for address)<br>*LEAD ATTORNEY* |

V.

| | | |
|---|---|---|
| ***Defendant***<br>-----------------------<br>**2999TC LP, LLC**<br>*TERMINATED: 11/18/2020* | represented by | **Joyce W. Lindauer**<br>Joyce W. Lindauer Attorney, PLLC<br>1412 Main Street<br>Suite 500<br>Dallas, TX 75202<br>(972) 503-4033<br>Fax : (972) 503-4034<br>Email: joyce@joycelindauer.com<br>*TERMINATED: 11/18/2020* |
| ***Defendant***<br>-----------------------<br>**JMJ Development, LLC** | represented by | **Joyce W. Lindauer**<br>(See above for address) |
| ***Defendant***<br>-----------------------<br>**Tim Barton** | represented by | **Joyce W. Lindauer**<br>(See above for address) |

***Counter-Claimant***
-----------------------
**2999TC LP, LLC**

*TERMINATED: 11/18/2020*

***Counter-Claimant***
**-----------------------**
**Tim Barton** represented by **Tim Barton**
PRO SE

***Counter-Claimant***
**-----------------------**
**JMJ Development, LLC** represented by **JMJ Development, LLC**
PRO SE

V.

***Counter-Defendant***
**-----------------------**
**Tejas Group, Ltd.**

***Counter-Defendant***
**-----------------------**
**LAH III Family Specific Interest, Ltd.**

***Counter-Defendant***
**-----------------------**
**Blackfoot Interest, Ltd.**

***Counter-Defendant***
**-----------------------**
**L. Allen Hodges, III,** ***as Independent Executor of The Estate of Leland A. Hodges Jr.***

| Filing Date | Docket Text |
|---|---|
| 10/16/2020 | 1 Adversary case 20-04078. Complaint by L. Allen Hodges III as Independent Executor of The Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., Blackfoot Interest, Ltd. against 2999TC LP, LLC, JMJ Development, LLC, |

Case 4:20-cv-01256-P Document 3-1 Filed 10/28/20 Page 25 of 111 PageID 166

| | |
|---|---|
| | Tim Barton. Fee Amount $350 (Attachments: # 1 Exhibit B-1 # 2 Exhibit B-2 # 3 Exhibit B-3 # 4 Exhibit B-4 # 5 Exhibit B-5 # 6 Exhibit B-6 # 7 Exhibit B-7 # 8 Exhibit B-8 # 9 Exhibit B-9 # 10 Exhibit B-10 # 11 Exhibit B-11 # 12 Exhibit B-12 # 13 Exhibit B-13 # 14 Exhibit B-14 # 15 Exhibit B-15 # 16 Exhibit B-16 # 17 Exhibit B-17 # 18 Exhibit B-18 # 19 Exhibit B-19 # 20 Exhibit B-20 # 21 Exhibit B-21 # 22 Exhibit B-22). Nature(s) of suit: 01 (Determination of removed claim or cause). (Lindauer, Joyce) |
| 10/16/2020 | 2 Adversary proceeding cover sheet filed by Defendant 2999TC LP, LLC (RE: related document(s)1 Complaint). (Lindauer, Joyce) |
| 10/16/2020 | Receipt of filing fee for Complaint(20-04078-mxm) [cmp,cmp] ( 350.00). Receipt number 28187609, amount $ 350.00 (re: Doc# 1). (U.S. Treasury) |
| 10/16/2020 | 3 Support/supplemental document/*Exhibit A* filed by Defendant 2999TC LP, LLC (RE: related document(s)1 Complaint). (Lindauer, Joyce) |
| 10/16/2020 | (private) Case checked for completeness (Bibbs-Samuels, P.) |
| 10/16/2020 | 4 Notice of hearing filed by Court (RE: related document(s)1 Complaint filed by Plaintiff Tejas Group, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.). Status Conference to be held on 11/4/2020 at 01:30 PM at Ft. Worth, Judge Mullin's Ctrm.. (Calfee, J.) |
| 10/16/2020 | 5 Counterclaim by 2999TC LP, LLC, Tim Barton, JMJ Development, LLC against all plaintiffs (Lindauer, Joyce) |
| 10/18/2020 | 6 BNC certificate of mailing - hearing. (RE: related document(s)4 Notice of hearing filed by Court (RE: related document(s)1 Complaint filed by Plaintiff Tejas Group, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.). Status Conference to be held on 11/4/2020 at 01:30 PM at Ft. Worth, Judge Mullin's Ctrm.. (Calfee, J.)) No. of Notices: 1. Notice Date 10/18/2020. (Admin.) |
| 10/19/2020 | 7 Motion to dismiss 2999TC LP, LLC *ONLY* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (Attachments: # 1 Proposed Order) (Hopkins, Katherine) |
| 10/19/2020 | 8 Motion to dismiss 2999TC LP, LLC ONLY *Amended Motion to Dismiss Defendant 2999TC LP, LLC Only* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. Objections due by 11/9/2020. (Attachments: # 1 Proposed Order) (Hopkins, Katherine) |
| 10/20/2020 | 9 Motion for expedited hearing(related documents 8 Motion to dismiss party) *Motion for Expedited Hearing on Plaintiffs' Amended Motion to Dismiss Defendant 2999TC LP, LLC Only* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (Attachments: # 1 Proposed Order) (Hopkins, Katherine) |
| 10/20/2020 | 10 Objection to (related document(s): 9 Motion for expedited hearing(related documents 8 Motion to dismiss party) *Motion for Expedited Hearing on Plaintiffs' Amended Motion to Dismiss Defendant 2999TC LP, LLC Only* filed by Counter-Defendant L. Allen Hodges, Plaintiff L. Allen Hodges, Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family |

| | |
|---|---|
| | Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.) filed by Defendant 2999TC LP, LLC. (Lindauer, Joyce) |
| 10/23/2020 | 11 Order granting motion for expedited hearing (Related Doc# 9)(document set for hearing: 8 Motion to dismiss party) Hearing to be held on 11/4/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 8, Entered on 10/23/2020. (Dozier, Bryan) |
| 10/23/2020 | 12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. Objections due by 11/13/2020. (Attachments: # 1 Proposed Order) (Hopkins, Katherine) |
| 10/23/2020 | 30 Motion for remand filed by Plaintiffs Blackfoot Interest, Ltd. , L. Allen Hodges III, LAH III Family Specific Interest, Ltd. , Tejas Group, Ltd. (Calfee, J.) (Entered: 11/17/2020) |
| 10/25/2020 | 13 Objection to (related document(s): 8 Motion to dismiss 2999TC LP, LLC ONLY *Amended Motion to Dismiss Defendant 2999TC LP, LLC Only* filed by Counter-Defendant L. Allen Hodges, Plaintiff L. Allen Hodges, Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.) filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC. (Lindauer, Joyce) |
| 10/25/2020 | 14 BNC certificate of mailing - PDF document. (RE: related document(s)11 Order granting motion for expedited hearing (Related Doc9)(document set for hearing: 8 Motion to dismiss party) Hearing to be held on 11/4/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 8, Entered on 10/23/2020.) No. of Notices: 1. Notice Date 10/25/2020. (Admin.) |
| 10/26/2020 | 15 Expedited Notice of hearing *Notice of Expedited Hearing on Plaintiffs' Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (RE: related document(s)12 Motion to dismiss party filed by Counter-Defendant L. Allen Hodges, Plaintiff L. Allen Hodges, Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.). Hearing to be held on 11/4/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 12, (Hopkins, Katherine) |
| 10/27/2020 | 16 Motion for leave */Motion to Disqualify Kelly Hart & Hallman LLP* filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 10/29/2020 | 17 Notice of telephone video information for November 4th at 1:30 (RE: related document(s)1 Complaint filed by Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd., 12 Motion to dismiss party filed by Counter-Defendant L. Allen Hodges, Plaintiff L. Allen Hodges, Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas |

| | |
|---|---|
| | Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.). (Calfee, J.) |
| 10/30/2020 | 18 Witness and Exhibit List *Plaintiffs' Designation of Witnesses and Exhibits for Expedited Hearing on November 4, 2020 at 1:30 P.m> (CT)* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (RE: related document(s)12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support*). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I) (Hopkins, Katherine) |
| 10/30/2020 | 19 Objection to (related document(s): 12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support* filed by Counter-Defendant L. Allen Hodges, Plaintiff L. Allen Hodges, Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.) filed by Defendant 2999TC LP, LLC. (Lindauer, Joyce) |
| 10/30/2020 | 20 Witness and Exhibit List filed by Defendant 2999TC LP, LLC (RE: related document(s)8 Motion to dismiss 2999TC LP, LLC ONLY *Amended Motion to Dismiss Defendant 2999TC LP, LLC Only*, 12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support*). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 - Part 1 # 3 Exhibit 2 - Part 2 # 4 Exhibit 2 - Part 3 # 5 Exhibit 2 - Part 4 # 6 Exhibit 3 # 7 Exhibit 4 # 8 Exhibit 5 # 9 Exhibit 6 # 10 Exhibit 7 # 11 Exhibit 8) (Lindauer, Joyce) |
| 11/04/2020 | 21 Hearing held on 11/4/2020. (RE: related document(s)12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. Objections due by 11/13/2020. (Attachments: # 1 Proposed Order)) ***CONTINUED TO 11/16 @ 1:30 PM*** (Munoz, Kristina) |
| 11/04/2020 | 22 Hearing held on 11/4/2020. (RE: related document(s)1 Adversary case 20-04078. Complaint by L. Allen Hodges III as Independent Executor of The Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., Blackfoot Interest, Ltd. against 2999TC LP, LLC, JMJ Development, LLC, Tim Barton. Fee Amount $350 (Attachments: # 1 Exhibit B-1 # 2 Exhibit B-2 # 3 Exhibit B-3 # 4 Exhibit B-4 # 5 Exhibit B-5 # 6 Exhibit B-6 # 7 Exhibit B-7 # 8 Exhibit B-8 # 9 Exhibit B-9 # 10 Exhibit B-10 # 11 Exhibit B-11 # 12 Exhibit B-12 # 13 Exhibit B-13 # 14 Exhibit B-14 # 15 Exhibit B-15 # 16 Exhibit B-16 # 17 Exhibit B-17 # 18 Exhibit B-18 # 19 Exhibit B-19 # 20 Exhibit B-20 # 21 Exhibit B-21 # 22 Exhibit B-22). Nature(s) of suit: 01 (Determination of removed claim or cause).) ***CONTINUED TO 11/16 @ 1:30 PM*** (Munoz, Kristina) |
| 11/04/2020 | 23 Hearing continued (RE: related document(s)1 Adversary case 20-04078. Complaint by L. Allen Hodges III as Independent Executor of The Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., Blackfoot Interest, Ltd. against 2999TC LP, LLC, JMJ Development, LLC, Tim Barton. Fee Amount $350 (Attachments: |

| | |
|---|---|
| | # 1 Exhibit B-1 # 2 Exhibit B-2 # 3 Exhibit B-3 # 4 Exhibit B-4 # 5 Exhibit B-5 # 6 Exhibit B-6 # 7 Exhibit B-7 # 8 Exhibit B-8 # 9 Exhibit B-9 # 10 Exhibit B-10 # 11 Exhibit B-11 # 12 Exhibit B-12 # 13 Exhibit B-13 # 14 Exhibit B-14 # 15 Exhibit B-15 # 16 Exhibit B-16 # 17 Exhibit B-17 # 18 Exhibit B-18 # 19 Exhibit B-19 # 20 Exhibit B-20 # 21 Exhibit B-21 # 22 Exhibit B-22). Nature(s) of suit: 01 (Determination of removed claim or cause)., 12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. Objections due by 11/13/2020. (Attachments: # 1 Proposed Order)) Hearing to be held on 11/16/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 1 and for 12, (Munoz, Kristina) |
| 11/10/2020 | 24 Notice telephone/video information for November 16, 2020 at 1:30 pm (RE: related document(s)1 Complaint filed by Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd., 12 Motion to dismiss party filed by Counter-Defendant L. Allen Hodges, Plaintiff L. Allen Hodges, Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.). (Calfee, J.) |
| 11/10/2020 | 25 Notice of hearing filed by Defendant 2999TC LP, LLC (RE: related document(s)16 Motion for leave */Motion to Disqualify Kelly Hart & Hallman LLP* filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (Attachments: # 1 Proposed Order)). Hearing to be held on 12/2/2020 at 03:00 PM Ft. Worth, Judge Mullin's Ctrm. for 16, (Lindauer, Joyce) |
| 11/11/2020 | 26 Brief in support filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)19 Objection). (Lindauer, Joyce) |
| 11/13/2020 | 27 Amended Witness and Exhibit List *Plaintiffs' Amended Designation of Witnesses and Exhibits for Hearing on November 16, 2020 at 1:30 P.M. (CT)* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (RE: related document(s)18 List (witness/exhibit/generic)). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J) (Hopkins, Katherine) |
| 11/16/2020 | 35 Court admitted exhibits date of hearing 11/16/2020 (RE: related document(s)1 Adversary case 20-04078. Complaint by L. Allen Hodges III as Independent Executor of The Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., Blackfoot Interest, Ltd. against 2999TC LP, LLC, JMJ Development, LLC, Tim Barton. Fee Amount $350 (Attachments: # 1 Exhibit B-1 # 2 Exhibit B-2 # 3 Exhibit B-3 # 4 Exhibit B-4 # 5 Exhibit B-5 # 6 Exhibit B-6 # 7 Exhibit B-7 # 8 Exhibit B-8 # 9 Exhibit B-9 # 10 Exhibit B-10 # 11 Exhibit B-11 # 12 Exhibit B-12 # 13 Exhibit B-13 # 14 Exhibit B-14 # 15 Exhibit B-15 # 16 Exhibit B-16 # 17 Exhibit B-17 # 18 Exhibit B-18 # 19 Exhibit B-19 # 20 Exhibit B-20 # 21 Exhibit B-21 # 22 Exhibit B-22). Nature(s) of suit: 01 (Determination of removed claim or cause). filed by Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant |

| | |
|---|---|
| | Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd., 12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. Objections due by 11/13/2020. (Attachments: # 1 Proposed Order) filed by Counter-Defendant L. Allen Hodges, Plaintiff L. Allen Hodges, Counter-Defendant Tejas Group, Ltd., Plaintiff Tejas Group, Ltd., Counter-Defendant LAH III Family Specific Interest, Ltd., Plaintiff LAH III Family Specific Interest, Ltd., Counter-Defendant Blackfoot Interest, Ltd., Plaintiff Blackfoot Interest, Ltd.) (Calfee, J.) (Entered: 11/19/2020) |
| 11/17/2020 | 28 Response opposed to (related document(s): 16 Motion for leave */Motion to Disqualify Kelly Hart & Hallman LLP* filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton) filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd.. (Hopkins, Katherine) |
| 11/17/2020 | 29 Support/supplemental document *Exhibit A to Plaintiffs' Response to Defendants' Motion to Disqualify Kelly Hart & Hallman LLP* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (RE: related document(s)28 Response). (Hopkins, Katherine) |
| 11/18/2020 | 31 Order granting motion to dismiss party without prejudice. 2999TC LP, LLC Terminated (related document # 12) Entered on 11/18/2020. (Dozier, Bryan) |
| 11/18/2020 | 32 Order granting motion for remand (related document # 30) Entered on 11/18/2020. (Dozier, Bryan) |
| 11/18/2020 | 33 Notice of appeal . Fee Amount $298 filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)31 Order on motion to dismiss party, 32 Order on motion for remand). Appellant Designation due by 12/2/2020. (Lindauer, Joyce) |
| 11/18/2020 | Receipt of filing fee for Notice of appeal(20-04078-mxm) [appeal,ntcapl] ( 298.00). Receipt number 28276933, amount $ 298.00 (re: Doc# 33). (U.S. Treasury) |
| 11/19/2020 | 34 Clerk's correspondence requesting Amend notice of appeal or file another notice of appeal from attorney for defendant. (RE: related document(s)33 Notice of appeal . Fee Amount $298 filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)31 Order on motion to dismiss party, 32 Order on motion for remand). Appellant Designation due by 12/2/2020. filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton) Responses due by 11/23/2020. (Rueter, Karyn) |
| 11/19/2020 | 36 Amended notice of appeal filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)33 Notice of appeal). (Lindauer, Joyce) |
| 11/19/2020 | 37 (private) Forms (misc) (Rueter, Karyn) |
| 11/19/2020 | 38 Certificate of mailing regarding appeal (RE: related document(s)36 Amended notice of appeal filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC |

| | |
|---|---|
| | (RE: related document(s)33 Notice of appeal). filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton) (Attachments: # 1 Service List) (Rueter, Karyn) |
| 11/19/2020 | 39 Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)33 Notice of appeal . Fee Amount $298 filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)31 Order on motion to dismiss party, 32 Order on motion for remand). Appellant Designation due by 12/2/2020. filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton) (Rueter, Karyn) |
| 11/19/2020 | 40 (private) Forms (misc) (Rueter, Karyn) |
| 11/19/2020 | 41 Notice of docketing notice of appeal. Civil Action Number: 4:20-cv-1256-P. (RE: related document(s)33 Notice of appeal . Fee Amount $298 filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)31 Order on motion to dismiss party, 32 Order on motion for remand). Appellant Designation due by 12/2/2020. filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton) (Rueter, Karyn) |
| 11/20/2020 | 42 BNC certificate of mailing - PDF document. (RE: related document(s)31 Order granting motion to dismiss party without prejudice. 2999TC LP, LLC Terminated (related document 12) Entered on 11/18/2020.) No. of Notices: 1. Notice Date 11/20/2020. (Admin.) |
| 11/20/2020 | 43 BNC certificate of mailing - PDF document. (RE: related document(s)32 Order granting motion for remand (related document 30) Entered on 11/18/2020.) No. of Notices: 1. Notice Date 11/20/2020. (Admin.) |
| 11/21/2020 | 44 BNC certificate of mailing. (RE: related document(s)34 Clerk's correspondence requesting Amend notice of appeal or file another notice of appeal from attorney for defendant. (RE: related document(s)33 Notice of appeal . Fee Amount $298 filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)31 Order on motion to dismiss party, 32 Order on motion for remand). Appellant Designation due by 12/2/2020. filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton) Responses due by 11/23/2020.) No. of Notices: 0. Notice Date 11/21/2020. (Admin.) |
| 11/21/2020 | 45 BNC certificate of mailing. (RE: related document(s)39 Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)33 Notice of appeal . Fee Amount $298 filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)31 Order on motion to dismiss party, 32 Order on motion for remand). Appellant Designation due by 12/2/2020. filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton)) No. of Notices: 1. Notice Date 11/21/2020. (Admin.) |

| | |
|---|---|
| 11/25/2020 | 46 Witness and Exhibit List filed by Defendant 2999TC LP, LLC (RE: related document(s)16 Motion for leave */Motion to Disqualify Kelly Hart & Hallman LLP*). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 - Part 1 # 7 Exhibit 6 - Part 2 # 8 Exhibit 6 - Part 3 # 9 Exhibit 6 - Part 4) (Lindauer, Joyce) |
| 11/27/2020 | 47 Witness and Exhibit List filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (RE: related document(s)28 Response). (Attachments: # 1 Exhibit A) (Hopkins, Katherine) |
| 11/30/2020 | 48 Notice of telephone/video instructions for December 2, 2020 at 3:00 pm. (RE: related document(s)16 Motion for leave filed by Counter-Claimant 2999TC LP, LLC, Defendant 2999TC LP, LLC, Counter-Claimant JMJ Development, LLC, Defendant JMJ Development, LLC, Counter-Claimant Tim Barton, Defendant Tim Barton). (Calfee, J.) |
| 12/02/2020 | 49 Withdrawal *of Motion to Disqualify Kelly Hart & Hallman LLP Without Prejudice* filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)16 Motion for leave */Motion to Disqualify Kelly Hart & Hallman LLP*). (Lindauer, Joyce) |
| 12/02/2020 | 50 Appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (RE: related document(s)36 Amended notice of appeal). Appellee designation due by 12/16/2020. (Lindauer, Joyce) |
| 12/03/2020 | (private) Motions terminated. Withdrawn (RE: related document(s)16 Motion for leave */Motion to Disqualify Kelly Hart & Hallman LLP* filed by Defendants 2999TC LP, LLC, Tim Barton, JMJ Development, LLC (Attachments: # 1 Proposed Order)) (Spelmon, T) |
| 12/03/2020 | 51 Request for transcript regarding a hearing held on 11/16/2020. The requested turn-around time is 14-day expedited (Rueter, Karyn) |
| 12/15/2020 | 52 Appellee designation of contents for inclusion in record of appeal filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (RE: related document(s)33 Notice of appeal, 36 Amended notice of appeal). (Hopkins, Katherine) |
| 12/16/2020 | 53 Transcript regarding Hearing Held 11/16/2020 (54 pgs.) RE: Second Amended Motion to Dismiss (#12); Status Conference. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 03/16/2021. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Kathy Rehling, kathyrehlingtranscripts@gmail.com, Telephone number 972-786-3063. (RE: related document(s) 23 Hearing continued (RE: related document(s)1 Adversary case 20-04078. Complaint by L. Allen Hodges III as Independent Executor of The Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., Blackfoot Interest, Ltd. against 2999TC LP, LLC, JMJ Development, LLC, Tim Barton. Fee Amount $350 (Attachments: # 1 Exhibit B-1 # 2 Exhibit B-2 # 3 Exhibit B-3 # 4 Exhibit B-4 # 5 Exhibit B-5 # 6 Exhibit B-6 # 7 Exhibit B-7 # 8 Exhibit B-8 # 9 Exhibit B-9 # 10 Exhibit B-10 # 11 Exhibit B-11 # 12 Exhibit B-12 # 13 Exhibit B-13 # 14 Exhibit B-14 # 15 Exhibit B-15 |

| | |
|---|---|
| | # 16 Exhibit B-16 # 17 Exhibit B-17 # 18 Exhibit B-18 # 19 Exhibit B-19 # 20 Exhibit B-20 # 21 Exhibit B-21 # 22 Exhibit B-22). Nature(s) of suit: 01 (Determination of removed claim or cause)., 12 Motion to dismiss 2999TC LP LLC *Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court and Brief in Support* filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. Objections due by 11/13/2020. (Attachments: # 1 Proposed Order)) Hearing to be held on 11/16/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 1 and for 12,). Transcript to be made available to the public on 03/16/2021. (Rehling, Kathy) |

# TAB 5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD. LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.** | § | |
| **Plaintiffs/Counter-Defendants,** | § | |
| **v.** | § | **ADVERSARY NO. 20-04078-mxm** |
| **2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON** | § | |
| **Defendants/Counter-Plaintiffs.** | § | |

---

**2999TC LP, LLC, JMJ DEVELOPMENT, LLC AND TIM BARTON DEFENDANTS' ORIGINAL COUNTER-CLAIMS**

COME NOW Defendants, JMJ Development, LLC ("JMJ") and Tim Barton ("Barton"), in the above-referenced case along with the Defendant 2999TC LP, LLC, the Debtor in the recently filed bankruptcy case of 2999TC LP, LLC ("2999TC") (collectively, "Defendants"/"Counter-Plaintiffs") and file this Defendants' Original Counter-Claims and would respectfully show this Court as follows:

**I.**
**The Removed Proceeding**

1. The underlying proceeding was filed in the 141ST Judicial District Court, Tarrant County, Texas, entitled, *L. Allen Hodges III, as Independent Executor of the Estate of Leland A.*

*Hodges, Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. v. 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton*.

2. The underlying proceeding was removed to this Court on October 16, 2020 by 2999TC LP, LLC ("2999TC").

**II.**
**Factual Background**

3. On September 16, 2019, 299TC executed two documents each entitled "Promissory Note" (the "Notes") to pay (1) in the amount of $1,000,000 "to The Estate of Leland A. Hodges Jr." ("Estate") and (2) and $3,000,000 "ratably to Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd." (collectively, "Tejas" and together with Hodges, "Plaintiffs"/"Counter-Defendants") (the "Notes"). At all times Plaintiffs were informed of the purpose of the Notes – to facilitate the acquisition of real estate in Dallas, Texas to be developed into a five star hotel and resort. Further, at all times Plaintiffs were informed that the Notes would be paid back from take-out financing acquired for the development of the Project.

4. Contemporaneously with the Notes, Defendant and Tejas executed the Conversion Option Agreement ("Conversion Option") as defined and as referenced in the Tejas Note which granted to Tejas an option to convert the amounts owed to Tejas to membership interests in the 2999TC entity in exchange for cancellation of the Tejas Note along with any related costs and fees.

5. Contemporaneously with the Notes and the Conversion Option, two Membership Interest Pledge Agreements were executed by (1) Tim Barton as the Pledgor, the Defendant, and Estate and (2) Tim Barton as Pledgor, Defendant, and Tejas (collectively, "2999TC Pledges").

6. Following the execution of the Notes on or about September 18, 2019, the first page of each Note was revised and modified including the removal of certain rights to prepay the principal on the Notes as had been agreed to by the parties and the modified first page was "slipped" into the Notes in place of the original first page without consent of Tim Barton as the President of 2999TC as the signor of the Notes or the guarantors. Such revisions were not discovered until months later.

7. On February 20, 2020 Plaintiffs sent a single written notice to 2999TC "to exercise its option to call all amounts due under each of the Notes."

8. On or about April 14, 2020, Plaintiffs sent a "demand to immediately cease and desist violations of Personal Guaranties" and subsequently asserted certain claims and defaults in the underlying proceedings related thereto even though such issues had been previously resolved.

9. Against this backdrop, the COVID-19 pandemic hit and Defendant began informing Plaintiffs that the pandemic was making performance under the Notes impossible and was otherwise preventing Defendant from operating or developing the Project as anticipated.

10. Despite Defendant's best efforts, the pandemic made performance under the Notes impossible including the catastrophic impact on the capital markets and ability to obtain loans for the funding of hospitality development projects, and otherwise prevented Defendant from operating or developing the Project as anticipated.

**III.**
**Claim - Declaratory Judgment**

11. Counter-Plaintiffs incorporate the foregoing provisions and pray that the Court enter a declaratory judgment under the Texas Declaratory Judgment Act (Chapter 37 of the Texas Civil Practice and Remedies Code) to determine the rights, status, and obligations of the parties

under the following documents and, as such, "all persons who have or claim any interest that would be affected by the declaration" are included as parties in this case as required by Tex. Rev. Civ. Stat. § 37.006(a):

(a) Declare the guaranties of Defendant Tim Barton ("Barton") to Plaintiffs either void, voidable, invalid or unenforceable by reason of the underlying promissory notes being modified without consent of 2999TC and/or without consent of Barton after execution and delivery of the guaranty documents to Plaintiffs.

(b) Declare the guaranties of Defendant Barton to Plaintiff L. Allen Hodges, as Independent Executor of the Estate of Leland A. Hodges Jr, ("Estate") either void, voidable, invalid, or unenforceable by reason of the obligation required by Plaintiffs as defined in section 14 of the guaranty documents, including Exhibit A as referenced in section 14, is impossible to be performed as applicable law does not permit placing multiple first liens on real property based on the unencumbered value of such property. Additionally, filing liens on such properties would result in the breach of the deeds of trust on the applicable properties.

(c) Declare the guaranties of Defendant JMJ Development, LLC ("JMJ") to Plaintiffs either void, voidable, or unenforceable by reason of the underlying promissory notes being modified without consent of 2999TC and/or without consent of JMJ after execution and delivery of the guaranty documents to Plaintiffs.

(d) Declare the promissory note to the Estate ("Estate Note") and the promissory note to Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. ("Tejas Note" with the Estate Note and Tejas Note collectively defined as "Notes") void,

voidable, invalid, or unenforceable resulting from a material alternation that was made without consent of the Borrower including its authorized representative.

(e) To the extent the Notes are valid and enforceable, declare that the Notes are non-negotiable instruments including for the following reasons: (1) the Option contained in the Tejas Note including which requires the parties to look to rights and obligations of the parties as contained in the Option Agreement as referenced and defined in the Tejas Note, (2) the provisions under the Notes allegedly granting the right to enforce remedies under "any other instrument or agreement related hereto" (3) the call option as defined and contained in the Notes, (4) the reference and incorporation of each Note with other "note documents" being the "final agreement" between the parties.

(f) Declare the waivers contained in the Notes as applicable to "Other Obligated Parties" including the guarantors void, unenforceable, voidable, or invalid resulting from the above referenced modification of the Notes.

12. Further, Counter-Plaintiffs are entitled to and request the award of their reasonable and necessary attorneys' fees and costs of court as authorized by Tex. Civ. Prac. & Rem. Code §37.009.

## IV.
## Conditions Precedent

13. All conditions precedent to Counter-Plaintiffs' right to recover have been performed, have occurred, or have been waived.

## V.
## Prayer

WHEREFORE, PREMISES CONSIDERED, 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton respectfully requests this court grant the declarations requested in its claims above

Case 4:20-cv-01256-P Document 16-2 Filed 12/28/20 Page 188 of 341 PageID 780

and award Counter-Plaintiffs their reasonably and necessary attorney's fees and costs and any other relief they may be entitled to.

Dated: October 16, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
guy@joycelindauer.com
kerry@joycelindauer.com
ATTORNEYS FOR 2999TC LP, LLC

/s/ Robert F. Kemp
Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
Email: lawyerkemp@cs.com
ATTORNEY FOR DEFENDANTS JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document has been delivered via email to the below counsel of record, on this the 16th day of October, 2020.

Dee J. Kelly, Jr.
Kelly, Hart & Hallman
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Email: dee.kelly@kellyhart.com

Joakim G. Soederbaum
Kelly, Hart & Hallman
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Email: joakim.soederbaum@kellyhart.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

# TAB 6

Dee J. Kelly, Jr.
Tex. Bar I.D. 11217250
Katherine T. Hopkins
Tex. Bar I.D. 24070737
Joakim G. Soederbaum
Tex. Bar I.D. 24091338
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
dee.kelly@kellyhart.com
katherine.hopkins@kellyhart.com
joakim.soederbaum@kellyhart.com

ATTORNEYS FOR L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE 2999TC LP, LLC, | § | |
| | § | CASE NO. 20-43204-mxm11 |
| Debtor. | § | |
| | § | |
| L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD., | § § § § § § § | |
| Plaintiffs, | § | |
| v. | § | ADVERSARY NO. 20-04078 |
| | § | |
| 2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON, | § § § | |
| | § | |
| Defendants. | | |

**SECOND AMENDED MOTION TO DISMISS DEFENDANT 2999TC LP, LLC ONLY AND <u>ABSTAIN AND REMAND TO STATE COURT AND BRIEF IN SUPPORT</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... 2

I. RELEVANT FACTUAL BACKGROUND ..... 4

II. DISCUSSION ..... 7

A. Dismissal of the Plaintiffs' Claims Against the Debtor is Appropriate. ..... 7

B. Abstention and Remand of the State Court Lawsuit is Appropriate. ..... 10

III. CONCLUSION ..... 14

CERTIFICATE OF SERVICE ..... 15

Case 4:21-cv-01256-P Document 13-2 Filed 12/28/21 Page 92 of 141 PageID 785

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Borne v. New Orleans Health Care, Inc.*,
116 B.R. 487 (E.D. La. 1990) .... 14

*Davis v. Huskipower Outdoor Equip. Corp.*,
936 F.2d 193 (5th Cir. 1991) .... 7, 8

*Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co.*,
130 B.R. 405 (S.D.N.Y. 1991) .... 14

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
511 F. Supp. 2d 742 (S.D. Tex. 2005) .... 12

*In re Gober*,
100 F.3d 1195 (5th Cir. 1996) .... 12

*In re MontCrest Energy, Inc.*,
No. 13-41129-DML-7, 2014 WL 6982643 (Bankr. N.D. Tex. Dec. 9, 2014) .... 12

*In re Petroleum Prod. & Servs., Inc.*,
556 B.R. 296 (Bankr. S.D. Tex. 2016) .... 7, 12

*In re Petroleum Prod. & Servs., Inc.*,
561 B.R. 662 (Bankr. S.D. Tex. 2016) .... 12

*J.T. Thorpe Co. v. Am. Motorists*,
No. CIV.A. H-02-4598, 2003 WL 23323005 (S.D. Tex. June 9, 2003) .... 12, 13

*Lone Star Industr., Inc. v. Liberty Mut. Ins.*,
131 B.R. 269 (D. Del. 1991) .... 14

*Robles v. Atlantic Sounding Co., Inc.*,
77 Fed. Appx. 274 (5th Cir. 2003) .... 7, 8

*Simridge Techs., Ltd. v. Wells Fargo Business Credit, Inc.*,
2004 WL 1055706 (W.D. Tex. 2004) .... 7, 8, 9

*Stern v. Marshall*,
564 U.S. 462 (2011) .... 11

*Wood v. Wood (In re Wood)*,
825 F.2d 90 (5th Cir. 1987) .... 10, 11

**Rules**

Fed. R. Bankr. P. 7041(a)(2) ........................................ 8

Fed. R. Civ. P. 41(a)(2) ........................................ 7, 10

Plaintiffs L. Allen Hodges III, as Independent Executor of the Estate of Leland A. Hodges Jr. (the "Hodges Estate"), Tejas Group, Ltd. ("Tejas Group"), LAH III Family Specific Interest, Ltd. ("LAH"), and Blackfoot Interest, Ltd. ("Blackfoot" and collectively with the Hodges Estate, Tejas Group, and LAH, the "Plaintiffs") file this Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court (the "Motion"), and in support thereof respectfully show as follows:

## I. RELEVANT FACTUAL BACKGROUND

1. In connection with the closing of a real estate transaction, Plaintiffs loaned and delivered to 2999TC LP, LLC ("2999TC" or the "Debtor") the total sum of $4,000,000.00 (the "Loan") on or about September 16, 2019. The Loan is reflected by two promissory notes made and executed by Defendant Tim Barton ("Barton") on behalf of 2999TC: one to the Estate for $1,000,000.00 (the "Estate Note") and one jointly to Tejas Group, LAH, and Blackfoot for $3,000,000.00 (the "Company Note" and collectively with the Estate Note, the "Notes").

2. Pursuant to the terms of the Notes, the Loan accrues interest at the rate of 18 percent annually calculated on a 360-day year, and 2999TC is required to pay all accumulated, outstanding interest on a quarterly basis, payable on the 3-month, 6-month, and 9-month anniversary of the Notes, with the fourth and final interest payment being due along with all outstanding principal on September 16, 2020. Further, the Notes expressly give Plaintiffs the option to call the Notes, making all amounts owed under the Notes due in full sixty days after Plaintiffs giving notice they are exercising the option.

3. In addition, Barton and his related entity, JMJ Development, LLC ("JMJ") agreed to guarantee the Loan. In connection with the closing of the Loan, Barton, individually and on behalf of JMJ, executed a total of four guaranties unconditionally guaranteeing the Loan and 2999TC's payments under the Notes—one for each of the Notes in his individual capacity and one for each of the Notes on behalf of JMJ (collectively, the "Guaranties"). Of particular relevance

here, the Guaranties are unconditional guaranties of payment and expressly provide that Plaintiffs may enforce the Guaranties against Barton and JMJ without first exhausting their remedies—or even filing suit—against 2999TC.

4. 2999TC failed to timely make the first interest-only payment when it was due on December 16, 2019. Ultimately, only after Plaintiffs made demand on 2999TC, Barton, and JMJ and threatened to accelerate the Loan did Plaintiffs receive the overdue interest payment on or about January 29, 2020.

5. On or about February 20, 2020, the Plaintiffs noticed 2999TC that they chose to exercise their option under the Notes to call all amounts due, making the full principal balance and all interest accrued until the time of payment due and payable sixty days later—on April 20, 2020 (the "Notice of Call Election"). The next day, on February 21, 2020, the Plaintiffs met with Barton. During that meeting, Plaintiffs hand delivered a copy of the Notice of Call Election to Barton, who acknowledged receipt of the notice in writing.

6. Subsequently, 2999TC failed to pay the second interest-only payment, which was due on March 16, 2020. On March 27, 2020, the Plaintiffs made a written demand on 2999TC, Barton, and JMJ that they make the overdue payment by April 6, 2020. After 2999TC, Barton, and JMJ failed to cure the payment defaults as demanded by Plaintiffs' March 27, 2020 demand, Plaintiffs accelerated the Loan and demanded payment in full from 2999TC, Barton, and JMJ of all amounts due and owing, on or about April 14, 2020.

7. As of the filing of this Motion, 2999TC, Barton, and JMJ have failed to pay Plaintiffs as agreed and Plaintiffs have received no payment in connection with the Loan since the past-due December 2019 payment was made in late January of 2020, the Notes remain unpaid, and the principal balance is currently due and owing in full.

8. On April 21, 2020, the Plaintiffs commenced a lawsuit styled as *L. Allen Hodges III, as Independent Executor of the Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III*

Case 4:21-cv-00125-P Document 13-1 Filed 02/08/21 Page 196 of 341 PageID 7373

*Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. v. 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton*, Cause No. 141-316567-20, which was pending in the 141st Judicial District Court in Tarrant County, Texas (the "State Court Lawsuit"). The State Court Lawsuit asserted causes of action against 2999TC for breach of the Notes and against Barton and JMJ for breach of the Guaranties. Neither 2999TC, Barton, nor JMJ asserted any counterclaims against the Plaintiffs.

9. Subsequently, on July 23, 2020, the Plaintiffs filed a Motion for Summary Judgment (the "MSJ") against 2999TC, Barton, and JMJ (collectively, the "Defendants") on their claims for breach of the Notes and Guaranties as well as on their claim for attorneys' fees and costs of suit. The hearing on the MSJ was originally scheduled for August 20, 2020, but was continued until October 16, 2020 at 11:00 a.m. after Defendants represented to the court that they needed additional time to conduct discovery to defend against Plaintiffs' claims.

10. Notably, on October 16, 2020 at 9:18 a.m. (less than two hours before the MSJ hearing) (the "Petition Date"), and without having conducted any additional discovery, 2999TC filed for relief under chapter 11 of the Bankruptcy Code. Shortly thereafter, the Debtor filed its Notice of Removal effectuating a removal of the State Court Lawsuit to this Court, which is pending as the above-referenced adversary proceeding. As a result of the Debtor's bankruptcy filing, the hearing on the MSJ did not proceed, and Plaintiffs' counsel explained to the court and 2999TC's counsel that Plaintiffs intended to nonsuit their claims against 2999TC and return to the state court so that they promptly could proceed with the MSJ against JMJ and Barton.

11. Subsequently that same day, in an apparent attempt to prevent Plaintiffs from proceeding on the merits in state court, the Debtor and the other Defendants have for the first time since the commencement of the State Court Lawsuit filed counterclaims against the Plaintiffs as reflected in their Original Counterclaims (the "Counterclaims") [Docket No. 5]. Notably, Defendants' Counterclaims are simply some affirmative defenses plead in the form of a request for declaratory judgment.

12. Based upon the current factual circumstances and pending bankruptcy case, dismissal of the Debtor is appropriate at this time so that the Plaintiffs can proceed with their pending MSJ against Barton and JMJ in state court, and Plaintiffs' respectfully request that the Court dismiss their claims against the Debtor, without prejudice. Further, this Court should remand the State Court Lawsuit back to state court based on either: (1) mandatory abstention under 28 U.S.C. § 1334(c)(2); (2) permissive abstention under 28 U.S.C. § 1334(c)(1); or (3) equitable remand under 28 U.S.C. § 1452(b). *See, e.g.*, *In re Petroleum Prod. & Servs., Inc.*, 556 B.R. 296, 300-01 (Bankr. S.D. Tex. 2016) (internal citations omitted).

## II. <u>DISCUSSION</u>

### A. Dismissal of the Plaintiffs' Claims Against the Debtor is Appropriate.

13. Federal Rule of Civil Procedure 41(a)(2), which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7041, provides the standard for a plaintiff's motion for voluntary dismissal: "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." FED. R. CIV. P. 41(a)(2). In the Fifth Circuit, "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Robles v. Atlantic Sounding Co., Inc.*, 77 Fed. Appx. 274, 275 (5th Cir. 2003).

14. In adjudicating a motion under Rule 41(a)(2), the court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice. If not, the court should generally, absent some evidence of abuse by the movant, grant the dismissal motion. *Simridge Techs., Ltd. v. Wells Fargo Business Credit, Inc.*, 2004 WL 1055706, at *2 (W.D. Tex. 2004). When assessing plain legal prejudice, the Fifth Circuit has clarified that "the mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice." *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir.

1991). Similarly, "[i]t is no bar to dismissal that plaintiff may gain some tactical advantage thereby." *Simridge*, 2004 WL 1055706, at *2.

15. Here, there is no prejudice that will occur to the Debtor in the event the Court dismisses the Plaintiffs' claims against it. As evidenced by the Counterclaims, the Defendants now assert a declaratory judgment claim under Texas law against the Plaintiffs, essentially requesting that the Court hold that the Guaranties and Notes are void and/or invalid. *See* Docket No. 5. Significantly, if the Plaintiffs' claims against the Debtor are dismissed as proposed herein, the Debtor and the other Defendants can continue pursuit of their declaratory judgment counterclaim against the Plaintiffs. *See generally* Fed. R. Bankr. P. 7041(a)(2). The dismissal proposed herein in no way limits or prohibits the Defendants' ability to continue litigation against the Plaintiffs with respect to the Counterclaims. Moreover, the proposed dismissal of claims against the Debtor increases the potential recovery for other creditors of the bankruptcy estate. Although the Debtor opposes the dismissal, the Debtor's estate will actually benefit from the dismissal. Therefore, there is no prejudice suffered by the Debtor.

16. Case law also looks towards the timing of the filing of the motion for voluntary dismissal. While a motion for voluntary dismissal at a late stage in litigation can be grounds for denial of the motion, these "timing" cases are inapposite here as they involve situations where the movant suffered an adverse legal decision prior to moving for voluntary dismissal. *Robles*, 77 Fed. Appx. at 275; *Davis*, 936 F.2d at 199 (noting that prior to filing for voluntary dismissal, a magistrate judge made a comprehensive recommendation that was adverse to the moving party). In this case, the Plaintiffs have faced no adverse legal action prior to filing the Motion. Rather, the Plaintiffs believe that had the MSJ been heard last week, then the state court would have ruled in their favor on all claims against the Defendants. Even if the case law were factually on point, which the Plaintiffs dispute, the State Court Lawsuit is not at a late stage in the litigation. The State Court Lawsuit has been pending for about six months. The MSJ was filed three months into

the case. There has been little discovery conducted in the case as a result—and not a single deposition has been taken—despite the Debtor's representation to the state court that further discovery, including depositions, was necessary. As a matter of fact, in asking the state court to continue the MSJ hearing, the Debtor expressly conceded that "this case is in its infancy." Thus, the parties have not expended significant time and effort litigating the State Court Lawsuit.

17. Courts in the Fifth Circuit also examine whether dismissal of a case is an attempt to deprive a defendant of particular forum-specific defenses, such as expiration of the statute of limitations and forum non conveniens. *Simridge*, 2004 WL 1055706, at *3. Here, there is no evidence that the Debtor would absolutely lose any forum-specific defenses as a consequence of the Court's granting the dismissal without prejudice. *Id.* at *5.

18. Further, there is no abuse or evidence thereof in connection this Motion. Any abuse is present only on the Debtor's side. Specifically, there is no question that the Debtor filed its bankruptcy case in order to evade the MSJ hearing and any related decision. And now, in an attempt to obtain a potentially more favorable venue, and in order to further Barton's personal agenda, the Debtor removed the State Court Lawsuit to this Court. Similarly, immediately after learning that the Plaintiffs intended to nonsuit their claims against 2999TC to return the case to the state court and obtain a hearing on the MSJ against Barton and JMJ, Defendants promptly filed the Counterclaims, merely recasting some of their affirmative defenses into a request for declaratory judgment in an attempt to thwart Plaintiffs' efforts. In fact, and upon information and belief, Barton is the ultimate owner of and decision-maker for both 2999TC and JMJ. Further, he has control over additional entities that are subject to involuntary proceedings in this District. *See In re Wall007, LLC*, Case No. 20-31131 (the "<u>Involuntary Proceedings</u>"). Based upon Barton and his entities' actions in the State Court Lawsuit, the Involuntary Proceedings, and now 2999TC's bankruptcy case and related adversary proceeding, it is clear that Barton is attempting to use 2999TC and its bankruptcy case as an instrumentality to avoid personal liability. The filing of the

Debtor's bankruptcy case and removal of the State Court Lawsuit evidences the Debtor's (or actually, Barton's) litigation tactics and abuse of the bankruptcy process.

19. Moreover, upon information and belief, the Debtor is simply a shell-entity for Barton with zero operations, zero employees and little to no assets available for recovery. At this point, the Plaintiffs do not wish to continue litigation against the Debtor due to its lack of assets and potential for further complications as a result of its bankruptcy case. Therefore, the Plaintiffs seek to pursue only their claims against the non-debtor guarantors, Barton and JMJ, and request that this Court dismiss only the causes of action asserted against the Debtor.

20. In accordance with Federal Rule of Civil Procedure 41(a)(2), which is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7041, the Plaintiffs respectfully request that this Court dismiss its claims against 2999TC, without prejudice, from the above-referenced adversary proceeding.

**B. Abstention and Remand of the State Court Lawsuit is Appropriate.**

21. Further, the State Court Lawsuit should be remanded to the state court (the district court of Tarrant County, Texas) based on either mandatory abstention under 28 U.S.C. § 1334(c)(2), or permissive abstention / equitable remand under 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b). In addition to meeting the statutory requirements of the foregoing, the Plaintiffs believe that abstention and remand are necessary due to jurisdictional and constitutional authority issues.

22. The Fifth Circuit has determined that § 1334(b) provides the district courts (and by extension, the bankruptcy courts) with subject matter jurisdiction over three distinct categories over proceedings: (i) "arising under" the Bankruptcy Code; (ii) "arising in" bankruptcy cases; and (iii) "related to" bankruptcy cases. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). Proceedings "arise under" the Bankruptcy Code where they "invoke a substantive right provided by title 11", proceedings "arise in" bankruptcy cases where they "could only arise in the context of

a bankruptcy case", and proceedings are "related to" bankruptcy case where "the outcome could conceivably have any effect on the estate being administered in bankruptcy." *Id.* at 93-97.

23. Following dismissal of the Plaintiffs' claims against the Debtor, this adversary proceeding neither invokes a substantive right provided by title 11 (no "arising under" jurisdiction) nor does it only arise in the context of a bankruptcy case as this solely involves state law issues (no "arising in" jurisdiction). Further, there is no "related to" jurisdiction as the outcome of the State Court Lawsuit will no longer have an effect on the administration of the bankruptcy case as the Plaintiffs are not seeking liability against the Debtor, rather just against the non-debtor defendants. Therefore, there is no subject matter jurisdiction for the Court to consider the State Court Lawsuit and remand is necessary.

24. Even if jurisdiction somehow exists, which the Plaintiffs dispute, the post-dismissal claims are not core and, respectfully, this Court does not have constitutional authority to enter a final order on the Debtor's Counterclaims (as well as the Plaintiffs' claims against the non-debtor defendants). *See Stern v. Marshall*, 564 U.S. 462, 495 (2011) (holding that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim"). Again, as stated throughout this Motion, the Plaintiffs seek dismissal of their claims against the Debtor. Thus, the only claims that would remain post-dismissal are the Plaintiffs' claims against the non-debtor defendants and the Counterclaims against the Plaintiffs. All of these claims, including the Counterclaims (although they appear to be affirmative defenses), can be adjudicated post-dismissal independently from the Plaintiffs' prior claims against the Debtor (*albeit*, more appropriately in the state court). *See generally id.* Lack of constitutional authority, among other reasons, supports abstention and remand of the State Court Lawsuit pursuant to 28 U.S.C. §§ 1452(b), 1334(c)(2), and 1334(c)(1).

25. Under § 1334(c)(2), mandatory abstention is required in these circumstances. As set forth, upon a timely motion, a "district court must abstain from hearing state law claims when:

(1) the claims have no independent basis for federal jurisdiction other than § 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be timely adjudicated in state court." *See, e.g.*, *In re Petroleum Products & Services, Inc.*, 561 B.R. 662, 665 (Bankr. S.D. Tex. 2016) (internal citations omitted). Here, there is no other jurisdictional basis other than § 1334(b) (if that, in fact, exists) and the claims remaining post-dismissal are non-core. Further, as evidenced herein, the State Court Lawsuit was pending before the Petition Date and the state court was scheduled to hear these issues on the day of the bankruptcy filing (thus, timely adjudication will occur). Because all of the above factors are satisfied here, the Court must abstain from exercising subject matter jurisdiction and remand the State Court Lawsuit.

26. Even if the mandatory abstention statute did not require remand of this case, this Court should still decline to exercise jurisdiction and remand based on either permissive abstention under 28 U.S.C. § 1334(c)(1), or equitable remand under 28 U.S.C. § 1452(b). *See, e.g.*, *In re Petroleum Prod. & Servs.*, 556 B.R. at 300-01; *J.T. Thorpe Co. v. Am. Motorists*, No. CIV.A. H-02-4598, 2003 WL 23323005, at *6–7 (S.D. Tex. June 9, 2003). Under either statute, this Court has broad discretion to remand the case "in the interests of justice, comity, or respect for state law" or on any other equitable ground. *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 511 F. Supp. 2d 742, 764–65 (S.D. Tex. 2005) (citing *In re Gober,* 100 F.3d 1195, 1206-07 (5th Cir. 1996)). "Together, §§ 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of § 1334 and the litigation can be timely completed in state court." *J.T. Thorpe*, 2003 WL 23323005, at *6.

27. Sections 1452(b) and 1334(c)(1) "are kindred statutes and the analysis under each have considerable overlap." *Id.*; *see also In re MontCrest Energy, Inc.*, No. 13-41129-DML-7, 2014 WL 6982643, at *7 (Bankr. N.D. Tex. Dec. 9, 2014) ("Because sections 1334(c)(1) and 1452

'are similar in purpose, the circumstances which weigh in favor of discretionary abstention … weigh in favor of … remand under § 1452(b).'" (internal quotations omitted). "The courts often examine the following fourteen factors when deciding whether to equitably remand a case removed under § 1334(b):

(1) the effect or lack thereof on the efficient administration of the estate if the Court recommends abstention;
(2) extent to which state law issue predominate over bankruptcy issues;
(3) difficulty or unsettled nature of the applicable law;
(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;
(5) jurisdictional basis, if any, other than § 1334;
(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;
(7) the substance rather than the form of an asserted core proceeding;
(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
(9) the burden of the bankruptcy court's docket;
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
(11) the existence of a right to a jury trial;
(12) the presence in the proceeding of nondebtor parties;
(13) comity; and
(14) the possibility of prejudice to other parties in the action."

*J.T. Thorpe Co.*, 2003 WL 23323005, at *6 (internal citations omitted).

28. In this case, the factors above weigh strongly in favor of permissive abstention and equitable remand, and there is no "countervailing circumstance" to suggest that the Court should exercise jurisdiction. "To the contrary, the facts of this case counsel remand." *J.T. Thorpe*, 2003 WL 23323005, at *6. Specifically, the factors reflect as follows: (i) there will be no effect (certainly not an adverse effect) on the administration of the estate due to abstention; (ii) the only issues involved here are state law issues that are not complex and the state court deals with such issues on a regular basis; (iii) the State Court Lawsuit was pending prior to the Petition Date; (iv) no other jurisdictional basis exists, but for, arguably, § 1334; (v) the State Court Lawsuit, based upon dismissal of the claims, is only remotely related to the bankruptcy case, if at all; (vi) the substance of the State Court Lawsuit deals with only state law issues; (vii) there is no need to

sever as there are no core bankruptcy matters involved; (viii) there is obvious forum-shopping by the Debtor and non-debtor defendants by removing the State Court Lawsuit; (ix) the Plaintiffs have requested and have a right to a jury trial in the State Court Lawsuit; (x) three of the four parties are non-debtor parties; (xi) both comity and judicial economy favor the state forum as the case was previously pending in front of it and the state court is familiar with the issues; and (x) the Plaintiffs will be prejudiced if the case is not remanded as they are entitled to a jury trial and that itself is sufficient ground for an equitable remand. *See, e.g.*, *Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co*., 130 B.R. 405, 409 (S.D.N.Y. 1991); *Lone Star Industr., Inc. v. Liberty Mut. Ins*., 131 B.R. 269, 275 (D. Del. 1991); *Borne v. New Orleans Health Care, Inc*., 116 B.R. 487, 495 (E.D. La. 1990). Therefore, the Plaintiffs respectfully request that the Court abstain and remand the State Court Lawsuit for further determination by the state court.

## III. CONCLUSION

Based on the foregoing reasons, the Plaintiffs respectfully request that the Court enter an order: (i) granting the Motion; (ii) dismissing their causes of action against the Debtor only, without prejudice; (iii) holding that the proposed Order does not affect or impact any of the remaining claims in the above-referenced adversary proceeding; (iv) finding that no actions taken by Plaintiffs or 2999TC with respect to the proposed Order shall be construed as an admission by any party on any question of liability; and (v) abstaining and remanding the State Court Lawsuit to state court for further determination.

Dated: October 23, 2020

Respectfully submitted,

*/s/ Katherine T. Hopkins*
Dee J. Kelly, Jr.
Tex. Bar I.D. 11217250
Katherine T. Hopkins
Tex. Bar I.D. 24070737
Joakim G. Soederbaum
Tex. Bar I.D. 24091338
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
dee.kelly@kellyhart.com
katherine.hopkins@kellyhart.com
joakim.soederbaum@kellyhart.com

**ATTORNEYS FOR L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.**

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing document was served on October 23, 2020, on the below parties via ECF notification, where available, or via U.S. First Class Mail.

2999TC LP, LLC
Attn: Joyce Lindauer
1412 Main Street, Suite 500
Dallas, Texas 75202

JMJ Development, LLC and Timothy Barton
Attn: Robert Kemp
2815 Valley View Lane, Suite 202
Dallas, Texas 75234

*/s/ Katherine T. Hopkins*
Katherine T. Hopkins

# TAB 7

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR 2999TC LP, LLC

Robert F. Kemp
State Bar No. 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
Telephone: (214) 526-2156
Facsimile: (214) 526-2156
ATTORNEY FOR JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD. LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.** | § | |
| **Plaintiffs/Counter-Defendants,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-04078-mxm** |
| | § | |
| **2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON** | § | |
| **Defendants/Counter-Plaintiffs.** | § | |
| | § | |

**OBJECTION AND RESPONSE TO PLAINTIFFS' AMENDED MOTION TO DISMISS DEFENDANT 2999TC, LLC ONLY**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW 2999TC LP, LLC ("Debtor"), JMJ Development, LLC ("JMJ") and Tim Barton ("Barton"), (collectively "Defendants"), Defendants in the above-referenced case and file this *Objection and Response to Plaintiffs' Amended Motion to Dismiss Defendant 2999TC, LLC Only* (the "Motion") and would respectfully show this Court as follows:

1. Defendants admit the allegations in Paragraph 1 of the Motion to the extent that an aggregate loan in the amount of $4,000,000.00 was made (collectively "the Loan") subject to and to the extent not in conflict with the assertions and claims made in Defendants, 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton, Counterclaims and otherwise denies the allegations contained therein.

2. Defendants admit the allegations in Paragraph 2 of the Motion to the extent of the existence of two documents that are alleged to be promissory notes that contain such terms to the extent documents so provide subject to and to the extent not in conflict with the assertions and claims made in Defendants, 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton, Counter-Claims.

3. Subject to and to the extent not in conflict with the assertions and claims made in Defendants', 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton, Counterclaims, Defendants admit the allegation in Paragraph 3 of the Motion regarding the existence of four documents asserted to be guarantees, but asserts that each of the documents (two in the name of Barton in his individual capacity, and two in the name of JMJ Development) is either void, voidable, invalid, or unenforceable including by reason of material modification of the associated Notes subsequent to their execution without the consent of the Defendants and as further stated in Defendants' counterclaims. Defendants further assert that the Notes themselves are void, voidable,

invalid, or unenforceable similarly due to their material modification subsequent to execution with the consent of the Defendants and as further asserted in Defendants' counterclaims.

4. Defendants deny the allegation in Paragraph 4 of the Motion that it failed to make timely payment, and that it only tendered its first interest-only payment subsequent to a threat to accelerate the Loan.

5. Defendants admit that Barton attended a meeting with a representative of one or more Plaintiffs and otherwise deny the allegations in Paragraph 5 of the Motion.

6. Defendants admit the allegation in Paragraph 6 of the Motion that Plaintiffs presented a written demand requesting an overdue payment by April 6, 2020 and that no payment was made thereafter in response to such demand, and otherwise, Defendants deny the allegations in Paragraph 6. Defendants would note that Plaintiffs' representative refused to permit Defendants' counsel (who was present at such office where the meeting occurred) or any other person to attend such a meeting or review any document(s) presented at such meeting.

7. Defendants admit the allegation in Paragraph 7 of the Motion only to the extent that the last payment made was in January of 2020, and otherwise, Defendants deny the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8 of the Motion as to the commencement of the referenced State Court Lawsuit, the causes of action asserted, and that the Defendants did not assert counterclaims against Plaintiffs in the State Court Lawsuit. Otherwise Defendants deny any other allegations.

9. Defendants admit the allegations in Paragraph 9 of the Motion that Plaintiffs did file a Motion for Summary Judgment on July 23, 2020 against Defendants on Plaintiffs' claims for breach of certain Notes and Guaranties; that the original hearing was scheduled for August 20,

2020 which was continued until October 16, 2020; and that Defendants requested time for discovery. Defendants deny the allegation that they are in breach or that they would owe attorney's fees requested in the original petition since applicable law, including Chapter 38 of the Texas Civil Practice and Remedies Code, does not provide for such entitlement.

10. Defendants admit the allegation in Paragraph 10 of the Motion regarding the timing of the Debtor's filing for bankruptcy protection under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) and the filing of the Notice of Removal of the State Court Action to this Bankruptcy Court. Defendants admit the allegations in Paragraph 10 of the Motion that due to the bankruptcy filing, the hearing on the Motion for Summary Judgment did not occur. Defendants admit that Plaintiffs' counsel indicated to the Court that Plaintiffs intended to non-suit their claims in this Court and return to State Court to proceed with the Motion for Summary Judgment against Defendants JMJ and Barton. However, Defendants deny that they did not conduct any additional discovery. Defendants served multiple sets of requests for interrogatories and production between July 28, 2020 and August 7, 2020. Although Plaintiffs filed certain responses to the interrogatories and production requests, they have still failed to produce any responsive documents much less by the date such documents were due despite stating in their production response they would produce the requested documents. Nonetheless, Defendants filed a substantive response to the motion for summary judgment which refuted every claim made by Plaintiffs and even every element that Plaintiffs needed to prove, and Defendants were confident they would prevail at the hearing. Obviously, Defendants will soon be filing motions to compel production of such documents. And until such documents have been produced, it would be premature for Defendants to conduct depositions. Furthermore, Defendants have produced hundreds of pages of documents responsive to Plaintiffs' production requests along with responses to their interrogatory requests. Thus, such

lack of discovery in this case as asserted by the Plaintiffs is solely the result of Plaintiffs' own conduct and bad faith. Otherwise, Defendants deny the allegations in paragraph 10.

11. Defendants admit the allegation in Paragraph 11 of the Motion that it first filed counterclaims against the Plaintiffs in the instant case in *2999TC LP, LLC, JMJ Development, LLC and Tim Barton Defendants' Original Counter-Claims* [Dkt. No. 5]. Defendants deny the other allegation in Paragraph 11 of the Motion including that such counterclaims were filed to prevent Plaintiffs from proceeding on the merits in State Court and that such counterclaims are "affirmative defenses plead [sic] in the form of a request for declaratory judgment."

12. Defendants deny the allegation in Paragraph 12 of the Motion that dismissal of the Debtor is appropriate. Defendants object to such dismissal because a determination that Debtor is in default of valid and enforceable Notes and has no defenses is necessary to give rise to any claims being asserted against the other Defendants and because the Defendants have asserted actionable counterclaims against the Plaintiffs that are applicable to this adversary action and the underlying bankruptcy case along with other reasons as stated herein.

13. Defendants admit the allegation in Paragraph 13 of the Motion regarding the standard for a plaintiff's motion for voluntary dismissal typically available in Federal court, but not as it would apply to this case including as related to proceedings in the Federal bankruptcy court. Debtor notes that the Court's discretion to order such dismissal is limited by additional statutory language not provided by the Movant that states that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). Debtor asserts that its counterclaims along with those of the other Defendants are integrally linked to both the bankruptcy action and that the

associated adversary matter rendering independent adjudication of such counterclaims is impractical and prejudicial to the rights of the Debtor. Further, Movant states that the Fifth Circuit has held that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." Robles v. Atlantic Sounding Co., Inc., 77 Fed. Appx. 274, 275 (5th Cir. 2003). Here, dismissal of the Debtor from this suit would constitute a refusal to consider the merits of the Debtor's counterclaims against the Plaintiff and their relation to the underlying bankruptcy case, which would clearly be prejudicial to the Debtor, as well as to the other Defendants. It is important to note that "[t]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201 (N.D. Tex. 1988) (citing *LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604* (5th Cir. 1976)). Moreover, any claims asserted against Defendants Barton and JMJ are contingent upon a finding that the Notes are valid and enforceable promissory notes, that Debtor has, in fact, defaulted on its obligations thereunder, and that no applicable affirmative defenses proven by Debtor apply. Any claims related to the Notes asserted by Plaintiffs would have to include 2999TC as the maker as it is likely the only party that has any standing to assert claims or defenses related to the Note and certain other agreements, such as certain membership agreements and a conversion option agreement which it was a party to as part of the overall transaction. If the case proceeds in state court without the Debtor, then not only would the other Defendants be prejudiced because they would potentially have no standing to defend against such a default of the Notes, on which they are not a party to, but any determination of a default of the Notes would be prejudicial against the Debtor because it would have no opportunity to defend itself or prove up any affirmative defenses. Furthermore, the other Defendants would likely have

no standing to assert and prove up those affirmative defenses of the Debtor as related to the Notes which would materially affect the claims against the other Defendants as related to any alleged guaranteed obligations under the Notes. Obviously, dismissal of the Debtor would substantially prejudice all Defendants. "Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense." *Robles* at 275. Moreover, the counterclaims asserted by the Debtor are integrally linked to interests of the other Defendants including because seeking declaratory relief under section 37.006 of Texas Civil Practices and Remedies Code requires that "all persons who have or claim any interest that would be affected by the declaration must be made parties." Not only is dismissal of the Debtor prohibited by such state code but dismissal of the Debtor from this action will undoubtedly prejudice the remaining Defendants for the foregoing reasons. Finally, the overall transaction between the parties involved more than payment obligations under or breach of simple non-negotiable notes with personal guaranties but the entire transaction incorporated multiple other agreements and conditions involving the Plaintiffs and all Defendants including pledge agreements, call options, and conversion option agreements which collectively formed the basis of the collective transaction and which affect the rights and obligations of all parties thereunder. Thus, dismissal would not be appropriate. This is further illustrated by the likelihood, if the case proceeded in the state court without Debtor (or even if originally filed in state court without Debtor), Debtor would likely have to be joined anyway under Tex. R. Civ. P. 39 which requires a party to be joined if "(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or(ii) leave any of the persons already parties subject to a substantial risk of

incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." The Debtor would necessarily be joined if just one section of Tex. R. Civ. P. 39 applied, but in this case, the facts would require joinder of the Debtor under any section. Thus if Debtor's joinder would be required, then dismissing the Debtor and proceeding in the state case would serve no purpose and would not be appropriate.

14. Defendants admit the allegation in Paragraph 14 of the Motion to the extent that it is a faithful representation or interpretation of cited case law, but denies the allegation that such is applicable here because the Debtor (and the other Defendants) will certainly suffer plain legal prejudice as articulated *supra*. Furthermore, the facts and application of law under the cited case law are substantially distinguishable from those in this case to the extent the requested dismissal would not be appropriate.

15. For the reasons stated above, Defendants deny the allegation in Paragraph 15 of the Motion that the Debtor will not be prejudiced should this Court dismiss Plaintiff's claims. Defendants deny the allegation in Paragraph 15 of the Motion that "Defendants now assert a declaratory judgment claim" to the extent that such allegation infers only a single claim was made by Defendants' request for a declaratory judgment. Defendants admit that its counterclaims included a request to hold the "Guaranties and Notes are void and/or invalid" but deny that such a request is the limit of what Defendants seek in its counterclaims. Defendants further deny that "[t]he dismissal proposed [in the Motion] in no way limits or prohibits the Defendants' ability to continue litigation against the Plaintiffs with respect to the Counterclaims" and deny the assertion that the proposed dismissal of the Plaintiffs' claims against the Debtor (which would force the Defendants, including the Debtor to separately pursue such counterclaims in State Court) is appropriate for multiple reasons including as stated above and as follows:

a. As previously stated above, certain counterclaims asserted by the Defendants including related to any guaranties or other agreements are directly affected by a determination on whether the Notes are valid and enforceable and if so a determination of whether such were defaulted on by the Debtor or whether any affirmative defenses of the Debtor apply. However, only the Debtor is a party to the Notes and is thus the only party that could or would likely be permitted to assert such claims and defense under the Notes. Thus, the Defendants' ability to continue litigation against the Plaintiffs would be substantially impaired and the parties prejudiced if the state action only were to proceed against the Defendants Barton and JMJ.

b. The counterclaims are integral to the Debtor's interests in its bankruptcy proceedings. For instance having multiple courts consider such interests are not conducive to judicial economy because multiple Defendants are requesting identical relief, duplicative discovery and depositions would be needed, and because it would force the same issue relating to multiple defendants to be litigated in multiple venues resulting in the possibility of conflicting judicial outcomes. Furthermore, Debtor is a required party to the counterclaims and any action in the state court involving such causes of action necessarily must include 299TC, JMJ, and Barton. When a declaratory relief is sought, section 37.006 of Texas Civil Practices and Remedies Code requires that "all persons who have or claim any interest that would be affected by the declaration must be made parties." Obviously, Debtor would have an interest in the relief being sought including

because certain counterclaims have been asserted by all Defendants including Debtor.

Defendants deny the allegation that the proposed dismissal does not limit the ability to continue litigation against Plaintiffs with regard to the counterclaims since it forces the separate Defendants (including Debtor) to expend limited resources to litigate the same, related matter in multiple venues. Defendants deny the allegation in Paragraph 15 of the Motion that dismissing the claims against the Debtor "increases the potential recovery for other creditors of the bankruptcy estate." Any payment obligations found to be owed to Plaintiffs by JMJ and/or Barton as guarantors derive from any defaulted payment obligations that are found to be owed by Debtor under the Notes. In such event, JMJ and/or Barton is entitled to be made whole by Debtor. And just because the Plaintiffs dismiss the Debtor from the case does not mean that Plaintiffs are releasing Debtor from any obligations found to be owed under the Notes. Thus, such an argument that any other creditor recoveries would be increased by dismissing 2999TC is simply a fallacy.

16. Defendants deny the allegation in Paragraph 16 of the Motion that the cited cases are inapposite here because they deal with a movant who suffers an adverse legal decision prior to moving for voluntary dismissal. In fact, this case holds to the proposition that a motion for voluntary dismissal should *not* be granted if the non-moving party "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Robles*, 77 Fed Appx. at 275. It is clear from the language of this case holding that it applies as to a non-movant and refers to *future* harm it would endure as a result of a present decision by a court. Any discussion of adverse legal action prior to filing the Motion, or the stage in litigation in which the State Court suit finds itself, is thus not relevant to the matter at hand. The Debtor is not required to admit or deny the allegation in Paragraph 16 of the Motion regarding the Plaintiff's conjecture that it might have prevailed in

a hearing on its Motion for Summary Judgment in the State Court suit. Defendants admit the allegations as to the age of the State Court suit, the timing of the filing of the Motion for Summary Judgment therein. Debtor denies that little discovery has been conducted except that Plaintiffs have produced little discovery despite being required to do so. Debtor is not required to admit or deny the allegation as to the Plaintiff's assessment that "significant time and effort" has not been spent to litigate the State Court suit, and further asserts that such is irrelevant.

17. Defendants deny the allegations in Paragraph 17 of the Motion that Plaintiffs are not attempting to deprive Debtor of particular forum-specific defenses, and further that Debtor would not lose any forum-specific defenses resulting from the Court's granting Debtor's dismissal without prejudice.

18. Defendants deny the allegations in Paragraph 18 of the Motion including that Debtor has abused the bankruptcy process by filing its petition to avoid hearing in the State Court action on the Motion for Summary Judgment filed therein, to obtain a more favorable venue, and to further Barton's "personal agenda," but asserts that the removal of the State Court suit to this Court was conducted because of the integral linkage of issues and questions of law in the State Court suit that have a significant and undeniable bearing on these bankruptcy proceedings. Defendants deny the allegations in Paragraph 18 of the Motion as to the impetus for development of its request for declaratory judgment. Defendants deny the allegation in Paragraph 18 of the Motion as to Barton's relationship to 2999TC and JMJ. Defendants further deny Plaintiffs' assertion that Barton is attempting to avoid personal liability by trying to marry the State Court Lawsuit and this case with a completely unrelated involuntary bankruptcy proceeding that was filed against completely separate entities that are entirely unrelated to this case and where this is no indication that such proceedings involve any personal liability of Barton. Thus Plaintiffs'

assertions have no basis in fact and are wholly without merit. Debtor further denies Plaintiffs' assertions and inference that the counterclaims were filed only as a response to learning of Plaintiffs' intent to nonsuit the Debtor considering that Debtor had been diligently working on the drafting and filing of such counterclaims prior thereto and such counterclaims were filed very shortly after such learning of such notice on the same day in less time than it would have taken to draft the counterclaims if such had begun upon receiving such notice, and thus, Defendants' counterclaims were not simply filed in response to the learning of the intended nonsuit.

19. Defendants deny the allegation in Paragraph 19 of the Motion that the Debtor is a "shell-entity" with no operations, employees, or assets. Debtor is not required to admit or deny the allegation as to the Plaintiffs' lack of desire to continue litigation against the Debtor, and assert that the Plaintiffs have no claim against the Debtor as stated in Defendants' counterclaims including as the result of their conduct and their material post-execution alteration of the Notes mentioned *supra* without notice to, or approval of, the Debtor or the guarantors of said notes, namely JMJ and Barton. Defendants deny the assertion that dismissal against the Debtor of this cause of action would be appropriate for the reasons stated in paragraphs 13, 15, and elsewhere above.

20. Defendants deny the allegation in Paragraph 20 of the Motion as to the applicability of either Fed. R. Civ. P. 41(a)(2) and Fed. R. Bankr. P. 7041 to this matter, and assert that dismissal of Plaintiff's claim as to the Debtor in these proceedings would be inapposite for the reasons mentioned heretofore.

WHEREFORE PREMISES CONSIDERED, Debtor and the other Defendants request the Court deny the relief requested by the Plaintiffs in the Motion in its entirety, and grant such other and further relief to the Debtor and Defendants as the Court may deem just and proper.

Dated: October 25, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYFOR 2999TC LP, LLC

/s/ Robert F. Kemp
Robert F. Kemp
State Bar No. 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
Telephone: (214) 526-2156
Facsimile: (214) 526-2156
Email: lawyerkemp@cs.com
ATTORNEY FOR JMJ DEVELOPMENT, LLC
AND TIMOTHY BARTON

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 25, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR 2999TC LP, LLC

Robert F. Kemp
State Bar No. 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
ATTORNEY FOR JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC LP, LLC,** | § | **CASE NO. 20-43204-mxm** |
| | § | **Chapter 11** |
| **Debtor.** | § | |
| **L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD. LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD. Plaintiffs/Counter-Defendants,** | § § § § § § § § | **ADVERSARY NO. 20-04078-mxm** |
| | § | |
| **v.** | § | |
| | § | |
| **2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON Defendants/Counter-Plaintiffs.** | § § § § | |

**OBJECTION AND RESPONSE TO PLAINTIFFS' SECOND AMENDED MOTION TO DISMISS DEFENDANT 2999TC, LLC ONLY**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW 2999TC LP, LLC ("Debtor"), JMJ Development, LLC ("JMJ") and Tim Barton ("Barton"), (collectively "Defendants"), Defendants in the above-referenced case and file this *Objection and Response to Plaintiffs' Amended Motion to Dismiss Defendant 2999TC, LLC Only* (the "Motion") and would respectfully show this Court as follows:

**As an introductory matter, the Debtor and Defendants contend that this Second Amended Motion to Dismiss should not be heard on November 4, 2020. The Plaintiffs filed a Motion to Dismiss on October 19, 2020 [Doc. No. 7] and an Amended Motion to Dismiss on October 19, 2020 [Doc. No. 8] asking only to dismiss their claims against the Debtor in this pending lawsuit. The Court granted an expedited request to hear such motions on November 4, 2020. [Doc. No. 11]. Then after the Court granted such request as to the Motion and the Amended Motion, the Plaintiffs seized on the opportunity to file their Second Amended Motion to Dismiss [Doc. No. 12] for which no expedited request for hearing had been requested and then noticed this Second Amended Motion for hearing as though it was the same motion upon which the Court granted expedited consideration. The Court never granted an expedited hearing on the Second Amended Motion and did not set a hearing on same. This Second Amended Motion contains arguments and issues that are far more weighty than the original Amended Motion to Dismiss. It adds new claims and grounds for relief that were not part of the Motion and Amended Motion. As such the Court should not consider hearing the Second Amended Motion when it was not granted expedited consideration and has not been properly set for hearing.**

## RESPONSES TO MOTION TO DISMISS

1. Defendants admit the allegations in Paragraph 1 of the Motion to the extent that an aggregate loan in the amount of $4,000,000.00 was made (collectively "the Loan") subject to and to the extent not in conflict with the assertions and claims made in Defendants, 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton, Counterclaims and otherwise denies the allegations contained therein.

2. Defendants deny the allegations in Paragraph 2 of the Motion to the extent of the existence of two documents that are alleged to be promissory notes that contain such terms to the extent documents so provide subject to and to the extent not in conflict with the assertions and claims made in Defendants, 2999TC LP, LLC's, JMJ Development, LLC's, and Tim Barton's, Counter-Claims.

3. Subject to and to the extent not in conflict with the assertions and claims made in Defendants 2999TC LP, LLC's, JMJ Development, LLC's, and Tim Barton's Counterclaims, Defendants admit the allegation in Paragraph 3 of the Motion regarding the existence of four documents asserted to be guarantees, but asserts that each of the documents (two in the name of Barton in his individual capacity, and two in the name of JMJ Development) is either void, voidable, invalid, or unenforceable including by reason of material modification of the associated Notes subsequent to their execution without the consent of the Defendants and as further stated in Defendants' counterclaims. Defendants further assert that the Notes themselves are void, voidable, invalid, or unenforceable similarly due to their material modification subsequent to execution with the consent of the Defendants and as further asserted in Defendants' counterclaims.

4. Defendants deny the allegation in Paragraph 4 of the Motion that it failed to make timely payment, and that it only tendered its first interest-only payment subsequent to a threat to accelerate the Loan.

5. Defendants admit that Barton attended a meeting with a representative of one or more Plaintiffs and otherwise deny the allegations in Paragraph 5 of the Motion.

6. Defendants admit the allegation in Paragraph 6 of the Motion that Plaintiffs presented a written demand requesting an overdue payment by April 6, 2020 and that no payment was made thereafter in response to such demand, and otherwise, Defendants deny the allegations in Paragraph 6. Defendants would note that Plaintiffs' representative refused to permit Defendants' counsel (who was present at such office where the meeting occurred) or any other person to attend such a meeting or review any document(s) presented at such meeting.

7. Defendants admit the allegation in Paragraph 7 of the Motion only to the extent that the last payment made was in January of 2020, and otherwise, Defendants deny the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8 of the Motion as to the commencement of the referenced State Court Lawsuit, the causes of action asserted, and that the Defendants did not assert counterclaims against Plaintiffs in the State Court Lawsuit. Otherwise Defendants deny any other allegations.

9. Defendants admit the allegations in Paragraph 9 of the Motion that Plaintiffs did file a Motion for Summary Judgment on July 23, 2020 against Defendants on Plaintiffs' claims for breach of certain Notes and Guaranties; that the original hearing was scheduled for August 20, 2020 which was continued until October 16, 2020; and that Defendants requested time for discovery. Defendants deny the allegation that they are in breach or that they would owe attorney's

fees requested in the original petition since applicable law, including Chapter 38 of the Texas Civil Practice and Remedies Code, does not provide for such entitlement.

10. Defendants admit the allegation in Paragraph 10 of the Motion regarding the timing of the Debtor's filing for bankruptcy protection under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) and the filing of the Notice of Removal of the State Court Action to this Bankruptcy Court. Defendants admit the allegations in Paragraph 10 of the Motion that due to the bankruptcy filing, the hearing on the Motion for Summary Judgment did not occur. Defendants admit that Plaintiffs' counsel indicated to the Court that Plaintiffs intended to non-suit their claims in this Court and return to State Court to proceed with the Motion for Summary Judgment against Defendants JMJ and Barton. However, Defendants deny that they did not conduct any additional discovery. Defendants served multiple sets of requests for interrogatories and production between July 28, 2020 and August 7, 2020. *Although Plaintiffs filed certain responses to the interrogatories and production requests, they have still failed to produce any responsive documents much less by the date such documents were due despite stating in their production response they would produce the requested documents.* Nonetheless, Defendants filed a substantive response to the motion for summary judgment which refuted every claim made by Plaintiffs and even every element that Plaintiffs needed to prove, and Defendants were confident they would prevail at the hearing. Obviously, Defendants will soon be filing motions to compel production of such documents. And until such documents have been produced, it would be premature for Defendants to conduct depositions. Furthermore, Defendants have produced hundreds of pages of documents responsive to Plaintiffs' production requests along with responses to their interrogatory requests. Thus, such lack of discovery in this case as asserted by the Plaintiffs is solely the result of Plaintiffs' own conduct and bad faith. Otherwise, Defendants deny the allegations in paragraph 10.

11. Defendants admit the allegation in Paragraph 11 of the Motion that it first filed counterclaims against the Plaintiffs in the instant case in *2999TC LP, LLC, JMJ Development, LLC and Tim Barton Defendants' Original Counter-Claims* [Dkt. No. 5]. Defendants deny the other allegation in Paragraph 11 of the Motion including that such counterclaims were filed to prevent Plaintiffs from proceeding on the merits in State Court and that such counterclaims are "affirmative defenses plead [sic] in the form of a request for declaratory judgment." Even if they are viewed as Affirmative defenses they would still prevent the granting of a summary judgment based on the motion originally filed by Plaintiffs in state court.

12. Defendants deny the allegation in Paragraph 12 of the Motion that dismissal of the Debtor is appropriate. Defendants object to such dismissal because a determination that Debtor is in default of valid and enforceable Notes and has no defenses is necessary to give rise to any claims being asserted against the other Defendants and because the Defendants have asserted actionable counterclaims against the Plaintiffs that are applicable to this adversary action and the underlying bankruptcy case along with other reasons as stated herein. Defendants deny the allegation in Paragraph 12 regarding remand of the State Court case back to such court due to a lack of conditions permitting mandatory abstention under 28 U.S.C. § 1334(c)(2), and *since the counterclaims asserted by the Defendants in this adversary action are integrally linked to the bankruptcy action nullify both the conditions for permissive abstention under 28 U.S.C. § 1334(c)(1) and those for equitable remand under 28 U.S.C. § 1452(b).*

13. Defendants admit the allegation in Paragraph 13 of the Motion regarding the standard for a plaintiff's motion for voluntary dismissal typically available in Federal court, but not as it would apply to this case including as related to proceedings in the Federal bankruptcy court. Debtor notes that the Court's discretion to order such dismissal is limited by additional

statutory language not provided by the Movant that states that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2). Debtor asserts that its counterclaims along with those of the other Defendants are integrally linked to both the bankruptcy action and that the associated adversary matter rendering independent adjudication of such counterclaims is impractical and prejudicial to the rights of the Debtor. Further, Movant states that the Fifth Circuit has held that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Robles v. Atlantic Sounding Co., Inc*., 77 Fed. Appx. 274, 275 (5th Cir. 2003). Here, dismissal of the Debtor from this suit would constitute a refusal to consider the merits of the Debtor's counterclaims against the Plaintiff and their relation to the underlying bankruptcy case, which would clearly be prejudicial to the Debtor, as well as to the other Defendants. It is important to note that "[t]he basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201 (N.D. Tex. 1988) (citing *LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604* (5th Cir. 1976)). Moreover, any claims asserted against Defendants Barton and JMJ are contingent upon a finding that the Notes are valid and enforceable promissory notes, that Debtor has, in fact, defaulted on its obligations thereunder, and that no applicable affirmative defenses proven by Debtor apply. Any claims related to the Notes asserted by Plaintiffs would have to include 2999TC as the maker as it is likely the only party that has any standing to assert claims or defenses related to the Note and certain other agreements, such as certain membership agreements and a conversion option agreement which it was a party to as part of the overall

transaction. If the case proceeds in state court without the Debtor, then not only would the other Defendants be prejudiced because they would potentially have no standing to defend against such a default of the Notes, on which they are not a party to, but any determination of a default of the Notes would be prejudicial against the Debtor because it would have no opportunity to defend itself or prove up any affirmative defenses. Furthermore, the other Defendants would likely have no standing to assert and prove up those affirmative defenses of the Debtor as related to the Notes which would materially affect the claims against the other Defendants as related to any alleged guaranteed obligations under the Notes. Obviously, dismissal of the Debtor would substantially prejudice all Defendants. "Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense." *Robles* at 275. Moreover, the counterclaims asserted by the Debtor are integrally linked to interests of the other Defendants including because seeking declaratory relief under section 37.006 of Texas Civil Practices and Remedies Code requires that "all persons who have or claim any interest that would be affected by the declaration must be made parties." Not only is dismissal of the Debtor prohibited by such state code but dismissal of the Debtor from this action will undoubtedly prejudice the remaining Defendants for the foregoing reasons. Finally, the overall transaction between the parties involved more than payment obligations under or breach of simple non-negotiable notes with personal guaranties but the entire transaction incorporated multiple other agreements and conditions involving the Plaintiffs and all Defendants including pledge agreements, call options, and conversion option agreements which collectively formed the basis of the collective transaction and which affect the rights and obligations of all parties thereunder. Thus, dismissal would not be appropriate. This is further illustrated by the likelihood, if the case proceeded in the state court without Debtor (or even if originally filed in state court without

Debtor), Debtor would likely have to be joined anyway under Tex. R. Civ. P. 39 which requires a party to be joined if "(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." The Debtor would necessarily be joined if just one section of Tex. R. Civ. P. 39 applied, but in this case, the facts would require joinder of the Debtor under any section. Thus, if Debtor's joinder would be required, then dismissing the Debtor and proceeding in the state case would serve no purpose and would not be appropriate.

14. Defendants admit the allegation in Paragraph 14 of the Motion to the extent that it is a faithful representation or interpretation of cited case law, but denies the allegation that such is applicable here because the Debtor (and the other Defendants) will certainly suffer plain legal prejudice as articulated *supra*. Furthermore, the facts and application of law under the cited case law are substantially distinguishable from those in this case to the extent the requested dismissal would not be appropriate.

15. For the reasons stated above, Defendants deny the allegation in Paragraph 15 of the Motion that the Debtor will not be prejudiced should this Court dismiss Plaintiff's claims. Defendants deny the allegation in Paragraph 15 of the Motion that "Defendants now assert a declaratory judgment claim" to the extent that such allegation infers only a single claim was made by Defendants' request for a declaratory judgment. Defendants admit that its counterclaims included a request to hold the "Guaranties and Notes are void and/or invalid" but deny that such a request is the limit of what Defendants seek in its counterclaims. Defendants further deny that

"[t]he dismissal proposed [in the Motion] in no way limits or prohibits the Defendants' ability to continue litigation against the Plaintiffs with respect to the Counterclaims" and deny the assertion that the proposed dismissal of the Plaintiffs' claims against the Debtor (which would force the Defendants, including the Debtor to separately pursue such counterclaims in State Court) is appropriate for multiple reasons including as stated above and as follows:

a. As previously stated above, certain counterclaims asserted by the Defendants including related to any guaranties or other agreements are directly affected by a determination on whether the Notes are valid and enforceable and if so a determination of whether such were defaulted on by the Debtor or whether any affirmative defenses of the Debtor apply. However, only the Debtor is a party to the Notes and is thus the only party that could or would likely be permitted to assert such claims and defense under the Notes. Thus, the Defendants' ability to continue litigation against the Plaintiffs would be substantially impaired and the parties prejudiced if the state action only were to proceed against the Defendants Barton and JMJ.

b. The counterclaims are integral to the Debtor's interests in its bankruptcy proceedings. For instance having multiple courts consider such interests are not conducive to judicial economy because multiple Defendants are requesting identical relief, duplicative discovery and depositions would be needed, and because it would force the same issue relating to multiple defendants to be litigated in multiple venues resulting in the possibility of conflicting judicial outcomes. Furthermore, Debtor is a required party to the counterclaims and any action in the state court involving such causes of action necessarily must include 299TC, JMJ,

and Barton. When a declaratory relief is sought, section 37.006 of Texas Civil Practices and Remedies Code requires that "all persons who have or claim any interest that would be affected by the declaration must be made parties." Obviously, Debtor would have an interest in the relief being sought including because certain counterclaims have been asserted by all Defendants, including Debtor. Defendants deny the allegation that the proposed dismissal does not limit the ability to continue litigation against Plaintiffs with regard to the counterclaims since it forces the separate Defendants (including Debtor) to expend limited resources to litigate the same, related matter in multiple venues.

Defendants deny the allegation in Paragraph 15 of the Motion that dismissing the claims against the Debtor "increases the potential recovery for other creditors of the bankruptcy estate." Any payment obligations found to be owed to Plaintiffs by JMJ and/or Barton as guarantors derive from any defaulted payment obligations that are found to be owed by Debtor under the Notes. In such event, JMJ and/or Barton is entitled to be made whole by Debtor. And just because the Plaintiffs dismiss the Debtor from the case does not mean that Plaintiffs are releasing Debtor from any obligations found to be owed under the Notes. Thus, such an argument that any other creditor recoveries would be increased by dismissing 2999TC is simply a fallacy.

16. Defendants deny the allegation in Paragraph 16 of the Motion that the cited cases are inapposite here because they deal with a movant who suffers an adverse legal decision prior to moving for voluntary dismissal. In fact, this case holds to the proposition that a motion for voluntary dismissal should *not* be granted if the non-moving party "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Robles*, 77 Fed Appx. at 275. It is clear from the language of this case holding that it applies as to a non-movant and refers to *future*

harm it would endure as a result of a present decision by a court. Any discussion of adverse legal action prior to filing the Motion, or the stage in litigation in which the State Court suit finds itself, is thus not relevant to the matter at hand. The Debtor is not required to admit or deny the allegation in Paragraph 16 of the Motion regarding the Plaintiff's conjecture that it might have prevailed in a hearing on its Motion for Summary Judgment in the State Court suit. Defendants admit the allegations as to the age of the State Court suit, the timing of the filing of the Motion for Summary Judgment therein. Debtor denies that little discovery has been conducted except that Plaintiffs have produced little discovery despite being required to do so. Debtor is not required to admit or deny the allegation as to the Plaintiff's assessment that "significant time and effort" has not been spent to litigate the State Court suit, and further asserts that such is irrelevant. Debtor denies the allegation that this case is "in its infancy" since litigation has been ongoing for more than six months.

17. Defendants deny the allegations in Paragraph 17 of the Motion that Plaintiffs are not attempting to deprive Debtor of particular forum-specific defenses, and further that Debtor would not lose any forum-specific defenses resulting from the Court's granting Debtor's dismissal without prejudice.

18. Defendants deny the allegations in Paragraph 18 of the Motion including that Debtor has abused the bankruptcy process by filing its petition to avoid hearing in the State Court action on the Motion for Summary Judgment filed therein, to obtain a more favorable venue, and to further Barton's "personal agenda," but asserts that the removal of the State Court suit to this Court was conducted because of the integral linkage of issues and questions of law in the State Court suit that have a significant and undeniable bearing on these bankruptcy proceedings. Defendants deny the allegations in Paragraph 18 of the Motion as to the impetus for development

of its request for declaratory judgment. Defendants deny the allegation in Paragraph 18 of the Motion as to Barton's relationship to 2999TC and JMJ. Defendants further deny Plaintiffs' assertion that Barton is attempting to avoid personal liability by trying to marry the State Court Lawsuit and this case with a completely unrelated involuntary bankruptcy proceeding that was filed against completely separate entities that are entirely unrelated to this case and where this is no indication that such proceedings involve any personal liability of Barton. Thus, Plaintiffs' assertions have no basis in fact and are wholly without merit. Debtor further denies Plaintiffs' assertions and inference that the counterclaims were filed only as a response to learning of Plaintiffs' intent to nonsuit the Debtor considering that Debtor had been diligently working on the drafting and filing of such counterclaims prior thereto and such counterclaims were filed very shortly after such learning of such notice on the same day in less time than it would have taken to draft the counterclaims if such had begun upon receiving such notice, and thus, Defendants' counterclaims were not simply filed in response to the learning of the intended nonsuit.

19. Defendants deny the allegation in Paragraph 19 of the Motion that the Debtor is a "shell-entity" with no operations, employees, or assets. Defendants are not required to admit or deny the allegation as to the Plaintiffs' lack of desire to continue litigation against the Debtor, and assert that the Plaintiffs have no claim against the Debtor as stated in Defendants' counterclaims including as the result of their conduct and their material post-execution alteration of the Notes mentioned *supra* without notice to, or approval of, the Debtor or the guarantors of said notes, namely JMJ and Barton. Defendants deny the assertion that dismissal against the Debtor of this cause of action would be appropriate for the reasons stated in paragraphs 13, 15, and elsewhere above.

20. Defendants deny the allegation in Paragraph 20 of the Motion as to the applicability of either Fed. R. Civ. P. 41(a)(2) and Fed. R. Bankr. P. 7041 to this matter, and assert that dismissal of Plaintiff's claim as to the Debtor in these proceedings would be inapposite for the reasons mentioned heretofore.

21. Defendants deny the allegation in Paragraph 21 of the Motion regarding remand of the State Court case back to such court due to a lack of conditions permitting mandatory abstention under 28 U.S.C. § 1334(c)(2), and since the counterclaims asserted by the Defendants in this adversary action are integrally linked to the bankruptcy action nullify both the conditions for permissive abstention under 28 U.S.C. § 1334(c)(1) and those for remand for reasons of equity under 28 U.S.C. § 1452(b). Debtor denies the allegation that abstention and remand are necessary due to jurisdictional and constitutional authority concerns.

22. Defendants admit the allegation in Paragraph 22 of the Motion regarding the categories of proceedings and their definitions, but notes that the cited case law holds to the premise that since all the categories operate conjunctively, to determine the scope of the bankruptcy court's jurisdiction, "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy," i.e. "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). Here, the Defendant's counterclaims against the Plaintiffs would have just such an effect on the administration of the estate in bankruptcy.

23. Defendants deny the allegation in Paragraph 23 of the Motion to the extent that the Plaintiffs' argument ignores the premise, stated in paragraph 22 *supra*, that the Court need only determine whether a matter is at least "related to" the bankruptcy for the Court to have jurisdiction. Since it has been established that the Defendants' counterclaims create just such a relation thereby

establishing this Court's jurisdiction, Defendants deny the allegation in Paragraph 23 of the Motion that no "related to" jurisdiction applies. Additionally, the Plaintiff's rationale as to whether jurisdiction of this Court exists *after* the Plaintiff's claims are dismissed (regardless of whether categorized as "arising under," "arising in" or "related to") is irrelevant since the Court's jurisdiction in this matter *currently* exists by virtue of the integrally related claims and counterclaims of the parties. Defendants deny the allegation in Paragraph 23 of the Motion that remand is necessary for lack of subject matter jurisdiction, for the reason that jurisdiction does indeed exist as previously stated.

24. Defendants deny the allegations in Paragraph 24 of the Motion that the "post-dismissal claims are not core" and that this Court has no constitutional authority to enter a final order on the Debtor's counterclaims because the promissory notes that underlie the bankruptcy are integrally linked to the prosecution of these bankruptcy proceedings, and since they include matters concerning administration of the estate and counterclaims by the estate against a party asserting a claim against the estate. 28 U.S.C. § 157(a) and (c). Defendants note that the cited case law only holds to the proposition that a bankruptcy court would lack constitutional authority to render a final judgment as to a counterclaim when such counterclaim is only remotely related to an initial claim, rendering any proceeding concerning it as a "non-core proceeding." *Stern v. Marshall*, 564 U.S. 462, 463, 498-99 (2011). Here, the counterclaims are closely and integrally related to the Plaintiffs' claims, thereby rendering this Court's consideration of such counterclaims a "core" proceeding. Debtor denies the allegation in Paragraph 24 of the Motion that the Plaintiffs' initial claim and the Defendants' associated counterclaims can be adjudicated post-dismissal in independent fashion due to the integral relationship between the two. Debtor denies the allegation

in Paragraph 24 that there is any lack of constitutional authority that would support Plaintiff's argument for abstention and remand for reasons expressed *supra*.

25. Defendants deny the allegation in Paragraph 25 of the Motion that mandatory abstention is required under the extant circumstances in this case. Defendants assert that this Court's jurisdiction exists due to the interrelated nature of the claims and counterclaims and the fact that the proceedings on such should be considered "core" matters. While Defendants admit the allegation that an action involving these parties was indeed commenced in State Court, the Plaintiffs have provided no evidence that "the action can be timely adjudicated in state court." Plaintiffs only presume that such is the case. Debtors deny the allegations in Paragraph 25 of the Motion that this Court lacks jurisdiction under 28 U.S.C. § 1334(b), and that claims and related counterclaims are non-core matters for reasons articulated *supra*. Defendants admit the allegation in Paragraph 25 of the Motion regarding the State Court's schedule regarding hearing on these claims and counterclaims, but denies that such indicates that the future adjudication of such matters would be any more timely than in this Court. Defendants deny the allegation in Paragraph 25 of the Motion that the conditions requiring abstention and remand of these matters to the State Court exist.

26. Defendants deny the allegation in Paragraph 26 of the Motion that this Court should decline to exercise jurisdiction and remand the case based on the principles of permissive abstention or equitable remand. Defendants admit the allegation in Paragraph 26 of the Motion that the cited case law is a faithful representation of the holdings in such, but deny the allegation that such is applicable here since it presumes that (1) equitable grounds exist that would permit (albeit not mandate) remand, and that (2) if this Court abstains from hearing these matters and remands such, the matter can be "timely adjudicated." As noted, both are merely presumptions

made by the Plaintiffs. In fact, since any decision as to the claims of the Plaintiffs and counterclaims of the Defendants have implications on the development of a Chapter 11 Plan of Reorganization, and the treatment of all of the Debtor's creditors (and equity holders) thereunder, the assertion, ( or more accurately presumption) that equity may be had by both parties without consideration of such implications in bankruptcy is a fallacy.

27. Defendants admit the allegation in the first sentence of Paragraph 27 of the Motion to the extent that it is a faithful quotation of the cited case law, but Debtors note that the context in which such citation is applicable only applies to situations where "there is no basis for federal jurisdiction independent of § 1334" coupled with the certainty that "litigation can be timely completed in state court." *J.T. Thorpe Co. v. Am. Motorists*, No. H-02-4598, 2003 U.S. Dist. LEXIS 26016 at *21 (S.D. Tex. 2003). While Plaintiffs may argue that the Court's jurisdiction here might not be independent of § 1334, they cannot argue with certainty that the litigation may be completed more timely in state court that in this Court. As such, circumstances here, do not weigh in favor of remand. Defendants admit the allegation in Paragraph 27 of the Motion as to the fourteen factors to be considered by a Court when deliberating whether to remand a case to the extent that such is a faithful representation of the cited case law.

28. Defendants deny the allegation in Paragraph 28 of the Motion that such factors weigh strongly in favor of abstention and remand.

a. Defendants deny the allegation in Paragraph 28 of the Motion as to the certainty that there will be no adverse effect of abstention and remand because to know that would require prescience of the State Court's decision concerning the Plaintiff's claims and the Defendants' counterclaims which could, at some point, return this case to the Bankruptcy Court.

b. The Defendants deny the allegation in Paragraph 28 of the Motion that "the only issues involved here are state law issues" since the claims of the Plaintiffs against the Defendants initiated the State Court matter, and that due to the integrally linked counterclaims of all the Defendants (including the Debtor), such issue has implications in these bankruptcy proceedings.

c. Defendants admit the allegation in Paragraph 28 of the Motion that the State Court matter was pending prior to the Petition Date.

d. Defendants admit the allegation in Paragraph 28 of the Motion that the basis of this Court's jurisdiction is rooted in 28 U.S.C. § 1334.

e. Defendants deny the allegation in Paragraph 28 of the Motion that the State Court suit has only a remote relation (or none at all) to the bankruptcy case by virtue of the aforementioned integral relation between the Plaintiff's claims and the Defendants' counterclaims.

f. Defendants admit the allegation in Paragraph 28 of the Motion that the substance of the State Court case deals with only state law issues, but Defendants note that such is a misstatement of the factor for consideration here which is the *substance of the asserted core proceeding*. Here such substance (i.e the Plaintiffs' claims and the Defendants' counterclaims) involves matters concerning administration of the estate and counterclaims by the estate against a party asserting a claim against the estate as envisioned by 28 U.S.C. § 157(a) and (c).

g. Defendants deny the allegation in Paragraph 28 of the Motion that the matter at hand involves no core bankruptcy matter is involved, but they admit the allegation that there is no need to sever this issue from these bankruptcy proceedings.

Determination of a claim in a bankruptcy case is a core matter. As here whether the Plaintiffs have valid claims against the Debtor is a core issue.

h. Defendants deny the allegation in Paragraph 28 of the Motion that their filing for bankruptcy protection is forum shopping by the Defendants (including the Debtor).

i. Defendants admit the allegation in Paragraph 28 of the Motion that Plaintiffs have requested and a right to a jury trial in the State Court suit. However, not every request for a jury trial actually obtains a jury trial. The Plaintiffs in state court claim they were proceeding on a motion for summary judgment not a jury trial. This Court can decide a motion for summary judgment.

j. Defendants deny the allegation in Paragraph 28 of the Motion as to the number of parties (and/or Defendants in the event that such were the actual subject of the Plaintiffs' accounting).

k. Defendants can neither admit nor deny the allegation in Paragraph 28 of the Motion as to the existence of any comity between this Court and the State Court, but denies the allegation as to the prevalence of judicial economy in State Court since this Court may decide both the issue of the claims and counterclaims, as well as the implications they may have in these bankruptcy proceedings which is not possible in State Court.

l. Defendants deny the allegation in Paragraph 28 of the Motion that any prejudice the Plaintiffs may experience for failure to receive a jury trial is grounds for an equitable remand of the case is a misstatement of the cited case law. Such is only true if a bankruptcy court refuses to remand a case permitting a jury trial in non-core proceedings. As argued *supra*, the proceedings that are the subject of this

Motion are, in fact, core proceedings, thereby making the cited case law inapplicable. Further the Plaintiffs were not proceeding towards a jury trial in state court they were asking for a summary judgment. This Court can adjudicate those claims.

Defendants deny the allegation in Paragraph 28 of the Motion that the Court should abstain and remand the State Court suit to the State Court for further determination for the reasons articulated *supra*.

WHEREFORE PREMISES CONSIDERED, Debtor and the Defendants request the Court deny the relief requested by the Plaintiffs in the Motion in its entirety, and grant such other and further relief to the Debtor and Defendants as the Court may deem just and proper.

Dated: October 30, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYS FOR 2999TC LP, LLC

/s/ Robert F. Kemp
Robert F. Kemp
State Bar No. 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
Telephone: (214) 526-2156
Facsimile: (214) 526-2156
Email: lawyerkemp@cs.com
ATTORNEY FOR JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 30, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

Case 4:20-cv-01256-P Document 13-2 Filed 12/28/20 Page 260 of 348 PageID 837

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR 2999TC LP, LLC

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
ATTORNEY FOR JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD. LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.** | § | |
| **Plaintiffs/Counter-Defendants,** | § | |
| **v.** | § | **ADVERSARY NO. 20-04078-mxm** |
| **2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON** | § | |
| **Defendants/Counter-Plaintiffs.** | § | |

**BRIEF IN SUPPORT OF OBJECTION AND RESPONSE TO PLAINTIFFS' SECOND AMENDED MOTION TO DISMISS DEFENDANT 2999TC, LLC ONLY**

**TABLE OF CONTENTS**

I. BRIEF IN SUPPORT OF REPONSE TO MOTION TO DISMISS .....4

a. Alleged Acts Voiding the Note and Guaranty .....4

II. BRIEF IN SUPPORT OF RESPONSE TO REMAND .....7

III. BRIEF IN SUPPORT OF RESPONSE TO ABSTENSION .....9

IV. PRAYER FOR RELIEF .....13

# TABLE OF AUTHORITIES

## United States Supreme Court Cases

*Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S. Ct. 1236 (1976) .....10
*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S. Ct. 927 (1983) ....9, 10
*Stern v. Marshall*, 564 U.S. 462 (2011) ....................8

## Cases

*Acosta v. Gustino*, 478 F. App'x 620 (11th Cir. 2012)....................11
*Brown v. Pacific Life. Ins. Co.*, 462 F.3d 384 n.7 (5th Cir. 2006) ....................10
*Clifford Paper Inc. v. Colonial Press Int'l Inc.*, No. 17-22396-CIV, 2017 U.S. Dist. LEXIS 121686, (S.D. Fla. 2017) ....................10, 11, 12
*Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co.*, 130 B.R. 405 (S.D.N.Y. 1991).............9
*Gibbens v. Champion Indus.*, 547 F. App'x 576 (5th Cir. 2013) ....................5
*Gump v. Trinity Christian Acad.*, Civil Action No. 3:05-CV-0148-BH (L) Consent 2005 U.S. Dist. LEXIS 15201 (N.D. Tex. 2005)....................10
*Jackson-Platts v. GE Capital Corp.*, 727 F.3d 1127 (11th Cir. 2013)....................12, 13
*LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601 (5th Cir. 1976)....................5
*Metro. Nat. Bank v. Vanderpool*, 192 S.W. 589 (Tex. Civ. App.—Amarillo 1917) ....................5
*O'Cheskey v. King (In re Am. Hous. Found.)*, 2015 Bankr. LEXIS 1041 (Bankr. N.D. Tex. 2015) ....................5
*Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201 (N.D. Tex. 1988) ....................5
*RepublicBank Dall., Nat. Ass'n v. McIntosh*, 828 F.2d 1120 (5th Cir. 1987)....................10
*Robles v. Atlantic Sounding Co., Inc.*, 77 Fed. Appx. 274 (5th Cir. 2003)....................5, 6
*Tharpe v. Illinois Nat'l Ins. Co.*, 199 F.R.D. 213 (W.D. Ky. 2001)....................4
*Wash. Int'l Ins. Co. v. Keeney*, 2020 U.S. Dist. LEXIS 132913 (E.D. Tex. 2020) ....................10
*Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir. 1987) ....................7

## Rules

TEX. CIV. PRAC. & REM. CODE § 37.006 ....................6
TEX. R. CIV. P. 39 ....................7

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COME NOW 2999TC LP, LLC ("Debtor"), JMJ Development, LLC ("JMJ") and Tim Barton ("Barton"), (collectively "Defendants"), Defendants in the above-referenced case and file this *Brief in Support* of their *Objection and Response to Plaintiffs' Amended Motion to Dismiss Defendant 2999TC, LLC Only* (the "Motion") and would respectfully show this Court as follows:

## I. BRIEF IN SUPPORT OF RESPONSE TO MOTION TO DISMISS

1. While dismissal of claims under FED. R. CIV. P. 41 is appropriate in certain instances, in this particular case a dismissal will not facilitate resolution of the underlying dispute and only serves to bifurcate the issues before this Court and another court. Further, there is nothing to prevent the Plaintiffs from refiling their claims in another Court after seeking relief from the stay. As such, dismissing Plaintiffs' claims here would require dismissal with prejudice to prevent the inevitable bifurcation of the controversy if Plaintiffs dismiss their claims solely against the Debtor.[1]

2. Plaintiff's proposed dismissal solely as to the Debtor runs the risk of bifurcating the controversy because the Debtor and the other Defendants (the "Guarantors") have pled counterclaims which if sustained, mean the underlying loan and guaranty upon which the Plaintiffs sue are void and unenforceable as to the Debtor and the guarantors.

### a. Alleged Acts Voiding the Note and Guaranty

3. Specifically, unbeknownst to the Defendants, after Defendants executed the loan documents the Plaintiffs altered the Note by removing a provision granting Debtor the right to prepayment the Note without penalty. Plaintiffs' unauthorized alteration of the Note rendered it

[1] Tharpe v. Illinois Nat'l Ins. Co., 199 F.R.D. 213, 214 (W.D. Ky. 2001)("Where overlapping issues are closely interwoven such that some of the same evidence may be presented twice, judicial economy is best served by a single trial.").

void, as there was no meeting of the minds concerning a material term of the contract.[2] Where there is no meeting of the minds, the contract is void for lack of consent.[3]

4. Debtor asserts that its counterclaims along with those of the other Defendants are integrally linked to the Debtor's reorganization, administration, and maximization of the bankruptcy estate; such that independent adjudication of the counterclaims is impractical and prejudicial to the rights of all the Defendants.

5. The Fifth Circuit discourages granting motions for voluntary dismissal when the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.[4] Here, even if dismissal of the Plaintiffs' claims against Debtor were granted, this would not dismiss the Debtor's counterclaims in the Adversary. As such, this Court is the proper Court to determine the validity of the Note as to the Debtor and the validity of the guaranty as to the other Defendants, which necessarily relies on the validity of the Note.[5] It is important to note that "[t]he basic purpose of Rule 41(a)(2) is to permit the plaintiff, with court approval, to voluntarily dismiss an action **so long as no other party will be prejudiced**."[6]. Here, the Debtor would clearly be prejudiced by retention of the counter-claims in the bankruptcy court, while facing the likelihood of having to defend against the same claims in a state court forum, should the claims be dismissed without prejudice.

---

[2] Metro. Nat. Bank v. Vanderpool, 192 S.W. 589, 590 (Tex. Civ. App.—Amarillo 1917)("The general rule is that any alteration which is material and made without the consent of the party sought to be charged thereon at any time after its execution renders it void as to them, even in the hands of an innocent holder.")
[3] Gibbens v. Champion Indus., 547 F. App'x 576, 579 (5th Cir. 2013).
[4] Robles v. Atlantic Sounding Co., Inc., 77 Fed. Appx. 274, 275 (5th Cir. 2003).
[5] O'Cheskey v. King (In re Am. Hous. Found.), 2015 Bankr. LEXIS 1041, at *48 (Bankr. N.D. Tex. 2015) ("without a debt, there can be no valid guaranty.")
[6] Radiant Tech. Corp. v. Electrovert USA Corp., 122 F.R.D. 201, 202 (N.D. Tex. 1988) (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)).

6. The co-Defendants would likewise be prejudiced by potentially being denied standing to assert defenses that are exclusive to the Debtor.

7. "Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense."[7]

8. Moreover, the counterclaims asserted by the Debtor are integrally linked to interests of the other Defendants because seeking declaratory relief under TEX. CIV. PRAC. & REM. CODE § 37.006 requires that "all persons who have or claim any interest that would be affected by the declaration ***must*** be made parties."[8] (emphasis added). Not only is dismissal of the Debtor prohibited by such state code, but dismissal of the Debtor from this action will undoubtedly prejudice the remaining Defendants for the same reasons.

9. Finally, the overall transaction between the parties involved more than payment obligations under, or breach of, simple non-negotiable notes with personal guaranties, but the entire transaction incorporated multiple other agreements and conditions involving the Plaintiffs and all Defendants including pledge agreements, call options, and conversion option agreements which collectively formed the entirety of the transaction and which affect the rights and obligations of all parties thereunder.

10. Thus, dismissal would not be appropriate. This is further illustrated by the likelihood, if the case proceeded in the state court without Debtor (or even if originally filed in state court without Debtor), Debtor would likely have to be joined anyway under TEX. R. CIV. P. 39 which requires a party to be joined if "(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is

---

[7] Robles at 275.
[8] TEX. CIV. PRAC. & REM. CODE § 37.006.

so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."[9] Under the facts alleged, the Court should find that joinder of the Debtor would be necessary and proper. Thus, if Debtor's joinder would be required, then dismissing the Debtor to allow proceeding in the state case would serve no purpose and would not be appropriate.

11. The reality is there is nothing preventing the Plaintiffs from proceeding on their Motion for Summary Judgment in this Court with the inclusion of the Debtor as a defendant.

## II. BRIEF IN SUPPORT OF RESPONSE TO REMAND

12. Since the counterclaims asserted by the Defendants in this adversary action are integrally linked to the administration of the bankruptcy estate, they nullify both the conditions for permissive abstention under 28 U.S.C. § 1334(c)(1) and those for remand for reasons of equity under 28 U.S.C. § 1452(b). Debtor denies the allegation that abstention and remand are necessary due to jurisdictional and constitutional authority concerns.

13. To determine the scope of the bankruptcy court's jurisdiction, "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy," i.e. "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[10] Here, the Defendants' counterclaims would have just such an effect on the administration of the estate in bankruptcy, particularly as it relates to allowability of claims.

14. The Plaintiff's rationale as to whether jurisdiction of this Court exists *after* the Plaintiff's claims are dismissed (regardless of whether categorized as "arising under," "arising in"

---

[9] TEX. R. CIV. P. 39.

[10] Wood v. Wood (In re Wood), 825 F.2d 90, 93 (5th Cir. 1987).

or "related to") is irrelevant since the Court's jurisdiction in this matter *currently* exists by virtue of the integrally related claims and counterclaims of the parties.

15. Defendants note that Plaintiffs' cited case law only holds to the proposition that a bankruptcy court would lack constitutional authority to render a final judgment as to a counterclaim when such counterclaim is only remotely related to an initial claim, rendering any proceeding concerning it as a "non-core proceeding."[11] Here, the claims and counterclaims involve the administration of the bankruptcy estate, thereby rendering this Court's consideration of such matters a "core" proceeding. Based on the foregoing there is no reason to remand this proceeding to state court.

16. Also, while Defendants admit the allegation that an action involving these parties was indeed commenced in State Court, the Plaintiffs have provided no evidence that "the action can be timely adjudicated in state court.

17. While Plaintiffs may argue that the Court's jurisdiction here might not be independent of 28 U.S.C. § 1334, they cannot argue with certainty that the litigation may be completed more timely in state court than in this Court. As such, circumstances here, do not weigh in favor of remand. Consider:

a. There will be an adverse effect of abstention and remand because the Plaintiffs are trying to proceed without the Debtor which they cannot under the facts in this case.

b. While the issues involve State of Texas contract law, the overall matter effects the administration of the bankruptcy estate.

c. Defendants deny that their filing for bankruptcy protection is forum shopping by the Defendants.

---

[11] Stern v. Marshall, 564 U.S. 462, 463, 498-99 (2011).

d. Although Plaintiffs had requested a jury trial in the State Court suit, the Plaintiff's are only proceeding on a motion for summary judgment not a jury trial. This Court can determine a motion for summary judgment.

e. Defendants deny the allegation as to the prevalence of judicial economy in State Court since this Court may decide both the issue of the claims and counterclaims, as well as the implications these rulings may have on the administration of the bankruptcy estate, which is not possible in State Court.

f. Defendants deny any prejudice the Plaintiffs would suffer for failure to receive a jury trial is grounds for an equitable remand. Case law is clear-- such is only true if a bankruptcy court refuses to remand a case permitting a jury trial in a non-core proceeding.[12] As argued *supra*, the proceedings that are the subject of this Motion are, in fact, core proceedings, thereby making the cited case law inapplicable. Further the Plaintiffs were not proceeding towards a jury trial in state court, they were asking for a summary judgment. This Court can adjudicate those claims.

## III. BRIEF IN SUPPORT OF RESPONSE TO ABSTENSION

18. Admittedly, it is up to this Court's discretion to defer to the State Court, but to say that it has discretion "is not to say that its discretion is unreviewable; such discretion must be exercised under the relevant standard prescribed by this Court."[13]

19. The legal standard applied to such cases involves a two-pronged test. First, the Court "must first consider whether the state and federal claims are parallel,".i.e. that claims

[12] Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co., 130 B.R. 405, 409 (S.D.N.Y. 1991).
[13] Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 19 (1983).

"involve the same parties and the same issues."[14] If the cases are indeed parallel, the Court must then determine if "exceptional circumstances" exist that would weigh in favor of abstention.[15] Six factors indicate whether such "exceptional circumstances" exist: (1) assumption by either state or federal court over a res; (2) relative inconvenience of the fora; (3) avoidance of piecemeal litigation; (4) order in which jurisdiction was obtained by the concurrent fora; (5) extent federal law provides the rules of decision on the merits; and (6) adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[16]

20. In applying this *Colorado River* doctrine, "[t]he decision to abstain must be based on a careful balancing of important factors as they apply to a case, "with the balance heavily weighted in favor of the exercise of jurisdiction."[17] The Supreme Court in *Colorado River* made clear that "no one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required."[18] The *Colorado River* factors are not to be treated as a "mechanical check list," but instead are to be carefully balanced and applied "with the balance heavily weighted in favor of the exercise of jurisdiction."[19] The particular circumstances of the case (which vary from one case to the next) determine the weight to give any one factor will vary from case to case.[20]

---

[14] Brown v. Pacific Life. Ins. Co., 462 F.3d 384, 395 n.7 (5th Cir. 2006) (citing RepublicBank Dall., Nat. Ass'n v. McIntosh, 828 F.2d 1120, 1121 (5th Cir. 1987)). See also Clifford Paper Inc. v. Colonial Press Int'l Inc., 2017 U.S. Dist. LEXIS 121686, at *8 (S.D. Fla. 2017).
[15] Wash. Int'l Ins. Co. v. Keeney, 2020 U.S. Dist. LEXIS 132913, at *6-7 (E.D. Tex. 2020).
[16] Id. See also Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 818-19 (1976).
[17] Wash. Int'l Ins. Co., 2020 U.S. Dist. LEXIS 132913, at *7.
[18] Gump v. Trinity Christian Acad., 2005 U.S. Dist. LEXIS 15201, at *5 (N.D. Tex. 2005).
[19] Moses H. Cone Mem'l Hosp., 460 U.S. at 16.
[20] Gump, 2005 U.S. Dist. LEXIS 15201, at *5-6.

21. Defendants argue that the cases, while involving integrally related matters, i.e. the claims of the Plaintiffs in opposition to the counterclaims of the Defendants, the cases themselves are not *parallel*, since the prosecution of a bankruptcy case involves matters far beyond those involving only adjudication of the aforementioned Notes and Guaranties (and the validity thereof), and involve parties that encompass more than just the two parties involved in the State Court litigation, namely all of the Debtor's creditors in bankruptcy. The Plaintiffs on the other hand would argue that the controversy between the Plaintiff and the Debtor is at issue is the only substantive issue here. This controversy, however, is substantive to the Court's adjudication of the Debtor's bankruptcy. The substantive nature of the Court's involvement in the bankruptcy is *the* metric for assessing the propriety of abstention since such abstention would mean that the bankruptcy Court would "have nothing further to do in resolving [such a] substantive part of the case….".[21] Here, it is apparent that circumstances weigh decidedly against finding that the cases are parallel (based on the nature of the questions before the Court and the parties involved, however, it is conceivable that the Court may see congruency between the issues and the parties, which may cause the Court to question its course of action. Should the Court have "any substantial doubt about whether two cases are parallel, the [C]ourt should not abstain."[22]

22. If the Court does deem the cases to be parallel in both issues and parties, it must then turn its attention to the *Colorado River* factors for consideration to determine if exceptional circumstances exist that would warrant abstention. In the instant case, the first factor, "assumption by either state or federal court over a res" weighs in favor of this Court's jurisdiction since this court has assumed authority over administration of the property of the bankruptcy

[21] Clifford Paper Inc., 2017 U.S. Dist. LEXIS 121686, at *8; (citing Moses H. Cone Mem'l Hosp.. 460 U.S. at 28).
[22] Acosta v. Gustino, 478 F. App'x 620, 622 (11th Cir. 2012).

estate, which includes the legal claims (or counterclaims) of the estate, which themselves are integrally tied to the claims of the Plaintiffs.

23. The second factor, the "relative inconvenience of the fora" may be determined by the proximity of the two courts in these related proceedings. The underlying State Court action was filed in the 141st Judicial District Court located at 100 North Calhoun Street, Fort Worth Texas 76196. This Court is located at 501 W. Tenth Street, Fort Worth, TX 76102. As such, the two are located less than one mile from one another. When in close geographic proximity, "the federal forum and the state forum are equally convenient" and the factor "cuts against abstention."[23]

24. The third factor, "avoidance of piecemeal litigation" must look to whether the two cases are "so inextricably intertwined in both their factual and legal issues that dual litigation would likely result in deleterious duplication of judicial resources.[24] When the cases do not duplicate fact and legal issues, abstention would be warranted.[25] Because facts and issues here are so integrally linked as mentioned supra, abstention would be inappropriate.

25. The fourth factor, the "order in which jurisdiction was obtained by the concurrent fora," is concerned not so much with the chronological order in which the parties commenced the concurrent proceedings, but rather it relates to the progress of the proceedings and whether the party availing itself of the federal forum should have acted earlier.[26] Here, while the State Court case was admittedly filed first, the progress of such case was curtailed, as mentioned above by the failure of Plaintiffs both to fully answer discovery and to produce any responsive documents requested in the state court proceeding. As such, the fourth factor weighs in favor of the Debtor.

---

[23] Clifford Paper Inc., 2017 U.S. Dist. LEXIS 121686, at *11 (citing Jackson-Platts v. GE Capital Corp., 727 F.3d 1127, 1141 (11th Cir. 2013)).
[24] Clifford Paper Inc., 2017 U.S. Dist. LEXIS 121686, at *12.
[25] Id.
[26] Id. at 13.

26. As for the fifth factor, the "extent federal law provides the rules of decision on the merits," Plaintiffs would assert that it weighs in favor of abstention because state law will govern all of the parties' claims against each other. "But this factor favors abstention only where the applicable state law is *particularly complex or best left for state courts to resolve*."[27] No such complexity exists that would make it impossible for this Court to decide such issues. The claims that the Plaintiffs raise invoking the Debtor's failure to pay its obligations pursuant to the terms of the Note and any related claims against the guarantors thereof are issues routinely addressed by the Court. Accordingly, the fifth factor therefore does not favor abstention.

27. The sixth and final factor, the "adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction" would be determined by the inability of this Court to protect the rights of one or the other party in the matter for consideration. Here, there is nothing to indicate that this Court is incapable of protecting the rights of either party. When both fora are adequate to safeguard the parties' rights, this factor is merely rendered neutral."[28]

## IV. PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Debtor and the Defendants request the Court deny the relief requested by the Plaintiffs in the Motion in its entirety, and grant such other and further relief to the Defendants as the Court may deem just and proper.

[27] Jackson-Platts, 727 F.3d at 1143.
[28] Id.

Dated: November 11, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Guy H. Holman
State Bar No. 24095171
Kerry S. Alleyne
State Bar No. 24066090
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEYS FOR 2999TC LP, LLC

/s/ Robert F. Kemp

Robert F. Kemp
State Bar No. 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
Telephone: (214) 526-2156
Facsimile: (214) 526-2156
Email: lawyerkemp@cs.com
ATTORNEY FOR JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 11, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

# TAB 8

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 18, 2020**

**United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE 2999TC LP, LLC,<br><br>Debtor. | § | CASE NO. 20-43204-mxm11 |
| L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.<br>Plaintiffs,<br><br>v.<br><br>2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON<br>Defendants. | § | ADVERSARY NO. 20-04078 |

**ORDER GRANTING SECOND AMENDED MOTION TO DISMISS DEFENDANT**
**<u>2999TC LP, LLC ONLY AND ABSTAIN AND REMAND TO STATE COURT</u>**

Case 4:20-cv-01256-P Document 1-3 Filed 11/18/20 Page 27 of 38 PageID 851

On November 16, 2020, the Court considered the Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court (the "Motion") [Docket No. 12], filed by Plaintiffs L. Allen Hodges III, as Independent Executor of the Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd. and Blackfoot Interest, Ltd. (collectively, the "Plaintiffs"). At the hearing to consider the Motion, the Court stated its findings of fact and conclusions of law orally on the record pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, and that good cause existed to grant the Motion. In accordance therewith, it is therefore

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Plaintiffs' claims against only Defendant 2999TC LP, LLC ("2999TC") are hereby **DISMISSED, WITHOUT PREJUDICE**; it is further

ORDERED this Order does not affect or impair any of the remaining claims asserted in the State Court Lawsuit[1]; it is further

ORDERED that nothing contained in this Order and no actions taken by Plaintiffs or 2999TC with respect to this Order shall be construed as an admission by any party on any question of liability; it is further

ORDERED that the Court shall retain jurisdiction to hear and consider all disputes arising out of the interpretation or implementation of this Order; it is further

ORDERED that in connection with the State Court Lawsuit, permissive abstention and equitable remand are appropriate; and it is further

ORDERED that the State Court Lawsuit is remanded to the 141st Judicial District Court, Tarrant County, Texas for further determination.

**### END OF ORDER ###**

[1] Any capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion.

**SUBMITTED BY:**

*<u>/s/ Katherine T. Hopkins</u>*

Dee J. Kelly, Jr.
Tex. Bar I.D. 11217250
Katherine T. Hopkins
Tex. Bar I.D. 24070737
Joakim G. Soederbaum
Tex. Bar I.D. 24091338
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
dee.kelly@kellyhart.com
katherine.hopkins@kellyhart.com
joakim.soederbaum@kellyhart.com

**ATTORNEYS FOR L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.**