# TAB 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| In Re: | **Case No. 20-43204-mxm11** |
| 2999TC LP, LLC, Debtor. | Fort Worth, Texas<br>November 16, 2020<br>1:30 p.m. Docket |
| TEJAS GROUP, LTD., et al., Plaintiffs, v. 2999TC LP, LLC, et al., Defendants. | **Adversary Proceeding 20-4078-mxm**<br>- SECOND AMENDED MOTION TO DISMISS (#12)<br>- STATUS CONFERENCE (#1) |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MARK X. MULLIN,
UNITED STATES BANKRUPTCY JUDGE.

WEBEX/TELEPHONIC APPEARANCES:

| | |
|---|---|
| For the Plaintiffs: | Katherine T. Hopkins<br>Joakim Soederbaum<br>KELLY HART & HALLMAN<br>201 Main Street, Suite 2500<br>Fort Worth, TX 76102<br>(817) 332-2500 |
| For Defendant 2999TC LP, LLC: | Joyce W. Lindauer<br>JOYCE W. LINDAUER ATTORNEY, PLLC<br>1412 Main Street, Suite 500<br>Dallas, TX 75202<br>(972) 503-4033 |
| For Defendants JMJ Development, LLC and Timothy Barton: | Robert F. Kemp<br>2815 Valley View Lane, Suite 202<br>Dallas, TX 75234<br>(214) 526-9601 |

Court Recorder: Jennifer Calfee
UNITED STATES BANKRUPTCY COURT
501 W. 10th Street
Fort Worth, TX 76102
(817) 333-6000

Transcription Service: Kathy Rehling
311 Paradise Cove
Shady Shores, TX 76208
(972) 786-3063

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

FORT WORTH, TEXAS - NOVEMBER 16, 2020 - 3:23 P.M.

THE COURT: Good afternoon, everyone. Judge Mullin again. We're back on the record in the 1:30 docket, and that'll be Tejas Group, Ltd. versus 2999TC LP, LLC.

Ms. Lindauer, go ahead and state your name again and the party you represent for the record.

MS. LINDAUER: Your Honor, Joyce Lindauer for the Debtor, 2999TC LP.

THE COURT: All right.

MS. LINDAUER: And I have Mr. Kemp here also sitting next to me.

THE COURT: All right.

MR. KEMP: Good afternoon, Your Honor. Robert Kemp representing Timothy Barton and JMJ Development.

THE COURT: All right. Good afternoon to you, sir. And then do we have Ms. Hopkins, perhaps?

MS. HOPKINS: Yes, Your Honor. Good afternoon. Katherine Hopkins on behalf of the Plaintiffs. I also have my colleague, Joakim Soederbaum, on the videoconference as well.

THE COURT: All right. Good afternoon to each of you.

All right. Let me get my bearings back up here. Oh, there it is. All right. So, what we have is the Motion to Dismiss as well as the Motion to Remand, which are both set, again, and the status conference in the underlying adversary

proceeding, which, for the record, is 20-4078.

So, how would you like to proceed? Ms. Hopkins, I believe it's probably to you, since both motions are yours.

MS. HOPKINS: Yes, Your Honor. I think initially I'd like to go ahead and request that the Court admit Exhibits -- Plaintiffs' Exhibits A through J.

I think there was an issue at our last hearing with respect to some of the exhibits to Exhibit E, so we're okay with, you know, having the -- just having the Court take judicial notice of those exhibits specifically with respect to Exhibit E.

And then we'd also ask that the Court take judicial notice of all the documents filed in this adversary as well as the underlying bankruptcy case.

THE COURT: All right. I'm sorry. I didn't get all that written down. The Court will -- any objection to the Court taking judicial notice of the adversary proceeding and the documents filed in the underlying bankruptcy case, Ms. Lindauer?

MS. LINDAUER: No objection, Your Honor, --

THE COURT: All right.

MS. LINDAUER: -- to taking notice of those documents.

THE COURT: All right. The Court will take judicial notice of the documents filed in both the underlying

bankruptcy case, so 2999TC LP, as well as in this adversary proceeding.

And then, Ms. Hopkins, I didn't quite catch, on the exhibits, which exhibits did you wish to have admitted versus judicial notice?

MS. HOPKINS: Sure. I guess it would be Plaintiffs' Exhibits A through D would be exhibit -- would be admitted in full. And then also Exhibits F through J would be fully admitted.

And then for Exhibit E, I'd -- assuming that opposing counsel has an objection, which I anticipate is coming, with respect to the exhibits filed to that Exhibit E -- so, let me give you a little bit more -- let me preface this. Exhibit E is the Plaintiffs' Motion for Summary Judgment that was filed in the state court lawsuit. As Your Honor is aware, as is typical for motions for summary judgment, there's a number of exhibits that were filed as exhibits to that Motion for Summary Judgment. At our last hearing a couple weeks ago, opposing counsel objected to the admission for the truth of the matter asserted with respect to, I think, some notes that are exhibits to that Motion for Summary Judgment.

So, assuming that's still the case, which I have no reason to think otherwise, then we're fine with just having the Court take judicial notice of those exhibits. Sorry; it's a mouthful.

THE COURT: No, it's not. That's okay. So, for the record, Ms. Lindauer, any objection to Exhibits A through D and F through J, which each can be found at Docket 27?

MS. LINDAUER: Okay. So, I mean, so, Your Honor, with regard to pleadings, which most of those are pleadings, I think it's appropriate that the Court go ahead and admit those. But, again, anything stated in a pleading is not going to be for the truth of the matter asserted. It's simply those statements in pleadings. So I don't have any problem with those being admitted on that basis, Your Honor.

Actually, I don't have any problem with any of Ms. Hopkins' exhibits being admitted, so long as we're not admitting them for the truth of the matter asserted therein, more just for the fact that they have been filed and they do contain positions of the parties, both our position and their position.

So, Your Honor, on that basis, I really have no objection to any of her exhibits coming in.

THE COURT: All right. Ms. Hopkins, any objection to limiting the offer to that extent?

MS. HOPKINS: Your Honor, I think that's fine with respect to Exhibits A through I. When it comes to Exhibit J, we would request that that come in for the truth of the matter asserted. And we're happy to discuss that.

MS. LINDAUER: Your Honor, it's hearsay, but I'm not

going to raise that issue. I think it's just a notice from the Court that they obtained, and that's fine. So J can come in.

THE COURT: All right.

MS. LINDAUER: That's fine.

THE COURT: All right. So, Exhibits A through J are each admitted. With respect to A through I, it's for a limited purpose, that the assertions, the potential hearsay assertions within each of those pleadings, they're not being admitted for the truth of those. Parties are reserving their rights with respect to those assertions. Is that correct, Ms. Lindauer? And Ms. --

MS. LINDAUER: That is correct, Your Honor.

THE COURT: And Ms. Hopkins, is that fine?

MS. HOPKINS: Yes, Your Honor.

THE COURT: All right.

MS. HOPKINS: We're agreeable to that.

THE COURT: All right. So, based on that limited offer, A through I are each admitted. And J is admitted in full. And, again, those can be found at Docket No. 27. All right.

MS. HOPKINS: Thank you, Your Honor.

(Plaintiffs' Exhibit A through J are received into evidence as specified.)

MS. HOPKINS: And we believe that this argument today

will be primarily legal argument. If Your Honor would like me to just go ahead and dive into it, I'm happy to do so.

THE COURT: Yes, please do.

MS. HOPKINS: Okay. Your Honor, as the Court previously mentioned, we're here today on the Plaintiffs' Second Amended Motion to Dismiss the causes of action against the Debtor only, as well as to abstain and remand the state court lawsuit back to state court for further determination.

Your Honor, the underlying facts here are pretty simple. The Debtor obtained a loan from the Plaintiffs in the amount of $4 million. There are two different promissory notes reflecting this transaction. In connection with that loan, the Defendants Tim Barton and JMJ Development, LLC guaranteed that loan.

Subsequently, the Debtor, as well as the Nondebtor Defendant Guarantors, failed to pay the amounts owed under the loan, failed to pay the Plaintiffs. As a result, and as is pretty typical when you have a breach here as we're alleging, the Plaintiffs went ahead and commenced a state court lawsuit against all of the parties, the Debtor as well as the Nondebtor Guarantors.

As stated in our pleadings, the Plaintiffs filed a Motion for Summary Judgment, which was originally scheduled to be heard by the state court in August. The court certainly had time to hear it then. However, at that hearing, and based

upon the Defendants' request to conduct further discovery, the Motion for Summary Judgment hearing was actually rescheduled and pushed back to October 16th.

On the morning of October 16th, and less than two hours prior to the MSJ hearing, the Debtor commenced this bankruptcy case and then removed the lawsuit in front of this Court. As a result, then obviously the Motion for Summary Judgment did not substantively go forward.

Now, after this case has been filed and the Plaintiffs have further reflected on the Debtor's schedules as well as the potential issues relating to litigating bankruptcy issues, the Plaintiffs have decided to dismiss their causes of action that they originally asserted against the Debtor.

Your Honor, when you look at the limited pleadings and statutory forms that the Debtor has filed thus far in this case, you'll see that the Debtor here is not an operating entity. There's no employees. There's no operations at all. There's nothing so far to suggest how, if, and when the Debtor actually intends to reorganize here. But at this point, the Plaintiffs do not wish to incur the additional expense related to litigating bankruptcy-related issues.

Further, when you look at the Debtor's schedules that have been filed, it appears that the Debtor has very limited assets that would be available for recovery to creditors. Specifically, the Debtor's Schedules A and B reflect that the

Debtor has $100 in a bank account and then also owns equity interests in a related entity with an alleged value of $4 million, which is also the amount of the loan that was entered into between my clients and the Debtor.

You know, we're not sure the likelihood of whether or not the equity interests here would actually be able to be monetized, but we are sure that that endeavor would not only be expensive but it would also potentially be a futile exercise.

So, you know, that is -- those two things, the equity interests and the $100 in the bank account, that is the world of the Debtor's assets. As a result, the Plaintiffs, in its -- in their review, have determined that, you know what, there's going to be very little recovery to creditors here, and they don't want to continue the litigation in this forum, and as a result seek to dismiss the causes of action against the Debtor.

Your Honor, I'm going to try to share my screen. Hopefully this goes okay. Hold on with me real quick. Okay. Can you see my screen, Your Honor?

THE COURT: Yes.

MS. HOPKINS: Okay. I just want to kind of go through some of the issues involved with both parts of this motion, the Motion to Dismiss and some of the case law and factors, as well as the abstention and remand issues related

Case 4:20-cv-01256-P Document 13-3 Filed 12/09/21 Page 12 of 93 PageID 3264



to those tests as well.

So, here, the reason we're in front of you on the Motion to Dismiss is because, yes, the Plaintiffs seek to dismiss the causes of action against the Debtor. However, the Debtor disputes that. The Debtor will not agree to allow the Plaintiffs to dismiss these causes of action, so we need to get Court permission to do so.

And in -- let's see. In the Court's analysis, the first thing it needs to look towards, since -- since we need a -- since the -- excuse me, since the Debtor is disputing our ability to dismiss these claims, the Court needs to look towards the statutory requirements as well as the case law. Specifically, in Rule 41(a)(2), the first thing the Court needs to ask is whether a dismissal will cause the non-movant party to suffer plain legal prejudice. If not, then the Court should grant the dismissal motion.

Here, there's no prejudice that would occur if the claims against the Debtor are dismissed. And there's been no evidence of prejudice that's been presented. Just recently, and for the first time, the Defendants, including the Debtor, have now asserted these counterclaims against the Plaintiffs. Specifically, they're asserting declaratory judgment claims against the Plaintiffs, basically asking the Court to find that the underlying notes and guaranties are somehow void or voidable.

Case 4:20-cv-01256-P Document 13-3 Filed 12/28/20 Page 13 of 39 PageID 8865



While these essentially appear to be affirmative defenses, any dismissal of the Plaintiffs' causes of action against the Debtor will not impact the Debtor's counterclaims or the Nondebtor Defendants' against the Plaintiffs. There's nothing in the dismissal that would prohibit or limit the Defendants' rights with respect to the counterclaims, and regardless of the Debtor's objection here, the alleged counterclaims can proceed and be adjudicated alongside with the Plaintiffs' remaining counterclaims against the Nondebtor Defendants.

It's important to note that dismissal here will actually benefit the estate as well as the estate's creditors. If dismissal occurs, then that's going to decrease liabilities of the estate significantly.

In addition, there's no evidence that the Debtor, via dismissal, would somehow lose forum-specific defenses as a consequence of dismissal. Cases look towards, you know, would the non-movant party suffer because some available defense that is -- that exists in one forum would not exist in the event dismissal was granted. However, that's not present here. Whether the Court dismisses the Plaintiffs' causes of action against the Debtor, either way, the Defendant -- the Debtor still has the same defenses it can assert.

Notably, when you look at the guaranty that was signed and executed by the Nondebtor Defendants, we could have actually brought suit against the Guarantors only. In Paragraph 4 of

the guaranties, it states that, It shall not be necessary for Creditor, in order to enforce such payment by Guarantor, first to institute suit or exhaust its remedies against Borrower or any other person liable on the guaranteed indebtedness.

Your Honor, I think this is important because it simply reiterates that the Plaintiffs were not required to even include the Debtor in the lawsuit in the first place. They could have gone solely after the Guarantors and sought recovery from the Guarantors in the first place, which is what the Plaintiffs are attempting to do now.

In addition, I think, you know, just when you think about practice generally, this is something that often comes up, and case law also reflects facts in which suits against solely guarantors are present. In fact, in -- out of this district last year, this was a case that was -- an opinion out of Judge Jernigan's court, the *Cedar Park Healthcare v. Harden Healthcare* case. It stemmed from the *Senior Care Centers* bankruptcy case in front of Judge Jernigan. And I think it's helpful because that case had similar facts, based on this adversary proceeding.

So, specifically in the *Cedar Park* case, the debtor tenant entered into a pre-petition lease with a landlord. Okay? And the indirect equity owner of the debtor tenant executed a guaranty of that lease. Subsequently, and as often happens, the debtor tenant defaulted under the lease and then filed for

bankruptcy. At that time, and following the bankruptcy filing, the landlord decided to only commence a lawsuit against the guarantor. After that lawsuit was commenced, the guarantor then removed the lawsuit to the bankruptcy court, and the landlord subsequently moved to abstain or remand.

So, in a moment, we're going to talk about some of the issues involved in the Court's analysis and case law related to that analysis with respect to remand and abstention issues. However, I think that this case is a good example of what happens in connection with tenant bankruptcies. Specifically, a landlord can easily bring a lawsuit against a guarantor without also suing the borrowers. It's pretty commonplace, and we see it a lot.

In addition, you have an alternative scenario in which, let's say, the creditor files suit -- or landlord -- creditor files suit against the primary obligor as well as the guarantors. In the event that the primary obligor files for bankruptcy post-filing of the lawsuit, it's very easy for practical purposes for the creditor to go ahead and sever out that debtor and proceed against the guarantors only, without the guarantors losing any defenses that they otherwise would have.

Ultimately, Your Honor, there's simply no evidence that the Debtor would be prejudiced in any way in the event the Plaintiffs' causes of action against the Debtor only were

dismissed. Therefore, the Plaintiffs request that the Court grant the requested relief with respect to the Plaintiffs' dismissal of the causes of action against the Debtor.

Now, turning to abstention and remand, upon dismissal, the only claims that will remain are the Plaintiffs' claims against the Nondebtor Defendants and the Defendants' counterclaims against the Plaintiffs. So, because of this, we do believe that those issues in regards to the jurisdiction of this Court as well as this Court's ability to -- and constitutional authority to enter final judgments or orders in this adversary proceeding, specifically upon dismissal of the claims, there will not be any arising-under jurisdiction because the claims here do not involve a substantive right provided under the Bankruptcy Code, nor will there be any arising-in jurisdiction because the action involves solely state law issues and is not one that could arise solely in the context of a bankruptcy case. Furthermore, we believe that there's no related-to jurisdiction, as the state law lawsuit will have no effect on the administration of the bankruptcy estate here.

However, Your Honor, even if jurisdiction does exist, the post-dismissal claims are not here -- not core here. The Plaintiff does not consent to the adjudication of these claims here, and as a result, case law does establish that this Court, respectfully, cannot enter a final order on the

Debtor's counterclaims and the Plaintiffs' claims against the Nondebtor Defendants.

Your Honor, kind of moving along with that same thread, in the event Your Honor finds that this Court does have jurisdiction, we do believe that mandatory abstention is applicable and requires the Court to remand this lawsuit back to state court.

So, under Section 1334(c)(2), a court must abstain from hearing the state law claims when the claims have no independent basis for federal jurisdiction other than Section 1334(b), the claims are non-core, and action has been commenced in state court, and the action can be timely adjudicated in state court. We believe that all four of these factors are present here.

Specifically, jurisdiction only exists under Section 1334. And, actually, in the response, in the objection of the Defendants, they specifically state and admit that the basis of this Court's jurisdiction is rooted in 1334, Section 1334. I don't think we have any issue or dispute on that. Where we do have a dispute is whether the claims are core or not. And Your Honor, at best, the claims here are related to the bankruptcy case, which would make them non-core.

In the *Cedar Park* case which we were discussing a minute ago -- as a reminder, this is the case where the landlord filed a lawsuit against the guarantor solely; so, not the

tenant, but the guarantor -- for breach of the guaranty. In that case, Judge Jernigan stated that, Here, the claim is for a breach of guaranty by one nondebtor against another nondebtor. There is little doubt that these claims are non-core.

This case is right on point with what we're dealing with here. Upon dismissal, all of these claims, the remaining claims, at best will be related -- will have related-to jurisdiction. So they will also equate to a non-core proceeding.

In addition, there's a state court lawsuit here. I don't think that anyone disputes the existence of that lawsuit.

Lastly, the lawsuit can be timely adjudicated in state court. As we discussed a minute ago, and as indicated on the state court docket, originally there was a hearing set for August 20th to consider the Plaintiffs' Motion for Summary Judgment. That hearing was -- the court entered that setting on July 24th, so it would have been a few weeks later. That's when the hearing was going to be held. This wasn't months later. I mean, there's nothing to evidence that there was any issue with the court setting the hearing. It seems like the court had plenty of time and was making time to hear this matter.

Furthermore, when it was continued, the court entered it on September 25th and stated that this hearing would occur on

the Motion for Summary Judgment on October 16th. Again, that's just a few weeks following the entry of the setting. We have no reason to believe that the state court cannot hear the Motion for Summary Judgment on a timely manner here.

And as I -- as indicated by Exhibit -- Plaintiffs' Exhibit J, which is a communication between Mr. Soederbaum, myself, and the court coordinator for the 141st District Court, which is the court that originally heard this state court lawsuit, and following, in the event the court -- this Court decides to remand or abstain this matter, the lawsuit will go back to the 141st District Court there.

And as indicated by that exhibit, we specifically requested the court's availability to hear this on the week of December 13th. We requested that week specifically because we wanted to make sure that the parties received at least 21 days' notice of the hearing. And the court coordinator responded, you know, not stating an issue that, yeah, this -- we're so busy, this is going to have to be put off for six months. No, the court just simply -- the court coordinator simply stated that they could hear it either December 16th or December 17th.

We have not -- obviously, we -- that is not in front of the state court at this time, so we will not notice it until the Court rules in our favor, if that occurs. However, we have no reason to think that, you know, later on this week, if

the Court does rule in our favor, we have no reason to believe that that would change, that any of the availability would change. And, rather, the state court would, in fact, be able to hear this matter on December 16th or the 17th.

Therefore, we believe that all of the factors for mandatory abstention have been satisfied.

However, even if one of those factors -- or, the Court believes one of those factors has not been satisfied, permissive abstention and equitable remand both strongly weigh in favor of this Court sending the state court lawsuit back to state court for further adjudication.

As set forth in our motion, there's a number of factors that courts here in the Fifth Circuit consider in deciding whether to abstain and remand back to state court. In their objection, the Defendants have actually admitted to a few of these factors. Specifically, the Defendants had admitted yes, the state court lawsuit was pending prior to the petition date. Yes, the jurisdictional basis here for the court, this Court, is Section 1334. Yes, there's no need for severance here. And yes, the Plaintiffs have requested and have a right to a jury trial.

It's the remaining factors that are in dispute here, and I think a simple examination, if we go through those, will refute the position that this should actually stay in front of Your Honor.

So, with the first factor, when you look at the remaining claims once the Plaintiffs' claims against the Debtor are dismissed, there's nothing to suggest that abstention nor remand would have any adverse effect, or any effect at all, on the administration of the estate. We don't believe that -- you know, I mean, there's no causes of action that would be pursued by the Plaintiffs against the estate. We have no evidence or no reason to believe that there would be an effect on the estate administration.

Further, the causes of action here are for breach of the promissory notes, breach of guaranties, and now we have some asserted declaratory judgment claims under Texas state law. All of these causes of action involve state law and would be interpreted and decided pursuant to state law.

Further, Your Honor, these issues are not difficult. They're not complex. They're not based on unsettled law. And while we certainly think Your Honor has the ability to decide breach of contract issues, we think it would be better suited for the state court to decide this matter since the state court deals with these types of issues on a daily basis and for all of the reasons that we're setting forth today. For example, the fact that all of these factors certainly weigh in favor of abstention and remand.

There's little to no degree of relatedness of the remaining causes of action to the main bankruptcy case. As we

stated a minute ago, there's only state law claims involved here. Thus, the substance of this asserted core proceeding, it's not actually a core proceeding at all, right? I mean, this is a sole -- solely a non-core proceeding with a substance relating only to state law.

As to the burden on this Court's docket, I think that, you know, as the current climate worsens, as we're seeing increased COVID-19 cases, and also, really, no certainty as to when a vaccine will be readily available for the public, I think that that will affect the marketplace and the economy and will increase the amount of bankruptcy cases, both consumer and business cases that are filed in front of Your Honor and in other bankruptcy courts.

I think that remand would certainly alleviate the Court's burden from having to hear this matter, which we believe is better suited to be heard in state court.

Your Honor, here, as I stated a minute ago, this bankruptcy case was filed and the lawsuit was removed within hours, less than two hours, of the scheduled Motion for Summary Judgment hearing. This timing is not coincidental. It was rather -- it was calculated. And it evidences the Plaintiffs' [sic] exacting attempt to forum-shop. The Defendants were not happy with how the case was going in front of the state court. The Defendants -- rather, they sought and wanted to find and receive a clean slate, which is why this

case was filed and why the lawsuit was removed to this Court. However, it doesn't mean that the Defendants can stay here based on their blatant forum shopping.

There are a total -- even after dismissal of the Plaintiffs' claims against the Debtor, there are a total of seven parties involved here, and six of which are nondebtors. This certainly advocates for remand and abstention as well.

Both comity and judicial economy favor the state court hearing this matter. Despite all of the Defendants' dilatory efforts here, this suit has actually progressed fairly quickly. At this point, there really are limited issues to be litigated, and the state court has intimate familiarity with the facts, the parties, the cases, the whole background here.

Lastly, there will be prejudice that occurs with respect to Plaintiffs if remand doesn't occur. Specifically, the Plaintiffs have requested and they are entitled to a jury trial in the state court lawsuit. To the extent the matter is not resolved with the Motion for Summary Judgment, because I believe it is the Defendants' position that, well, you know, the Plaintiffs are going to have a hearing on this MSJ, so it doesn't matter whether or not they're entitled to a jury trial.

However, Your Honor, the factor is whether or not there's going to be -- whether the plaintiff, the party, is entitled

to a jury trial. Here, we've requested a jury trial. We're entitled to a jury trial. And if the matter is not resolved via the MSJ hearing, then there needs to be a jury trial, and my client is entitled to one. And should they not get one, they will be prejudiced as a result.

Further, the costs associated with litigating in a new forum are certainly prejudicial to the Plaintiffs as well.

Your Honor, all of these factors weigh in favor of the Court exercising permissive abstention and equitable remand of the lawsuit, and as a result, based on all of this argument, we ask that the Court abstain, either under mandatory abstention and/or permissive abstention, and remand back to the state court for further determination.

And I can stop sharing my screen.

(Pause.)

MS. HOPKINS: Apologies. There we go.

THE COURT: Very good.

MS. HOPKINS: And I'm happy to address any questions that the Court may have.

THE COURT: All right. None at this time. We'll turn to Ms. Lindauer.

First, Ms. Lindauer, do you have any evidence you'd like to present in response to either the Motion to Dismiss or the Motion to Abstain and Remand?

MS. LINDAUER: Let me see what we've got here, Your

Honor. We did file an exhibit and witness list. Oh, let's see. So, Your Honor, Exhibit 1 is just the docket sheet for the adversary proceeding. Exhibit 2 is the notice of removal, which includes all of the -- I think the same things that Ms. Hopkins has already put in. I don't know if she included the original counterclaim. If she didn't, that's Exhibit 3. I'd like to go ahead and include that. That's Docket 20, Attachment 6.

MS. HOPKINS: We did conclude that, Your Honor, as Plaintiffs' Exhibit I. However, I don't oppose any of Ms. Lindauer's exhibits.

MS. LINDAUER: Okay. Well, then, Your Honor, that will make it easy. Let's just go ahead and admit Exhibits 1 through 8. That'll just include the entire record that we already have.

THE COURT: All right. Any objection to Debtor's Exhibits 1 through 8, which can be found at Docket No. 20?

MS. HOPKINS: No, Your Honor.

THE COURT: All right. Then Debtors' and Defendants' Exhibits 1 through 8 are each admitted.

(Defendants' Exhibits 1 through 8 are received into evidence.)

MS. LINDAUER: All right. Your Honor, I'm going to go through each of her issues. We've briefed this, as the Court knows, as well as filing an opposition. But the first

one I want to turn to is the question about dismissing the Debtor from the adversary proceeding.

So, the problem, Your Honor, with a voluntary dismissal of the Debtor from the adversary proceeding is that the Debtor has asserted, as you know, counterclaims. So, dismissal of the actual complaint does not dismiss the counterclaims that the Debtor may hold. And the problem that we have, and that's why this is a little bit more complicated than some of these cases that Ms. Hopkins has cited you to, is, in this particular instance, the Debtor is disputing the terms of the actual note that the Plaintiff is relying on.

I don't think there's going to be any real dispute that the pages, or at least one page of the note was changed after the note was signed. That issue has been raised, and it's the basis of the counterclaim that's been asserted. That would mean that basically there was no meeting of the minds as it relates to the actual terms of repayment of the note as between the Debtor and the Plaintiffs.

Again, remember, the Debtor is the one that signed the note, not these Guarantors.

So the problem that we have is as -- even if you dismiss the claims that Ms. Hopkins may have against the Debtor, the Debtor still has its claims against the Plaintiffs for questions regarding the validity of the note, the meeting of the minds, all of those related issues, and those just don't

go away.

Now, if she dismisses her claims against us with prejudice, maybe you get into a different issue there. But still, I don't think they've asked for that. But, again, the problem that we have is because the guaranties, along with the note itself, the guaranties rely on the language of the note. If you look at the actual language of the guaranties that have been admitted, they say that the guaranties guarantee the obligations under the note. And if the note is under attack, then these are secondary rights that they have against the Guarantors, so now what we're going to have is we're going to have two courts potentially deciding the same issue, because you're going to have to decide the counterclaims brought by the Debtor at some point and then you have a state court that's going to have to decide the validity of the guaranties that rely on the same notes.

Your Honor, what we pointed the Court to was, under Texas Civil Practice and Remedies Code 37.006, all persons who have a claim or interest that would be affected by the declaration must be parties. So you can't just split out one party and say, okay, the Debtor is going to stay in bankruptcy court and resolve its issues, the Guarantors are going to go to state court and resolve these issues, because you're going to have two courts basically deciding the same thing, which is why we objected to dismissal, because you can't really do what

they're asking you to do, that it doesn't create a multiplicity of issues between two different courts.

This is not a simple situation where you have a guaranty on a note where the note is not being challenged. What you have here is a note that's actually being challenged as to its validity, and whether it's void, voidable, invalid, or unenforceable are the questions that the Court has to decide. If the underlying note is not valid, then it raises a question about whether the underlying guaranties are also -- are not valid. And Mr. Kemp can address those.

But that's the reason we objected to the dismissal under Rule 41, was because it would create these -- this split, if you will, between what goes on in the bankruptcy court and what -- and so, in effect, you don't get rid of the adversary proceeding. What you would have is you would have an adversary proceeding that's proceeding on our counterclaims against the Plaintiffs to determine the validity of the underlying documents, and you have a similar issue in state court. So this is a little bit more complicated than just a note and a guaranty, where there's no challenge to the note itself.

And what was challenged was whether -- I'm sorry; I'm losing my voice a little bit -- whether that note is -- and I'm looking at Plaintiffs' Motion for Summary Judgment, Page 11 of 19. And in particular, Subparagraph B. And it says, A

guaranty creates a secondary obligation under which the guarantor promises to answer for the debt of the primary obligor if the primary obligor fails to perform.

So what you see is you've got -- and remember, their summary judgment included the Debtor originally. It was the Debtor and the Guarantor. So now we're going to bifurcate that and it's just going to be a summary judgment on the Guarantors, which means that they're going to have to rewrite their summary judgment.

But, again, I think you bump up to this issue about whether you can decide the guaranteed debt, guaranteed indebtedness, when the guaranty says all indebtedness now or hereafter evidenced by or arising under the note. And we've clearly challenged the question regarding the validity of the note and whether, in fact, there is a valid debt obligation there.

So, Your Honor, in the first instance, we didn't think the Court should dismiss the Debtor, even though they've asked to dismiss the Debtor, because of the pending counterclaim, and also the problems I think you're going to run into in state court. And of course, you could say, well, that's for the state court judge to sort out. But in the first instance, it's for -- it's in front of you to resolve that.

So, here's the other thing on the dismissal issue, is they said, well, we want to go back to state court to hear our

Motion for Summary Judgment. And then they say, but we have a jury trial request. Well, that may well be, but they're not proceeding on a jury trial right now; they're proceeding on a Motion for Summary Judgment, which is clearly something you can decide. And you could decide it as to all parties. You could decide it as to the Debtor. You could decide it as to the Guarantors. So we have one court ruling on those issues. That would make a lot more sense than having some issues here and some issues there. But that's the main reason we objected to dismissal of the Debtor.

Now turning to other issues that they've raised, and I don't know how they get around a 37.006 requirement that all persons are supposed to be brought in the same action. So, again, it's to avoid this possible action here and action there. And they don't really address what happens to the Debtor and its counterclaim other than they're left pending in the bankruptcy court, --

THE COURT: Why wouldn't those, if --

MS. LINDAUER: -- which --

THE COURT: If the Court were to remand it back to state court, why wouldn't the counterclaims go back, go to state court? Although I realize they were filed initially --

MS. LINDAUER: Right.

THE COURT: -- here in the adversary proceeding, but if the Court were to remand the action back to state court,

why wouldn't it all go back to the state court?

MS. LINDAUER: Because that's not what they asked for. They asked to remand just the nondebtors back to state court.

What they want you to do is they want you to dismiss the Debtor out of the adversary as to their claims, leave the Debtor in the adversary as to its claims, and remand the Nondebtor Guarantors back to the state court to move forward with their summary judgment. And the problem is, I just don't see how you can do that. That's what Ms. Hopkins just argued to you.

All of the abstention issues, all of the remand issues she's arguing are premised on the fact that the Debtor is no longer a party to a lawsuit in state court. So what she's saying is, well, we want to go back to state court against these nondebtors, and as to the nondebtors you have a Nondebtor Plaintiff versus a Nondebtor Defendant, and therefore you should abstain and/or remand.

THE COURT: Where in the pleadings --

MS. LINDAUER: Unfortunately, --

THE COURT: Where in the pleadings does she ask only to remand claims against the Guarantors? The way I read the motion is remand the whole state court lawsuit back, so you remand --

MS. LINDAUER: No. I think she just put up on your

-- I think she just put up on her PowerPoint --

THE COURT: Well, that's a PowerPoint.

MS. LINDAUER: Let me look at --

THE COURT: I'm looking at the pleading. I'm looking at the pleading.

MS. LINDAUER: Well, I'll look at the pleading itself. Hang on.

(Pause.)

MS. LINDAUER: Yeah, it's -- no, it's the Second Amended. Let's go to the Second Amended. Let's see. Second Amended Motion. Hang on.

THE COURT: It's pretty clear to the Court that we abstain and remand the state court lawsuit.

MS. LINDAUER: Yeah, but after you've dismissed the Debtor out of the lawsuit, is the way I think she presented it to the Court, is that you would dismiss the Debtor out and then you would remand or abstain.

THE COURT: Okay. And --

MS. LINDAUER: Right?

THE COURT: Why can't the --

MS. LINDAUER: So the Debtor --

THE COURT: Why can't the Court do that? And even though the Debtor and the other Defendants have filed counterclaims, why don't they just go back to the state court, and the Debtor, it's a -- at that point, the Debtor is

asserting a direct --

MS. LINDAUER: Counterclaim.

THE COURT: -- declaratory judgment claim, to the best as I can understand it. The stay wouldn't apply to prevent that from proceeding. So the Debtor can pursue its declaratory judgment claim in the state court.

MS. LINDAUER: So, if I'm reading -- well, I hear you, but I'm just reading her pleadings. If I go to Page 11: Following dismissal of the Plaintiffs' claims against the Debtor -- this is Paragraph 23 -- this adversary proceeding neither invokes a substantive right provided by Title 11 nor does it only arise in the context of a bankruptcy case. Further, there is no related-to jurisdiction as to the outcome of the state court lawsuit (garbled) no longer have an effect on the administration of the bankruptcy case, as the Plaintiffs are not seeking liability against the Debtor; rather, just against the Nondebtor Defendants. Therefore, there's no subject matter jurisdiction for the Court to consider the state court lawsuit and remand as necessary.

So, her whole argument -- and look at Paragraph 24: Even if jurisdiction somehow exists, which the Plaintiffs dispute, the post-dismissal claims are not core, et cetera, et cetera.

So, her whole theory is premised on dismissing out the Debtor and then moving back to state court to go against the Guarantors. And so, Your Honor, obviously, we would argue --

THE COURT: All these -- but it says in Paragraph 21: All these claims, including the counterclaims, can be adjudicated post-dismissal independently from the Plaintiffs' prior claims against the Debtor.

MS. LINDAUER: Those would be counterclaims -- unless I'm wrong, Your Honor, I believe those are counterclaims in your court.

THE COURT: Well, right now, it's all in my court.

MS. LINDAUER: I don't see --

THE COURT: Right now, it's all in my court.

MS. LINDAUER: Right.

THE COURT: There's one lawsuit.

MS. LINDAUER: Yeah.

THE COURT: It's pending in this court. And --

MS. LINDAUER: Right.

THE COURT: -- once it arrived here, the Defendants filed counterclaims. But the Motion for Remand --

MS. LINDAUER: Correct.

THE COURT: -- has been filed. Why can't the -- why would I have to keep part of the adversary proceeding and why can't I just remand the entirety back to the state court? Why do I have to keep any of it?

MS. LINDAUER: Well, --

THE COURT: Because --

MS. LINDAUER: Well, first of all, that's not what

they asked for, but I hear you. But second of all, as between the Debtor and these parties, this would be a core proceeding, correct? I mean, you're determining the rights of --

THE COURT: Not necessarily. It's --

MS. LINDAUER: -- a creditor.

THE COURT: It's the Debtor's declaratory judgment action against the Plaintiffs. That's not a core proceeding.

MS. LINDAUER: Right, but where's -- wait a minute. So, you're saying dismiss their claims against the Debtor; the Debtor goes forward with its counterclaims in state court?

THE COURT: Why not?

MS. LINDAUER: Without their -- and then they have no right to assert any claims back? So it would be just our counterclaims going forward in state court?

THE COURT: They can't --

MS. LINDAUER: Because the stay's not lifted, so I just -- yeah.

THE COURT: Well, that's right. I mean, there's nothing to prevent the Debtor from arguing its declaratory judgment action. The stay doesn't apply to that since there are no claims against the Debtor.

If the Plaintiffs seek to again assert claims against the Debtor, they can't do so unless they get the stay lifted. Or --

MS. LINDAUER: Right.

THE COURT: -- file a claim in this court and then prosecute the claim in this court. But the argument that Ms. Hopkins made was the Plaintiffs have made a business decision; there's no reason to waste time and attorneys' fees in chasing an entity that doesn't have the ability to pay. Which kind of makes sense.

MS. LINDAUER: Well, yeah, except -- yeah. We would disagree that it has the ability to pay, but I understand what she said on that.

But Your Honor, you know, obviously, the Debtor does not desire to go back to state court, I hear that, on our counterclaims. I mean, we filed them in your court. I believe that they are core proceedings in your court. And therefore we don't --

THE COURT: How would they be core proceedings?

MS. LINDAUER: -- think they should go back.

THE COURT: How would they be core proceedings? It's a declaratory judgment action against the Plaintiffs.

MS. LINDAUER: To determine what the -- because to determine the validity and extent of a debt is a core proceeding. And that's exactly what we're looking at, is the validity and extent of a debt. Like I said, if she dismisses the Debtor with prejudice, that's maybe a different issue. But if she dismisses us without prejudice, then we go back and we have a state court determining the validity and the extent

of our debt, whereas --

THE COURT: And --

MS. LINDAUER: -- that's something that you would routinely would do.

THE COURT: But if -- then what if --

MS. LINDAUER: So, again, I --

THE COURT: But what if the Plaintiff hasn't filed a proof of claim or submitted itself to the jurisdiction of this Court?

MS. LINDAUER: I think by filing its Motion for Remand and Request for Abstention and Second Amended Motion to Dismiss, it's really put itself before this Court. I don't think, I mean, those are all going to be subject to informal claim arguments, but they clearly have put themselves before this Court on their motions and so you have them in front of you.

And at the end of the day, the Debtor does not desire to go back to state court, and whether you send the Guarantors back or not is a different story. But I just don't see how you can bifurcate this case into multiple pieces like that. I think what should happen is this Court could decide the summary judgment issues as to all parties, the Debtor and the nondebtor entities, and then, if in fact you don't grant a summary judgment, then you have a question about their right to a jury trial.

I mean, even based on their own letter from the court, they're not asking for a jury trial. They're asking for a setting on a summary judgment. You can decide a summary judgment.

Our only concern, Your Honor, is that all the parties need to be together in one place. They should not be split up in various places. And I think that to send the Debtor back to state court is problematic for a lot of reasons. But irrespective, we don't need to have all these entities split up. I don't think that works. So, and just dismissing the Debtor out of their lawsuit doesn't work. So there's got to be something different to be done here than what's been done.

And that was the main reason the Debtor removed the case to the bankruptcy court, was, if you go back, this isn't a new concept that they raised. If you look at their pleadings in state court, clearly, it was raised by JMJ and Mr. Barton in their response to the summary judgment that the notes were revised. It appears on the response to Plaintiffs' Motion for Summary Judgment. It appears at Page 9 of 122 that the notes were slip-sheeted. And it's in the actual response to the Motion for Summary Judgment.

So it's not something that was just made up at the eleventh hour to create a counterclaim. It was an argument that was being put forward in the state court and it's in -- now in the form of a counterclaim that's been asserted. And

so that's why, Your Honor, we think that you can't just dismiss the Debtor out. All the parties have to stay together. And we don't think that the Debtor should have to deal with a state court case. It should be able to deal with a bankruptcy court case.

So I think there are ways to have done this. I don't think that the way these Plaintiffs have asked you to do it works. And so the motion you have in front of you is a motion to dismiss the Debtor, and then, the way I read it, is to abstain or remand as to the nondebtors. And I just don't think you can get there.

Now, if they want to remand or abstain as to the Debtor, then I think we would have serious issues about that that I'm going to let Mr. Kemp address because he represents the Guarantors.

THE COURT: All right. Thank you. Mr. Kemp?

MR. KEMP: Thank you, Your Honor. Your Honor, Robert Kemp appearing for Mr. Barton and JMJ.

Our major problem here, Your Honor, is that if the case gets remanded and only the Guarantor is in the case, we won't have standing to assert the alteration of the note. There's a lot of Texas cases on that where the guarantors don't have the right to assert defenses of the -- of the maker of the note.

In addition to that, Your Honor, that would be a major penalty for us under Rule -- it's Federal Rule 41 -- Federal

Rule 41(a)(2). The basic purpose of that rule is to permit the plaintiff, with court approval, to voluntarily dismiss an action, so long as no other party will be prejudiced. Well, clearly, the Guarantor would be highly prejudiced if they're not able to assert that defense or if the maker of the note is not down there asserting that defense.

THE COURT: Well, that was -- Mr. Kemp, --

MR. KEMP: If the note is void, --

THE COURT: Mr. Kemp, I know you were sitting right next to Ms. Lindauer when I was asking her the question. The Debtor has filed a counterclaim. The Motion to Remand does seek to remand the litigation. So if the Court were to grant the motion, then your statement is not correct because the Debtor would, in fact, be a party to that litigation. It's filed a counterclaim.

MR. KEMP: And you're absolutely correct, Your Honor, if that were the motion before the Court, but I join Ms. Lindauer: That's not the motion before the Court. They only asked that the Debtor be dismissed and that the rest of the case be sent back, which, as I read it, would be the case against the Guarantors.

There's been a lot of discussion about forum shopping here, Your Honor. The fact is, in this case, this case originally started off, should have been in Dallas County. The Plaintiffs got Mr. Barton, under duress, to sign a

modification to the note moving it to Tarrant County. And we believe, if anybody has been forum shopping, it's been them.

Secondly, Your Honor, even though we've done some written discovery, they've never produced even a single document in response to our discovery requests, so we're left empty-handed here, which was one of the reasons we had to come down and file bankruptcy, because the Plaintiffs had not lived up to their obligations under the discovery rules.

So we're left empty-handed on some of this stuff, and really no explanation of how this note got slip-sheeted here without Mr. Barton or JMJ's knowledge or consent. So we kind of feel like we've been ambushed, and we're just looking for a fair forum to decide these issues.

We'd ask the Court to deny their request simply because the request that they've asked for is different than -- different than what Your Honor is considering. So, we don't think we've had, really, adequate time to even discuss that issue, Your Honor.

THE COURT: All right. Thank you, Mr. Kemp.

MR. KEMP: Yes, sir.

THE COURT: All right. Do you want to go to the -- do you want to -- arguments on the Motion to Remand and Abstain, or is that all above?

MR. KEMP: I'd rely upon what Ms. Lindauer said, Your Honor.

MS. LINDAUER: Yeah, I think -- I think it's -- I think you have all of it, Your Honor, --

THE COURT: Okay. All right.

MS. LINDAUER: -- in front of you.

THE COURT: All right. Let me --

MS. LINDAUER: I think it's just the Court's --

THE COURT: Let me --

MS. LINDAUER: How you want to proceed.

THE COURT: All right. Thank you very much. Let me -- and I appreciate the argument from all sides. Let me take about a five- to ten-minute recess. I want to consider all the arguments that have been made, look up a couple things. Then I'll come back hopefully with a ruling in about --

MS. HOPKINS: Your --

THE COURT: -- ten minutes. All right. The Court will be in recess.

MS. HOPKINS: Your Honor, respectfully, --

THE COURT: Yes?

MS. HOPKINS: -- would it be possible for me just to briefly clarify --

THE COURT: Oh, of course.

MS. HOPKINS: -- and point out --

THE COURT: Of course.

MS. HOPKINS: -- for the Court the specific relief that's requested?

I'm not exactly sure where counsel is -- where the misinterpretation is happening. But yes, we're certainly requesting that, you know, if the Debtor wants to pursue whatever counterclaims against the Plaintiffs, that's fine. That would follow -- any remand or abstention, those counterclaims would go to state court. I mean, they would follow. There's no -- there's no core matter here, as this is not -- you're not determining allowance or disallowance of claims filed against the estate. These aren't counterclaims with respect to claims that have been filed against the estate. Rather, we're seeking to dismiss the claims, only the causes of action, the Plaintiffs' causes of action, against the Debtor only.

And even if you look at our -- in our Second Amended Motion on Page 15, in the conclusion, we specify that we are asking that the Court enter an order granting the motion, dismissing their causes of action against the Debtor only, without prejudice, holding that the proposed order does not affect or impact any of the remaining claims in the above-referenced adversary proceeding, finding that no actions taken by Plaintiffs or 2999TC with respect to the proposed order shall be construed as an admission by any party, and abstaining and remanding the state court lawsuit to state court for further determination.

The state court lawsuit is defined as, yes, the lawsuit

that was filed pre-petition between the parties. However, anything that happens in this case -- for example, when the Debtor filed counterclaims -- those are now part of that definition of state court lawsuit, and any remand or abstention, we're specifically requesting that the whole lawsuit be remanded back to state court but for the Plaintiffs' causes of action against the Debtor. I just want to make sure that's clear.

Otherwise, if the Court has any questions. I mean, we would just simply ask that the Court dismiss the Plaintiffs' causes of action only against the Debtor only and remand and abstain this back to state court, the full entirety of the action but for the Plaintiffs' claims against the Debtor.

THE COURT: All right. Thank you very much.

MS. HOPKINS: Thank you.

THE COURT: The Court will be in recess for about five to ten minutes.

(A recess ensued from 4:19 p.m. until 4:27 p.m.)

THE COURT: All right. Good afternoon. Judge Mullin again. We are back on the record in the In re 2999TC LP, LLC bankruptcy case and Adversary Proceeding 20-4078, Tejas Group Ltd. versus 2999TC LP, LLC, et al.

All right. This will be the Court's ruling. The Court has reviewed and considered the Plaintiffs' Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain

and Remand to State Court and Brief in Support, which can be found at Adversary No. 12, which I'll refer to as both the Motion to Dismiss and the Motion to Abstain and Remand -- two separate motions, two separate rulings -- filed by the Plaintiffs, which are collectively referred to as the Plaintiffs.

The objection -- the Court has also reviewed the objection and response to Plaintiffs' Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only, which is the response filed by each of the Defendants, which include the Debtor, 2999TC LP, LLC, as well as two other Nondebtor Defendants, which I'll collectively call all of them the Defendants.

The Court has also reviewed and considered the Brief in Support of Objection and Response to Plaintiffs' Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only, which is the brief filed by each of the three Defendants, and that can be found at Docket No. 26.

The Court has also reviewed and considered the docket and filings in the Debtor's main bankruptcy case at Case No. 20-43204.

The Court has also considered the docket and filings in this adversary proceeding, which, again, are Adversary No. 20-4078, which I'll refer to this adversary as a whole as the "State Court Lawsuit."

The Court has also considered the documents which have

been admitted into evidence, subject, of course, to the limited offer of Movant's Exhibits A through I, and the Court has also considered the arguments of counsel made during the hearing.

The Court finds that it has jurisdiction to consider both the Motion to Dismiss and the Motion to Abstain and Remand pursuant to 28 U.S.C. Sections 157 and 1334.

First, I will address the Plaintiffs' Motion to Dismiss, which is seeking authority to dismiss without prejudice the Debtor Defendant from the State Court Lawsuit.

On April 21st, 2020, the Plaintiffs commenced the State Court Lawsuit against each of the Defendants in the Texas State Court. The State Court Lawsuit asserts causes of action against the Debtor Defendant for breach of certain notes and against the remaining Defendants for breach of certain guaranties.

On July 23rd, 2020, the Plaintiff filed a Motion for Summary Judgment against each of the Defendants. The hearing on the Motion for Summary Judgment was set for hearing on October 16th, 2020. Approximately two hours prior to the start of the hearing, the Debtor filed its voluntary petition initiating this Chapter 11 bankruptcy case. Shortly thereafter, the Debtor removed the State Court Lawsuit to this Court under Adversary Proceeding 20-4078.

Shortly after removing the State Court Lawsuit to this

Court, the Defendants then filed their 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton, Defendants', original counterclaims, which I'll refer to as the Defendants' Counterclaims. And that can be found at Adversary Proceeding No. 5.

Plaintiffs seek to dismiss the Debtor without prejudice pursuant to the Federal Rules of Civil Procedure 41(a)(2), which are made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7041.

In the Fifth Circuit, motions for voluntary dismissal should be freely granted unless the nonmoving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. I'll refer the parties to *Robles* -- R-O-B-L-E-S -- *v. Atlantic Sounding Company, Inc.* at 77 F.App'x 274, 275 (5th Cir. 2003).

When assessing legal prejudice, the Fifth Circuit has stated that, "The mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice." That's in the *Davis v. Huskipower Outdoor Equipment Corp.* case, 936 F.2d 193, 199 (5th Cir. 1991).

Here, neither the Debtor nor any of the other Defendants have established harm or any viable or credible legal prejudice should the Debtor Defendant be dismissed from the State Court Lawsuit. There is no evidence that the Debtor

will lose any forum-specific defenses resulting from being dismissed from the State Court Lawsuit.

In addition, there is no evidence of abuse by the Plaintiffs.

Finally, if the Debtor Defendant is dismissed from the State Court Lawsuit, there is nothing to prevent the Debtor and the remaining Defendants from continuing to prosecute their declaratory judgment counterclaims against the Plaintiff, as such counterclaims are not stayed by the Section 362 automatic stay in the Debtor's bankruptcy case.

Therefore, the Court finds and concludes that the Plaintiffs have established good cause under Federal Rule of Civil Procedure 41(a)(2), made applicable to Federal Bankruptcy Rule 7041, to dismiss the Debtor from the State Court Lawsuit, and the Plaintiffs' Motion to Dismiss is hereby granted, without prejudice, over the Defendants' objection, because the Debtors and the other Defendants' counterclaims remain in the State Court Lawsuit for independent adjudication.

Next, the Court will address the Plaintiffs' Motion to Abstain and Remand. The Plaintiffs are requesting the Court to remand the State Court Lawsuit to the 141st Judicial District Court, Tarrant County, Texas, which, again, I'll refer to as the Texas State Court, from which it was removed, based on either mandatory abstention under 28 U.S.C. Section

1334(c)(2) or permissive abstention/equitable remand under 28 U.S.C. Section 1334(c)(1) and 28 U.S.C. Section 1452(b).

The Plaintiffs further assert that abstention and remand are necessary due to jurisdictional and constitutional authority issues.

For the reasons I'm about to explain, the Court will grant the Plaintiffs' Motion for Permissive Abstention and Equitable Remand.

First, in determining whether to abstain under Section 1334(c)(1), courts have developed a nonexclusive list of factors to be considered. These factors have been adopted in the Northern District of Texas. *See In re Lorax Corp.*, 295 B.R. 83, 95 (Bankr. N.D. Tex. 2003).

Second, under Section 1452(b), "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Again, that's 28 U.S.C. Section 1452(b).

Permissive abstention and equitable remand are very similar, and courts often examine the following 14 factors when deciding to equitably remand a case removed under Section 1334(b). And, again, I'll refer the parties to *In re Ramirez*, 413 B.R. 621, 632 (Bankr. S.D. Tex. 2009).

The Court will now analyze those factors in turn.

Number one, the effect or lack thereof on the efficient administration of the estate if a court recommends abstention.

Here, there will be little if any effect on the efficient administration of the bankruptcy estate if the Court abstains or remands. This factor weighs in favor of permissive abstention and equitable remand.

Number two, the extent to which state law issues predominate over bankruptcy issues. Here, the only issues involved are state law issues. This factor favors permissive abstention and equitable remand.

Number three, the difficulty or unsettled nature of the applicable state law. Here, the issues do not appear to be unsettled or complex, and the Texas State Court deals with such issues on a regular basis. This factor also favors permissive abstention and equitable remand.

Number four, the presence of a related proceeding commenced in state court or other non-core bankruptcy. Here, the State Court Lawsuit was pending in the Texas State Court before the Debtor's bankruptcy case was filed and before the lawsuit was removed here. This factor slightly favors permissive abstention and equitable remand.

Number five, the jurisdictional basis, if any, other than 28 U.S.C. Section 1334. No other jurisdictional basis exists but for, arguably, Section 1334. This factor also favors permissive abstention and equitable remand.

Number six, the degree of relatedness or remoteness of the proceeding to the main bankruptcy case. The litigation

between the parties involves entirely state law issues and does not have a strong relationship to the Debtor's main bankruptcy case. This factor favors permissive abstention and equitable remand.

Number seven, the substance rather than the form of an asserted "core" proceeding. The substance of the pending claims are state law matters and issues. This factor favors permissive abstention and equitable remand.

Factor Number 8, the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court, with enforcement left to the bankruptcy court. The substance of the dispute here involves entirely state law matters, and there is no need to sever as there is no core bankruptcy matters involved. The factors favor permissive abstention and equitable remand.

Factor Number 9, the burden on the bankruptcy court's docket. This Court, of course, is willing and able to resolve the parties' disputes, but the evidence also suggests that the state court is also willing and able. The Court finds this factor is neutral.

Factor Number 10, the likelihood that the commencement of the proceeding in bankruptcy involves forum shopping by one of the parties. Arguably, both parties appear to be involved in forum shopping, so this factor is also neutral.

The existence of a right to jury trial. Plaintiffs have

requested and appear to have a right to a jury trial in the Texas State Court Lawsuit, at least with respect to their claims against the Nondebtor Defendants. This factor favors permissive abstention and equitable remand.

Factor Number 12, the presence in the proceeding of nondebtor parties. Five of the six parties are nondebtor parties. This factor slightly favors permissive abstention and equitable remand.

Factor Number 13, comity. Both comity and judicial economy favor the state forum, as the lawsuit was previously pending in front of it and the state court is familiar with the issues. This factor favors permissive abstention and equitable remand.

And finally, Factor Number 14, the possibility of prejudice to other parties in the action. The Plaintiff, on the one hand, and the Debtor and the Defendants allege possible -- the possibility of prejudice. So the Court finds this factor is neutral.

After weighing the relevant factors, the Court finds and concludes that permissive abstention and equitable remand are appropriate in this case.

Next, mandatory abstention. Because the Court has already determined that permissive abstention and equitable remand are appropriate in this case, the Court need not decide whether mandatory abstention even applies.

Therefore, the Plaintiffs' Motion to Abstain and for Equitable Remand is granted. The objection filed by the Defendants is overruled.

Ms. Hopkins, would you please prepare the proposed form of orders?

And if it's easier, you can simply recite that the Court stated orally and in open court its findings of fact and conclusions of law pursuant to Rule 52, which is incorporated by Bankruptcy Rule 7052, so you don't have to write them all down in the order. Just incorporate them by reference into each of the orders.

MS. HOPKINS: Yes, Your Honor. We can do that.

THE COURT: All right. And because the Court has, number one, granted the Motion to Dismiss the Debtor, that occurs first. The Court now is remanding the entirety of the state court litigation back to the state court. It appears that the status conference which is set in the underlying bankruptcy case is now moot.

Anything else for today?

MS. LINDAUER: No, Your Honor.

THE COURT: All right.

MR. KEMP: No, Your Honor.

MS. LINDAUER: Thank you.

THE COURT: Thank you very much.

MS. HOPKINS: No, Your Honor. Thank you.

THE COURT: With that, Court is adjourned. Thank you all very much.

(Conclusion of proceedings at 4:40 p.m.)

--oOo--

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

**/s/ Kathy Rehling** **12/15/2020**

______________________________________ ________________
Kathy Rehling, CETD-444 Date
Certified Electronic Court Transcriber

INDEX


| | | |
|---|---|---|
| PROCEEDINGS | | 3 |
| WITNESSES | | |
| -none- | | |
| EXHIBITS | | |
| Judicial Notice to be Taken | | 4 |
| Plaintiffs' Exhibits A through J | Received | 7 |
| Defendants' Exhibits 1 through 8 | Received | 24 |
| RULINGS | | |
| Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court filed by Plaintiffs Blackfoot Interest, Ltd., L. Allen Hodges III, LAH III Family Specific Interest, Ltd., Tejas Group, Ltd. (#12) - *Granted* | | 43 |
| Status Conference - *Mooted* | | 52 |
| END OF PROCEEDINGS | | 53 |
| INDEX | | 54 |

# TAB 10

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
12720 Hillcrest Road, Suite 625
Dallas, TX 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
PROPOSED ATTORNEYS FOR 2999TC, LLC, DEBTOR

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
ATTORNEY FOR JMJ DEVELOPMENT, LLC
AND TIMOTHY BARTON

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC, LLC,** | § | |
| | § | **CASE NO. 20-43204-MXM11** |
| **Debtor.** | § | |
| | § | |
| **L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD. AND BLACKFOOT INTEREST, LTD.** | §<br>§<br>§<br>§<br>§ | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. 20-04078** |
| | § | |
| **2999TC LP, LLC, JMJ DEVELOPMENT, LLC AND TIM BARTON** | §<br>§ | |
| | § | |
| **Defendants.** | § | |

## AMENDED NOTICE OF APPEAL

**TO THE UNITED STATES BANKRUPTCY COURT**:

NOTICE IS GIVEN that **2999TC, LLC**, **JMJ Development, LLC** and **Tim Barton** ("Defendants"), Defendants/Appellants herein, appeal to the United States District Court for the Northern District of Texas, this Court's **Order Granting Second Amended Motion to Dismiss Defendant 2999TC, LP, LLC Only and Abstain and Remand to State Cour**t, entered on November 18, 2020, in the above referenced adversary proceeding (the "**Order**").

The nature of the Order being appealed is final, with the United States District Court for the Northern District of Texas having jurisdiction to hear the appeal pursuant to 28 U.S.C. § 158(a)(1).

1. Names of Appellants:

a) 2999TC, LLC,
b) JMJ Development, LLC and
c) Tim Barton

2. Position of Appellants: The Appellant 2999TC, LLC is the Debtor in the above referenced bankruptcy proceeding. 2999TC, LLC, JMJ Development, LLC and Tim Barton are Defendants in the above referenced adversary proceeding.

3. Subject of this Appeal: The Order being appealed is the **Order Granting Second Amended Motion to Dismiss Defendant 2999TC, LP, LLC Only and Abstain and Remand to State Cour**t, entered on November 18, 2020, in the adversary proceeding No. 20-04078. (See "Exhibit 1")

4. Other Parties to the Appeal:

(a) L. Allen Hodges III, As Independent Executor Of The Estate Of Leland A. Hodges Jr.,
(b) Tejas Group, Ltd.,
(c) LAH III Family Specific Interest, Ltd. and
(d) Blackfoot Interest, Ltd.

<u>Counsel</u>:

Dee J. Kelly, Jr., Katherine T. Hopkins & Joakim G. Soederbaum

Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone (817) 332-2500
Facsimile (817) 878-9280
Dee.kelly@kellyhart.com
Katherine.hopkins@kellyhart.com
Joakim.soederbaum@kellyhart.com

Dated: November 19, 2020.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
kerry@joycelindauer.com
guy@joycelindauer.com
ATTORNEYS FOR APPELLANT
2999TC, LLC

/s/ Robert F. Kemp
Robert F. Kemp
State Bar No. 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
Email: lawyerkemp@cs.com
ATTORNEY FOR APPELLANTS JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 19, 2020, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below.

L. Allen Hodges III, As Independent Executor Of The Estate Of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd. and Blackfoot Interest, Ltd
c/o Dee J. Kelly, Jr., Katherine T. Hopkins & Joakim G. Soederbaum
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone (817) 332-2500
Facsimile (817) 878-9280
Dee.kelly@kellyhart.com
Katherine.hopkins@kellyhart.com
Joakim.soederbaum@kellyhart.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 18, 2020**

Mark X. Mullin
**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE 2999TC LP, LLC,<br><br>Debtor. | § | CASE NO. 20-43204-mxm11 |
| L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.<br>Plaintiffs, | § | |
| v. | § | ADVERSARY NO. 20-04078 |
| 2999TC LP, LLC,<br>JMJ DEVELOPMENT, LLC, AND<br>TIM BARTON<br>Defendants. | § | |

**ORDER GRANTING SECOND AMENDED MOTION TO DISMISS DEFENDANT**
**<u>2999TC LP, LLC ONLY AND ABSTAIN AND REMAND TO STATE COURT</u>**



**EXHIBIT "1"**

000005

Case 20-04078-mxm Doc 36 Filed 11/18/20 Entered 11/18/20 13:18:17 Page 6 of 7


On November 16, 2020, the Court considered the Second Amended Motion to Dismiss Defendant 2999TC LP, LLC Only and Abstain and Remand to State Court (the "Motion") [Docket No. 12], filed by Plaintiffs L. Allen Hodges III, as Independent Executor of the Estate of Leland A. Hodges Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd. and Blackfoot Interest, Ltd. (collectively, the "Plaintiffs"). At the hearing to consider the Motion, the Court stated its findings of fact and conclusions of law orally on the record pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, and that good cause existed to grant the Motion. In accordance therewith, it is therefore

ORDERED that the Motion is GRANTED; it is further

ORDERED that the Plaintiffs' claims against only Defendant 2999TC LP, LLC ("2999TC") are hereby **DISMISSED, WITHOUT PREJUDICE**; it is further

ORDERED this Order does not affect or impair any of the remaining claims asserted in the State Court Lawsuit[1]; it is further

ORDERED that nothing contained in this Order and no actions taken by Plaintiffs or 2999TC with respect to this Order shall be construed as an admission by any party on any question of liability; it is further

ORDERED that the Court shall retain jurisdiction to hear and consider all disputes arising out of the interpretation or implementation of this Order; it is further

ORDERED that in connection with the State Court Lawsuit, permissive abstention and equitable remand are appropriate; and it is further

ORDERED that the State Court Lawsuit is remanded to the 141st Judicial District Court, Tarrant County, Texas for further determination.

**### END OF ORDER ###**

[1] Any capitalized terms not defined herein shall have the same meanings ascribed to them in the Motion.

**SUBMITTED BY:**

*/s/ Katherine T. Hopkins*
Dee J. Kelly, Jr.
Tex. Bar I.D. 11217250
Katherine T. Hopkins
Tex. Bar I.D. 24070737
Joakim G. Soederbaum
Tex. Bar I.D. 24091338
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
dee.kelly@kellyhart.com
katherine.hopkins@kellyhart.com
joakim.soederbaum@kellyhart.com

**ATTORNEYS FOR L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.**

# TAB 11

Case 4:20-cv-01256-P Document 6-12 Filed 03/15/21 Page 1 of 29 PageID 2473

**CIVIL ACTION No. 4:20-CV-1256-P**

---

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

---

2999TC LP, LLC
Debtor.

---

2999TC, LP, LLC, JMJ Development, LLC, Tim Barton, Appellants

v.

L Allen Hodges, III, *As Independent Executor of The Estate of Leland A. Hodges Jr.*, Tejas Group, Ltd, LAH III Family Specific Interest, Ltd., Blackfoot Interest, Ltd., Appellees

---

Appeal from the United States Bankruptcy Court
Northern District of Texas, Fort Worth Division
Adversary Proceeding No. 20-04078
Related to Bankruptcy Case No. 20-43204-MXM

---

**APPELLANTS' AMENDED OPENING BRIEF**

---

**EXHIBIT "1"**

Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090
Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
**ATTORNEYS FOR APPELLANTS**
**2999TC, LP, LLC**

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
**ATTORNEY FOR APPELLANTS**
**JMJ DEVELOPMENT, LLC**
**AND TIMOTHY BARTON**

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Bankruptcy Rule 8012, Appellants 2999TC, LP, LLC and JMJ Development, LLC LLC state that no publicly held corporation ownes 10% or more of their stock.

# TABLE OF AUTHORITIES

CASES ........................................................................................ PAGE NO.

Atl. Computer Sys., Inc. v. Mut. of Omaha Ins. Co. (In re Atl. Computer Sys., Inc.), 165 B.R. 781 (Bankr. S.D.N.Y. 1994) ......................................................25

*Chavez v. Dunlop, Ltd*., 2011 U.S. Dist. LEXIS 49802 (E.D. Tex. Apr. 13, 2011 .......................................13

*Dupre v. Spanier Marine Corp*., 810 F.Supp. 823, 828 (S.D. Tex. 1993 ...............24

*Harvey Aluminum, Inc. v. American Cyanamid* Co. 15 FRD 14 at *18 (S.D. NY 1953) ........................................................................14

*Hereford v. Carlton* 2016 U.S. Dist. LEXIS 193299, 2016 WL 7042230 (E.D. Tex. Mar. 16, 2016)....13

*Hester v. Coho Energy, Inc.* 2002 U.S. Dist. LEXIS 5862 (N.D. Tex. 2002) ........19

*In re Nikoloutsos,* 199 F.3d 233, 236 (5th Cir. 2000) .......................................... 25

*In re Reliance Equities Inc.,* 966 F.2d 1338, 1345 (10th Cir. 1992) ..................... 25

*IO at Tech Ridge LP v Hartford Fire Ins. Co*. 2018 Bankr. LEXIS 1323 (W.D. Tex. 2018) ..............................................................................,18, 19, 24, 26

*Kennedy v. Nicastro*, 94 F.R.D. 30, 31 (N.D. Ill. 1981).........................................14

*Langekamp v. Culp,* 498 U.S. 42, (1990) per curiam, rev'g, 897 F.2d 1041 (10th. Cir. 1990) ........................................................................................... 25

*Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004 ................................................7

*Newby v. Enron Corp* 2002 U.S. Dist. LEXIS 27594 at 28-29 (S.D. TX 2002).....18

*Pace v. Express Co*., 409 F.2d 331, 334 (7th Cir. 1969) .......................................13

*Radiant Tech. Corp. v. Electrovert USA Corp*., 122 F.R.D. 201, 202-03 (N.D. Tex. 1988) ...........................................................................................12, 13, 14, 17

*Ramirez v. Rodriguez (In re Ramirez)* 413 B.R. 621, 623 (S.D. Tex. 2009)...........19

*Schwarz v, Folloder* 767 F.2d 125, 129 (5th Cir. 1985) .......................................12

*Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 399 (5th Cir. 2003) ...... 24

*Shin v. Sharif*, No. 2-08-347-CV, 2009 WL 1565028 (Tex. App.- Fort Worth June 4, 2009 ........................................................................................................16

*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). ......................24

*THDL Liquidating LLC v. Azar*, 2020 Bankr. LEXIS 1793 Bankr. D. Del. 2020 .12

*Travellers Int'l AG v. Robinson,* 982 F.2d 96 (3d Cir. 1992) .............................. 25

*Trefny v. Bear Stearns Sec. Corp.*, 243 B.R. 300 (S.D. Tex. 1999 ........................19

*Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.)* 258 F.3d 385 (5th Cir. 2001 ...........................................................................7

STATUTES......................................................................................... PAGE NO.

28 U.S.C. § 157 ............................................................................6, 21, 22, 23
28 U.S.C. § 158 ...........................................................................................6, 7
28 U.S.C. §1332 ......... ..........................................................................................21
28 U.S.C. §1334 ...............................................................................6, 7, 21
28 U.S.C. § 1408 ..........................................................................................................6
28 U.S.C. § 1409 ...........................................................................................6, 7
28 U.S.C§ 1452 ...................................................................................................7
Fed. R. Bankr. P. 8002 ......................................................................................6
Fed. R. Bankr. P. 8013 ......................................................................................7
F.R.C.P. 1 ......................................................................................................16
F.R.C.P. 41(a)(2 .........................................................................................7,12,14

# TABLE OF CONTENTS

I. JURISDICTIONAL STATEMENT ........................................................ 6

II. STATEMENT OF ISSUES AND STANDARD OF APPELLATE REVIEW ... 7

III. STATEMENT OF THE CASE ........................................................ 8

IV. ARGUMENT ........................................................ 12

A. The Bankruptcy Court Erred in Finding No Prejudice to Appellants from the Appellee's Voluntary Dismissal Under FRCP 41(a)(2) .................... 12

(i) There is an Objectively Reasonable Basis for Requesting that the Action Remain in the Bankruptcy Court to Avoid Legal Prejudice; Subsequent Litigation and Undue Burden to Appellants .................... 13

(ii) Appellees Provided an Insufficient Explanation for Dismissing 2999TC Only ........................................................ 17

B. Abstention and Equitable Remand Are Prejudicial to Appellants 18

V. CONCLUSION ........................................................ 27

CERTIFICATE OF COMPLIANCE ........................................................ 28

CERTIFICATE OF SERVICE ........................................................ 29

**APPELLANTS' AMENDED OPENING BRIEF**

COME NOW 2999TC LP, LLC, ("2999TC") JMJ Development, LLC ("JMJ") and Tim Barton ("Barton"), (collectively the "Appellants"), and file this their ***Appellants'Amended Opening Brief***, and in support thereof, respectfully state as follows:

## I. JURISDICTIONAL STATEMENT

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b). This action is a core proceeding under and the Bankruptcy Court had jurisdiction and authority to adjudicate such matters and enter a final order on the same pursuant to 28 U.S.C. §§ 157(b)(2)(B)(C)(K) & (O) and this Court's order of reference, which is authorized under 28 U.S.C. § 157(a). Venue is proper under 28 U.S.C. §§ 1408 and 1409. and this Court's order of reference, The Bankruptcy Court entered its *Order Granting Second Amended Motion to Dismiss Defendant 2999TC, LP, LLC Only and Abstain and Remand to State Court* [R. 852-854] [App'x K] on November 16, 2020. Pursuant to Federal Rule of Bankruptcy Procedure 8002(a)(1), Appellants timely filed their *Notice of Appeal* on November 18, 2020 as amended on November 19, 2020 [R. 49 and 56]; [App'x L]. This Court has jurisdiction to hear this appeal of the Bankruptcy Court's final order pursuant to 28 U.S.C. § 158(a).

## II. <u>STATEMENT OF ISSUES AND STANDARD OF APPELLATE REVIEW</u>

2. Whether legal prejudice occurred when the Bankruptcy Court granted Appellees' motion to dismiss their claims against Appellant 2999TC only, under Fed. R. Civ. P. 41(a)(2), although Appellants had pending counterclaims against Appellees and 2999TC had a pending bankruptcy case.

3. Whether the Bankruptcy Court erred in permissively abstaining from the Adversary Proceeding under 28 U.S.C. § 1334(c)(1) when Appellants had pending counterclaims against Appellees and 2999TC had a pending bankruptcy case.

4. Whether the Bankruptcy Court erred in Equitably Remanding the Adversary Proceeding to the State Court under 28 U.S.C. § 1452(b) when Appellants had pending counterclaims against Appellees and 2999TC had a pending bankruptcy case.

5. Pursuant to 28 U.S.C. § 158, a federal district court has jurisdiction to hear appeals from the rulings of the bankruptcy court. On an appeal, a district court "may affirm, modify or reverse a bankruptcy court's judgment, order or decree, or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses. Fed. R. Bankr. P. 8013. The

Bankruptcy Court's conclusions of law are reviewed de novo. *Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.)* 258 F.3d 385, 387 (5th Cir. 2001). The Court reviews mixed questions of fact and law de novo. *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004).

## III. STATEMENT OF THE CASE[1]

6. On or about September 16, 2019 2999TC executed two documents each entitled "Promissory Note" (the "Notes") to pay (1) in the amount of $1,000,000 "to the Estate of Leland A. Hodges Jr. ("Hodges") and (2) and $3,000,0000 "ratably to Tejas Group, Ltd., LAH III Family Specific Interest, Ltd. and Blackfoot Interest, Ltd." [R. 625-629; 761-766]; [App'x E].

7. At all times Appellees were informed of the purpose of the Notes – to facilitate the acquisition of real estate in Dallas, Texas to be developed into a five-star hotel and resort [the "Project"). [R. 625-629; 761-766]; [App'x E]..

8. At all times, the Appellees were informed that the Notes would be paid back from take-out financing acquired for the development of the Project. Contemporaneously with the Notes, 2999TC and Appellee Tejas Group, Ltd., executed the Conversion Option Agreement ("Conversion Option") which granted

[1] References to the record will be referenced as "R. ____," and refers to the PageID of the Record. References to pleadings in the underlying Bankruptcy case will be designated "[Bankr. Docket. No. ___]." References to the Appendix filed concurrently with the Amended Brief are referenced as App'x ___Appellants are filing a Motion to Supplement the Record to include certain Bankruptcy Pleadings due to Appellants' objection to Debtor 2999TC's Disclosure Statement and Plan that were filed after this Appeal was filed.

Tejas an option to convert the amounts owed to Tejas to membership interests in 2999TC in exchange for cancellation of the Note. [R. 630 - 633].

9. Contemporaneously with the Notes and the Conversion Option, two Membership Interest Pledge Agreements were executed by (1) Barton as the Pledgor, 2999TC and Hodges and (2) Barton as Pledgor, 2999TC and Tejas Group, Ltd., (collectively the "2999TC Pledges"). [R. 634 - 647]. Although dated September 16, 2019 the Notes were not actually executed in their final form until September 18, 2020 after they were revised by Appellee's counsel. [[R. 625-629; 761-766]; [App'x E].

10. In addition, Appellants JMJ and Barton executed documents each entitled "Guaranty." Paragraph 4 of each of the Guaranty documents state that "upon the occurrence of a default … Guarantor shall, on demand and without further notice of dishonor, pay the amount due thereon to Creditor." [R. 433, 437, 441, 446].

11. Against this backdrop, 2999TC began informing Appellees that the pandemic was making performance under the Notes impossible and was otherwise preventing 2999TC from developing the Project as anticipated. [R. 625-629; 761-766]; [App'x E].

12. On or about April 23, 2020, Appellants commenced suit in the 141st Judicial District Court of Tarrant County, Texas styled *L. Allen Hodges III, as Independent Executor of the Estate of Leland Hodges et al v. 2999TC, LP, LLC et. Al.* (the "State Case") seeking recovery from 2999TC for alleged breaches of the

Notes and from JMJ and Barton for alleged breaches of the Guarantee Agreements. In addition, Appellees sought injunctive relief as to membership interests in the entities that own property of 2999TC. [R. 93 -108; 409-419]. [App'x B-C].

13. On July 23, 2020, Appellants filed their Motion for Summary Judgment. [R. 454-472]. Appellees complained that Summary Judgement was premature based on the lack of discovery which had taken place, including that there were outstanding discovery requests propounded to Appellees which had not been answered. [R. 551-576].

14. On October 16, 2020, 2999TC filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. [Bankr. Docket No. 1] [App'x A].

15. Also, on October 16, 2020, 2999TC filed its Notice of Removal of the State Case, commencing Adversary Proceeding Number 20-04078 (the "Adversary Proceeding"). [R. 89-94]. [App'x D].

16. Also on that date, Appellants filed their counterclaims against Appellees in the Adversary Proceeding seeking a declaratory judgment that the Notes and Guarantees are void, voidable, invalid, or unenforceable against the Appellants, for reasons including unauthorized modification after execution and delivery without the consent of the Appellants; that the documents would result in illegal encumbering of 2999TC's property with multiple liens; and the notes are non-negotiable instruments and defective. [R. 760-766.]; [App'x E].

17. On October 23, 2020 Appellees file their *Second Amended Motion to Dismiss Defendant 2999TC, LP, LLC Only and Abstain and Remand to State Court and Brief in Support*. [R. 767- 801]. [App'x F.]. On October 30, 2020 Appellants filed their *Objection and Response to Appellees' Second Amended Motion to Dismiss Defendant 2999TC, LLC Only* [R. 802-815; 816-836] and on November 11, 2020, their *Brief in Support* [R. 837-850]; [App'x. G-I].

18. On November 16, 2020, the Bankruptcy Court entered its *Order Granting Second Amended Motion to Dismiss Defendant 2999TC, LP, LLC Only and Abstain and Remand to State Court* [R. 852-854] [App'x K]. The Court pronounced its findings and facts and conclusions of law on the record. [R. 872-925] [App'x J].

19. On December 1, 2020, 2999TC filed its Chapter 11 Plan and Disclosure Statement. [Bankr. Docket No. 15-16]. [App'x. A]. The Plan provided for payment in full to all Creditors of 2999TC, but that Appellees would receive no distribution under the Plan due to the dismissal of the claims against the Debtor. [Bankr. Docket No. 15, 15 and 30] [App'x. A].

20. On December 30, 2020, Appellees filed their objection to the Disclosure Statement and attended a hearing on the objection on January 6, 2021. Due largely in part to Appellees' objections, the Disclosure Statement hearing was continued to February 10, 2020. [See Bankr. Docket 32]; [App'x. A]. The deadline

for Appellees to file a proof of claim in 2999TC's bankruptcy case is March 11, 2021.; [App'x. A].

## IV. ARGUMENT

### A. The Bankruptcy Court Erred in Finding No Prejudice to Appellants from the Appellee's Voluntary Dismissal Under FRCP 41(a)(2).

21. The bankruptcy court's finding that Appellants failed to establish harm, or any viable or credible legal prejudice should the Appellant Debtor 2999TC be dismissed from the State Court lawsuit is clearly erroneous. The bankruptcy court found no evidence of abuse by Appellees or that nothing would prevent Appellants from continuing to prosecute their declaratory judgment counterclaims against the Appellees. [R. 917-918] [App'x. J].

22. The bankruptcy court failed to consider all legal factors in granting the motion to dismiss. The Appellants cannot, without legal prejudice, continue to prosecute their counterclaims against Appellees if 2999TC is dismissed, for the reasons set forth below.

23. Legal prejudice to Appellants from a voluntary dismissal is the determining factor when ruling on a motion to dismiss under Rule 41(a)(2). *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 202-03 (N.D. Tex. 1988) (quoting *Schwarz v, Folloder* 767 F.2d 125, 129 (5th Cir. 1985); *THDL Liquidating LLC v. Azar (In re THDL Liquidating LLC),* 2020 Bankr. LEXIS 1793 at *10 (Bankr. D. Del. 2020). Whether dismissal is warranted is based on the

following non-exclusive factors: (1) whether there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice; (2) insufficient explanation of the need to take a dismissal; (3) whether there is an undue burden to a litigant in presenting his defense or claim in another jurisdiction; (4) excessive and duplicitous expense of a second litigation; and (5) whether dismissal will preclude the court from deciding a pending case or claim-dispositive motion; *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201 at 202-03; *Pace v. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969). *Chavez v. Dunlop, Ltd.*, 2011 U.S. Dist. LEXIS 49802, (E.D. Tex. Apr. 13, 2011); *see also Hereford v. Carlton*, 2016 U.S. Dist. LEXIS 193299, 2016 WL 7042230, *8 (E.D. Tex. Mar. 16, 2016).

**(i) There is an Objectively Reasonable Basis for Requesting that the Action Remain in the Bankruptcy Court to Avoid Legal Prejudice, Subsequent Litigation and Undue Burden to Appellants.**

24. Plain legal prejudice will result to 2999TC who now faces splintered litigation in the State Case and in the bankruptcy court (through the inevitable filings of contested litigation) regarding its liability to Appellees on the Notes, the nature of any claims that Appellees may be able to assert against it, now or in the future, whether Appellees have claims against the bankruptcy estate, and its liability, if any to Appellants JMJ and Barton in the event JMJ and Barton are found liable to Appellees on the Guaranty.

Case 4:20-cv-01256-P Document 11-2 Filed 03/15/21 Page 14 of 29 PageID 2086

25. Dismissal should be denied where there is an objectively reasonable basis for requesting a merits resolution in the forum to avoid legal prejudice. *Radiant Tech. Corp. v. Electrovert USA Corp*., 122 F.R.D. 201 at 202-03. This is so, even if there is no pending dispositive motion on the merits. *See Id*. Legal prejudice may arise from the potential for parallel litigation, or the character of the allegations of plaintiff's complaint. *Id*; *See e.g. Harvey Aluminum, Inc. v. American Cyanamid* Co. 15 FRD 14 at *18 (S.D. NY 1953) (no dismissal because Court had acquired jurisdiction over all parties and could enter final judgments; to avoid excessive, unnecessary and duplicitous cost of defending a second litigation; and where no prejudice to plaintiff in continuing their action in court.); *Kennedy v. Nicastro*, 94 F.R.D. 30, 31 (N.D. Ill. 1981)(denying plaintiff's Rule 41(a)(2) motion because "it would be grossly unfair to subject Appellants to plaintiff's efforts to reinvent the wheel" in a different forum).

26. While merely the prospect of another lawsuit on the same facts is not a bar to voluntary dismissal, the Court has discretion to deny dismissal where dismissal would result in multiple litigation on the same basic facts, would implicate judicial economy and would be extraordinarily burdensome both financially and logistically. See e.g., *Kennedy v. Nicastro*, 94 F.R.D. 30 at 31. Forcing a defendant to defend two separate lawsuits concurrently would be prejudicial to defendant and wasteful of judicial resources. *See Id*.

Case 4:20-cv-01256-P Document 12 Filed 03/19/21 Page 15 of 29 PageID 2087

27. Here, the Appellants have an objectively reasonable basis for requesting a merits resolution in the Bankruptcy Court to avoid legal prejudice. The dismissal will most certainly result in parallel litigation in the State Case because Debtor has a duty to file bankruptcy related contested matters and adversary litigation for a speedy and efficient resolution of its claims against Appellees and/or the guarantors, for the benefit of its creditors and the estate.

28. The Appellees' success against Appellants Barton and JMJ in the State Case are contingent upon a finding that the Notes as to 2999TC are valid and enforceable, that 2999TC has in fact defaulted, and that no applicable affirmative defenses asserted by 2999TC apply. The counterclaims that will be before the State Court will most certainly have to be spearheaded by 2999TC because it is likely the only party with standing to assert the counterclaims and other claims and defenses related to the Note and other agreements that are the basis of the litigation.

29. Further, the Conversion Option and the "2999TC Pledges" encumber property of the Bankruptcy Estate with asserted rights to ownership interests and liens. While Appellee may state that they are not seeking to assert ownership rights to 2999TC Pledges, by virtue of the non-prejudicial nature of the dismissal actions they can reassert these rights later.

30. 2999TC will be forced to engage in litigation over these same matters in its main bankruptcy case to reorganize effectively. As evidence, after Appellees dismissed their claims against the 2999TC they objected to the disclosure statement

and confirmation of the plan on the grounds that their claims are not allowed for in the plan.

31. The inevitable result of the Appellees' dismissal is splintered litigation with duplicitous discovery requests and depositions at significant burden to the Appellants. It is inevitable that piecemeal litigation will occur, and that Guarantors will seek a determination as to the liability of 2999TC since an essential element to recover on a guaranty is that the primary obligor failed to perform. *Shin v. Sharif*, No. 2-08-347-CV, 2009 WL 1565028 at *2 (Tex. App.- Fort Worth June 4, 2009, no pet) (mem. op.).

32. Specifically, 2999TC will have to engage in claim objections, claims estimation, request for declaratory and/or injunctive relief against Appellees and/or co-Appellants Barton and JMJ, and/or lift stay motions brought by Appellants Barton and JMJ who are still subject to the automatic stay and unable to proceed directly against 2999TC.

33. This threat of multiple litigation goes against the purpose of the rules of civil procedure, to "secure the just, speedy, and inexpensive determination of every action." *See Fed. R. Civ. P. 1*. Further, judicial economy and full faith and credit are jeopardized when a trial involving the same issues among the same parties proceeds concurrently in separate jurisdictions. The possibility of conflicting and irreconcilable judicial outcomes exists with prejudicial effects to all Appellants who

will have to litigate claims against each other to offset any liability they are determined to owe to Appellees.

34. The Bankruptcy Court is the only court with jurisdiction to resolve the claims and then administer the bankruptcy case in accordance with its resolution of the claims as this Court is the only court that has jurisdiction over all parties and can enter final judgments on all matters.

**(ii) Appellees Provided an Insufficient Explanation for Dismissing 2999TC Only**

35. Dismissal should be denied where the plaintiff's reason for dismissal is to circumvent an expected adverse result. *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201 at 202-03, citations omitted. Here, Appellees seek to dismiss to avoid the "potential complications as a result of [2999TC's] bankruptcy case." [R. at 777, ¶ 19]; [App'x. F]. This is clearly forum shopping. Further, after Appellees dismissed their claims against 2999TC they now object to the disclosure statement and confirmation of the plan on the grounds that their claims are not being paid. It is disingenuous for Appellees to try to have things both ways.

36. The harm to Appellants and the inefficiency of a dismissal is too much of a cost for the Appellants to bear when judged against the lack of prejudice suffered by the Appellees who have engaged in no discovery in the State Case and are determined to resolve the litigation summarily by bench trial as evidenced by their summary judgement motion.

**B. ABSTENTION AND EQUITABLE REMAND ARE PREJUDICIAL TO APPELLANTS**

37. This Court on de novo review should determine that abstention and remand are prejudicial to Appellants and not warranted. The Fifth Circuit uses a balancing test to determine whether permissive abstention or equitable remand is appropriate. *See IO at Tech Ridge LP v Hartford Fire Ins. Co*. (*In re IO at Tech Ridge LP*) 2018 Bankr. LEXIS 1323, *9-10 (W.D. Tex. 2018); *Newby v. Enron Corp. (In re Enron Corp. Sec.)* 2002 U.S. Dist. LEXIS 27594 at 28-29 (S.D. TX 2002).

38. The 14 factors are: (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. §1334; (6) the degree of relatedness or remoteness to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) whether the case involves forum shopping; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) Comity; and (14) the possibility of prejudice

to other parties in the action. *Id*; *IO at Tech Ridge LP v Hartford Fire Ins. Co*. 2018 Bankr. LEXIS at 1323.

39. The following additional six factors apply in an equitable remand analysis: (1) forum non-conveniens; (2) whether the civil action has been bifurcated during removal, which favors a trial of the entire action in state court; (3) whether the state court has greater ability to respond to questions of state law; (4) the court's expertise; (5) the inefficiencies of proceeding in two forums; (6) prejudice to the involuntarily removed party; and possibility of an inconsistent result. *Ramirez v. Rodriguez (In re Ramirez)* 413 B.R. 621, 623 (S.D. Tex. 2009) (citing cases omitted).

40. Not all factors need to be considered and the Court should weigh the most important factors. *See IO at Tech Ridge LP*, 2018 Bankr. LEXIS 1323, at *17-18. *See also for e.g., Hester v. Coho Energy, Inc. (In re Coho Energy, Inc.),* 2002 U.S. Dist. LEXIS 5862 (N.D. Tex. 2002); *Trefny v. Bear Stearns Sec. Corp*., 243 B.R. 300 (S.D. Tex. 1999).

41. **The effect on the efficient administration of the estate**. The Bankruptcy Court erred when it determined that there would be little if any effect on the efficient administration of the bankruptcy estate if the Court abstains or remands. The Court in *IO at Tech Ridge LP* found that in a case involving property of the estate with no equity, remand or abstention would have no impact on the administration of the estate. 2018 Bankr. LEXIS 1323, at *9-10. Here, Appellees' claims in the State Case impact property of 2999TC's bankruptcy case. 2999TC has

equity in the Project and such property is necessary for an effective reorganization. Appellees now claim entitlement to distribution from 2999TC's estate and have successfully delayed approval of 2999TC's disclosure statement and confirmation because they assert a right to be paid from the Estate. Unlike the facts in *IO at Tech Ridge LP*, permissive abstention or equitable remand will result in continued delay in 2999TC being able to reorganize and repay its creditors. In effect, 2999TC will have to bear the costs of litigating in the State Case before it can reorganize. 2999TC's bankruptcy case is essentially on hold due to the State Court action. If the Bankruptcy Court's Order was reversed, then the Bankruptcy Court can decide the allowance of Appellees' claims and declare that Appellees have no interest in 2999TC's property. Further, as to the Appellant Guarantors, their claims against 2999TC depend on the whether they are liable to Appellees for any alleged default. If there is no liability to Appellees, then 2999TC will face no exposure to additional claims from JMJ and Barton.

42. **The extent to which state law issues predominate over bankruptcy issues**. The Bankruptcy Court erred when it determined that the only issues involved are state law issues. While the issues in the Adversary Proceeding concern state law breach of Note and Guarantee, the Debtor's counterclaims are core issues regarding the allowance of Appellees' claims against the bankruptcy estate, matters concerning the administration of the estate, and whether Appellees have rights to 2999TC's property.

43. **<u>The difficulty or unsettled nature of the applicable law</u>**. The Bankruptcy Court erred when it determined that this factor favors permissive abstention and equitable remand. The fact that the issues are not unsettled, or complex means the Bankruptcy Court can decide these issues because they entail a straightforward application of Texas law. In addition, there are other issues that pertain to core bankruptcy issues as set forth above, that only the Bankruptcy Court can decide.

44. **<u>The presence of a related proceeding commenced in state court or other non-bankruptcy court</u>**. The Bankruptcy Court erred when it determined that this factor favors permissive abstention and equitable remand. At most this factor may be neutral as 2999TC's bankruptcy proceeding was pending at the time of the Adversary Proceeding and the litigation between the parties have an effect on the 2999TC's bankruptcy case.

45. **<u>The jurisdictional basis, if any, other than 28 U.S.C. §1334</u>**. This factor weighs against remand or abstention since the State Case could have been brought in federal court under diversity jurisdiction due to the diversity of the 2999TC (Delaware entity) from the Appellees (Texas entities). [R. 357-358]. *See* 28 U.S.C. § §1332. The Appellants properly removed the State Case pursuant to 28 U.S.C. 1441. Further, as set forth below, the issues in the Adversary Proceeding affect claims allowance, property of the estate and are core proceedings under 28 U.S.C. §157(b)(2)(A), (B), (K), (M), and (O).

46. **The degree of relatedness or remoteness of the proceeding to the main bankruptcy case**. The Bankruptcy Court erred when it determined that this factor favors permissive abstention and equitable remand because as set forth above, the claims in the State Court proceeding are intertwined with 2999TC's bankruptcy case and affect claims allowance, and interests in property of its estate. 2999TC will most certainly have to engage in contested litigation in its bankruptcy case, relating to the same issues in the State Case, resulting in duplicitous discovery proceedings at significant burden and expense to 2999TC's bankruptcy estate and to the other Appellants.

47. **The substance rather than form of an asserted "core" proceeding**. This factor weighs against remand or abstention because the counterclaims asserted by the Appellants relate to the allowance of claims, interests in property of 2999TC's estate and are core proceedings under 28 U.S.C. §157(b)(2)(A), (B), (K), (M), and (O). The claims in the Adversary Proceeding meet both the "arising under" and "arising in" test for core jurisdiction. Further, Appellees have subjected themselves to the bankruptcy court's jurisdiction by participating in 2999TC's confirmation process and objecting to the treatment of their claims in the proposed plan. On the other hand, the State Court is unable to determine the nature and extent of Appellee's interests in 2999TC's property.

48. **The feasibility of severing state law claims from core bankruptcy matters**. This factor weighs against remand or abstention because as set forth above,

Case 4:20-cv-01256-P Document 11-2 Filed 03/19/21 Page 23 of 29 PageID 2095

the counterclaims asserted by the Appellants are core proceedings under 11 U.S.C. §157(b) and it would be inefficient and a waste of judicial resources to remand to the State Court to try the issues only to have the Bankruptcy Court enforce the Orders. The issues in the Adversary Proceeding are a straightforward application of Texas contract law that the bankruptcy court can handle efficiently. The Appellees have indicated their desire to have these issues decided by summary judgment and will not be prejudiced from proceeding in the bankruptcy court.

49. **The burden on (the bankruptcy court's) docket.** This factor weighs against remand or abstention because as set forth above, the substance of the litigation concerns core proceedings and the straightforward application of Texas contract law to the parties claims and defenses. In the event of remand or abstention, 2999TC's bankruptcy proceeding will remain open and on the Bankruptcy Court's docket until the issues are tried in the State Court, after which the Bankruptcy Court will still have to determine claim issues and property issues related to the 2999TC's estate. The bankruptcy court will need to approve 2999TC's application for special counsel to handle the State Case, approve compensation related to the same and determine lift stay issues for JMJ and Barton to proceed against 2999TC.

50. **The likelihood that the removal involves forum shopping by one of the parties**. The Bankruptcy Court erred when it determined that this factor was neutral and that arguably both parties were involved in forum shopping. For forum shopping to be a significant factor in an abstention analysis, it must rise to a level

demonstrating an attempt to abuse or manipulate the judicial process. *See IO at Tech Ridge LP*, 2018 Bankr. LEXIS 1323, at *14. An example is where removal would result in changing the applicable law. *See Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 399 (5th Cir. 2003) (holding that Sherwin Williams suing in Mississippi Federal Court did not change fact that Mississippi state law would apply.). Here, Texas law applies in any event, removal was proper and not an improper attempt at forum shopping. On the other hand, one can infer that Appellants' purpose in bringing this suit in state court was to refrain from conferring federal court jurisdiction, otherwise the plaintiff would have otherwise filed suit in federal court due to being within the jurisdictional limit and the diversity of citizenship. *See e.g*., *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 290-291 (1938). Appellee's stated reason for remand was to proceed and collect against the guarantors to avoid being subject to "further complications as a result of [2999TC's] bankruptcy case. [R. 777]. Such blatant attempts to forum shop are not respected by the Court. See e.g., *Dupre v. Spanier Marine Corp*., 810 F.Supp. 823, 828 (S.D. Tex. 1993) (stating that the court does not respect blatant attempts to forum shop (in the context of a motion to transfer venue). In addition, the Appellees' attempt to delay the confirmation process and complain that its claim is not accounted for is a blatant attempt to have it both ways and is evidence of bad faith.

51. **The existence of a right to a jury trial**. This factor does not favor remand or abstention as the Appellees have evidenced their intent to have this

summarily decided short of a jury trial. In addition, by objecting to not being paid under the Plan, Appellees have essentially submitted to the bankruptcy court's jurisdiction and have essentially filed an informal proof of claim. The elements of an informal proof of claim are (1) a written document, (2) that contains a demand for payment from the bankruptcy estate, (3) evidencing an intent to hold the debtor liable on the debt and (4) filed with the bankruptcy court. In addition, (5) allowing the claim must be equitable based on the facts of the case. *In re Nikoloutsos,* 199 F.3d 233, 236 (5th Cir. 2000); *In re Reliance Equities Inc.,* 966 F.2d 1338, 1345 (10th Cir. 1992). By filing an informal claim, Appellees have triggered the process of allowance and disallowance of claims thereby subjecting themselves to the Bankruptcy Court's equitable power, which allowance of claims are triable only in equity as such there is no Seventh Amendment right to a jury trial. *Langekamp v. Culp,* 498 U.S. 42, (1990) per curiam, rev'g, 897 F.2d 1041 (10th. Cir. 1990); *Travellers-Int'l AG v.* R*obinson*, 982 F.2d 96 (3d Cir. 1992) (creditor who files a claim -- even a "protective and contingent" claim -- submits itself to the bankruptcy court's equitable jurisdiction and waives any Seventh Amendment right to a jury trial); Atl. *Computer Sys., Inc. v. Mut. of Omaha Ins. Co. (In re Atl. Computer Sys., Inc.),* 165 B.R. 781 (Bankr. S.D.N.Y. 1994) (creditor lost right to jury trial by participating in claims process even though no formal proof of claim filed).

52. **The presence in the proceeding of non-debtor parties**. This factor weighs against remand or abstention as all parties in the proceeding are involved in

the Debtor's bankruptcy proceeding as creditors or interested parties and stand to recover from the Bankruptcy Estate.

53. **Comity**. This factor weighs against remand or abstention. When no novel issues implicate a state interest, comity is not implicated. *See IO at Tech Ridge LP*, 2018 Bankr. LEXIS 1323, at *17-18. As set forth above, this is a straightforward contract issue concerning the Notes and Guarantee agreements which the bankruptcy court can and should decide and then enforce. Further the bankruptcy court is the only court that can determine the nature and extent of Appellee's interests in 2999TC's property.

54. **Possibility of prejudice to other parties in the action**. This factor weighs against remand or abstention. As set forth above, Appellants will be prejudiced from having to defend and prosecute claims stemming from the Appellees' lawsuit in various forums when the bankruptcy court can decide the issues and determine how the claims are to be administered.

55. As a practical matter, 2999TC will not be able to afford to continue to litigate its counterclaim against the Appellees in State Court while at the same time prosecuting contested litigation in the bankruptcy court related to the same issues. There is no avenue for 2999TC to effectuate an orderly administration of its estate under these circumstances as either 2999TC or JMJ and Barton will likely have to forego claims against Appellees or as to each other, due to the cost of litigating in multiple forums resulting in an unfair advantage to Appellees.

Case 4:20-cv-01256-P Document 12 Filed 03/11/21 Page 27 of 29 PageID 2092

56. The additional six factors which apply in an equitable remand analysis also weigh against remand. First, there is no allegation that the Bankruptcy Court is not a convenient forum; second, the civil action has not been bifurcated during removal, which favors a trial of the entire action in state court; third as set forth above, this matter contains a straightforward application of Texas State law and primary issues of bankruptcy law concerning claims against the estate and liens/rights to estate property; fourth, the Bankruptcy Court has particular expertise to determine these issues; fifth, as set forth above it is inefficient to proceed in two forums; sixth, there is little prejudice to the Appellee to proceed in the Adversary Proceeding when Appellees have already submitted to the bankruptcy court's jurisdiction. Lastly, as discussed above, remand will result in the possibility of an inconsistent result.

## V. <u>CONCLUSION</u>

57. Based on the foregoing, Appellants pray this Court reverse the judgment of the Bankruptcy Court and for all further relief to which Appellants may show themselves entitled.

Dated: March 11, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Kerry S. Alleyne
State Bar No. 24066090

Guy H. Holman
State Bar No. 24095171
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
**ATTORNEYS FOR APPELLANT 2999TC, LP, LLC**

Robert F. Kemp
SBN 11256400
2815 Valley View Lane, Ste. 202
Dallas, Texas 75234
(214) 526-2156
(214) 526-2156 Fax
**ATTORNEY FOR APPELLANTS JMJ DEVELOPMENT, LLC AND TIMOTHY BARTON**

## CERTIFICATION OF COMPLIANCE

The undersigned certifies this brief complies with the type-face and length requirements of Bankruptcy Rule 8015(a)(7). Exclusive of the exempted portions stated in Bankruptcy Rule 8015(a)(7), the brief contains 5257 words, as calculated by Microsoft Word 2016, the program used to prepare this document.

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 11, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the Appellees via their counsel listed below.

Dee J. Kelly, Jr.,
Katherine T. Hopkins
Joakim G. Soederbaum

Case 4:20-cv-01256-P Document 16-13 Filed 04/09/21 Page 93 of 93 PageID 2945

Caitlyn E. Hubbard
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone (817) 332-2500
Facsimile (817) 878-9280
Dee.kelly@kellyhart.com
Katherine.hopkins@kellyhart.com
Joakim.soederbaum@kellyhart.com
caitlyn.hubbard@kellyhart.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer