# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **2999TC LP, LLC et al.,** | § | |
| | § | |
| **Appellants,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-01256-P** |
| | § | |
| **L. ALLEN HODGES, III, AS** | § | |
| **INDEPENDENT EXECUTOR** | § | |
| **OF THE ESTATE OF LELAND** | § | |
| **A. HODGES JR. et al.,** | § | |
| | § | |
| **Appellees.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Appellants 2999TC, LP, LLC's (referred to individually as "Debtor"); JMJ Development, LLC's; and Tim Barton's (JMJ and Barton will be collectively referred to as "Guarantors," and 2999TC, JMJ, and Barton will be collectively referred to as "Appellants") Amended Opening Brief (ECF No. 12) and Appellees L. Allen Hodges, III, As Independent Executor of the Estate of Leland A. Hodges, Jr.'s; Tejas Group, Ltd.'s; LAH III Family Specific Interest, Ltd.'s; and Blackfoot Interest, Ltd.'s Brief (ECF No. 5). On appeal, Appellants challenge the bankruptcy court's order granting Appellees' Motion to Dismiss and Abstain and Remand to State Court. ECF No. 1-1. Having considered the briefs and applicable law, and finding no reversible error, the Court **AFFIRMS** the bankruptcy court's order.

## BACKGROUND

On September 16, 2019, Debtor and Appellees entered into a loan agreement, which was evidenced by two promissory notes (collectively the "Notes") totaling $4,000,000. Debtor apparently sought the loan funds to facilitate the acquisition of real estate in Dallas, Texas to be developed into a luxury hotel.  ECF No. 3-2 at 240–50.  One note is to Hodges in the amount of $1,000,000 and the other note is to Tejas and Blackfoot for $3,000,000. *Id*.  Tim Barton and JMJ guaranteed the loan.  *Id*. at 252–68.  Debtor eventually defaulted on the Notes as a result of hardships related to the COVID-19 pandemic.  ECF No. 3-3 at 97–99, 123–24, 126.

Appellees brought a suit on April 23, 2020 in the 141st Judicial District Court of Tarrant County, Texas seeking recovery from Debtor on the Notes and from Guarantors under the Guaranty Agreements.  ECF No. 3-2 at 10–25.  On July 23, 2020, Appellees filed a motion for summary judgment with hearing on the motion scheduled for August 20, 2020, but the hearing was then continued until October 16, 2020, on motion by Appellants.  ECF No. 3-3 at 35–53, 122–30.  On the eve of hearing on the motion for summary judgment, Debtor filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code and filed counterclaims seeking declaratory judgment that the Notes were unenforceable.  ECF No. 3-4 at 173–74, 183–89.

Only one week after Debtor filed for bankruptcy, Appellees realized that seeking recovery from Debtor would be expensive and futile, so Appellees filed a motion to dismiss their claims against Debtor and to abstain and remand the claims against the Guarantors back to Texas state court ("Motion").  ECF No. 6 at 51.  Appellants filed an objection and

2

response (*Id.* at 71), and on November 16, 2020, the bankruptcy court held a hearing on the Motion. *Id.* at 123. The bankruptcy court considered arguments and evidence from the parties, made findings on the record, and the bankruptcy judge announced from the bench that he would grant the Motion. *Id.* at 173. On November 18, 2020, the bankruptcy court signed an order granting the Motion. ECF No. 1-1.

Appellants filed a notice of appeal the next day, challenging the November 18, 2020 order. *Id.* Appellants filed an Amended Opening Brief (ECF No. 12) and Appellees filed a Brief (ECF No. 5). Appellants sought an extension to file a reply brief out of time (ECF No. 8), which the Court denied (ECF No. 11). This appeal is now ripe for review.[1]

## ISSUES PRESENTED

In their Amended Opening Brief, Appellants present the following issues for review:

Issue 1:    Did the bankruptcy court err when it granted Rule 41(a)(2) motion for voluntary dismissal of Debtor?

Issue 2:    Did the bankruptcy court err when it determined that permissive abstention and equitable remand were appropriate thus remanding the State Court Action against Appellants?

---

[1]After this appeal ripened, Appellants filed a petition for writ of mandamus to the Fifth Circuit regarding the Court's order denying Appellants' motion to file a reply brief out of time. ECF No. 16-1. Having reviewed the petition, the Court cannot help but conclude it represents yet another attempt to delay. *Cf. In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (reciting requisites for issuance of writ of mandamus in seeking review of judge' refusal to recuse and recognizing the extraordinary nature of the remedy because otherwise it "would become an effective tactic for harassment delay").

## STANDARD OF REVIEW

When a district court reviews a bankruptcy court's decision, it functions as an appellate court and utilizes the same standard of review generally applied by a federal court of appeals. *In re Webb*, 954 F.2d 1102, 1104 (5th Cir. 1992). In reviewing conclusions of law on appeal, a *de novo* standard of review is applied. *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993); *In re Allison*, 960 F.2d 481, 483 (5th Cir. 1992). A bankruptcy court's findings of fact are subject to the clearly erroneous standard of review. *Young*, 995 F.2d at 548; *Allison*, 960 F.2d at 483. These findings are reversed only if, based on the entire body of evidence, the court is left "with the definite and firm conviction that a mistake has been made." *Id.*

## ISSUE NO. 1

In their first issue, Appellants contend that the bankruptcy court erred and caused legal prejudice to Debtor when it granted Appellees' Second Amended Motion to Dismiss 2999TC and dismissed Appellees' state court claims against Debtor. Ants' Amend. Br. at 12. Appellants argue that the bankruptcy court failed to consider all of the appropriate factors. *Id.* (citing *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 202–03 (N.D. Tex. 1988)). Appellees respond that the bankruptcy court properly exercised its discretion by granting dismissal of their claims against Debtor because it considered the appropriate factors and because Appellants failed to establish legal prejudice. Apes' Br. at 14–24, ECF No. 5. The Court agrees with Appellees.

4

Rule 41(a)(2)[2] provides for voluntary dismissal of a plaintiff's action in an adversary proceeding by a court order.  FED. R. CIV. P. 42(a)(2).  Rule 41 further provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication."  *Id.*

A district court's grant or denial of a voluntary dismissal, and any conditions attached thereto, is reviewed under an abuse of discretion standard.  *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002).  In this Circuit, "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."  *Id.* at 317 (citing *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)); *Robles v. Atl. Sounding Co., Inc.*, 77 F. App'x 274, 275 (5th Cir. 2003).

Plain legal prejudice often occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense or when the motion is filed late in the litigation to avoid an adverse ruling.  *See, e.g.*, *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 178–80 (5th Cir. 1990) (vacating and remanding because non-movant could lose *forum non conveniens* defense); *Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984 (5th Cir. 1989) (holding defendant's loss of a statute of limitations defense constituted clear legal prejudice).  But plain legal prejudice requires something "other than the mere prospect of a second lawsuit."  *Elbaor*, 279 F.3d at 317.

---

[2] Made applicable by FED. R. BANKR. P. 7041.

At the November 16, 2020 hearing, the bankruptcy judge considered Appellants'
motion to dismiss and remand and abstain, Appellees' objection and response, the docket
entries from Debtor's main bankruptcy case, the docket entries from the adversary
proceeding, and the documents admitted at the hearing, as well as arguments of counsel.
ECF No. 6 at 165–66.  The bankruptcy judge concluded that Appellants failed to establish
harm or legal prejudice if Appellees' motion to dismiss was granted.  *Id.* at 168–69.  The
bankruptcy court found no evidence of abuse by Appellees.  *Id.*  And the bankruptcy judge
found that nothing precluded Appellants from prosecuting their counterclaims against
Appellees.  *Id.*

Appellants oppose dismissal because Debtor filed a declaratory judgment
counterclaim upon removal.  Ants' Br. at 13–17.  However, the mere fact that Debtor had
filed a declaratory judgment counterclaim is not sufficient to preclude dismissal.  *See
Arnold v. Garlock, Inc.*, 278 F.3d 426, 439 (5th Cir. 2001) ("Even if [defendant] had filed
a counterclaim against the plaintiffs in each such case, . . . the district court would have
been within its discretion to dismiss by order of the court under Rule 41(a)(2).").
Moreover, the bankruptcy court considered this issue before concluding that even "if the
Debtor . . . is dismissed from the State Court Lawsuit, there is nothing to prevent the Debtor
and the remaining Defendants from continuing to prosecute their declaratory judgment
counterclaims against the [Appellees] . . . ."  ECF No. 6 at 169.  At the hearing, the
bankruptcy judge also noted that Appellees had made a business decision to dismiss Debtor
as a party to avoid wasting time and attorney's fees "chasing an entity that doesn't have
the ability to pay."  *Id.* at 156.  Thus, the bankruptcy court properly considered and weighed

Appellants' objection to dismissal of Debtor against Appellees' explanation of their need to seek dismissal.

With regard to Appellants' argument of "splintered litigation" forcing a defendant "to defend two separate lawsuits concurrently would be prejudicial to defendant and wasteful of judicial resources" (Ants' Amend. Br. at 16), the bankruptcy court properly considered and rejected it because "[c]osts associated with a second trial . . . do not qualify as plain legal prejudice." *Robles*, 77 F. App'x at 276; *see Manshack*, 915 F.2d at 174 (noting that the mere prospect of a second lawsuit does not constitute plain legal prejudice). While Appellants argue this point, they set forth no evidence demonstrating such prejudice or that the bankruptcy court had failed to consider said evidence. Thus, the bankruptcy court did not err by granting Appellees' motion to dismiss and rejecting Appellants' argument that will create "splintered litigation." Ants' Amend. Br. at 13.

Finally, Appellants presented no argument to the bankruptcy court that Appellees sought dismissal simply to avoid an adverse ruling. Thus, the Court does not consider that argument on this appeal. *See Estate of Duncan v. Comm'r of Internal Revenue*, 890 F.3d 192, 202 (5th Cir. 2018). But even if the Court did consider it, the record is devoid of any adverse ruling that Appellees were trying to avoid.

After reviewing the record, the Court finds that the bankruptcy court carefully considered and weighed the relevant factors in granting Appellees' motion to dismiss. None of the bankruptcy court's findings in support of its decision are clearly erroneous. Therefore, because the Court has no definite or firm conviction that the bankruptcy court erred, Appellants' first issue is **OVERRULED.**

**ISSUE NO. 2**

Having determined that the bankruptcy court properly dismissed Appellees' claim against Debtor, the Court must now determine whether the bankruptcy court erred by abstaining and remanding Appellees' state-law claims against Guarantors.  The bankruptcy court abstained under the permissive abstention doctrine and remanded under the equitable remand doctrine.  ECF No. 6 at 171.  Those doctrines derive from "kindred statutes" and support the same policies.  *J.T. Thorpe Co. v. Am. Motorists*, No. Civ. A H-02-4598, 2003 WL 23323005 at *6 (S.D. Tex. Jun. 9, 2003).  For this reason, the same factors are used to analyze their application, and the doctrines' analysis can be consolidated.  *In re IO AT Tech Ridge LP*, No. 17-11540-TMD, 2018 WL 2431640 (Bankr. W.D. Tex. 2018).   The bankruptcy court possesses discretion whether to abstain or remand, and this Court will affirm unless the bankruptcy court clearly abused its discretion.  *See id.*

Both doctrines grant courts "broad discretion to abstain from hearing state law claims whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'"  *In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996) (quoting 28 U.S.C. § 1334(c)(1)).  In determining whether to abstain, the bankruptcy court uses a 14-factor test, but the factors serve as guides rather than a strict test.  *In re IO AT Tech Ridge*, 2018 WL 2431640, at *4.  In the end, "courts are left to their own discretion."  *Id.* at *6.

In this case, the bankruptcy court analyzed and applied all 14 factors on record and concluded it should abstain and remand.  ECF No. 6 at 170–73.  On appeal, Appellants argue these findings are clearly erroneous.  *See In re Renaissance Hosp. Grand Prairie,*

*Inc.*, 713 F.3d 285, 294 (5th Cir. 2013) ("Generally, a bankruptcy court's findings of fact are reviewed for clear error and conclusions of law are reviewed de novo."). Appellants' complaints can be organized around four arguments. *First*, Appellants argue the abstention and remand disadvantage them and hinder the Debtor's estate's administration. Ants' Amend. Br. at 19–26 (relating to factors 1, 4, 6, 9, 12, 13, and 14). But the bankruptcy court found that remand would have little effect on the estate's administration, and this is not clearly erroneous. *Second*, Appellants argue their counterclaims are "core" proceedings. *Id.* at 20–23 (relating to factors 2, 3, 7, and 8). But the bankruptcy court stated that the "substance of the dispute here involves entirely state law matters, and . . . there is no core bankruptcy matters involved." ECF No. 6 at 172. The evidence supports this finding, and it is not clearly erroneous. *Third*, Appellants argue that diversity jurisdiction exists, weighing in favor of retaining jurisdiction. But factually, this is false. Appellants misleadingly state Debtor is a Delaware entity, failing to note that its members are citizens of Texas. *See Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019) ("The citizenship of an LLC is determined by the citizenship of each of its members."). *Finally*, Appellants argue remand deprives them of a jury trial. Ants' Amend. Br. at 24–25 (relating to factor 11). The bankruptcy court found this false, and this Court does not believe that was clearly erroneous. Moreover, the bankruptcy court's overall balancing of the factors, in accordance with general policy of allowing state-law issued be decided by state courts, was reasonable and not clearly erroneous. *See J.T. Thorpe Co.*, 2003 WL 23323005, at *6.

For these reasons, the Court, having reviewed the bankruptcy court's findings and the parties' briefing, concludes that the bankruptcy court's findings are reasonable and not clearly erroneous.  Accordingly, Appellants' challenge to the bankruptcy court's order to abstain and remand Appellee's claims to state court is **OVERRULED.**

**CONCLUSION**

Having **OVERRULED** Appellants' issues on appeal, the bankruptcy court's order is **AFFIRMED.**

**SO ORDERED** on this **12th day** of **April, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE